# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JANE DOE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF WITH JURY DEMAND** |

Plaintiff Jane Doe, by and through her undersigned counsel, states as follows upon actual knowledge with respect to herself and her own acts and upon information and belief as to all other matters complained of against defendants Amazon.com, Inc., a Washington corporation ("Amazon") and IMDb.com, Inc., a Delaware corporation ("IMDb"), (collectively, "Defendants"):

## I.     NATURE OF THE CASE

1.     Amazon is one of the leading Internet companies in the country. Through its wholly-owned subsidiary, IMDb, Amazon provides free access to the world's largest "Internet Movie Database" at the website www.imdb.com. The Internet Movie Database is a very handy resume tool for employers in the film and television industry as it attempts to list every production upon which a writer, performer or crew member has

1  ever worked.  Likewise, up-and-coming entertainment professionals rely on the exposure
2  provided by the Internet Movie Database to seek employment opportunities in the
3  entertainment industry.

4      2.    Through IMDb, Amazon also offers a subscription service called
5  "IMDbPro," which provides "industry insider" information to paying customers.  In order
6  to subscribe to IMDbPro, Amazon requires consumers to submit detailed personal and
7  credit card information, purportedly for purposes of processing payment for the
8  subscription.  IMDbPro consumers also must accept IMDbPro.com's Subscriber
9  Agreement and incorporated Privacy Policy (the "Subscriber Agreement").  It is not
10 possible for a consumer to sign up for IMDbPro without providing his or her credit card
11 information and accepting the terms of the Subscriber Agreement.

12     3.    The IMDbPro subscription process plainly has great capability to invade
13 the privacy of the subscribers and misappropriate their personal and credit card
14 information, so Defendants go out of their way to make consumers feel safe about
15 providing this highly confidential information.  For example, the following information
16 appears on IMDbPro's subscription page and/or in the Subscriber Agreement:

17 - "We guarantee that every transaction you make at IMDbPro.com will be safe."
18 - "Payment processing is powered by Amazon.com."
19 - "Our secure socket layer (SSL) software is the industry standard and among
20   the best software available today for secure commerce transactions.  It encrypts
21   all of your personal information including credit card number, name and
22   address so that it cannot be read as the information travels over the Internet."
23 - "IMDb knows that you care how information about you is used and shared, and
24   we appreciate your trust that we will do so carefully and sensibly."
25 - "Further, whenever we deal with user information, we will always comply with
26   applicable laws and regulations in doing so."

27     Defendants thus attempt to assuage privacy concerns, but their statements are
28 vague, ambiguous, inaccurate and uninformative about Defendants' actual data collection

COMPLAINT- 2      NEWMAN DU WORS LLP      1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

and information-handling procedures, and mislead consumers into thinking that their personal and credit card information is safe and will be used solely for purposes of processing payment.

4. Little do IMDbPro subscribers know, nor are they likely aware, that Defendants intercept, store, record, and use the information provided during the subscription process, including their credit card information, to research and cross-reference public records and other sources to gather as much information as possible about each individual subscriber, including, but not limited to, his or her legal name, age, race, gender, personal shopping and spending habits, and Internet activity, which acts are unknown to and not consented to by the subscribers.

5. Subscribers who happen to be one of the millions of people listed in the Internet Movie Database suffer a substantial further risk of harm of their private, personal information becoming available to the public at www.imdb.com and other affiliated and unaffiliated websites that simply copy and republish information posted at www.imdb.com.

6. In Plaintiff's case, Defendants were able to and did access Plaintiff's personal and credit card information by intercepting and recording her confidential electronic communications without or beyond her consent, further using that information to cross-reference public records and other sources to obtain, among other things, Plaintiff's legal name, age, date of birth, and other personal, confidential information, and making some of that unlawfully-obtained confidential information available to the public at www.imdb.com and other affiliated and unaffiliated websites.

7. By this practice, Defendants committed fraud, breached the terms of the Subscriber Agreement and Privacy Policy entered into with Plaintiff, and violated Plaintiff's statutory privacy and consumer protection rights as described herein.  Plaintiff brings this action seeking declaratory, injunctive and monetary relief to redress Defendants' unlawful conduct.

## II. JURISDICTION AND VENUE

8. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, because the plaintiff is a citizen of a different state from those of all defendants, and the amount in controversy exceeds $75,000.

9. This Court has personal jurisdiction over defendant Amazon because it is domiciled in the State of Washington.

10. This Court has personal jurisdiction over defendant IMDb because it conducts substantial business in the State of Washington and has its principal place of business in the State of Washington.

11. The claims alleged in this Complaint arise in the State of Washington and the Western District of Washington and elsewhere.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendant Amazon has its principal offices in Seattle and therefore "resides" in this district, because the Subscriber Agreement entered into between the parties provides that any dispute relating in any way to the IMDbPro website or services offered by or through the website shall be adjudicated in any state or federal court in King County, Washington, and the events or omissions giving rise to Plaintiff's claims occurred in this district.

## III. PARTIES

13. Plaintiff Jane Doe, a Texas domiciliary, is an actress and an IMDbPro subscriber who became a victim of Defendants' unlawful practices by which they obtained access to and recorded her electronic communications and data without or beyond her knowledge or consent, and whose personal and confidential information was made available to the public via Defendants' public databases and websites without her knowledge or consent. Based on fear of retaliation from Defendants that would result in even further damage and economic injury, Plaintiff wishes to keep her name concealed from the public record with respect to this matter.

14. Defendant Amazon is a Delaware corporation with its principal place of business located in Seattle, Washington. Amazon is fully aware of the procedures taken

1  with consumer personal and credit card information, has aided and abetted IMDb's
2  wrongful conduct, and has done nothing to stop that wrongful conduct.

3  15. Defendant IMDb is a Delaware corporation with its principal place of
4  business located in Seattle, Washington. IMDb is a wholly owned subsidiary of
5  defendant Amazon, and operates the world's largest online entertainment industry
6  database at www.imdb.com.

## IV. GENERAL ALLEGATIONS

8  16. Plaintiff is an actress in the entertainment industry.

9  17. Being of Asian descent, Plaintiff has a given legal name that is extremely
10 difficult for Americans to spell and pronounce, and is generally not conducive to
11 obtaining employment in the United States and particularly the entertainment industry.
12 Because of this cultural disadvantage, Plaintiff adopted an Americanized stage name.

13 18. Prior to and throughout her acting career, Plaintiff has only and always
14 presented herself to the public by her American stage name, and has exercised extreme
15 care in maintaining the confidentiality of her true legal name and personal information
16 associated with her legal name by concealing this information from the public, and never
17 linking or associating her legal name or personal information with her American stage
18 name.

19 19. As an unknown actress who desired exposure and work in the
20 entertainment industry, Plaintiff began using the Internet Movie Database in 2003 by
21 entering her acting profile information into the Internet Movie Database. Over the next
22 several years, Plaintiff's exposure via the Internet Movie Database directly influenced
23 most, if not all, of her employment opportunities, credits and earnings.

24 20. To increase her exposure in the industry, in 2008, Plaintiff subscribed to
25 IMDbPro via the Internet website www.imdbpro.com. In order to subscribe to IMDbPro,
26 Plaintiff was required to provide, and did provide, detailed personal and credit card
27 information in order to pay for the subscription, including the legal name, address, and
28 zip code associated with her credit card.

1  21. Shortly after subscribing to IMDbPro, Plaintiff noticed that her legal date of birth had been added to her public acting profile in the Internet Movie Database, revealing to the public that Plaintiff is many years older than she looks.

22. In the entertainment industry, youth is king. If one is perceived to be "over-the-hill," i.e., approaching 40, it is nearly impossible for an up-and-coming actress, such as the Plaintiff, to get work as she is thought to have less of an "upside," therefore, casting directors, producers, directors, agents/managers, etc. do not give her the same opportunities, regardless of her appearance or talent.

23. After discovering the public exposure of her legal date of birth in the Internet Movie Database, Plaintiff contacted IMDb and requested that it remove the date of birth associated with her public acting profile from the Internet Movie Database.

24. IMDb refused, and still refuses to remove the date of birth associated with Plaintiff's public acting profile from the Internet Movie Database.

25. The date of birth currently associated with Plaintiff's acting profile in the Internet Movie Database is the date of birth associated with Plaintiff's legal name, which Defendants obtained from the credit card that Plaintiff used to purchase the IMDbPro subscription.

26. Prior to subscribing to IMDbPro, there were absolutely no means by which Defendants could have obtained Plaintiff's legal name or date of birth.

27. Upon information and belief, IMDb obtained Plaintiff's date of birth by performing records searches using the credit card information obtained from Plaintiff during the IMDbPro subscription process, including, but not limited to, the cardholder name, address and zip code.

28. Upon information and belief, it is Defendants' standard business practice to routinely intercept, store, record, and further use consumer credit card information obtained during the subscription process for the purposes of gathering information about subscribers and enhancing Defendants' business databases, which practice is unknown to and not consented to by consumers, and is completely beyond the scope of Defendants'

Subscriber Agreement, thereby breaching Plaintiff's statutory and common law rights set forth below.

29.  Both Defendants are fully aware of the information-gathering, storing, and usage processes and have done nothing to stop the unlawful and wrongful practices.

30.  Defendants' actions have had a double-whammy effect on Plaintiff's livelihood.  First, because lesser-known forty-year-old actresses are not in demand in the entertainment business, Plaintiff has suffered a substantial decrease in acting credits, employment opportunities and earnings since Defendants' addition of Plaintiff's legal date of birth to the Internet Movie Database.  Second, because Plaintiff looks so much younger than her actual age indicates, Plaintiff has experienced rejection in the industry for each "forty-year-old" role for which she has interviewed because she does not and cannot physically portray the role of a forty-year old woman.

31.  Unless and until Defendants remove Plaintiff's personal birthday information from the Internet Movie Database, Plaintiff will continue to suffer ongoing damages.

32.  The conduct of the Defendants described herein is unfair, immoral, and unscrupulous, offends public policy, and has no countervailing benefit to consumers or competition when weighed against the harm caused by such practices.

33.  Plaintiff has been seriously damaged as a proximate result of, and by, such misconduct as alleged herein in the form of a substantial decrease in annual credits and earnings and an overall diminution in value of Plaintiff's acting services.

34.  Defendants' actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for the rights of Plaintiff.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

35.  Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

36.  Upon subscribing to IMDbPro, Plaintiff and Defendants entered into a

1  contractual relationship governed by IMDbPro's Subscriber Agreement and incorporated
2  Privacy Policy.

3      37.    Plaintiff performed her part of the agreement by paying for the IMDbPro
4  subscription.

5      38.    Upon information and belief, Defendants used the personal and credit card
6  information provided by Plaintiff during the subscription process to build a consumer
7  profile about Plaintiff for purposes of enhancing the value of Defendants' business
8  databases and other unlawful purposes not known by and not consented to by Plaintiff,
9  thereby breaching the Subscriber Agreement and Privacy Policy.

10      39.    Upon information and belief, Defendants used Plaintiff's personal and
11  credit card information to perform unlawful records searches and then added personal and
12  confidential information about Plaintiff obtained from those unlawful searches to
13  IMDb.com, making Plaintiff's personal and confidential information immediately
14  available to the public at large in violation of Plaintiff's statutory privacy and consumer
15  protection rights as described herein, constituting a breach of the Subscriber Agreement
16  and Privacy Policy.

17      40.    Defendants refuse to remove the unlawfully obtained personal and
18  confidential information from www.imdb.com.

19      41.    Since Defendants added Plaintiff's legal date of birth to the Internet Movie
20  Database in 2008, Plaintiff has experienced a significant decrease in credits, earnings,
21  and employment opportunities.

22      42.    The conduct of the Defendants described herein is unfair, immoral, and
23  unscrupulous, offends public policy, and has no countervailing benefit to consumers or
24  competition when weighed against the harm caused by such practices.

25      43.    Plaintiff has been seriously damaged as a proximate result of, and by, such
26  misconduct as alleged herein in the form of a substantial decrease in annual credits and
27  earnings and an overall diminution in value of Plaintiff's acting services.

28      44.    Plaintiff is entitled to all appropriate relief.

## SECOND CAUSE OF ACTION
### (Fraud)

45. Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

46. Defendants materially misrepresent the safety, security and purpose for which they gather and use the personal and credit card information of consumers who subscribe to IMDbPro.

47. The following representations of IMDb's intention to protect subscribers' personal information appears on IMDbPro's subscription page and/or Subscriber Agreement:

- "We guarantee that every transaction you make at IMDbPro.com will be safe."
- "IMDb knows that you care how information about you is used and shared, and we appreciate your trust that we will do so carefully and sensibly."
- "Further, whenever we deal with user information, we will always comply with applicable laws and regulations in doing so."
- "Payment processing is powered by Amazon.com."
- "Our secure socket layer (SSL) software is the industry standard and among the best software available today for secure commerce transactions. It encrypts all of your personal information including credit card number, name and address so that it cannot be read as the information travels over the Internet."

48. Defendants' representations listed above were a material and substantial factor in Plaintiff's decision to subscribe to IMDbPro.

49. Despite these representations, in or about November 2008, Plaintiff discovered that without Plaintiff's knowledge or consent, Defendants unlawfully accessed Plaintiff's stored personal and credit card information and then further used that information to scour public records databases and other sources for purposes of discovering Plaintiff's date of birth.

50. Defendants knowingly made the above representations with no intention to honor them or, in the alternative, without care or concern as to whether Defendants would

1 honor them.

2     51.    Defendants made these representations with the intent to induce Plaintiff to subscribe to IMDbPro and to share her personal information. Defendants knew or should have known that these representations would induce Plaintiff to subscribe to IMDbPro.

    52.    Plaintiff had no knowledge that Defendants did not intend to honor the above representations or did not have concern for whether they would be honored.

    53.    Plaintiff reasonably relied on Defendants' representations concerning the safe and proper handling of her personal information when she subscribed to IMDbPro. In subscribing to IMDbPro, Plaintiff shared her personal information with the belief and expectation that such information would be used only for the purposes of processing payment.

    54.    Plaintiff has been seriously damaged as a proximate result of, and by, such misconduct as alleged herein in the form of a substantial decrease in annual credits and earnings and an overall diminution in value of Plaintiff's acting services.

    55.    The conduct of the Defendants described herein is unfair, immoral, and unscrupulous, offends public policy, and has no countervailing benefit to consumers or competition when weighed against the harm caused by such practices.

    56.    Defendants' actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for the rights of Plaintiff.

    57.    Plaintiff is entitled to all appropriate relief.

**THIRD CAUSE OF ACTION**
**(Violation of Washington's Privacy Act)**

    58.    Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

    59.    The communication transmitting personal and credit card information by Plaintiff between her computer and Defendants over the Internet is a "private communication transmitted by a device" which was intercepted and recorded by Defendants' servers and databases without or beyond the consent of Plaintiff.

60. Defendants intentionally intercepted and recorded Plaintiff's electronic communication in violation of RCW 9.73.030 by intending to store, record, and further use Plaintiff's personal and credit card information for unlawful purposes without Plaintiff's consent or authorization.

61. The conduct of the Defendants described herein is unfair, immoral, and unscrupulous, offends public policy, and has no countervailing benefit to consumers or competition when weighed against the harm caused by such practices.

62. Plaintiff has been seriously damaged as a proximate result of, and by, such misconduct as alleged herein in the form of a substantial decrease in annual credits and earnings and an overall diminution in value of Plaintiff's acting services.

63. Plaintiff is entitled to all appropriate relief.

## FOURTH CAUSE OF ACTION
### (Violation of Washington's Consumer Protection Act)

64. Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

65. Defendants materially misrepresent the safety, security and purpose for which they gather and use the personal and credit card information of consumers who subscribe to IMDbPro.

66. Plaintiff relied on Defendants' misrepresentations when deciding to subscribe to IMDbPro and submit her personal and credit card information.

67. The Defendants' conduct constitutes unfair and fraudulent business acts and practices because the conduct has a tendency and is likely to deceive, and did deceive, the Plaintiff and the general public in violation of Washington's Consumer Protection Act.

68. The conduct of the Defendants described herein is unfair, immoral, and unscrupulous, offends public policy, and has no countervailing benefit to consumers or competition when weighed against the harm caused by such practices.

69. Plaintiff has been seriously damaged as a proximate result of, and by, such

misconduct as alleged herein in the form of a substantial decrease in annual credits and earnings and an overall diminution in value of Plaintiff's acting services.

70. Defendants' actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for the rights of Plaintiff.

71. Plaintiff is entitled to all appropriate relief, including treble damages, and all costs of suit, including reasonable attorneys' fees.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor as follows:

a. Declaring the challenged acts and practices to be unlawful;

b. Requiring Defendants to remove all unlawfully-obtained information from Defendants' servers, databases and public websites, including but not limited to, the Plaintiff's date of birth posted at www.imdb.com and other affiliated and unaffiliated websites, and forever refrain from adding, reposting, and republishing such information, including such information submitted to Defendants by third parties;

c. Enjoining and restraining Defendants from any further similar unlawful acts or practices, including, but not limited to, intercepting, storing, recording, using and releasing to the public or publicly associating in any manner Plaintiff's legal name, date of birth, age, address, and zip code, including adding, posting, and publishing such information submitted to Defendants by third parties;

d. Awarding Plaintiff compensatory damages in an amount to exceed $75,000;

e. Awarding punitive damages against Defendants in an amount to exceed $1,000,000;

f. Awarding Plaintiff treble damages and the expenses of this litigation, including the fees and costs of experts and reasonable attorneys' fees and costs in accordance with the claims described herein; and

g. Granting other legal and equitable relief that the Court deems appropriate.

## VI. JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 13th day of October, 2011.

**NEWMAN DU WORS LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Randall Moeller, WSBA No. 21094
1201 Third Avenue, Suite 1600
Seattle, Washington 98101

DOZIER INTERNET LAW, P.C.

/s/ John W. Dozier, Jr.
John W. Dozier, Jr., Esq., *pro hac vice* forthcoming
11520 Nuckols Rd., Suite 101
Glen Allen, Virginia 23509
Tel: (804) 346-9770
Fax: (804) 346-0800
Email: jwd@cybertriallawyer.com

Attorneys for Plaintiff Jane Doe