THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>             Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>             Defendants. | No. 2:11-CV-01709-JCC<br><br>**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 10(a)**<br><br><u>**NOTE ON MOTION CALENDAR:**</u><br>**FRIDAY, DECEMBER 2, 2011** |

### I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 10(a), defendants Amazon.com, Inc. and IMDb.com, Inc. (collectively, "Defendants" or "IMDb.com") move the Court for an order dismissing this "Jane Doe" Complaint for violation of Federal Rule of Civil Procedure 10(a). Ms. Jane Doe is an actor who does not want the public to know her age. She wants the public, including potential film industry employers, to think that she is younger than she really is because, she believes, it would help her acting career. Ms. Doe tried to make IMDb.com – a leading online resource for information about films, television and participants in these industries – perpetuate this falsehood. First, she tried to convince IMDb.com to post a false birth

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24976-0480/LEGAL22077293.6

date.[1] Second, when unsuccessful, Ms. Doe demanded removal of her date of birth from the IMDb.com website. Finally, when IMDb.com refused to delete as well as doctor accurate factual information from its site, Ms. Doe crafted this lawsuit and asks this Court to make IMDb.com hide her real age.

Moreover, to conceal from the public that she is trying to hide her age, Ms. Doe took it upon herself to sue under the "Doe" pseudonym. But it is not the prerogative of Ms. Doe or any plaintiff to invoke the power and authority of the federal judicial system to level accusations of illegal action without standing behind those accusations in her own name.

Truth and justice are philosophical pillars of this Court. The perpetuation of fraud, even for an actor's career, is inconsistent with these principles. Plaintiff's attempt to manipulate the federal court system so she can censor IMDb.com's display of her birth date and pretend to the world that she is not 40 years old is selfish, contrary to the public interest and a frivolous abuse of this Court's resources.

## II.   STATEMENT OF RELEVANT FACTS

### A.   Plaintiff Jane Doe Wants to Hide the Fact That She Is 40

The underlying facts relevant to this case are simple and unextraordinary:

Plaintiff is an actor who wants to conceal her age from the public, including from potential film industry employers. Compl. (Dkt. No. 1) ¶¶ 13, 16, 21-23. The IMDb.com website, owned and operated by Defendant Amazon.com's subsidiary Defendant IMDb.com, Inc., publicly displays factual information about movies, television shows, and the actors, directors, and other professionals who make them. *Id.* ¶ 1; Declaration of Giancarlo Cairella ("Cairella Decl.") ¶ 2; *see also* www.imdb.com ("IMDb offers a searchable database of more than 2 million movies, TV and entertainment programs and more than 4 million cast and crew members.") Consistent with information publicly displayed for many actors, *see, e.g.*,

---

[1] *But see infra* Part II.C. (this statement assumes IMDb.com has correctly identified Plaintiff, which is not certain).

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 2
24976-0480/LEGAL22077293.6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*http://www.imdb.com/search/name?birth_monthday=11-09&sort=birth_date,desc*, IMDb.com displays Plaintiff's actual date of birth. Compl. ¶¶ 21, 23-25. Plaintiff asked IMDb.com to delete her birth date from the website and IMDb.com refused. *Id.* ¶ 24. The date of birth displayed on IMDb.com is not false, defamatory or misleading; it is a true fact undisputed by Plaintiff. *Id.* ¶¶ 23, 25. Plaintiff claims however that she appears younger than her age and should therefore be entitled to conceal the fact that she is 40 years old to enhance her acting career. *Id.* ¶¶ 21-23, 30.

**B.     Plaintiff Jane Doe Wants to Make IMDb.Com and this Court Complicit in Her Fraud on the Public**

There are only two truly extraordinary things about Plaintiff and this case:

First is Plaintiff's invocation of the federal judicial process—the time and resources of this Court at the taxpayers' expense—to help hide her age of 40. Plaintiff is an actor; she put herself in the public eye with her own profiles on IMDb.com, and she wants to become even more famous and well-known. Compl. ¶¶ 16, 19, 20. Apparently unable to achieve this level of success on her own merits, Plaintiff wants the Court to advance her employment opportunities by compelling IMDb.com to conceal her birth date so she can more easily deceive the public and prospective employers about her age and potentially be considered for more roles. *Id.* ¶¶ 22, 30-31 and § V.b. As explained in IMDb.com's motion to dismiss pursuant to Rule 12(b)(6), filed simultaneously, Plaintiff's effort to manufacture any cognizable claim within the bounds of Rule 11 that would justify this Court's intervention to conceal her true age fails. *See* Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), filed concurrently herewith.

Second, and the focus of this motion, is Plaintiff's unilateral determination that her desire to conceal her age entitles her to file her Complaint anonymously. Compl. ¶ 13. Somewhere in their reading of the Federal Rules of Civil Procedure, Plaintiff, her expert cyber lawyer (*see* www.cybertriallawyer.com) and her local counsel missed or skipped Rule 10(a), which requires disclosure of all parties in the caption of a complaint. Compl. at 1; Fed. R. Civ. P. 10(a). To

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 3
24976-0480/LEGAL22077293.6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

ignore Rule 10(a) and file her Complaint anonymously required more than Plaintiff's concern for her own acting career; it required Plaintiff to seek the Court's leave to file under a pseudonym. *See* Part III, *infra*. Plaintiff did not seek or obtain this leave. *See generally* Compl. ¶ 13, *passim*.

Instead, in her Complaint, Plaintiff justified hiding her identity by claiming "fear of retaliation from Defendants that would result in even further damage and economic injury." *Id.* ¶ 13. No threatened retaliation is alleged or described (nor is it alleged or evident what IMDb.com could or would do to effect retaliation against Plaintiff); no allegations are provided to evaluate the reasonableness of Plaintiff's alleged fear of retaliation and harm; no allegations are provided to evaluate the severity of the alleged harm to Plaintiff, which is summarily described as "damage and economic injury;" and no allegations address Plaintiff's particular vulnerability (or not) to retaliation. *Id. passim*. Moreover, in comments to the media following filing Plaintiff's Complaint, Plaintiff's attorney stated "that Amazon and IMDb.com know who [plaintiff] is based on prior communications from her." Declaration of Breena M. Roos ("Roos Decl."), Ex. A ("Actress sues Amazon for revealing her age on IMDb," CBS News, Oct. 18, 2011, quoting Plaintiff's counsel, John Dozier, Esq.). Yet, there are no allegations in the Complaint that IMDb.com has retaliated against Plaintiff in any way. *See id.*; Compl. ¶ 13.

Assuming it is true that IMDb.com already knows Plaintiff's identity,[2] there is no reason for Plaintiff to file an anonymous complaint except to keep Plaintiff's name (and therefore admitted true age) from the public.

C. **Plaintiff's Factual Inconsistencies Require Verification of Her Identity**

IMDb.com believes that it has identified Plaintiff based on the Complaint and past communications. Cairella Decl. ¶¶ 4, 7, Ex. C (May 4, 2011, letter from John Dozier, Esq. demanding removal of Plaintiff's date of birth and threatening a class action (Plaintiff's name redacted)).

---

[2] *See infra* Part II.C.

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 4
24976-0480/LEGAL22077293.6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

However, there are multiple actresses who fit the description of Plaintiff in the Complaint. Cairella Decl. ¶ 4; Roos Decl. ¶ 3, Ex B (comments by online speculators regarding Plaintiff's potential identity). Further, there are numerous discrepancies between factual allegations in the Complaint within Plaintiff's knowledge and information and facts stated in prior communications to IMDb.com from the actress who IMDb.com believes is Plaintiff and facts recorded in IMDb.com data regarding this actress' account. Cairella Decl. ¶ 4. *Compare* Compl. ¶ 20 (Plaintiff alleges that she subscribed to IMDbPro in 2008), *with* Cairella Decl. ¶ 5, Ex. A (actress subscribed to IMDbPro in 2004 (Plaintiff's name redacted)); *compare* Compl. ¶ 19 (Plaintiff alleges she began using IMDb in 2003), *with* Cairella Decl. ¶ 5, Ex. A (actress first signed up to use IMDb in 2001 (Plaintiff's name redacted)).

As a result, IMDb.com cannot be certain that it has correctly identified Plaintiff. Cairella Decl. ¶ 4. Absent such certainty, IMDb.com's factual investigation, collection of evidence and analysis of the allegations of the Complaint may be irrelevant and useless (as well as completely wasteful).[3] Roos Decl. ¶ 4. IMDb.com cannot fairly defend against the Complaint in this case with the identity of the plaintiff secreted. *Id.*

### III. ARGUMENT

**A. The Complaint Must Be Dismissed for Violation of Rule 10(a), Which Requires a Complaint to Name All Parties**

Pursuant to Rule 10(a), "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties . . . ." Rule 10 "is not solely one of administrative convenience. The rule serves to apprise the parties of their opponents, and it protects the public's legitimate interest in knowing all the facts and events surrounding court proceedings." *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981).

---

[3] If IMDb.com is correct as to Plaintiff's identity, IMDb.com can and will present communications and apparently forged documents provided by Plaintiff in an effort to convince IMDb.com that her date of birth on the website was incorrect. *See* Cairella Decl. ¶ 6.

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 5
24976-0480/LEGAL22077293.6

Consequently, "[t]he normal presumption in litigation is that parties *must* use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir.) (emphasis added), *reh'g denied*, 625 F.3d 1182 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 2448 (2011). And a plaintiff's "use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Thus, "[p]roceeding anonymously is the exception to the rule." *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 517 (N.D. Cal. 2010) (citing *Advanced Textile*, 214 F.3d at 1067).

Nothing in the Federal Rules of Civil Procedure or the jurisprudence of this jurisdiction authorizes a plaintiff to grant this exception to Rule 10(a) unilaterally and to file suit anonymously in her own discretion. To the contrary, when a plaintiff fails to disclose her identity in a complaint without prior leave of the court, the complaint is dismissed for violation of Rule 10(a). *See Kamehameha Schs.*, 596 F.3d at 1046 ("[W]e affirm the district court's order dismissing the case based on plaintiffs' failure to disclose their identities."); *Advanced Textile*, 214 F.3d at 1069 (addressing defendant's motion to dismiss based on plaintiff's failure to include their true names in their complaint); *D.C. v. Pierce Cnty.*, No. C10-5246RJB, 2010 WL 3814051, at *3 (W.D. Wash. Sept. 27, 2010) (granting defendant's motion to dismiss for the plaintiff's failure to comply with Rule 10(a)).[4] Thus, the plaintiff bears the burden to establish good faith grounds that her anonymity is more important than the defendants' knowledge of her identity and the public's right of access to judicial proceedings, and *the Court*, not the self-interested plaintiff, decides whether the plaintiff's identity should or should not be disclosed. *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005) ("Pseudonymous litigation is for the unusual or

---

[4] Other jurisdictions have concluded the same and explained that a cause of action has not been commenced until a plaintiff either names all parties in the complaint or has leave to appear anonymously. *See Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) ("[T]he federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them. We therefore dismiss the complaint as to the unnamed [plaintiffs.]") (footnotes and citation omitted); *see also Doe v. Megless*, 654 F.3d 404, 411-12 (3d Cir. 2011) (affirming lower court's voluntary dismissal with prejudice when plaintiff refused to proceed in accordance with court order to litigate under plaintiff's true name).

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 6
24976-0480/LEGAL22077293.6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

critical case, and it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner.").

Here, Plaintiff did not ask the Court's permission before filing her complaint anonymously as "Jane Doe." As a result, the Court has not had the opportunity to determine the propriety of her Doe request and whether concealment of her identity (and related potentially identifying details) from the public eye is warranted. Plaintiff's Complaint should therefore be dismissed until such time as Plaintiff obtains this Court's permission to file her purported grievances against IMDb.com anonymously or accurately identifies herself in the Complaint.

**B.  If Plaintiff Asked for the Court's Leave to File Her Complaint Anonymously, It Would Be Denied**

It is noteworthy that, had Plaintiff asked the Court for leave to file her complaint anonymously or if she asks in the future, leave must be denied. In the Ninth Circuit, a party may proceed anonymously only when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.[5] *Advanced Textile*, 214 F.3d at 1068. The Ninth Circuit has recognized this need in three situations: (1) risk of retaliatory harm; (2) preservation of privacy in a sensitive and highly personal matter; or (3) intention to engage in illegal conduct.[6] *Id.*; *cf. Doe v. Penzato*, No. CV10-5154MEJ, 2011 WL 1833007 at *2 (N.D. Cal. May 13, 2011) ("*Advanced Textile* sets the controlling legal standard . . . to permit a party to proceed anonymously." (internal quotation marks and citation omitted)); *see also Kamehameha Schs.*, 596 F.3d at 1042 (applying the "*Advanced Textile* analysis" to uphold

---

[5] As previously noted, Plaintiff's counsel has stated that IMDb.com knows Plaintiff's identity. Roos Decl. ¶ 2, Ex. A. Assuming this is true, Plaintiff must show sufficient need to conceal her identity from the public in order to proceed anonymously. However, her Complaint refers only to a purported fear of retaliation from Defendants and makes no allegations of a need to hide her identity from the public – except the alleged need to hide her true age.

[6] The Ninth Circuit has generalized these conditions, stating that parties may "use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile*, 214 F.3d at 1067-68. An earlier California federal district court case noted that "[t]he most common instances [of allowing plaintiffs to proceed anonymously] are cases involving abortion, mental illness, personal safety, homosexuality, transexuality and illegitimate or abandoned children in welfare cases." *Rostker*, 89 F.R.D. at 161 (citing cases).

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 7
24976-0480/LEGAL22077293.6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

district court's decision to deny plaintiffs' anonymity); *Guifu Li*, 270 F.R.D. 509 (applying same factors to deny plaintiffs' motion to proceed anonymously).

Plaintiff alleges fear of retaliation by Defendants as the single ground for her anonymous Complaint. Compl. ¶ 13. But Plaintiff does not allege, let alone show, how IMDb.com might or even could retaliate against her.[7] *Id. passim.* And from this unknown retaliation, the only purportedly feared harm that she identifies is generic "damage and economic injury." *Id.* ¶ 13. Plaintiff provides no allegations or evidence of (1) the severity (or even existence) of the alleged harm,[8] (2) the reasonableness of her alleged fear of harm,[9] or (3) her particular vulnerability to the purported retaliatory harm.[10] *Advanced Textile*, 214 F.3d at 1068 (identifying elements relevant to retaliation as basis for anonymous complaint). Absent any credible evidence, or even allegations, on these factors set by the Ninth Circuit, *id.*, Plaintiff cannot non-frivolously ask the Court to allow her to file her claims anonymously.

Moreover, Plaintiff's vague, unsupported allegation of a fear of damage and economic injury via retaliation by IMDb.com is not enough to overcome the potential prejudice to IMDb.com if IMDb.com has not or cannot correctly identified the Plaintiff. *See generally supra* Part II.C. The Ninth Circuit has recognized that maintaining an anonymous plaintiff significantly impairs the responding party's ability to build a defense. *Advanced Textile*, 214 F.3d at 1068; *Guifu Li*, 270 F.R.D. at 516 (considering potential prejudice to defendants and

---

[7] In direct refutation of her alleged fear of retaliation, there is no allegation in the Complaint of any action, inaction, harm, damage or economic injury to Plaintiff caused by IMDb.com even though her lawyer says IMDb.com knows who she is. Compl. ¶ 13.

[8] When a plaintiff alleges economic loss, as opposed to physical harm, the economic loss must be "extraordinary" to justify anonymity. *Advanced Textile*, 214 F.3d at 1070-71; *see also Gibbs*, 886 F.2d at 1245 ("[Anonymity] has not been permitted when only the plaintiff's economic or professional concerns are involved[.]") (citing cases); *Guifu Li*, 270 F.R.D. at 515 (denying class plaintiff's motion to proceed anonymously based on the fear of reduced work assignments and termination); *Qualls*, 228 F.R.D. at 12 ("[A] threat of economic harm alone does not generally permit a court to let litigants proceed[] under pseudonym.").

[9] *See Kamehameha Schs.*, 596 F.3d at 1044 ("[F]ear of severe harm is irrelevant if the plaintiffs do not *reasonably* fear severe harm.") (emphasis in original).

[10] *See id.* at 1045-46 (finding that threats of physical violence against children insufficient for plaintiffs to proceed anonymously, because, while court was "sympathetic to the concerns of the Doe children and their parents, [it] recognizes the *paramount importance of open courts*") (emphasis added).

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 8
24976-0480/LEGAL22077293.6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

recognizing that "[d]efendants must have a full opportunity to defend themselves"). Indeed, courts have recognized that defending against an anonymous plaintiff hurts a defendant even where the defendant knows the plaintiff's identity. *Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 141 (S.D. Ind. 1996) ("The defendants know the plaintiff's identity, but the anonymity plaintiff seeks would significantly hamper their ability to defend themselves from adverse publicity and other collateral, but often inevitable, effects of civil litigation.").

Finally, Plaintiff's allegation of a fear of unspecified retaliation by IMDb.com is insufficient to overcome the substantial public interest in an open judicial process and in encouraging lawsuits by plaintiffs who are "the most zealous, passionate, and sincere litigants, those who are willing to place their personal and public stamp of approval upon their causes of action." *Qualls*, 228 F.R.D. at 13; *see also Advanced Textile*, 214 F.3d at 1068. As the Supreme Court has explained, "'[a] *trial is a public event*. What transpires in the court room is public property.'" *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492-93 (1975) (emphasis added) (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). The public has an inherent interest in open proceedings, given the "paramount importance of open courts." *Kamehameha Schs.*, 596 F.3d at 1046; *see also Guifu Li*, 270 F.R.D. at 516 ("The Court finds that the overall public interest is in openness, and disclosure of the parties and claims in the case.").

In sum, Plaintiff ignored Rule 10(a) and filed her Complaint anonymously without leave of the Court, most likely because, as a matter of law, if she sought leave to file as "Jane Doe," the request would have been properly denied. There is no judicial authority or justification for Plaintiff's use of the federal court system to hide her age to advance her career.

**C.   Plaintiff's Failure to Comport with the Federal Rules of Civil Procedure Merits an Award Pursuant to Local Rule General Rule 3**

Misconduct in litigation is sanctionable under this Court's inherent powers. Pursuant to the local rules of this Court:

> An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, . . . or

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 9
24976-0480/LEGAL22077293.6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

> who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously, may, in addition to, or in lieu of the sanctions and penalties provided . . . , be required by the court to satisfy personally such excess costs, and may be subject to such other sanctions as the court may deem appropriate.

GR 3(d).

Here, Plaintiff and her counsel, without any proffered cause (let alone "just" cause), failed to comply with Rule 10(a) and properly name all parties to the Complaint (or, at minimum, seek leave of the Court for an exception to Rule 10(a)). *See* Part III.A., *supra*. The failure to adhere to Rule 10(a) was unreasonable. Identification of the plaintiff to a complaint is a fundamental rule of federal procedure and necessary tenet of just proceedings. The failure to adhere to Rule 10(a) was also vexatious. By skirting Rule 10(a), Plaintiff and her attorneys endeavored to shift the burden regarding Plaintiff's obligation to stand personally—by name—behind her allegations from Plaintiff to Defendants. Plaintiff's disregard of Rule 10(a) forced Defendants to become guardians of their own right by virtue of this motion. And, in doing so, it multiplied proceedings and fees and expenses for Defendants by requiring Defendants to file this motion to dismiss under Rule 10(a) when Defendants could otherwise have solely moved to dismiss on the merits (or, more accurately, lack of legal merit) of Plaintiff's Complaint. *See Christofferson Dairy, Inc. v. MMM Sales, Inc.*, 849 F.2d 1168, 1175 (9th Cir. 1988) (upholding lower court finding that plaintiff acted unreasonably by filing a motion that "caused defendants to file unnecessary discovery motions and a motion for summary judgment based on lack of standing").

In sum, Plaintiff and her counsel failed to comply with the Rule 10(a)'s basic requirement to name the plaintiff. Instead, they unilaterally filed the Complaint anonymously which multiplied proceedings, burdens and costs for Defendants without cause or justification. Defendants therefore request award of their attorneys' fees and costs for this motion (including

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 10
24976-0480/LEGAL22077293.6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the fees and costs for any reply and oral argument) as established by subsequent declaration, and any other relief the Court deems appropriate, pursuant to its power under General Rule 3.

## IV.  CONCLUSION

For the reasons set forth above, Defendants request that the Court: (1) dismiss Plaintiff's Complaint until such time as Plaintiff obtains this Court's permission to file her purported grievances against IMDb.com anonymously or accurately identifies herself in the Complaint; (2) award attorneys' fees and costs for this motion to Defendants; and (3) issue any further sanctions or restrictions on Plaintiff as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 9th day of November, 2011.

By: s/ Elizabeth L. McDougall
Elizabeth L. McDougall #27026
Breena M. Roos #34501
Ashley A. Locke #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone: 206.359.8000
Facsimile:  206.359.9000
Email:  EMcDougall@perkinscoie.com
          BRoos@perkinscoie.com
          ALocke@perkinscoie.com

Attorneys for Defendants Amazon.com, Inc. and IMDb.com

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 11
24976-0480/LEGAL22077293.6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify that on November 9, 2011, I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 10(a)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record

| | |
|---|---|
| **John W Dozier, Jr**<br>Dozier Internet Law<br>301 Concourse Blvd<br>West Shore III, Ste 300<br>Glen Allen, VA 23059 | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Via ECF |
| **Randall Moeller**<br>**Derek Alan Newman**<br>Newman & Newman<br>1201 Third Avenue, Ste 1600<br>Seattle, WA 98 | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Via ECF |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 9th day of November, 2011.

s/ Elizabeth McDougall
Elizabeth McDougall, WSBA No. 272026
Breena M. Roos, WSBA No. 34501
Ashley Locke, WSBA No. 40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: emcdougall@perkinscoie.com
E-mail: broos@perkinscoie.com
E-mail: alocke@perkinscoie.com
Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

MOTION TO DISMISS PURSUANT
TO RULE 10(a) (NO. 2:11-CV-01709) – 12
24976-0480/LEGAL22077293.6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000