THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JANE DOE,

                Plaintiff,

    v.

AMAZON.COM, INC., a Delaware
corporation, and IMDB.COM, INC., a
Delaware corporation,

            Defendants.

No. CV- 01709-JCC

**DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6)**

**NOTE FOR CONSIDERATION:**
**FRIDAY, DECEMBER 2, 2011**

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Amazon.com, Inc. and

IMDb.com, Inc. (collectively, "Defendants" or "IMDb.com") move the Court for an order

dismissing Plaintiff "Jane Doe's" Complaint because it does not state a claim upon which relief

can be granted.

Plaintiff is a 40-year old film actor and IMDb.com—a publicly-available online database

of movie-related information—includes a profile of Plaintiff which includes her date of birth.

Plaintiff is unhappy about this because, she says, "[i]n the entertainment industry, youth is king,"

and actors approaching 40 are "perceived to be 'over-the-hill.'"  Compl. (Dkt. No. 1) ¶ 22.

Indeed, Plaintiff states that, "lesser-known forty-year old actresses are not in demand in the

entertainment business.  *Id.* ¶ 30.  Plaintiff therefore wants to hide her birth date from the public,

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

including the entertainment industry, so that she experiences less "rejection in the industry" and so that her "acting credits, employment opportunities and earnings" do not decrease because of her age. *Id.* In fact, she attributes the decline in her career directly, and apparently exclusively, to the display of her birth date on the IMDb.com website. *Id.* ¶¶ 30, 31, 33, 41.

Plaintiff asked IMDb.com to delete her date of birth from its website and IMDb.com declined and continues to decline. *Id.* ¶¶ 23, 24. The date of birth displayed on IMDb.com simply states an accurate fact. *Id.* ¶ 23. This is very common, particularly for persons of public interest *See, e.g., http://www.biography.com/people/colin-powell-9445708* (disclosure of birth date of military hero and elder statesman, Colin Powell)*;*
*http://en.wikipedia.org/wiki/Sam_Waterston* (disclosure of birth date of television award winning actor and Academy Award nominee, Sam Waterson)*;*
http://seattletimes.nwsource.com/html/localnews/2003166531_coughenour01m.html (disclosure of birth date of senior federal judge, The Honorable John C. Coughenour). The display of Plaintiff's date of birth is not false, misleading, deceptive, immoral or illegal. Although Plaintiff really wants her birth date concealed from the public, Plaintiff has no legal right to keep it secret and Plaintiff has no legal cause of action to force IMDb.com to remove it. So Plaintiff has no claim.

To get around this problem, Plaintiff filed the instant Complaint (including all purported claims) based wholly on two naked, implausible assertions. First, Plaintiff asserts that, absent her paid subscription to IMDbPro, "there were *absolutely no means* by which Defendants could have obtained Plaintiff's legal name or date of birth." Compl. ¶ 26 (emphasis added). Second, Plaintiff asserts, "[u]pon information and belief" but no factual ground, that Defendants obtained Plaintiff's date of birth from research of the name, address and zip code of the credit card data used to pay for the IMDbPro subscription and that this is Defendants' standard business practice." *Id.* ¶¶ 25, 27, 28. Plaintiff's unsupported, implausible, hypothetical allegations are

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL22077135.4

insufficient to state any claim under " *Twombly* and its progeny.  The Complaint should be dismissed in its entirety for this reason.

Beyond the Complaint's failure as pure speculation, even if Defendants had used credit card data to obtain undisclosed information about Plaintiff as the Complaint alleges and unilaterally concludes, the claims all fail because the data was voluntarily provided by Plaintiff for use consistent with her agreements with IMDb.com.  While the Complaint quotes selective excerpts from the Subscriber Agreement for IMDbPro and other documents related to the IMDb.com website and the IMDbPro service, the agreements, policies and documents read in whole evidence users' consent, including Plaintiff's consent, to Defendants' use of information provide to IMDb.com.  The Complaint should be dismissed with prejudice for this reason as well.

Finally, as explained below, each of Plaintiff's purported claims is fraught with fatal deficiencies which also mandate their dismissal.

For these reasons, this Court should dismiss Plaintiff's complaint, and the Complaint's inadequacies cannot be overcome with re-pleading in compliance with *Twombly*, Rule 11 and the elements of the claims alleges, Defendants request dismissal with prejudice.

## II.     STATEMENT OF RELEVANT FACTS

For the strict and sole purpose of this motion to dismiss pursuant to Rule 12(b)(6), Defendants assume those properly plead factual allegations (*i.e.,* allegations that are not merely conclusory, speculative or that draw unreasonable or unwarranted factual inferences) of the Complaint to be true.  In addition, the Complaint cites (as well as quotes) and relies on contents of Defendants' Subscriber Agreement and Privacy Policy for the IMDbPro service, as well as portions of the IMDb.com website.  *See, e.g.,* Compl. ¶¶ 2, 3, 12, 20, 36, 38, 39, 47.  Consequently, these documents may be treated as part of the Complaint and their contents may be considered by the Court on this motion to dismiss.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (courts may consider evidence on which the complaint necessarily relies); *United*

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (courts may treat cited document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) ("A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.") (internal citation and quotation omitted).

**A.      The Internet Movie Database (www.IMDb.com)**

**1.      IMDb.com is the World's Largest Online Movie and Television Database**

As alleged in the Complaint, the website www.imdb.com, owned and operated by IMDb.com, Inc. (an Amazon.com, Inc. subsidiary), is a database of information about the film and television industry, including, without limitation, actors, directors, and crew members. Compl. (Dkt. No. 1) ¶ 1.  It is the world's largest online database of such information.  *Id.* IMDb.com is handy tool for employers in the entertainment industry to search resumes, and up-and-coming entertainment professional rely on exposure by IMDb.com to seek employment opportunities in the entertainment industry.  *Id.*

**2.      IMDbPro Subscribers Agree to a Subscriber Agreement and Privacy Policy**

IMDb.com operates a free public website.  *Id.*  ¶¶ 1, 2.  However, it also offers an "IMDbPro" subscription.  *Id.*  IMDbPro is a paid subscription that provides additional "industry insider" information.  *Id.* ¶ 2.  To register for IMDbPro, a user must accept the IMDbPro Subscriber Agreement, which incorporates the Privacy Policy, and must provide credit card payment information.  *Id.* Declaration of Ashley A. Locke in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) ("Locke Decl.") ¶ 2, Ex. A (Subscriber Agreement), ¶ 3, Ex. B (Privacy Policy), and ¶ 4, Ex. C (Privacy Policy examples of information collected by IMDb.com).

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

3.     **The Subscriber Agreement and Privacy Policy Explain Subscribers'**
**Disclosures of Information to IMDb.com and the Reasons for The**
**Disclosures**

The Subscriber Agreement explains that IMDb.com collects information and uses

reasonable efforts to ensure its accuracy:

> The [IMDbPro] Site contains a database of movie information and
> other content regarding movies and the movie industry *compiled*
> *by IMDb*.  While we use commercially reasonable efforts to
> provide accurate information, IMDb gives no warranty as to the
> accuracy of the database and other content on the Site.  IMDb
> reserves the right to withdraw or delete information or content
> from the Site at any time.

*Id.*, Ex. A at § 6 (emphasis added).

The Privacy Policy further explains the disclosure of information from IMDbPro

subscribers, what types of information IMDb.com collects, and examples of how IMDb.com may

use such information:

> • **Information You Give Us:** We receive and store *any information you*
> *enter on our Web site* or *give us in any other way*. Click here to see
> examples of what we collect. *You can choose not to provide certain*
> *information*, but then you might not be able to take advantage of many
> of our features. We use the information that you provide for such
> purposes as responding to your requests, customizing future browsing
> for you, *improving our site*, and communicating with you.

Locke Decl., Ex. B (Privacy Policy) (emphasis added).  If a user clicks on the hyperlink in this

paragraph's statement "Click here to see examples of what we collect," the user sees the

following additional information:

> **Information You Give Us and How We Might Use It**
>
> You provide most such information when you *register*, search,
> post, participate in a contest or questionnaire, or communicate with
> us. . . .  As a result of those actions, you might supply us with such
> information as your *name*, email address, *physical address*, *zip*
> *code*, and phone number; *your age* and gender; the movies and
> actors you like or dislike; and your general movie preferences."

Locke Decl. ¶ 4, Ex. C.

The Privacy Policy further provides:

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL22077135.4

**Does IMDb Share the Information It Receives?**

> Information about our users is an important part of our business,
> and we are not in the business of selling it to others. . . .  Further,
> whenever we deal with user information, we will always comply
> with applicable laws and regulations in doing so.

*Id.*, Ex. B (Privacy Policy).

## B.   Plaintiff Voluntarily Disclosed Her Name, Address and Zip Code to IMDb.com

Plaintiff alleges that she subscribed to IMDbPro in 2008, and provided her legal name,

address and zip code in association with the credit card information.  Compl. ¶ 20.  Plaintiff then

alleges, "[u]pon information and belief," that IMDB.com used the name, address and zip code

from the credit card data to locate her date of birth and add it to her IMDb.com public acting

profile.  *Id.* ¶¶ 21, 27.

Plaintiff wants to conceal the fact that she is 40 years old from the public, including from

potential film industry employers.  *Id.* ¶¶ 13, 16, 21-23.  Plaintiff asked IMDb.com to delete her

date of birth from the website and IMDb.com refused.  *Id.* ¶ 24.  The date of birth displayed on

IMDb.com is not false, defamatory or misleading; it is a true fact undisputed by Plaintiff.

*Id.* ¶¶ 23, 25.  Plaintiff claims however that she appears younger than her age and should

therefore be entitled to conceal the fact that she is 40 years old to enhance her acting career.

*Id.* ¶¶ 21-23, 30.

## III.   ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations

"must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v.

Twombly*, 127 S. Ct. 1955, 1965 (2007).  Further, when a party fails to allege facts demonstrating

the causes of action and amendment would be futile, dismissal with prejudice is appropriate.

*Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011) (citing *Albrecht v. Lund*, 845

F.2d 196, 195 (9th Cir.), *modified*, 856 F.2d 111 (9th Cir. 1988) ("[I]f a complaint is dismissed

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 6

24976-0480/LEGAL22077135.4

for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile.")).

Each of Plaintiff's claims is based on her allegation that Defendants used information (specifically, her legal name, address and zip code) submitted by Plaintiff when she subscribed to IMDbPro to obtain (from public records) and publish her legal date of birth.  These allegations fail—and therefore her entire Complaint fails—for two reasons.  First, these allegations fail to meet the standards articulated by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Without any factual support, Plaintiff makes the unreasonable assertion that her birth date could be obtained from no source other than her credit card data and that it is therefore her belief that Defendants obtained her birth date using her credit card information.  (Further, Plaintiff has no legal privacy interest in her date of birth, which she acknowledges was part of public records, and therefore the alleged actions were not unlawful.)  Second, even if Plaintiff's allegations are true, which Defendants deny, Plaintiff consented to such use of information when she subscribed to the IMDbPro service.

## A. Plaintiff's Complaint fails to raise a right to relief above the speculative level.

A complaint must contain sufficient facts not just to provide notice, but to state a claim for relief "that is *plausible* on its face."  *Twombly*, 550 U.S. at 570 (emphasis added); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1953 (2009) (holding that the *Twombly* pleading requirements apply to all civil cases).  A complaint is insufficient when it "tenders naked assertions devoid of further factual enhancement."  *Id.* (internal quotations omitted).  In other words, where the plaintiff fails to provide facts supporting a plausible claim, then the allegations' "conclusory nature . . . disentitle[s] them to the presumption of truth."  *Iqbal*, 129 S.Ct. at 1951 (upholding dismissal for failure to state a claim).  The Supreme Court has stated:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the ***reasonable inference*** that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," ***but it asks for more than a sheer possibility*** that a defendant has acted

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3

> unlawfully. Where a complaint pleads facts that are "merely
> consistent with" a defendant's liability, it "stops short of the line
> between possibility and plausibility of 'entitlement to relief.'"

4
5
6
7
8
9
10
11
12
13
14
15
16
17

*Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted, emphasis added).  A court may "draw on its judicial experience and comment sense" when determining whether a complaint provides "more than a sheer possibility" of unlawful conduct.  *Iqbal*, 129 S.Ct. at 1951 (citing 490 F.3d at 157-58).  In so doing, "the Court may consider other, more likely explanations for the acts described in the complaint when determining whether the pleaded factual allegations give rise to a plausible entitlement to relief."  *Fesler v. Whelen Eng'g Co., Inc.*, 716 F. Supp. 2d 831, 833 (S.D. Iowa 2010).

18
19
20
21
22
23
24
25
26
27

Here, even accepting Plaintiff's allegations as true for purposes of this motion, and drawing all reasonable inferences in favor of Plaintiff, her Complaint does not come close to pleading plausible facts stating a claim for relief.  She fails to provide any factual support for her speculative allegations, making it impossible for this Court to rule out the "other, more likely explanations."

28
29
30

At the outset, Plaintiff broadly alleges:

31
32
33
34
35
36
37
38
39
40

> In Plaintiff's case, Defendants were able to and did ***access
> Plaintiff's personal and credit card information*** by intercepting
> and recording her confidential electronic communications without
> or beyond her consent, further ***using that information to cross-
> reference public records*** and other sources ***to obtain, among other
> things, Plaintiff's legal name, age, date of birth*** and other
> personal, confidential information, and ***making some of that
> unlawfully-obtained confidential information available*** to the
> public at **www.imdb.com** and other affiliated and unaffiliated
> websites.

41
42
43
44
45
46
47
48
49
50
51

Compl. ¶ 6 (emphasis added).  In the "General Allegations" section of the Complaint, Plaintiff narrows this statement.  She alleges that shortly after she subscribed to IMDbPro, she "noticed that her ***legal date of birth*** had been added to her public acting profile in the Internet Movie Database."  Compl. ¶ 21 (emphasis added).  Her legal (*i.e.*, factually accurate) date of birth is the only information that she identifies as being put on her IMDb.com profile; she does not allege

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

that Defendants posted her legal name, address, or zip code.  With respect to her birth date, she

alleges:

> [] Prior to subscribing to IMDbPro, there were absolutely no
> means by which Defendants could have obtained Plaintiff's legal
> name or date of birth.
>
> [] Upon information and belief, ***IMDb obtained Plaintiff's date of***
> ***birth by performing records searches using the credit card***
> ***information obtained from Plaintiff during the IMDbPro***
> ***subscription process***, including, but not limited to, the cardholder
> ***name, address and zip code***.

Compl. ¶¶ 26, 27 (emphasis added).  She states these conclusions without any factual support or

allegations as to who obtained it, when, where, how, or why he/she/they obtained her legal date

of birth through these public record searches.  Plaintiff's Complaint is a quintessential example

of one that "tenders naked assertions devoid of further factual enhancement."

Even beyond her "General Allegations" section, Plaintiff's specific causes of actions

merely repeat all or some of the same vague allegations as a basis for her claims.  For each cause

of action she brings in this lawsuit, Plaintiff fails to provide any specific facts to support her legal

conclusions:

> o  "Defendants used Plaintiff's personal and [sic] credit card information to
>    perform unlawful records searches and then added personal and
>    confidential information about Plaintiff obtained from those unlawful
>    searches to IMDb.com[.]"  Compl. ¶ 39 (breach of contract claim); *see*
>    *also id.* ¶ 38.
>
> o  "Defendants unlawfully accessed Plaintiff's stored personal and credit card
>    information and then further used that information to scour public records
>    databases and other sources for purposes of discovering Plaintiff's date of
>    birth."  *Id.* ¶ 49 (fraud claim).
>
> o  "Defendants intentionally intercepted and recorded Plaintiff's electronic
>    communication in violation of RCW 9.73.020 by intending to store,
>    record, and further use Plaintiff's personal and credit card information for
>    unlawful purposes[.]"  *Id.* ¶ 60 (Privacy Act claim).
>
> o  "Defendants materially misrepresent the safety, security and purpose for
>    which they gather and use the personal and credit card information of
>    consumers who subscribe to IMDbPro."  *Id.* ¶ 65 (CPA claim).

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL22077135.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

This approach is a far cry from meeting the *Twombly* standards and therefore "disentitles [Plaintiff] to the presumption of truth." *Iqbal*, 129 S.Ct. at 151.  The allegation that Defendants used Plaintiff's name, address and zip code from her credit card information to obtain her date of birth is speculative and conclusory.  Plaintiff has admitted to using IMDb.com since 2003 by entering information about herself for inclusion on her IMDb profile.  *See* Dkt. 1 ¶ 19.  Moreover, she acknowledges that her birth date was available in public records databases.  *See id.* ¶¶ 21, 27, 49.  Yet she claims—without any support—that "there absolutely ***no means*** by which Defendants could have obtained Plaintiff's legal name or date of birth." *Id.* ¶ 26 (emphasis added).  This statement is conclusory and speculative, and asks the Court to infer that because Defendants had information submitted by Plaintiff with her credit card payment, they must have used that information to obtain her birth date.  Such an inference is unwarranted and cannot stand as a basis for her claims.

Plaintiff repeatedly states the legal conclusion that Defendants "unlawfully" obtained her legal date of birth.  This legal conclusion is not one that this Court must take as true.  *Iqbal*, 556 U.S. at 1949 ("[T]he tenant that a court must accept as true all of the allegations contained in a complaint is ***inapplicable*** to legal conclusions." (emphasis added)).  Additionally, Plaintiff failed to inform the Court—and Defendants—how Defendants "unlawfully" obtained her date of birth using public records.  In reality, one's date of birth alone is not considered private information absent special circumstances.  *See U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 601 (1982) ("Information such as place of birth, ***date of birth***, date of marriage, employment history, and comparable data is not normally regarded as highly personal," but may be so when contained in health or medical records (emphasis added)); *State v. C.N.H.*, 90 Wn.App. 947, 950, 954 P.2d 1345 (1998) (admitting an identification card under the public record exception to hearsay, stating "[i]t related to facts that are of a public nature, including her date of birth.").  Furthermore, Plaintiff has no privacy expectation over information that is contained in the public record.

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

> There is ***no liability when the defendant merely gives further
> publicity to information about the plaintiff that is already public***.
> Thus there is no liability for giving publicity to facts about the
> plaintiff's life that are ***matters of public record, such as the date
> of his birth***, the fact of his marriage, his military record, the fact
> that he is admitted to the practice of medicine . . . .

Rest. (Second) Torts § 625D, cmt. b (2011) (emphasis added).[1]

Plaintiff does not allege that she provided her birth date when giving credit card information upon subscribing to IMDbPro.  Dkt.1, at ¶¶ 20, 27 (alleging Plaintiff provided only her legal name, address and zip code associated with her credit card).  Rather, she vaguely alleges that at some point, Defendants used her legal name to somehow search ***public records*** to verify her date of birth.  *Id.* at ¶¶ 6, 27.  Thus, even taking Plaintiff's allegations as true, despite the lack of factual foundation, Defendants obtained non-private information from a public source.  Plaintiff has failed to provide enough facts for this Court to conclude that plausible claims exist in this case.  Accordingly, the Complaint must be dismissed.

**B.    Plaintiff Voluntarily Disclosed and Permitted Use of Her Subscriber Information**

Even if Plaintiff's allegations that Defendants used her credit card information to obtain her date of birth were true (which they are not), they fail because Plaintiff provided this information to IMDb.com voluntarily in exchange for the benefits of an IMDbPro subscription and, in doing so, she consented to the Subscriber Agreement and Privacy Policy.  Locke Decl., Ex. A (Subscriber Agreement) ("The Agreement below is the agreement you consented to upon subscribing to the site.); Ex. B (Privacy Policy) ("If you choose to visit IMDb, your visit and any dispute over privacy is subject to this Notice.").[2]  The Subscriber Agreement and Privacy Policy alert subscribers to the types of information IMDb.com may collect and provides examples of

---

[1]    *See also U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749 (1989) (explaining that a privacy interest may not always be forfeited when information made public, but under common law "the privacy interest was diminished ***and another who obtained the facts from the public record might be privileged to publish it***." (emphasis added) (citing Rest. 2d Torts § 625D); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975) ("Thus even the prevailing law of invasion of privacy generally recognizes that the interests in privacy fade when the information involved already appears on the public record.").
[2]

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

some of the uses that IMDb.com may make of such information.  *See supra* Part II.A.3.
However, neither limit or agree to limit the use of information voluntarily disclosed by
IMDb.com subscribers, including credit card data, except to confirm that IMDb.com "will
always comply with applicable laws and regulations in doing so."  Locke Decl. Ex. B.

Thus, even if IMDb.com used Plaintiff's name, address or zip code from her credit card
subscription to locate her birth date, such use is consistent with the Subscriber Agreement and
Privacy Policy.

## C.   Plaintiff's Specific Causes of Action Each Fail Independently

### 1.   Plaintiff's breach of contract claim should be dismissed with prejudice.

A plaintiff suing for breach of contract must properly allege (1) the existence of a
contract that imposes a duty and (2) a breach of that duty that (3) proximately causes (4) damage
to the plaintiff.  *Richardson v. Taylor Land & Livestock Co.*, 25 Wn.2d 518, 527, 171 P.2d 703
(1946); *Myers v. State*, 152 Wn.App. 823, 827-28, 218 P.3d 241 (2009).  To survive a motion to
dismiss, the plaintiff must allege that the defendant breached a specific contractual provision or
term, rather than merely a general duty of care.  *Bank of Am. NT & SA v. Hubert*, 153 Wn.2d
102, 124, 101 P.3d 409 (2004) (contrasting duty in contract and tort; an action for breach of
contract applies "when the act complained of is a breach of a ***specific*** term of the contract" as
opposed to an action in tort which applies when alleging a breach of a fiduciary or general duty
of care) (emphasis added) (citing *Yeager v. Dunnavan*, 26 Wn.2d 559, 562, 174 P.2d 755
(1946)); *Brown v. Pac. Dev. Concepts*, No. 42569-2-I, 1999 WL 294592, at *1 (Wn. App. May
10, 1999) (stating same principle).

Plaintiff alleges generally that she had a contractual relationship with Defendants
"governed by IMDbPro's Subscriber Agreement and incorporated Privacy Policy."  Compl. at
¶ 36.  However, Plaintiff has not identified any specific duty arising from the Subscriber
Agreement and Privacy Policy that Defendants allegedly breached.  Nor has she alleged any
specific breach of those agreements.

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The only provisions that Plaintiff identifies in the Complaint are five brief statements that she alleges "appear[] on IMDbPro's subscription page and/or in the Subscriber Agreement." Compl. at ¶ 3. None of these statements provide the basis for a breach of contract claim. The first three statements are *not* part of the Subscriber Agreement or Privacy Policy. *See* Locke Decl., Ex. A. The remaining two statements are part of the Privacy Policy:

> o "IMDb knows that you care how information about you is used and shared, and we appreciate your trust that we will do so carefully and sensibly." *Id.*, Ex. B (Privacy Policy).

> o "Further, whenever we deal with user information, we will always comply with applicable laws and regulations in doing so." *Id.*

The first statement is a general introductory statement creates no specific duty nor even makes promises regarding Defendants use of subscriber information. With respect to the second statement, the only "laws and regulations" that Plaintiff alleges were violated, are her "statutory privacy and consumer protection rights." Dkt.1, at ¶ 39. However, as addressed further below, Plaintiff has no claims under the Washington privacy and consumer protection acts. *See* Sections III.B.3. & III.B.4., *infra*. Further, as discussed above, IMDb.com's Subscriber Agreement and Privacy Policy each specifically authorize IMDb.com to use information provided by Plaintiff. *See* Section II.C., *supra*. Thus, even if allowed to amend her Complaint, Plaintiff would not be able to allege any valid breach of contract claim against Defendants.

In sum, Plaintiff has not even met the two most basic elements of a contract claim—a duty and breach of that duty. Accordingly, she has not stated a claim upon which this Court may grant relief and this Court should dismiss her breach of contract claim with prejudice.

### 2.    Plaintiff's fraud claim should be dismissed with prejudice.

The elements of fraud are well-established in Washington:

> (1) A representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24976-0480/LEGAL22077135.4

the representation, (8) his right to rely upon it, [and] (9) his consequent damage.

*Kirkham v. Smith*, 106 Wn.App. 177, 183, 23 P.3d 10 (2001); *see also W. Coast Inc. v. Snohomish Cnty.*, 112 Wn.App. 200, 206, 48 P.3d 997 (2002) (stating same nine elements and dismissing fraud claim on summary judgment). Fraud must be pled with particularity: the plaintiff "must plead ***both the elements and circumstances*** of fraudulent conduct." *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 165 744 P.2d 1032 (1987) (citing 3A L. Orland, Wash. Prac. 129 (3d Ed. 1980)) (emphasis added); *see also* Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Here, Plaintiff has failed to plead the elements and facts to sustain a cause of action in fraud against the Defendants.

In her Complaint, Plaintiff quotes incomplete snippets from the IMDb.com website. Compl. ¶ 47. Plaintiff specifically points to the following provisions:

- o We guarantee that every transaction you make at IMDbPro.com will be safe."

- o "IMDb knows that you care how information about you is used and shared, and we appreciate your trust that we will do so carefully and sensibly."

- o "Further, whenever we deal with user information, we will always comply with applicable laws and regulations in doing so."

- o "Payment processing is powered by Amazon.com."

- o "Our secure socket layer (SSL) software is the industry standard and among the best software available today for secure commerce transactions. It encrypts all of your personal information including credit card number, name and address so that it cannot be read as the information travels over the Internet."

Compl. ¶ 47. As discussed above, Plaintiff plucked each of these brief quotations from larger statements that make clear that they do not apply to Plaintiff's allegations here. *See* Section __, *supra*. Thus, even if Plaintiff amends her Complaint, these statements cannot form the basis of a fraud claim.

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

Further, even taken separately, these representations are insufficient to state a claim of fraud; Plaintiff fails to allege any facts that support her contention that these statements were fraudulent.  In fact, all she alleges in support of her fraud claim is that "Defendants unlawfully accessed Plaintiff's stored personal and credit card information" so that they could search "*public records databases*" to verify Plaintiff's birthday.  *Id.* at ¶ 49 (emphasis added).  Even taking Plaintiff's allegations as true, it does not demonstrate that the Subscriber Agreement or Privacy Policy statements were false.

For each provision Plaintiff points to, she has failed to provide this Court with a matching factual allegation of its falsity or that Defendant's knew of its falsity.  Specifically, Plaintiff has not alleged facts demonstrating that IMDb does *not* know that its subscribers care about how information is used and shared and likewise does not appreciate their trust.  Plaintiff has not alleged facts demonstrating that IMDb does not deal with user information legally.  In fact, she does not allege that she even provided her birth date as part of her credit card information.  Further, Plaintiff has not alleged facts demonstrating that payment was processed by an entity other than Amazon.com.  Plaintiff also has not alleged facts demonstrating that SLL software is not the industry standard, or does not encrypt user's personal information.  Plaintiff has failed to state even the palest fraud claim, and therefore her second claim for relief should be dismissed with prejudice.

> ### 3.     Plaintiff's claim under the Washington Privacy Act should be dismissed with prejudice.

Washington's Privacy Act, RCW 9.73 *et seq.* ("WPA") pertains to the unauthorized wiretapping or recording of conversations pursuant to the constitution's Fourth Amendment rights.  Here, Plaintiff misapplies the statute to her online transaction between herself and Defendants.

To properly allege a violation of the WPA, a plaintiff must show that the defendant (1) intercepted or recorded, (2) a private communication (3) between two or more individuals,

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 15

24976-0480/LEGAL22077135.4

and (4) did so with any electronic or recording device, (5) without consent of the participants. RCW 9.73.030.  *State v. Christensen*, 153 Wn.2d 186, 102 P.3d 789 (2004).  "Where the pertinent facts underlying the cause of action [brought under the WPA] are undisputed, as here, the determination is one of law."  *State v. Flora*, 48 Wn.App. 802, 806, 845 P.2d 1355 (1992) (citing *Kadoranian v. Bellingham Police Dep't*, 119 Wn.2d 178, 190, 829 P.2d 1061 (1992)).

Even assuming online payments are a form of communication protected by the WPA, the communication is not a private one as defined by the statute.[3]  Plaintiff alleges that Defendants "intercepted and recorded [with their] servers and databases without or beyond the consent of Plaintiff" the "communication transmitting personal and credit card information by Plaintiff between her computer and Defendants over the Internet[.]"  Compl. at ¶ 59.  However, she had no expectation of privacy over this communication, as she was aware that such communications were not secure from interception by Defendants—in fact, the communication that Plaintiff now claims she intended to keep private from Defendants, *she sent directly to Defendants*.  Plaintiff cannot correct this fatal flaw through amendment of her Complaint.

Even if this Court finds that the transaction was a private communication protected by the WPA, Plaintiff's third cause of action fails because she consented to any such recording. Pursuant to the WPA, "consent shall be considered obtained whenever one party has announced to all other parties engaged in the communication or conversation, in any reasonably effective manner, that such communication or conversation is about to be recorded or transmitted."  RCW 9.73.030(3); *see also State v. Townsend*, 105 Wn.App. 622, 629, 20 P.3d 1027 (2001) (finding that a party's implied consent to recording private communications yielded no violation of WPA).  Here, Plaintiff consented to Defendants' collecting, retaining, and using any information that she transmitted to them.  IMDbPro's Subscriber Agreement and Privacy Policy specifically state that IMDb.com and Amazon.com, Inc. will collect, retain, and use subscriber information.

---

[3] Whether a conversation is private may be decided as a question of law where the facts are not in dispute. *State v. Modica*, 164 Wn.2d 83, 186 P.3d 1062 (2008); *Lewis v. State Dep't of Lisc.*, 157 Wn.2d 446, 139 P.3d 1078 (2006). Here, assuming Plaintiff's allegations are true, the "conversation" at issue here was not private.

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

In summary, Plaintiff's transmission of credit card information to Defendants was not a "private conversation" within the meaning of the WPA.  Further, by subscribing to and participating in IMDbPro, Plaintiff consented to Defendants collecting, retaining, and using any information that she submitted to IMDb.com.  As such, Plaintiff has no claim for violations of the WPA – even if she amends her complaint.  This Court should therefore dismiss her WPA claim with prejudice.

### 4.   Plaintiff's claim under the Washington Consumer Protection Act should be dismissed with prejudice.

Washington's Consumer Protection Act, RCW 19.86.020 ("CPA"), creates a private cause of action for a plaintiff injured in her business interests or property due to a violation of the statute.  A CPA cause of action requires: "(1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) and causes injury to the plaintiff in his or her business or property; and (5) such injury is causally linked to the unfair or deceptive act."  *Wells v. Chase Home Fin., LLC*, No. C10-5001RJB, 2010 WL 4858252 (W.D.Wash. No. 19, 2010) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986)).

Here, Plaintiff alleges that "Defendants materially misrepresent the safety, security and purpose for which they gather and use the personal and credit card information of consumers who subscribe to IMDbPro."  Compl. ¶ 65.  But as discussed above, the IMDbPro Subscriber Agreement and Privacy Policy plainly disclose Defendants' use of any information submitted by users, including their names, addresses, and zip codes.  Accordingly, Plaintiff cannot state a claim for violation of the CPA, and this cause of action should be dismissed with prejudice.

### 5.   Plaintiff is not entitled to punitive damages.

The Washington Supreme Court has consistently disapproved punitive damages as contrary to public policy.  *Dailey v. N. Coast Life Ins. Co.,* 129 Wn.2d 572, 574, 919 P.2d 589 (1996).  "Punitive damages not only impose on the defendant a penalty generally reserved for

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL22077135.4

criminal sanctions, but also award the plaintiff with a windfall beyond full compensation." *Id.*; *see also McKay v. AT&T, Corp.*, 164 Wn.2d 372, 401 191 P.3d 845 (2008) (stating Washington "does not provide generally for punitive damages for particularly egregious conduct" Despite this clear Washington state precedent, Plaintiff still asks the Court to "[a]ward[] punitive damages against Defendants in an amount to exceed $1,000,000[.]" Compl. at § V, ¶ e.  Because Washington courts do not recognize punitive damages, this prayer for relief should be denied for failure to state a claim.

**D.    Defendants are Entitled to Costs and Fees**

Misconduct in litigation is sanctionable under this Court's inherent powers.  Pursuant to the Western District of Washington General Rule 3:

> An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, . . . *or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof* unreasonably and vexatiously may, in addition to, or in lieu of the sanctions and penalties provided . . . be required by the court to satisfy personally such excess costs, and may be subject to such other sanctions as the court may deem appropriate.

GR 3(d) (emphasis added); *see also Christofferson Dairy, Inc. v. MMM Sales, Inc.*, 849 F.2d 1168, 1175 (9th Cir. 1988) (affirming grant of attorneys fees under GR 3(d) where plaintiff moved to amend the complaint to substitute plaintiffs five weeks before trial); *Oswalt v. Resolute Indus. Inc.*, NO.C08-1600, 2011 WL 4712174, at *2 (W.D. Wash. Oct. 5, 2011) (awarding sanctions pursuant to GR 3(d) when party refused to pay judgment against them); *Malone v. Nuber, P.S.*, No.C07-2046, 2009 WL 36858, at *2 (W.D. Wash. Jan. 5, 2009) (awarding sanctions under GR 3 where defendants "had to incur the burden and expense of responding to the praecipe and motion to amend" due to plaintiffs' failure to "exercise[] minimal care" and include the correct date).  For sanctions or fees, the nonmoving party must have (1) without just cause (2) failed to comply with the federal rules or multiplies or obstructs the proceedings to increase cost and (3) did so "unreasonably and [4] vexatiously." *Id.*

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL22077135.4

Fees are appropriate here.  Plaintiff brought an unreasonable and vexatious suit seeking to bar Defendants from publishing her date of birth – all so that she can conceal her age in the entertainment industry.  Because her date of birth is factually accurate, publicly available and non-private information, she concocted vague allegations regarding her information she provided when subscribing to IMDbPro, hoping to base her claims on these allegations.  But, as discussed above, even these allegations provide no basis whatsoever for a claim and do not comply with Rule 12(b)(6).  Defendants have spent considerable time and money investigating and mounting a defense against these unreasonable claims.  Accordingly, Plaintiffs request that this Court grant their fees and costs in bringing this motion.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Complaint should be dismissed in its entirety, with prejudice, pursuant to Rule 12(b)(6) for failure to state a claim.


DATED:  November 9, 2011

By:  s/ Elizabeth L. McDougall
By:  s/ Breena M. Roos
By:  s/ Ashley A. Locke
Elizabeth L. McDougall #27026
Breena M. Roos #34501
Ashley A. Locke #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  EMcDougall@perkinscoie.com
          BRoos@perkinscoie.com
          ALocke@perkinscoie.com

Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 19

24976-0480/LEGAL22077135.4

1
2
3

## CERTIFICATE OF SERVICE

4
5
6
7
8
9
10
11

I certify that on November 10, 2011, I electronically filed the foregoing **DEFENDANTS'**

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** with the Clerk of the Court using

the CM/ECF system, which will send notification of such filing to the following attorneys of

record

12
13
14
15
16
17

**John W Dozier , Jr.**
Dozier Internet Law
301 Concourse Blvd
West Shore III , Ste 300
Glen Allen, VA 23059

| ___ | Via hand delivery |
| ___ | Via U.S. Mail, 1st Class, Postage Prepaid |
| ___ | Via Overnight Delivery |
| ___ | Via Facsimile |
| ___ | Via Email |
| _X_ | Via ECF |

18
19
20
21
22
23
24
25

**Randall Moeller**
**Derek Alan Newman**
Newman & Newman
1201 Third Avenue, Ste 1600
Seattle, WA 98

| ___ | Via hand delivery |
| ___ | Via U.S. Mail, 1st Class, Postage Prepaid |
| ___ | Via Overnight Delivery |
| ___ | Via Facsimile |
| ___ | Via Email |
| X | Via ECF _____ |

26
27
28

I certify under penalty of perjury that the foregoing is true and correct.

29
30

DATED this _____ day of _____, 2011.

31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

s/ _____
Elizabeth McDougall, WSBA No. 272026
Breena M. Roos, WSBA No. 34501
Ashley Locke, WSBA No. 40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  emcdougall@perkinscoie.com
E-mail:  broos@perkinscoie.com
E-mail:  alocke@perkinscoie.com
Attorneys for Defendants Amazon.com, Inc.
and IMDb.com, Inc.

46
47
48
49
50
51

MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) (No. CV- 01709-JCC) – 20

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL22077135.4