*Exhibit A*





*Exhibit B*



December 16, 2008

Internet Movie Database/Amazon.com
P.O. Box 81226
Seattle, WA 98108-1226

RE: ▓▓▓▓▓   URL: www.imdb.com/name/nn▓▓▓

Dear Sir or Madam:

Please be advised that my Firm has been retained to represent Ms. ▓▓▓▓ on a matter involving the removal of a birth date from her IMDb homepage. She has been in contact with IMDb's help desk on several occasions. Unfortunately, Ms. ▓▓▓▓ has been unsuccessful in resolving this matter resulting in her retaining my Firm.

On or about January 1, 2008, Ms. ▓▓▓▓ began aggressively notifying IMDb by email of an inaccurate birth date placed on her profile homepage that she wanted removed. The birth date of ▓▓▓▓ was erroneously submitted to IMDb by her manager years prior.

For proof of the inaccurate birth date, Ms. ▓▓▓▓ submitted a link to her birth certificate, an expired passport, a State Identification card and a notarized letter from my office in support of her dispute. She even mailed in a hardcopy of the birth certificate and she requested to be contacted once the document was received and IMDb never contacted her.

Since, I have strongly advised my client against sending any more physical identity documentation as identity theft is rampant and rising. Documents of this magnitude should not leave the safe possession of the person which they are rightfully issued.

For review of the passport, Ms. ▓▓▓▓ provided a link to this document per the instructions of IMDb. After providing such link, there has still been no removal of the birth date. Each inquiry regarding status of the removal of the birth date was met with IMDb's response that it needs an "unredacted photocopy of the first page of the passport". What about the passport is redacted? It's a photocopy and by its nature of

being a copy and scanned, it will not be as clear as the original. Even still, there has been no removal of the birth date following submission of the other links to the birth certificate, State I.D. and letter either.

Also, IMDb has repeatedly asserted that its research is correct in selecting ▇ and later ▇ as Ms. ▇ birth date. Ms. ▇ a publicist, nor any third party on her behalf has ever submitted ▇ to IMDb. ▇ birthday, to my client's knowledge, is not found in any database on the Internet. Your policy provisions state that you gather information from third party sources. Please provide my Firm with the third party source in which you obtained the birth date so that my client may correct those sources as well.

By my own research on other IMDb homepages, it does not appear that birth dates are required or standard demographic facts for any participant. This begs the question of why it has been so difficult for my client to have such a single inaccurate item deleted?

Please remove the birth date from Ms. ▇ homepage immediately. I am hopeful that this matter may be resolved in an amicable fashion without further judicial intervention.

If you should have any questions, please feel free to call.

Sincerely Yours,

▇

Attorney at Law

*Exhibit C*

*Exhibit C*

Dozier Internet Law, P.C.
11520 Nuckols Road
Suite 101
Glen Allen, VA 23059
Phone: (804) 346-9770
Fax: (804) 346-0800
www.cybertriallawyer.com

# Dozier Internet Law, P.C.

May 4, 2011

<u>VIA EMAIL:</u>  michellew@amazon.com

L. Michelle Wilson, Esq.
Amazon.com, Inc. General Counsel
P.O. Box 81226
Seattle, WA 98108

Re:  ███████████ - <u>File No.0932-001</u>

Dear Ms. Wilson:

<u>Please be advised that this firm represents</u> ███████████ <u>in reference to a matter that has arisen relating to her IMDb profile.  In 2008 Ms.</u>████ <u>registered for an IMDb pro account using her debit card.</u>  The debit card contained her "real" name and the IMDb profile was in her fictitious name. Your website privacy policy is very restrictive in terms of the use to which data provided by customers can be used.  Your privacy policy permits the use of certain information in "responding to your request", "customizing future browsing for you", "improving our site", and "communicating with you".  Although there is some degree of ambiguity relating to the scope of these uses, the most narrow and stringent interpretation of these uses will be applied in construing the contract since your organization drafted the privacy policy and all ambiguities are construed against the drafter.

The issue that has arisen relates to your use of our client's debit card information.  The debit card was set forth in her real name and you then used that information, which was intentionally shielded from the public arena and view because of previous identity thefts, and obtained her <u>real birthdate.</u>  IMDb then added that birthdate information to her profile.

The use of information contained on a debit card is expressly limited by your privacy policy contract with our client.  There may also be federal and state consumer protection laws that preclude your use of information gathered in credit card processing for purposes other than approval, submission and processing of the credit/debit card transaction.  Clearly you have breached your obligations to our client, and I <u>suspect that this practice of surreptitiously using credit/debit card information to conduct research and build up information on your site without authorization or approval is pervasive.</u>

<u>Rather than going down a path of evaluating the merits of bringing a class action lawsuit on this issue,</u> I would appreciate it if you contact us so that we can discuss this matter and hopefully reach a mutually satisfactory accommodation.

Time is of the essence and I look forward to hearing from you or your legal counsel within seven calendar days from the date of this letter.

Sincerely,

*[signature]*

John W. Dozier Jr., Esq.
JWDjr/mbe