THE HONORABLE MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JANE DOE, an individual,

        *Plaintiff*,

        vs.

AMAZON.COM, INC, a Delaware corporation, and

IMDB.COM, INC., a Delaware corporation,

        *Defendants*.

No.  **2:11-CV-01709-MJP**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 10(a) AND CROSS-MOTION TO PROCEED ANONYMOUSLY**

**NOTE ON MOTION CALENDAR:**
**FRIDAY, DECEMBER 2, 2011**

COMES NOW, Jane Doe, an individual ("Plaintiff"), in opposition to Defendants' Motion to Dismiss Pursuant to Rule 10(a) and contemporaneously moves this Court for entry of an order allowing her to proceed with this litigation anonymously.

## I.    INTRODUCTION

This case is about information privacy.  Specifically, whether online merchants can "data mine" certain consumer personal information, whether they can use that information to investigate consumers for commercial gain, and whether they can publish consumer personal

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE
10(A) AND CROSS-MOTION TO PROCEED
ANONYMOUSLY (NO. 2:11-CV-01709)- 1

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1    information obtained from these business practices.  In this case, Plaintiff used her credit card to

2    purchase a subscription from Defendants over the Internet.  During the subscription process in

3    which Plaintiff provided her credit card information, Plaintiff did not consent to Defendants' use

4    of her personal information for any other purpose than to process a "safe" and "secure" business

5    transaction.[1]  Instead, in addition to using Plaintiff's personal information for purposes of

6    processing payment for the subscription, Defendants recorded and further used Plaintiff's

7    personal information to investigate Plaintiff's personal life.  Defendants then published some of

8    Plaintiff's personal information on its public database, www.imdb.com, for the world to see,

9    without Plaintiff's consent, and to her detriment.

10

11       The safety and security of the credit card transaction was especially important to Plaintiff

12   in this case because her personal information, including her name, address and zip code, are not

13   public knowledge.  Ms. Doe has consciously guarded this information from the public.  She

14   doesn't disclose her legal name to the public; instead she uses an alias.  She has never publicly

15   associated the two identities.  Thus, prior to the business transaction between Plaintiff and

16   Defendants, Defendants *did not know* Ms. Doe's real name.  Defendants acquired this private

17   information through Plaintiff's subscription transaction and then used that information to

18   investigate Plaintiff's private life.  Armed with Ms. Doe's legal name and address, Defendants

19   were able to uncover Ms. Doe's date of birth.  Without her consent and under the guise of

20   "improving [their] site,"[2] Defendants published Ms. Doe's date of birth on IMDb.com for the

21   entire world to see.

22

23       Ms. Doe filed her Complaint against Defendants for the offending business practices

24

25

26   [1] The IMDbPro subscription page located at https://secure.imdb.com/signup/signup represents that the subscription process is "[s]afe & secure".

27   [2] Defendants emphasize that "improving [their] site" by adding Plaintiff's date of birth is a legitimate use of Plaintiff's personal information.  *See* Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), Dkt. No. 15, page 5, line 32.

28   PLAINTIFF'S OPPOSITION TO DEFENDANTS'
     MOTION TO DISMISS PURSUANT TO RULE
     10(A) AND CROSS-MOTION TO PROCEED
     ANONYMOUSLY (NO. 2:11-CV-01709)- 2

     NEWMAN DU WORS LLP

     1201 Third Avenue, Suite 1600
     Seattle, Washington 98101
     (206) 274-2800

under the pseudonym "Jane Doe" to protect further disclosure of her personal information.  She

seeks injunctive relief requiring Defendants to remove her personal information from its public

database and enjoining Defendants from further using or publishing her personal information.

Coming forward in her real name would impact the purpose of her lawsuit which is to seek

IMDb's compliance with its obligation to maintain the privacy of her personal information.

Thus, in order to prevent public disclosure of the personal information Defendants

misappropriated from her (*e.g.*, her legal name, address and zip code), Plaintiff must sue

anonymously.

## II. STATEMENT OF FACTS

As discussed in Plaintiff's Complaint, Defendants are in the business of gathering and

publishing information about people in the entertainment industry.  Compl. (Dkt. No. 1) ¶¶ 1-2.

Their free website, www.imdb.com, is known as the world's largest Internet Movie Database.

*Id*.  Defendants also offer subscription services to entertainment industry professionals such as

IMDbPro and IMDbResume.  *Id*.  These services are aimed to facilitate employment on both

sides of the industry; they give casting directors quick and easy access to a candidate's profile

and resume, and they give the candidate direct exposure to casting directors.  *Id*.  As such,

IMDb.com is a powerful and well-connected player in the entertainment industry.  Declaration of

Duncan Crabtree-Ireland dated November 27, 2011 ("Crabtree-Ireland Decl.") ¶ 4, line 17.

Between the free IMDb.com service and the paid subscription-based services, individuals with

casting authority in the entertainment industry widely rely on IMDb to obtain information used

for decision-making in the casting process.  *Id*. lines 18-20.

One of the personal data identifiers of people in the entertainment industry that

Defendants seek to provide to the public is their date of birth.  *See generally*, www.IMDb.com;

*see also* Crabtree-Ireland Decl. ¶ 6, lines 12-14.  Plaintiff alleges that Defendants' business

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE
10(A) AND CROSS-MOTION TO PROCEED
ANONYMOUSLY (NO. 2:11-CV-01709)- 3

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

practices are designed to uncover this sensitive personal data.  *See* Compl. *passim*.  One of the ways in which Defendants obtain people's dates of birth is by "data mining" their credit card information.  *Id*.  Ms. Doe is a victim of this trap.  *Id*.

In 2008, Ms. Doe purchased a subscription to IMDbPro over the Internet using her credit card.  Compl. ¶ 20.  Ms. Doe's subscription information contained her legal name, address and zip code, among other highly sensitive personal information.  *Id*.  Not coincidentally, shortly after submitting her credit card information to pay for the IMDbPro subscription, Ms. Doe's legal date of birth appeared on her IMDb profile.  *Id*. ¶ 21.  Ms. Doe alleges in her Complaint that Defendants unlawfully acquired her personal and credit card information under false pretenses, indicating it would be used for one purpose (*e.g.*, processing payment) while knowing they would use it for another.  *Id*. *passim*.  Defendants see nothing wrong with these business practices.  *See* Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 15) *passim*.

## II.    ARGUMENT

### A.    Ms. Doe Should be Allowed to Proceed Anonymously Under the Unique Circumstances in this Case.

#### i.    The special circumstances of this case justify secrecy of Ms. Doe's legal name.

Many federal courts, including the Ninth Circuit, permit parties to proceed anonymously when special circumstances justify secrecy.  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (*citations omitted*).  The United States Court of Appeals for the Second Circuit has noted with approval factors to consider when determining whether to grant an application to proceed anonymously, with the caution that the list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. N.Y. 2008).  Relative to this case, factors other circuits consider when addressing anonymous complaints also include (1) whether the plaintiff's identity has thus far been kept confidential,

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE
10(A) AND CROSS-MOTION TO PROCEED
ANONYMOUSLY (NO. 2:11-CV-01709)- 4

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

and (2) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.  *See*, *id.*; *see also*, *United States ex rel. Doe v. Boston Scientific Corp.*, 2009 U.S. Dist. LEXIS 59390 at *12-13 (S.D. Tex. July 2, 2009).   In reviewing the balancing tests set forth by these other circuits, the Ninth Circuit joined its sister circuits and held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.

The special circumstances of this case justify secrecy of Plaintiff's identity.  First, the confidentiality of Ms. Doe's legal name is the subject of this action.  Plaintiff's legal name and the association of her legal name with her alias are among Plaintiff's most confidential personal information.  Plaintiff's Complaint alleges that Defendants unlawfully acquired this personal information from Plaintiff.  Requiring Plaintiff to come forward in her real name would impact the purpose of her lawsuit, which is to seek Defendants' compliance with its obligation to maintain the privacy of her personal information, including her real name.  Crabtree-Ireland Decl. ¶ 7.  This case has garnered international attention.  Declaration of John W. Dozier, Jr. dated November 28, 2011 ("Dozier Decl.") ¶ 2.  Disclosing Plaintiff's legal name will undoubtedly steer thousands if not millions of peoples' attention to the private information that is the subject of Plaintiff's Complaint (*e.g.*, her legal name, address, and date of birth), significantly exacerbating the harm for which Plaintiff seeks redress.  Crabtree-Ireland Decl. ¶ 9.  Plaintiff should be allowed to seek remedy for Defendants' invasion of her privacy without being subject to further invasion of that privacy.

Second, disclosure of Plaintiff's identity will subject her to severe retaliation, harassment and ridicule.  This factor is discussed in detail in section A(ii), below.  Other factors

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE
10(A) AND CROSS-MOTION TO PROCEED
ANONYMOUSLY (NO. 2:11-CV-01709)- 5

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

also weigh in favor of Plaintiff's anonymity in this case.  Plaintiff's true identity has thus far been kept confidential.  This is especially true in this case because Plaintiff's legal name is not public knowledge; she conducts her life under an alias.  Despite the international publicity this case has garnered and Defendants' surreptitious attempts to "out" Plaintiff's identity through court filings, her identity remains confidential.  Also, because of the purely legal nature of the privacy issues presented in this case, there is an atypically weak public interest in knowing the Plaintiff's identity.  Instead, the public interest is focused on the merits of Plaintiff's Complaint.

### ii.   Ms. Doe reasonably fears exposure of her identity will subject her to severe retaliation, harassment, and ridicule.

The Ninth Circuit allows parties "to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile Corp.*, 214 F.3d at 1067-1068. Anonymity can be used to shield plaintiffs from economic injury. *Id*. at 1070.  Thus, Courts should consider economic harm when determining whether to allow Plaintiff to proceed anonymously.  *Id*.  The Ninth Circuit Court of Appeals and others have concealed parties' identities in order to protect them from retaliation by third parties.  *Id*.  Thus, the district court should consider evidence of threatened retaliation by parties not before the court.  *Id*.

For purposes of determining whether plaintiffs' fears justify allowing anonymity, plaintiffs are not required to prove that the parties intend to carry out the threatened retaliation. *Id*. at 1071.  What is relevant is that plaintiffs were threatened, and that a reasonable person would believe that the threat might actually be carried out.  *Id*.  The district court should also consider plaintiffs' vulnerability to retaliation.  *Id*. at 1072.  *Post hoc* remedies for retaliation available in the district court do not make plaintiffs' fears unreasonable.  *Id*. at 1071.  This Court cannot remedy any harm to Plaintiff for the obvious reason that the court has no ability to protect her from reprisals once her identity is known.  *See id*., *citing Wirtz v. Continental Finance &*

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE
10(A) AND CROSS-MOTION TO PROCEED
ANONYMOUSLY (NO. 2:11-CV-01709)- 6

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

*Loan Co. of West End*, 326 F.2d 561, 563-64 (5th Cir. 1964) (stating that "the most effective protection from retaliation is the anonymity of the informer") (*additional citations omitted*).

Plaintiff satisfies this burden.  She legitimately fears severe retaliation, harassment and ridicule from Defendants, employers, and the public.  Dozier Decl. ¶¶ 3-5; Crabtree-Ireland Decl. ¶¶ 2, 5, 8.  In this age of advanced technology, the type of harm society faces is different than that of years past, and include cyber bullying, social stigmatization, and loss of privacy*, inter alia*.  The consequences of these new-age harms are far reaching.  This case has garnered international attention.  Dozier Decl. ¶ 2.  Over 750 articles have been published on the Internet about this case.  *Id.*  The high profile nature of this case significantly increases Plaintiff's vulnerability to such retaliation.  Crabtree-Ireland Decl. *passim*.  Plaintiff's sole "complainer" status up against powerful corporate entities also elevates her vulnerability to retaliation in this case.  *See* Crabtree-Ireland Decl. ¶¶ 4, 6, 8.

As an unidentified individual, Ms. Doe is already the target of retaliation, harassment and ridicule.  Dozier Decl. ¶ 3.  She has been branded as "that 40 year old actress who sued Amazon and IMDb."  *Id.*; *see also* Crabtree-Ireland Decl. ¶ 4.  She is the subject of lewd and harmful messages regarding this lawsuit.  Dozier Decl. ¶ 3.  If identified, Ms. Doe fears that these attacks would severely worsen as they would be targeted directly at her.  *Id.*  The public would know her name and address, and have direct access to her, including on her IMDb.com profile.  Ms. Doe also legitimately fears that disclosing her identity will subject her to industry blacklisting and loss of livelihood.  *See* Crabtree-Ireland Decl. *passim*.  She will permanently carry the stigma of "that 40 year old actress who sued Amazon and IMDb."  *See id.* at ¶¶ 5, 8.  Such stigmatization would significantly negatively impact her career and livelihood.  *Id.*  Her reputation would be forever ruined.

Plaintiff also reasonably fears further retaliation from Defendants.  Compl. ¶ 13;

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE
10(A) AND CROSS-MOTION TO PROCEED
ANONYMOUSLY (NO. 2:11-CV-01709)- 7

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Dozier Decl. ¶ 4; Crabtree-Ireland Decl. *passim*.  Defendants have a reputation of striking back at consumers who complain about their unauthorized publication of personal information. Dozier Decl. ¶ 5; *see also* Crabtree-Ireland Decl. ¶¶ 6, 7, 9.  Many consumers who have requested to have their dates of birth removed from IMDb.com have experienced vengeance from Defendants in the form of further loss of control of the individual's IMDb.com profile. Dozier Decl. ¶ 5.  Plaintiff has experienced Defendants' tyrannical behavior first hand.  *Id*. ¶ 4; Crabtree-Ireland Decl. ¶ 9.  Since complaining about her date of birth appearing on IMDb.com, Plaintiff's IMDb.com account has been "flagged," making it difficult for her to control any information about herself.  Dozier Decl. ¶ 4.  For example, Defendants refuse to acknowledge and publish certain of Ms. Doe's acting credits, whereas other actors in the same exact film with the same exact credit have the information available on their respective IMDb profiles.  *Id*. Defendants' withholding of credits from Plaintiff's profile, combined with its publishing of her age, significantly affects her job opportunities and livelihood.  *See* Crabtree-Ireland Decl. ¶¶ 4-5.

As described above, Defendants' systematic bullying of consumers who have requested that their dates of birth be removed from IMDb.com is well documented.  Recently, Defendants attempted to "out" Plaintiff through its court filings in this case.  *See* Plaintiff's Emergency Ex-Parte Motion to Seal, Dkt. No. 20.  Such actions are consistent with Defendants' means of retaliation against Plaintiff described herein.  Armed with Ms. Doe's highly sensitive and personal credit card data, Defendants are in a position to severely further damage Ms. Doe. *See* Crabtree-Ireland Decl. ¶ 4.  Until and unless the Court grants Plaintiff's injunctive relief, Ms. Doe legitimately fears that Defendants will continue to retaliate against her (*e.g.*, by publicizing more of the private information acquired during the credit card transaction, by further withholding movie credits from her IMDb.com profile, by influencing a Hollywood blacklisting

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 10(A) AND CROSS-MOTION TO PROCEED ANONYMOUSLY (NO. 2:11-CV-01709)- 8

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

against her).  Dozier Decl. ¶ 4; Crabtree-Ireland Decl. *passim*.  As described above, these fears are legitimate and Plaintiff is especially vulnerable to them.  *See* Crabtree-Ireland Decl. *passim*.

> **iii.    There is no prejudice to Defendants in this case and the public interest is satisfied and best served without revealing Plaintiff's identity.**

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068 (*internal quotations and citation omitted*).  Defendants know Ms. Doe's true identity.  *See* Plaintiff's Emergency Ex-Parte Motion to Seal, Dkt. No. 20.  Defendants are able to defend the case on its merits and will not be hindered in the litigation if Plaintiff is permitted to litigate under the pseudonym "Jane Doe."  Thus, defendants suffer no prejudice and the Court must solely consider Ms. Doe's need for anonymity versus the issue of how the public's interest in the case is best served.

Few topics concern the public more than privacy rights at the intersection of technology and the Internet.  Privacy is everyone's business in 2011.  Advanced technologies on the Internet allow for severe invasions of personal privacy.  Defendants are among the largest online consumer websites in the world and thus have huge ability to invade and exploit consumer privacy.  With technology comes responsibility.  Plaintiff is not the first person to allege that Defendants are skirting that responsibility.[3]  This case has widespread implications with respect

---

[3] *See*, *e.g.*, *Supnick v. Amazon.com, Inc.*, 2000 U.S. Dist. LEXIS 7073 (W.D. Wash. May 18, 2000) (granting class certification in a suit claiming defendants violated the Electronic Communications Privacy Act and violated plaintiff's and others' common law rights through their collection of personal information on the Internet); *see also*, *Crowley v. Cybersource Corp.*, 166 F. Supp. 2d 1263 (N.D. Cal. 2001) (plaintiff online purchaser brought a putative class action alleging that Amazon.com secretly transmitted, used and/or disclosed consumer personal and private information without such persons' authorization or consent); More recently, on October 14, 2011, U.S. Congressman Edward Markey published an open letter to Amazon's CEO demanding an answer to privacy issues with respect to Amazon's Kindle Fire product.  The congressman's letter expresses concerns about what user information Amazon is collecting, how they collect it, and what they plan on doing with it.  A news article and a copy of the congressman's letter can be viewed at the following web site:  http://techie-buzz.com/online-security/u-s-congressman-demands-amazon-answers-privacy-questions-concerning-kindle-fire.html.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE
10(A) AND CROSS-MOTION TO PROCEED
ANONYMOUSLY (NO. 2:11-CV-01709)- 9

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

to consumer privacy rights and the public does not suffer by not knowing Plaintiff's true name in this case.   Indeed, the public interest in this case supports Plaintiff's maintaining this action under pseudonym and seeing this case decided on the merits.

**B.   Defendants' Request for Award Should Be Denied; Instead the Court Should Impose Sanctions Against Defendants For Filing an Untimely and Improper Motion.**

Pursuant to the local rules of this Court:

> An attorney or party who without just cause fails to comply with…these rules…or who presents to the court unnecessary motions…or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously, may, in addition to, or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs, and may be subject to such other sanctions as the court may deem appropriate.

GR 3(d)

Defendants request that the Court award their attorneys' fees and costs for their Rule 10(a) Motion because Plaintiff "failed to comply with Rule 10(a) and properly name all parties to the Complaint (or, at minimum, seek leave of the Court for an exception to Rule 10(a))." Defendants' Motion to Dismiss Pursuant to Rule 10(a) (Dkt. No. 12) page 10, lines 9-14, 48; page 11, lines 1-3.  Such request should be denied.  Plaintiff filed her Complaint under the pseudonym "Jane Doe" as of right. *See EEOC v. ABM Indus.*, 249 F.R.D. 588, 592 (E.D. Cal. 2008) ("Although some Circuits require plaintiffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not.")  Defendants' own Motion acknowledges this "exception to the rule." Defs.' 10(a) Motion, page 6, lines 11-15.   Thus, Defendants' request for award is unmerited and should be denied.  Instead, the Court should award Plaintiff her attorneys' fees and costs to defend Defendants' improper and vexatious Motion, including the fees and costs associated with Plaintiff's emergency Ex-Parte Motion to Seal Documents Previously Filed by Defendants, Dkt. No. 20.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 10(A) AND CROSS-MOTION TO PROCEED ANONYMOUSLY (NO. 2:11-CV-01709)- 10

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  Defendants' Rule 10(a) Motion is improperly before the Court on procedural grounds.

2  Pursuant to the Court-issued summonses served on Defendants in this case, Defendants were

3  required to respond to Plaintiff's Complaint by serving Plaintiff with "an answer…or a motion

4  under Rule 12 of the Federal Rules of Civil Procedure." See Summonses, Dkt. No. 2.

5  Defendants did not comply with the Court's summonses. Instead, Defendants' served Plaintiff

6  with a Motion to Dismiss Pursuant to Rule 10(a). Dkt. No. 12. The Rule 10(a) Motion is neither

7  an answer nor a Motion under Rule 12 of the Federal Rules of Civil Procedure.

8  
9  Similarly, pursuant to Local Civil Rule 7(e)(3), "[t]he filing of multiple dispositive

10 motions to avoid the page limits of this rule is strongly discouraged and successive motions may

11 be stricken." Local Civil Rule 7(e)(3). On November 9, 2011, Defendants filed *two* motions to

12 dismiss Plaintiff's Complaint *within several hours of each other*. In so doing, Defendants

13 multiplied proceedings and fees and expenses for Plaintiff by requiring Plaintiff to prepare and

14 file two opposition briefs. Defendants' Rule 10(a) Motion also caused Plaintiff fees and costs to

15 prepare and file an emergency ex parte motion to seal information included in Defendants' Rule

16 10(a) Motion filings to prevent the disclosure of her identity to the public. *See* Dkt. No. 20.

17 
18 Defendants' Rule 10(a) Motion is also improperly before the Court on legal grounds.

19 Contrary to Defendants' legal premise that Plaintiff's Complaint must be dismissed because she

20 did not seek leave of the court prior to filing anonymously,[4] *a plaintiff need not seek leave before*

21 *filing an anonymous complaint in this Circuit. See EEOC v. ABM Indus., supra.* Thus, the entire

22 legal underpinning of Defendants' Motion, that Plaintiff's Complaint must be dismissed because

23 she did not seek leave to file anonymously prior to filing her Complaint, is contrary to

24 established precedent in this Circuit. Accordingly, Defendants had no just cause for filing their

25 
26 
27 
28 [4] *See* Defendants' Motion to Dismiss Pursuant to Rule 10(a), page 6, lines 17-25, page 7, lines 11-15.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE
10(A) AND CROSS-MOTION TO PROCEED
ANONYMOUSLY (NO. 2:11-CV-01709)- 11

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Motion at this stage of the litigation.  Defendants should be sanctioned for their inappropriate court filings.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court:  (1) deny Defendants' Motion to Dismiss Pursuant to Rule 10(a) in its entirety, (2) enter an order permitting Plaintiff to continue this litigation under the pseudonym "Jane Doe," (3) award Plaintiff her attorneys' fees and costs for responding to Defendants' Motion to Dismiss Pursuant to Rule 10(a), and (4) issue any further sanctions or restrictions on Defendants as the Court deems appropriate.

Dated this 28th day of November, 2011.        Respectfully submitted,

**DOZIER INTERNET LAW, P.C.**

By:        /s/ John W. Dozier, Jr.
John W. Dozier, Jr., Esq., VSB No. 20559
*Admitted pro hac vice*
11520 Nuckols Rd., Suite 101
Glen Allen, Virginia  23509
Tel:  (804) 346-9770
Fax:  (804) 346-0800
Email:  jwd@cybertriallawyer.com

**NEWMAN DU WORS LLP**
Derek A. Newman, Esq., WSBA 26967
Randall Moeller, Esq., WSBA No. 21094
1201 Third Avenue, Suite 1600
Seattle, Washington 98101

Attorneys for Plaintiff Jane Doe, an individual

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE
10(A) AND CROSS-MOTION TO PROCEED
ANONYMOUSLY (NO. 2:11-CV-01709)- 12

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1

## CERTIFICATE OF SERVICE

2        I certify that on November 28, 2011, I electronically filed the foregoing PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 10(a)

3   AND CROSS-MOTION TO PROCEED ANONYMOUSLY with the Clerk of the Court using
the CM/ECF system, thereby sending notification of such filing to the following attorneys of

4   record.

5

Ashley A. Locke, Esq.

6   Breena Michelle Roos, Esq.
Elizabeth L. McDougall-Tural, Esq.

7   Perkins Coie LLP
1201 Third Avenue, Suite 4800

8   Seattle, Washington 98101

9        I certify under penalty of perjury that the foregoing is true and correct.

10

Dated this 28th Day of November, 2011.

11

12                                **DOZIER INTERNET LAW, P.C.**

13

14                   By:        /s/ John W. Dozier, Jr.
John W. Dozier, Jr., Esq., VSB No. 20559

15                              *Admitted pro hac vice*
11520 Nuckols Rd., Suite 101

16                              Glen Allen, Virginia  23509
Tel:  (804) 346-9770

17                              Fax:  (804) 346-0800
Email:  jwd@cybertriallawyer.com

18

19                              **NEWMAN DU WORS LLP**

20                              Derek A. Newman, Esq., WSBA 26967
Randall Moeller, Esq., WSBA No. 21094

21                              1201 Third Avenue, Suite 1600
Seattle, Washington 98101

22

23

24                              Attorneys for Plaintiff Jane Doe, an individual

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE         **NEWMAN DU WORS LLP**       1201 Third Avenue, Suite 1600
Seattle, Washington 98101
10(A) AND CROSS-MOTION TO PROCEED                                        (206) 274-2800
ANONYMOUSLY (NO. 2:11-CV-01709)- 13