THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANE DOE,<br><br>             Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>             Defendants. | No. CV- 01709-JCC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br><u>**NOTED FOR CONSIDERATION**</u>:<br>**FRIDAY, DECEMBER 2, 2011** |

## I.     INTRODUCTION

In her Opposition to defendants Amazon.com, Inc. and IMDb.com, Inc.'s ("Defendants") motion to dismiss pursuant to Rule 12(b)(6), rather than provide specific factual allegations sufficient to state a claim, Plaintiff tries to impress this Court with long recitations of the elements of each of her claims (most of which are irrelevant to the motion to dismiss) and flawed arguments. These efforts are a poor attempt to disguise the fact that the allegation on which all of Plaintiff's causes of action rest—that Defendants unlawfully used her credit card information to obtain her birth date—is factually unsupported and legally faulty. Moreover, each of her claims fail independently under Rule 12(b)(6). For these reasons, this Court should dismiss Plaintiff's Complaint.

REPLY ISO MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6) (No. CV- 01709-JCC) – 1

24976-0480/LEGAL22219497.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## II. ARGUMENT

**A. Plaintiff's Central Allegations Fail to Meet the Well-Articulated *Twombly* Standards**

In addressing the legal standards under *Twombly* and *Iqbal*, Plaintiff admits that her outright legal conclusion that Defendants "unlawfully" accessed her credit card info and performed records searches, Compl., Dkt. 1, ¶¶ 38, 49, should not be considered by this Court. *See* Dkt. 24 at 4 ("First, the Court may pull aside Plaintiff's legal conclusions (i.e., that Defendants acted 'unlawfully') because they are not entitled to the presumption of the truth."). The Complaint in this case is replete with similar legal conclusions masquerading as factual allegations—as Plaintiff herself admits, these are not entitled to the assumption of truth. *See also* Compl. ¶¶ 6, 7, 26, 27, 29, 38 ("unlawful"), 32 ("unfair, immoral, and scrupulous"), 49 ("unlawfully accessed"), 60 (broadly alleging Defendants were "in violation of RCW 9.73.020"), 65 (simply alleging Defendants "material misrepresent" statements on IMDb.com). None of her heavy handed allegations contain any specific factual support, much less the amount required by *Twombly* and *Iqbal*. Under the first part of the *Twombly* analysis, these "naked assertions devoid of further factual enhancement," should be disregarded. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

Stripping the Complaint of Plaintiff's conclusory allegations, the Court is left with the following two innocuous facts: (a) Plaintiff provided her name and credit card information (but not her legal birth date) to IMDb.com; and (b) sometime thereafter, she noticed that her birth date was published on her IMDb.com profile. Compl. ¶¶ 20, 21. The leap from these allegations to the inference that Defendants used Plaintiff's credit card information to obtain her birth date is unreasonable and is not supported by *Twombly* and *Iqbal*. For instance, there are numerous other possible ways to obtain her birth date that are not explained or addressed in any way by her faulty conclusions. Indeed, Plaintiff herself also contends not that IMDb.com obtained her birth date illegally, but by performing searches of public records. *Id.* at ¶¶ 26-27. Thus, Plaintiff's allegations of misconduct fail to meet the facial plausibility standard. *Iqbal*, 129 S.Ct. at 1949

REPLY ISO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (No. CV- 01709-JCC) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24976-0480/LEGAL22219497.3

(stating facial plausibility requires more than merely the "sheer possibility that a defendant has acted unlawfully") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57, 127 S.Ct. 1955 (2007)).

None of Plaintiff's claims can stand without her unsupported allegation that Defendants illegally accessed and used her credit card information.  Because this allegation need not be taken as true in the face of a motion to dismiss, Plaintiff's claims fail and should be dismissed.

**B.      Plaintiff's Specific Causes of Action Fail Independently**

Even if the Court takes all of Plaintiff's factual allegations as true, each of her causes of action individually fails to state a claim upon which relief can be granted.

**1.      Plaintiff's breach of contract claim should be dismissed with prejudice.**

As outlined in IMDb.com's opening brief, Plaintiff has failed to properly allege a breach of contract claim by failing to plead a specific duty and a breach of the duty.  Dkt. 15 at 12-13. While Plaintiff purports to address this deficiency in her Opposition, she still does not specify even one particular duty arising from the Subscriber Agreement and Privacy Policy that IMDb.com breached.  Instead of pointing to any individual provisions of the Subscriber Agreement or the Privacy Policy and alleging facts sufficient to establish a breach of those provisions, Plaintiff's Opposition relies heavily on the fact that IMDb.com's website states that it "will always comply with applicable laws and regulations," and that her underlying lawsuit alleges a breach of the Washington Privacy Act ("WPA") and Consumer Protection Act ("CPA").  Dkt. 24 at 6.

Even if her WPA and CPA claims are valid (which, as discussed below, they are not), Plaintiff cannot twist those claims into a breach of contract action.  A website's statement that the company will comport with the law does not translate alleged violations of statutes into a valid breach of contract claim.  For a breach of contract claim to survive, Plaintiff must allege a *specific* duty and breach of that duty, not just a breach of a general duty of care.  *Bank of Am. NT & SA v. Hubert*, 153 Wn.2d 102, 124, 101 P.3d 409 (2003) (explaining that in a proper cause of

REPLY ISO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (No. CV- 01709-JCC) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24976-0480/LEGAL22219497.3

action for breach of contract, the plaintiff alleges a "breach of a specific term of the contract," while alleging a breach of a general duty of care will only sustain a tort claim). At the end of the day, Plaintiff fails to allege a *specific* duty from the Subscriber Agreement or Privacy Policy that Defendants breached.

In addition to failing to provide a specific duty, Plaintiff does not allege how Defendants purportedly breached any duty of care. She fails to explain her allegation that Defendants could not have obtained her birth date legally. Compl. ¶ 27. This cause of action, like the others, depends on the flawed legal argument that Defendant necessarily engaged in illegal conduct because Plaintiff provided her name and credit card information at one point, and then later her legal birth date was put on her profile. These vague allegations are not enough to establish a breach of any duty (be it a general tort duty of care or a specific contractual duty), and re-pleading will not solve this logical and legal insufficiency.

Plaintiff has failed to allege a specific duty under the Subscriber Agreement or a specific breach of that duty to support her claim for breach of contract. Accordingly, Plaintiff's first claim for relief should be dismissed with prejudice.

**2.    Plaintiff's fraud claim should be dismissed with prejudice.**

The pleading requirement for fraud is uniquely high, as it requires that plaintiffs plead fraud with particularity. Fed. R. Civ. Proc. 9(b). Plaintiff fails to plead the factual circumstances surrounding her fraud claim, as required by Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding that plaintiff alleging fraud must set out the "who, what, when, where, and how" of the misconduct) (internal quotation marks omitted); *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 165, 744 P.2d 1032 (1987) (stating same principle). Plaintiff asserts, without support, that the Complaint does "provide[] Defendants with the time, place and content of the alleged misrepresentations," Dkt. 24 at 12, by alleging that somehow fraud occurred at some point in 2008, the same calendar year that Plaintiff subscribed to IMDbPro. *See id*. ("Plaintiff noted that she subscribed to IMDbPro in 2008—it was at the

REPLY ISO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (No. CV- 01709-JCC) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24976-0480/LEGAL22219497.3

time of subscription that Plaintiff claims the fraud occurred."). This is a far cry from the particularized factual allegations required by Rule 9(b). She does not allege the specific individuals who committed the fraud. *United States ex rel. Cericola v. Fed. Nat. Mortg. Assoc.*, 529 F. Supp. 2d 1139, 1146(C.D. Cal. 2007) (denying FCA claims based on thousands of allegedly fraudulent loan applications because complaint did not include "factual support as to the types of loans, the relevant time period, employees involved, and the like"). She does not allege how the fraud was committed, other than a vague reference to public records. *United States ex rel. Frazier v. IASIS Healthcare Corp.*, 554 F. Supp. 2d 966, 972 (D. Ariz. 2008) (dismissing action where plaintiff failed to allege the dates of alleged fraud or why the conduct complained of constituted fraud). Finally, she does not allege any facts that support her claim that Defendants' conduct was intentional.

Moreover, like her breach of contract claim, Plaintiff's fraud claim suffers from a fatal legal flaw—she bases this common law claim on the representation from IMDb.com's website that it "will always comply with applicable laws and regulations." Compl. ¶ 47. Even taking Plaintiff's allegations as true, Plaintiff cannot morph her WPA and CPA claims into a fraud claim based on IMDb.com's representation of future conduct. *Adams v. King Cnty.*, 164 Wn.2d 640, 662, 192 P.3d 891 (2008) ("[A] false promise does not constitute the representation of an existing fact[,]" which is the first element of a fraud claim) (citing *Stiley v. Block*, 130 Wn.2d 486, 505-06, 925 P.2d 194 (1996) (holding that "a promise of future performance is not a representation of *existing* fact") (emphasis in original)).

### 3. Plaintiff's claim under the Washington Privacy Act should be dismissed with prejudice.

Plaintiff's cause of action under Washington's Privacy Act is misleading. She attempts to manipulate the intent and purpose of the WPA—to prevent wiretapping by third parties. Even assuming the WPA applies to online commercial credit card transactions, it is illogical for Plaintiff to maintain that the information she "communicated" to Defendants was intended to be

REPLY ISO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (No. CV- 01709-JCC) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24976-0480/LEGAL22219497.3

kept private and away from Defendants—the very parties to which she acknowledges she sent the information. *See* Compl. ¶ 59 (alleging that the communication transmitting her credit card information was between Plaintiff and Defendants). Thus, Plaintiff cannot even meet her own definition of "private:" "intended only for the persons involved (a conversation)." Dkt. 24 at 13 (citing *State v. Modica*, 164 Wn.2d 83, 87 (2006)). To get around this fact, Plaintiff argues that the information was intended to be for *Amazon.com* rather than *IMDb.com* (the party that provided the IMDbPro service to which she subscribed), attempting to cast IMDb.com as an "interloper." Dkt. 24 at 14. But this nonsensical allegation is patently absent from her Complaint, which makes no distinction whatsoever between Defendants. *See* Compl. ¶¶ 59 ("between her computer and Defendants," "recorded by Defendants' servers and databases"), 60 ("Defendants intentionally intercepted"), 61 ("conduct of the Defendants").

Additionally, Plaintiff fails to show that she did not consent to the alleged communication being recorded or retained when she agreed to IMDb.com's Subscriber Agreement and Privacy Policy, which specifically state that Defendants "will collect, retain and use subscriber information." She declares that the statement was not an announcement of recording in a "reasonably effective manner" as contemplated by the WPA merely because it was contained in IMDb.com's Subscriber Agreement and Privacy Policy. However, Plaintiff relies on select provisions and statements from these very same policies, claiming that particular words or phrases used in these polices amount to various state law claims. These positions are logically inconsistent. Moreover, Plaintiff's argument that even if she consented to the interception and use for payment processing, she did not consent for any other purpose (such as using it to conduct additional research) is unsupported by the law. Under the WPA, the *purpose* of the consent to interception and recording is irrelevant. *See* RCW 9.73.030.

Even taking everything Plaintiff says as true, the alleged communication described in the Complaint was not intended to be private from Defendants (the recipients of the

REPLY ISO MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6) (No. CV- 01709-JCC) – 6

24976-0480/LEGAL22219497.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

communication). Plaintiff plainly allowed Defendants to use the information she transmitted by recording and retaining it. This cause of action should be dismissed with prejudice.

### 4. Plaintiff's claim under the Washington Consumer Protection Act should be dismissed with prejudice.

Plaintiff's Consumer Protection Act fails for the simple reason that the Subscriber Agreement and Privacy Policy plainly and clearly disclose Defendants' use of information submitted by users. Plaintiff does not address this in her Opposition except to broadly contend that "Defendants use consumers' information beyond the purposes consented to by them." Dkt. 24 at 23-24. However, Plaintiff does not allege that the applicable Subscriber Agreement and Privacy Policy specify a particular scope of use by Defendants, or that Defendants made any representations that it would only use submitted information for the limited purpose of a particular transaction. In fact, this assumption is contrary to the entire premise of the user-driven IMDb.com website. This cause of action fails.

### 5. Plaintiff is not entitled to punitive damages.

In her opposition, Plaintiff acknowledges that she is not entitled to punitive damages under Washington law. Dkt. 24 at 17. Therefore, this claim for relief should be dismissed.

## D. Defendants are Entitled to Costs and Fees

The pleading standards articulated in *Twombly* and *Iqbal*, as well as the required elements of each of Plaintiff's claims, are well-settled and well-known. Plaintiff offers no excuse for her failure to meet these standards and her failure to provide facts that back up her naked assertions. For these reasons, Defendants request their fees and costs for bringing this motion.

## III.   CONCLUSION

For the reasons stated above, Plaintiff's Complaint should be dismissed in its entirety, with prejudice, pursuant to Rule 12(b)(6) for failure to state a claim.

REPLY ISO MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6) (No. CV- 01709-JCC) – 7

24976-0480/LEGAL22219497.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | DATED: December 2, 2011 | By: s/ Elizabeth L. McDougall |
| 4 | | By: s/ Breena M. Roos |
| 5 | | By: s/ Ashley A. Locke |
| 6 | | Elizabeth L. McDougall #27026 |
| 7 | | Breena M. Roos #34501 |
| 8 | | Ashley A. Locke #40521 |
| 9 | | **Perkins Coie LLP** |
| 10 | | 1201 Third Avenue, Suite 4800 |
| 11 | | Seattle, WA  98101-3099 |
| 12 | | Telephone:  206.359.8000 |
| 13 | | Facsimile:  206.359.9000 |
| 14 | | Email:  EMcDougall@perkinscoie.com |
| 15 | |         BRoos@perkinscoie.com |
| 16 | |         ALocke@perkinscoie.com |
| 17 | | |
| 18 | | Attorneys for Defendants Amazon.com, Inc. |
| 19 | | and IMDb.com, Inc. |

REPLY ISO MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6) (No. CV- 01709-JCC) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL22219497.3

# CERTIFICATE OF SERVICE

I certify that on December 2, 2011, I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record

| | |
|---|---|
| **John W Dozier , Jr.**<br>Dozier Internet Law<br>301 Concourse Blvd<br>West Shore III , Ste 300<br>Glen Allen, VA 23059 | ___  Via hand delivery<br>___  Via U.S. Mail, 1st Class, Postage Prepaid<br>___  Via Overnight Delivery<br>___  Via Facsimile<br>___  Via Email<br>_X_  Via ECF |
| **Randall Moeller**<br>**Derek Alan Newman**<br>Newman & Newman<br>1201 Third Avenue, Ste 1600<br>Seattle, WA 98 | ___  Via hand delivery<br>___  Via U.S. Mail, 1st Class, Postage Prepaid<br>___  Via Overnight Delivery<br>___  Via Facsimile<br>___  Via Email<br>_X_  Via ECF _____ |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 2nd day of December, 2011.

> s/ Elizabeth McDougall
> Elizabeth McDougall, WSBA No. 272026
> Breena M. Roos, WSBA No. 34501
> Ashley Locke, WSBA No. 40521
> **Perkins Coie LLP**
> 1201 Third Avenue, Suite 4800
> Seattle, WA  98101-3099
> Telephone:  206.359.8000
> Facsimile:  206.359.9000
> E-mail:  emcdougall@perkinscoie.com
> E-mail:  broos@perkinscoie.com
> E-mail:  alocke@perkinscoie.com
> Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

REPLY ISO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (No. CV- 01709-JCC) – 9

24976-0480/LEGAL22219497.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000