THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>                    Defendants. | No. 2:11-CV- 01709-JCC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 10(a) AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO PROCEED ANONYMOUSLY**<br><br>**NOTED FOR CONSIDERATION:**<br>**FRIDAY, DECEMBER 2, 2011** |

## I.        INTRODUCTION

        Plaintiff sua sponte filed her Complaint in this case as "Jane Doe" and unilaterally

withheld her name, but not her grievances against Amazon.com, Inc. and IMDb.com, Inc.

(collectively "Defendants" or "IMDb.com"), from the Defendants and the public.  IMDb.com

moved to dismiss the Complaint for these procedural and principled violations of Federal Rule of

Civil Procedure ("Rule") 10(a).  Still skirting proper authority, Plaintiff has responded on two

grounds.  Plaintiff argues in opposition that she did not have to ask for or obtain the Court's

permission to proceed anonymously before filing her Complaint without including her identity.

As an apparent backstop, Plaintiff has simultaneously cross-moved the Court to now ask for an

exception to Rule 10(a).  Both grounds fail.

        Plaintiff first misconstrues a single case from a California district court to argue that she

could file her Complaint anonymously first and worry about Court approval later—in contrast to plain direction from the Ninth Circuit. Her single unbinding, unsupported and unadopted case does not govern. Moreover, Plaintiff's cross-motion presupposes that no harm has yet been done to IMDb.com by Plaintiff's failure to properly have the Court pre-approve her anonymous leveling of malicious allegations against IMDb.com. She also assumes that she is entitled to and will be allowed to proceed anonymously on one of the assorted and varying theories of fear of retaliation, harassment or ridicule by IMDb.com, the entertainment industry or some segment of the public. But Plaintiff's purported fears are enumerated in toto as Plaintiff's potentially wounded feelings caused by negative public opinions regarding the claims and allegations in her Complaint expressed in online forums, Plaintiff's alleged worry that she may become known as the "40 year old actress who sued Amazon and IMDb" (which would be true), and Plaintiff's unexplained allegation that Defendants—who already know who Plaintiff is and who took pains to avoid potential disclosure of Plaintiff's identity in its dismissal papers—will somehow become more likely to retaliate against Plaintiff if the Court does not keep her identity secret from the public. None of these unsupported suppositions—alone or combined—are at all sufficiently plausible to overcome the strong presumption in favor of the open identification of parties using the public courts.

Plaintiff is not entitled to the rare exception to Rule 10(a) allowed by the Ninth Circuit, and therefore her anonymous Complaint must be dismissed.

## II.     ARGUMENT

Defendants sequentially address Plaintiff's opposition argument that she did not need this Court's permission to file her Complaint anonymously and her cross-motion for the Court's permission to proceed anonymously.

### A.     The Proper Remedy Here Is Dismissal

Plaintiff cites to *EEOC v. AMB Industries*, 249 F.R.D. 588, 592 (E.D. Cal. 2008), for the proposition that she filed her Complaint anonymously "as of right." Dkt. 25 at 10-11. There,

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 2
24976-0480/LEGAL22207432.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

while the court noted, without legal citation, that the Ninth Circuit does not require plaintiffs to obtain leave *before* filing, it also stated: "[h]owever, plaintiffs ***must obtain leave to proceed*** under fictitious names." *AMB Indus.*, 249 F.R.D. at 592 (emphasis added) (citing *Does I thru XXIII v. Advanced Textile Corp.*, 219 F.3d at 1063-64, 1067-68 (9th Cir. 2000)). Plaintiff blatantly ignores the court's full statement, which in its entirety cannot possibly entitle her to file anonymously, without seeking leave from this Court, "as of right."

Case law from the Ninth Circuit and this District establishes that where, as here, a plaintiff does not seek leave prior to, and cannot justify, pleading anonymously, dismissal is the proper remedy. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir.) ("[W]e affirm the district court's order dismissing the case based on plaintiffs' failure to disclose their identities."), *reh'g denied*, 625 F.3d 1182 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 2448 (2011); *D.C. v. Pierce Cnty.*, No. C10-5246RJB, 2010 WL 3814051, at *2 (W.D. Wash. Sept. 27, 2010) (attached as Appendix A) (dismissing because "Plaintiff has failed to comply with Fed. R. Civ. P. 10 or show that the circumstances of her case are unusual enough to warrant the use of a pseudonym"); *see also Advanced Textile Corp.*, 214 F.3d at 1069 (addressing motion to dismiss due to plaintiffs' failure to identify themselves and cross-motion to proceed anonymously); *4 Exotic Dancers v. Spearmint Rhino*, No. CV08-4038, 2009 WL 250054, at *1 (C.D. Cal. Jan. 29, 2009) (attached as Appendix B) (referring to earlier grant of defendant's motion to dismiss for failing to identify plaintiffs by name); *Doe v. Rostker*, 89 F.R.D. 158, 163 (N.D. Cal. 1981) (dismissing complaint *sua sponte* where plaintiff proceeded anonymously without any facts "sufficient to justify non-compliance with the Federal Rules of Civil Procedure, particularly in light of the policies underlying Rule 10").

In any event, Plaintiff moots her own argument by cross-moving to proceed anonymously. Thus, the issue of whether Plaintiff may proceed with her claims anonymously is properly before this Court. As discussed below, Plaintiff has not shown that she should be allowed to proceed under a fictitious name and therefore her Complaint should be dismissed.

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 3
24976-0480/LEGAL22207432.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**B.     Plaintiff's Cross-Motion Should Be Denied**

The Ninth Circuit has provided a clear test for district courts considering a party's need to proceed anonymously due to fear of retaliation.  *Advanced Textile*, 214 F.3d at 1068-69. Inexplicably, Plaintiff does not even attempt to address all of the *Advanced Textile* factors.  It is her burden to overcome the "normal presumption" that she must proceed under her true name. *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (requiring requesting party to affirmatively show that anonymity is necessary under the *Advanced Textile* analysis); *see also Qualls v. Rumsfield*, 228 F.R.D. 8, 12 (D.D.C. 2005) ("Pseudonymous litigation is for the unusual or critical case, and it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner.").  Plaintiff has simply failed to meet her burden.

**1.     Plaintiff has not justified anonymity under *Advanced Textile*.**

Under *Advanced Textile*, a court considering whether a plaintiff may overcome the strong presumption against anonymity due to claims of retaliation (including "harassment" and "ridicule") should consider the following factors:  the severity of the threatened harm; the reasonableness of the anonymous party's fears; the anonymous party's vulnerability to retaliation; the prejudice to the opposing party; and the public interest.  *Kamehameha Schs.*, 596 F.3d 1042 (citing *Advanced Textile*, 214 F.3d at 1068).  The first two *Advanced Textile* factors—the severity of the threatened harm and the reasonableness of the plaintiffs' fears—are the most important factors.  *Kamehameha Schs*, 596 F.3d at 1043.  A plaintiff must establish both of these elements to proceed anonymously.  *Id.*  Plaintiff has not shown that she reasonably fears a severe harm, and therefore this Court need not even address the remaining factors. Nonetheless, each of the *Advanced Textile* factors is addressed below.

**a.     Plaintiff has not shown that her fears of retaliation are reasonable.**

At the outset, Plaintiff's request to proceed anonymously fails because she has not shown her fears to be reasonable.  Cutting severely against Plaintiff's credibility is the fact that her story

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 4
24976-0480/LEGAL22207432.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

regarding why she wishes to proceed anonymously has changed *twice* in the six weeks since she filed her Complaint.  Plaintiff first justified hiding her identity by claiming "fear of retaliation from Defendants that would result in even further damage and economic injury." Dkt. 1 ¶ 13. Then, during this Court's telephonic hearing regarding Plaintiff's Motion to Seal, Dkt. 22, Plaintiff's counsel argued, for the first time, that Plaintiff would face economic harm and retaliation by the *entertainment industry* if her identity is revealed.  In her opposition, she changes her story yet again and alleges that she fears "severe retaliation, harassment and ridicule" from *the public*, as well as the industry and Defendants.  Dkt. 25 at 7.  Yet Plaintiff *has never herself submitted testimony regarding her fear* (which she could have done under seal), instead relying on hearsay statements by her counsel.  Further undermining the credibility of her purported fears, Plaintiff extensively cites the press attention to this case as a reason that her circumstances are somehow special and merit an exception to Rule 10(a)—yet her counsel has stoked the press attention by publicly commenting on the case.  *See* Dkt. 13, Ex. A.

Further, each of her fears is unreasonable for independent reasons.  First, her claimed fear of retaliation by the industry is nonsensical and lacks support.  IMDb.com is a website—not a studio, casting agency or employer of actors.  Although it is used by the entertainment industry, it is not a "player" in that industry.  *See* Dkt. 1, ¶ 1 ("The Internet Movie Database is a very handy resume tool for employers in the film and television industry[.]"); *see also* Decl. of Duncan Crabtree-Ireland, Dkt. 26, ¶ 4 (describing the industry's use of the IMDb.com and IMDbPro.com websites).  And as Plaintiff herself has argued, IMDb.com is not particularly popular in the entertainment industry.  *See generally* Dkt. 25 at 8.  Moreover, the opinion of Mr. Crabtree-Ireland (offered without the foundation required by Evidence Rule 701 or 702) that Plaintiff will face industry blacklisting if identified is contradicted by her own counsel.  During this Court's hearing regarding Plaintiff's Motion to Seal, Dkt. 22, Mr. Dozier acknowledged that Plaintiff has and will continue to have support from some in the industry for her lawsuit.

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 5
24976-0480/LEGAL22207432.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Second, Plaintiff's fear of retaliation by Defendants lies in direct contradiction to the facts in this case. Defendants suspected her identity before filing their motion. *See* Dkt. 12 at 4-5. And despite her purported fears of retaliation by Defendants, her counsel nonetheless provided her identity to Defendants' counsel after they filed the motion to dismiss. Dkt. 21, ¶ 3. In support of her purported fear of retaliation, Plaintiff provides vague and unsupported allegations that IMDb.com has retaliated against her and others in the past. To be clear, Defendants have never retaliated against Plaintiff (or anyone else) for complaining regarding its practices. And regardless of this Court's ruling on its motion, Defendants do not intend to retaliate against Plaintiff. Requiring Plaintiff to identify herself to the public is not going to change that. Indeed, if there were risk of retaliation, that risk is mitigated by the public and judicial scrutiny placed on Defendants through this action.

Finally, her fears of harm by the public are not reasonable. While Plaintiff alleges that so-called "harmful messages regarding the lawsuit" would "worsen" if her identity is revealed, Dkt. 25 at 7, she provides no evidence that the comments would escalate into anything beyond what they are—off-hand chatter on the Internet. The comments that Plaintiff singles out range in subject from female Asian drivers; to speculation as to Plaintiff's identity, financial motivations for bringing this lawsuit and acting ability; to the hypocrisy of trying to be an anonymous actress in show business; to the merits of Plaintiff's claims. Dkt. 27, Ex. D. If these comments bother Plaintiff, she need not read them. But they do not amount to a reasonable fear of harm.

Moreover, to the extent that any comments actually threatened her (which they do not), an anonymous threat on the Internet does not equate to an actual threat recognized in this jurisdiction. As recognized by the *Kamehameha* court, "many times people say things anonymously on the internet that they would never say in another context and have no intention of carrying out." *Kamehameha Schs.*, 596 F.3d at 1045. Finally, Plaintiff's counsel has culled a small number of comments out of hundreds of articles discussing this lawsuit (each of which presumably has numerous comments) and therefore overstates their impact. *Id.* (upholding

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 6
24976-0480/LEGAL22207432.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

district court's finding that a fear of physical harm was unreasonable where plaintiffs "culled only a few comments out of hundreds of anonymous comments regarding this case"); *see also* Dozier Decl., Dkt. 27, ¶ 2 (claiming that over 750 articles about this case have been published).

### b. Plaintiff has not even addressed whether her harms are sufficiently severe.

Plaintiff alleges various harms that will befall her if her identity is revealed, all of which are economic—rather than physical—but fails to even address whether such harms are sufficiently "severe" to warrant anonymity. *Advanced Textile* is clear—only in situations where plaintiffs "fear **extraordinary** retaliation, such as deportation, arrest, and imprisonment," can a plaintiff escape proving a danger of physical injury. 214 F.3d at 1070-71 (emphasis added and omitted). Each of Plaintiff's purported fears does not even come close to meeting this standard.

Plaintiff claims that, if her identity is revealed, she faces "industry blacklisting and loss of livelihood," based on the stigmatization of being "that 40 year old actress who sued Amazon and IMDb" and being branded as a "complainer." Dkt. 25 at 7. She also claims that she fears retaliation by Defendants, such as publicizing information about her or withholding movie credits on her IMDb.com profile. Dkt. 25 at 7-8; *see also* Dkt. 1, ¶ 13. Courts have repeatedly and specifically held that threats of termination, blacklisting or related negative employment retaliation are insufficient to warrant anonymity. *See Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 515 (N.D. Cal. 2010) (denying class plaintiff's motion to proceed anonymously based on the fear of reduced work assignments and termination); *4 Exotic Dancers*, 2009 WL 250054 at *2 (denying plaintiffs' motion to proceed anonymously based on threats of "termination and blacklisting" because "[t]his type of economic retaliation is not sufficiently severe to warrant pseudonymity"); *see also Nat'l Commodity & Barter Assoc. v. Gibbs*, 886 F.2d 1240 (10th Cir. 1989) ("[Anonymity] has not been permitted when only the plaintiff's economic or professional concerns are involved[.]"); *Qualls*, 228 F.R.D. at 12 ("[A] threat of economic harm alone does not generally permit a court to let litigants proceeds under pseudonym."). If

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 7
24976-0480/LEGAL22207432.4

fear of employment-related retaliation were sufficient to justify anonymity, **every plaintiff** alleging employment-related claims would sue anonymously. Indeed, this is the precise reason that the Ninth Circuit requires **extraordinary** retaliation. *Advanced Textile*, 214 F.3d at 1070 (holding plaintiff alleging retaliation must show a "*greater* threat of retaliation tha[n] the typical plaintiff" making the same allegations (emphasis in original)); *see also Stoterau*, 524 F.3d at 1012-13 (denying criminal sex offender's request based on fear of physical retaliation in prison because such fears are "equally present for all similarly situated sex offenders who face prison sentences" and thus not extraordinary).

Further, Plaintiff claims that she fears "retaliation, harassment and ridicule" from the public, based on "lewd and harmful messages regarding the lawsuit," providing copies of Internet discussions about this case (indisputably an every day occurrence, particularly comments about individuals in the public eye). Dkt. 25 at 7. While some of the comments are certainly distasteful, none of them show a risk of severe harm. They do not show any threats of physical violence or otherwise threaten Plaintiff personally. *See* Dkt. 27, Ex. D. Indeed, none of the comments do anything beyond poking fun at Plaintiff, the entertainment industry in general, and this lawsuit. *Id.* And in this respect, public commentary regarding the merits of a lawsuit is hardly extraordinary.

Finally, although some of the comments may embarrass Plaintiff, this embarrassment does not meet the strict standards for anonymity, which does not even allow anonymity in cases involving far more sensitive issues than one's acting ability. *See D.C. v. Pierce Cnty.*, 2010 WL 3814051 at *2 (denying anonymity to a plaintiff who alleged that officers posted a picture of her genitals on a law enforcement website because "Plaintiff has not shown that the circumstances here are extraordinary enough to warrant her use of a pseudonym"); *4 Exotic Dancers*, 2009 WL 250054, at *2 (finding that plaintiffs' fears of being publicly identified as exotic dancer was not enough to justify anonymity); *see also Advanced Textile*, 214 F.3d at 1068 (citing, as examples of matters of a "sensitive and highly personal nature," homosexuality and abortion).

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 8
24976-0480/LEGAL22207432.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

### c.  Plaintiff is not unusually vulnerable.

The next *Advanced Textile* factor—whether Plaintiff is unusually vulnerable to retaliation—also weighs in favor of Defendants.  The Ninth Circuit has recognized that a plaintiff's vulnerability weighs in favor of anonymity only when she establishes that she is uniquely exposed to the risk of retaliation.  *See Advanced Textile*, 214 F.3d at 1073 (finding vulnerability in nonresident foreign garment factory workers, who lived in barracks provided by their employer and were subject to instant deportation); *Guifu Li*, 270 F.R.D. at 515-16 (denying request to proceed anonymously after finding massage therapist plaintiffs vulnerable against defendant employer because plaintiffs "are not very highly-educated and possess limited English skills"); *see also Doe v. Smith*, 412 F. Supp. 2d 944, 945-46 (C.D. Ill. 2006) (identifying "children, [and] rape victims" as "particularly vulnerable parties or witnesses" who may be permitted to use "fictitious names") (citing *Doe v. Blue Cross & Blue Shield Unit. of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (same and disapproving of anonymity for a party with a psychiatric disorder)); *Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215, 216 (E.D. Tex. 1997) (rejecting anonymity while acknowledging that "[t]he vulnerability of these minor plaintiffs is undoubtedly real" where plaintiffs were contesting religious practices in schools).

Plaintiff has not established that she is a vulnerable plaintiff.  She is not a young student or child, a victim of sexual abuse trying to confront her offender or an otherwise unsophisticated worker.  And both of the reasons that Plaintiff claims causes vulnerability—the high profile nature of this case and her "complainer" status, *see* Dkt. 25 at 7—actually weigh against a finding of vulnerability.  As noted above, press scrutiny on Defendants will prevent—not promote—retaliation.  Further, her own counsel has encouraged press attention to this case by providing public comments.  *See, e.g.*, Dkt. 13, Ex. A.  With respect to her so-called "complainer" status, Plaintiff is no more vulnerable than the average plaintiff complaining against an employer.  *See* Part II.B.1.b, *infra*.

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 9
24976-0480/LEGAL22207432.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

> d.   **Defendants would be highly prejudiced if Plaintiff were allowed to proceed anonymously.**

Plaintiff's sole argument regarding the next factor—prejudice to Defendants—is that Defendants already know her identity (which they suspected before, and she confirmed after, they filed the motion). Dkt. 25 at 9.  Yet courts have recognized that defending against an anonymous plaintiff hurts a defendant even where the defendant knows the plaintiff's identity. *Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 141 (S.D. Ind. 1996) ("The defendants know the plaintiff's identity, but the anonymity plaintiff seeks would significantly hamper their ability to defend themselves from adverse publicity and other collateral, but often inevitable, effects of civil litigation.").

Indeed, allowing Plaintiff to proceed anonymously here will harm Defendants' ability to make the most vigorous possible defense.  Plaintiff has omitted key facts from the allegations in her Complaint.  *See* Dkt. 12, n.2; Dkt. 14, ¶ 6.  Her attorney has commented regarding the merits of the case to the press.  Dkt. 13, Ex. A (discussing factual allegations, the merits of Defendants' defense and the implications of the lawsuit).  In her latest filing, Plaintiff has now publicly accused Defendants of retaliating against her in the past, Dkt. 25 at 8, allegations that have been repeated by the press.  Decl. of Breena M. Roos in Supp. of Reply, Dec. 2, 2011 (filed herewith), Exs. A, B.  Allowing Plaintiff to proceed anonymously will stymie Defendants' ability to publicly respond to her inaccurate portrayal of the facts.  *See Ind. Black Expo*, 923 F. Supp. at 142 ("The plaintiff has raised claims in which the parties' testimony is virtually certain to be at odds on material matters, so that their credibility will be directly at issue.  The defendants in such a case have a powerful interest in being able to respond publicly to defend their reputations[.]").  Further, concealed proceedings would deprive Defendants of the "chance that a yet unknown witness would, upon learning [facts] about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006) ("Where the defendants' identities are known, but not the plaintiffs',

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 10
24976-0480/LEGAL22207432.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

information about only one side may thus come to light."). Indeed, courts have recognized the unfairness that allowing one party to proceed anonymously creates. *See Advanced Textile*, 214 F.3d at 1068; *4 Exotic Dancers*, 2009 WL 250054 at *3 (recognizing defendants are prejudiced in their ability to mount a defense if the plaintiff is anonymous).

**e.**     **The public interest weighs in favor of named parties.**

Finally, Plaintiff's purported injury does not outweigh the public's interest in open litigation. The public has an inherent interest in open proceedings, given the "paramount importance of open courts." *Kamehameha Schs.*, 596 F.3d at 1046; *see also Guifu Li*, 270 F.R.D. at 516 ("The Court finds that the overall public interest is in openness, and disclosure of the parties and claims in the case."). Further, this District has a strong presumption of public access to its files. CR 5(g)(2). To that end, there is a general presumption that the identity of parties to a cause of action is public knowledge. *Advanced Textile*, 214 F.3d at 1068; *Guifu Li*, 270 F.R.D. at 514. That the underlying claims here implicate privacy interests, Dkt. 25 at 9, does not negate the public's interest in public and open proceedings. The presumption that Plaintiff's identity is public information has not been, and cannot be, overcome here. Even if Plaintiff faces the retaliation alleged, more severe allegations of retaliation have not been found to override the public interest; this is not enough. *See, e.g.*, *Kamehameha Schs.*, 596 F.3d at 1042-46.

**2.**     **Special circumstances do not warrant anonymity.**

Rather than follow the *Advanced Textile* standards, Plaintiff relies on *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), for the proposition that "special circumstances" justify secrecy here. Dkt. 25 at 4-5. *Sealed Plaintiff*—which has never been cited by any court within the Ninth Circuit—is factually inapposite to the facts in this case. In *Sealed Plaintiff*, the plaintiff brought allegations of physical and sexual assault against state and municipal entities and officers. 537 F.3d at 187. Here, Plaintiff has not alleged (and does not have any basis to allege) that this litigation involves a highly sensitive personal matter such as sexual assault.

Rather, she alleges her fear of retaliation and the potential of economic harm, both of which were squarely addressed by the Ninth Circuit in *Advanced Textile*.

Indeed, *Sealed Plaintiff* has been found "unpersuasive" by another court in facts more closely aligned with those here. *United States ex rel. Herrera v. Bon Secours Cottage Health Services*, 655 F. Supp. 2d 782 (E.D. Mich. 2008). There, the court denied a *qui tam* plaintiff's motion to permanently seal the litigation or, alternatively, to redact all records in order to protect her identity after the *qui tam* portions of her complaint were dismissed. *Id.* at 785-86. In support of her motion to seal, the plaintiff—a former employee of the defendant—alleged that she was "improperly targeted and blamed" by the defendant, she "substantially fear[ed] for her economic, at a minimum, safety if she is exposed[.]" *Id.* at 784. Strikingly similar to the facts here, the *Bon Secours* court found that the plaintiff's "*general apprehension regarding retaliation by her current employer or future employers*[] *is insufficient to overcome the strong presumption in favor of access to public records*." *Id.* (emphasis added).

Finally, even if recognized by the Ninth Circuit, Plaintiff is wrong that there are "special circumstances" (i.e., that Plaintiff's name is thus far unknown to the public) justifying secrecy here. Plaintiff has no inherent privacy interest in her legal name. *Cawley-Herrmann v. Meredith Corp.*, 654 F. Supp. 2d 1264, 1266 (W.D. Wash. 2009) (granting motion to dismiss plaintiff's claim of invasion of privacy based on a news report revealing her name and photo in connection with abuse, because her "name is not a fact that she keeps entirely to herself . . . Neither Plaintiff's name nor image are intimate details of her private life").

### III.   CONCLUSION

For the reasons set forth above and in Defendant's Motion to Dismiss Pursuant to Rule 10(a), Defendants request that the Court dismiss Plaintiff's Complaint and award them their costs and fees.

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 12
24976-0480/LEGAL22207432.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3

RESPECTFULLY SUBMITTED this 2nd day of December, 2011.

4
5
6
7
8
9
10
11
12
13
14
15
16

By:  s/ Elizabeth L. McDougall
Elizabeth L. McDougall #27026
Breena M. Roos #34501
Ashley A. Locke #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  EMcDougall@perkinscoie.com
            BRoos@perkinscoie.com
            ALocke@perkinscoie.com

17
18
19

Attorneys for Defendants Amazon.com, Inc.
and IMDb.com

20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

REPLY IN SUPP. OF MOT. TO DISMISS AND
IN OPP'N TO CROSS-MOT. TO PROCEED
ANONYMOUSLY (No. 2:11-CV-01709) – 13
24976-0480/LEGAL22207432.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3

## CERTIFICATE OF SERVICE

4
5      I certify that on December 2, 2011, I electronically filed the foregoing **DEFENDANTS'**
6
7    **REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 10(a) AND IN**
8
9    **OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO PROCEED ANONYMOUSLY**
10
11   with the Clerk of the Court using the CM/ECF system, which will send notification of such filing
12
13   to the following attorneys of record
14
15   **John W Dozier , Jr**                        ___   Via hand delivery
16   Dozier Internet Law                           ___   Via U.S. Mail, 1st Class, Postage Prepaid
17   301 Concourse Blvd                            ___   Via Overnight Delivery
18   West Shore III , Ste 300                      ___   Via Facsimile
19   Glen Allen, VA 23059                          ___   Via Email
                                                   _X_   Via ECF
20
21   **Randall Moeller**
22   **Derek Alan Newman**                         ___   Via hand delivery
23   Newman & Newman                               ___   Via U.S. Mail, 1st Class, Postage Prepaid
24   1201 Third Avenue, Ste 1600                   ___   Via Overnight Delivery
25   Seattle, WA 98                                ___   Via Facsimile
26                                                 ___   Via Email
27                                                 _X_   Via ECF _____
28
29       I certify under penalty of perjury that the foregoing is true and correct.
30
31       DATED this 2nd day of December, 2011.
32
33
34                                  s/ Elizabeth McDougall
                                    _____
35                                  Elizabeth McDougall, WSBA No. 272026
36                                  Breena M. Roos, WSBA No. 34501
37                                  Ashley Locke, WSBA No. 40521
38                                  **Perkins Coie LLP**
39                                  1201 Third Avenue, Suite 4800
40                                  Seattle, WA  98101-3099
41                                  Telephone:  206.359.8000
42                                  Facsimile:  206.359.9000
43                                  E-mail:  emcdougall@perkinscoie.com
44                                  E-mail:  broos@perkinscoie.com
45                                  E-mail:  alocke@perkinscoie.com
46                                  Attorneys for Defendants Amazon.com, Inc.
47                                  and IMDb.com, Inc.
48
49
50
51

REPLY IN SUPP. OF MOT. TO DISMISS AND                        **Perkins Coie LLP**
IN OPP'N TO CROSS-MOT. TO PROCEED                      1201 Third Avenue, Suite 4800
ANONYMOUSLY (No. 2:11-CV-01709) – 14                     Seattle, WA  98101-3099
24976-0480/LEGAL22207432.4                                 Phone:  206.359.8000
                                                             Fax:  206.359.9000