UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. C11-1709MJP<br><br>ORDER ON RULE 12(B)(6) MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. No. 15.) Having reviewed the motion, Plaintiff's opposition to the motion (Dkt. No. 24), Defendants' reply in support of the motion (Dkt. No. 28), and the remaining record, the Court GRANTS IN PART and DENIES IN PART the motion for the reasons explained below.

**Background**

This unusual lawsuit is brought by Plaintiff Huong Hoang, a 40-year-old actress who goes by the stage name "Junie Hoang," against the Internet Movie Database website, IMDb.com,

and its parent company, Amazon.com. (Dkt. No. 34 at 4-5.) Plaintiff first filed this suit anonymously as "Jane Doe," but the Court held that "the injury she fears is not severe enough to justify permitting her to proceed anonymously," and dismissed the case, granting Plaintiff leave to amend by adding her real name. (Dkt. No. 33 at 10, citing <u>Does I Thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1064 (9th Cir. 2000).) On January 6, 2012, Plaintiff filed an amended complaint including her real name (Dkt. No. 34), and the Court now turns to the merits of her pleadings.

Although the subject matter is unique, Plaintiff's lawsuit is, at core, a straightforward action for breach of contract and violation of consumer protection statutes. Plaintiff paid a fee to sign up for the IMDbPro service in 2008, which she hoped would help her connect with casting directors and obtain acting roles. (Dkt. No. 34 at 5.) Instead, Plaintiff alleges that IMDb.com took the personal information she provided during the subscription process and added it to her online profile without her authorization. (<u>Id.</u> at 7.) She further alleges that IMDb.com used the information she provided to "scour public records databases and other sources for purposes of discovering Plaintiff's date of birth," which IMDb.com added to its website. (<u>Id.</u> at 9.) Plaintiff asked for this information to be taken down, but IMDb.com refused. (<u>Id.</u> at 6.)

Plaintiff alleges that revealing her true name and age has harmed her career, because "[i]n the entertainment industry, youth is king." (Dkt. No. 34 at 6.) She says Defendants' actions have caused a "double-whammy effect." (<u>Id.</u>) Because she is seen as "over the hill," Plaintiff cannot get roles playing younger women, and because she looks so much younger than she actually is, Plaintiff "cannot physically portray the role of a forty-year-old woman." (<u>Id.</u>) This, she argues, has caused a substantial decrease in her earnings. (<u>Id.</u> at 7.) Plaintiff alleges she is not the only victim. (<u>Id.</u> at 6.) She alleges that "it is Defendants' standard business practice to routinely

1  intercept, store, record, and further use consumer credit card information obtained during the
2  subscription process . . . ." (Id.)

3  Plaintiff's complaint includes four separate causes of action. The first is a claim for
4  breach of contract, asserting that Defendants breached IMDb.com's Subscriber Agreement and
5  incorporated Privacy Policy which pledges, among other things, that IMDb.com will act
6  "carefully and sensibly" in the way it handles subscribers' personal information. (Dkt. No. 34 at
7  2.) Plaintiff's second cause of action is for fraud, alleging Defendants materially misrepresented
8  the safety, security and purpose for which they gathered personal information. (Id. at 8.)
9  Plaintiff's third cause of action alleges violations of Washington's Privacy Act, RCW 9.73.030,
10 which makes it illegal to "intercept" or "record" private communication transmitted by
11 telephone, telegraph, radio, or other device. (Dkt. No. 34 at 10.) Plaintiff's fourth cause of action
12 alleges that Defendants' conduct constitutes unfair and fraudulent business acts in violation of
13 Washington's Consumer Protection Act, RCW 19.86. (Dkt. No. 34 at 10-11.)

14 Plaintiff asks the Court to issue an injunction removing Plaintiff's personal information
15 from the IMDb.com website and to enjoin Defendants from engaging in similar practices with
16 her or with other customers. (Id. at 11.) Plaintiff seeks $75,000 in compensatory damages and $1
17 million in punitive damages. (Id. at 12.) She also seeks an award of treble damages and an award
18 of costs and fees. (Id.)

19 In their motion to dismiss, Defendants argue Plaintiff's complaint is based wholly on
20 "naked, implausible assertions." (Dkt. No. 15 at 2.) Even if they had used credit card data to
21 obtain undisclosed information, Defendants argue, Plaintiff agreed to such a use in IMDbPro's
22 Subscriber Agreement. (Id. at 2-3.) Further, Defendants argue, Plaintiff's date of birth is
23 factually accurate, publicly available, and non-private information. (Id. at 18-19.) Beyond
24

dismissal, Defendants ask the Court to award them their costs and fees in opposing this suit, which they classify as unreasonable and vexatious. (Id. at 19.)

**Discussion**

I.   Legal Standard

Because this matter comes before the Court on Defendants' motion to dismiss under Federal Rule 12(b)(6), the Court accepts as true all of Plaintiff's factual allegations, and draws all reasonable inferences in Plaintiffs' favor. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, conclusory allegations and legal conclusions are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In considering a motion to dismiss, a court considers only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the court may take judicial notice. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Here, in addition to reviewing the pleadings, the Court considers IMDb.com's Subscriber Agreement and Privacy Policy, which are attached to Defendants' motion as Dkt. No. 16, and incorporated by reference in the amended complaint.

This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, because Plaintiff is a citizen of Texas, Defendants are Delaware corporations with their principal place of business in Washington, and the amount in controversy exceeds $75,000. (Dkt. No. 34 at 3-4.) The IMDbPro Subscriber Agreement states that the agreement is governed by the laws of the State of Washington, and Plaintiff brings her claims under Washington state law. (Dkt. No. 16-1 at 3.) The Court therefore applies Washington substantive law and federal procedural law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

## II. Breach of Contract Claim

Although her complaint is short on specifics, Plaintiff's cause of action for breach of contract is sufficient to survive at the motion to dismiss stage. To properly state a claim for breach of contract in Washington, a plaintiff must allege (1) a valid contract, (2) a breach of duty arising under that contract, and (3) resulting damage. <u>Nw. Index. Forest Mfrs. v. Dep't of Labor & Indust.</u>, 78 Wn. App. 707, 712 (1995). Here, the parties do not dispute that Plaintiff entered into a contract with Defendants through IMDbPro's Subscriber Agreement and incorporated Privacy Policy. (Dkt. No. 12 at 20.)

Plaintiff also successfully alleges the existence of a contractual duty and the breach of that duty. First, Plaintiff points to statements in the IMDbPro Privacy Policy that communicate that IMDb will "carefully and sensibly" manage how information about customers is "used and shared," and that IMDb "will always comply with applicable laws and regulations." (Dkt. No. 34 at 2.) The Privacy Policy, which is incorporated by reference in the complaint, and forms part of the contract, explicitly states, "You can choose not to provide certain information, but then you might not be able to take advantage of many of our features." (Dkt. No. 15 at 5.) It goes on to explain that IMDb "use[s] the information that you provide for such purposes as responding to your requests, customizing future browsing for you, improving our side, and communicating with you." (<u>Id.</u>)

Defendants fail to show that Plaintiff gave permission to use her information to mine public records for additional information about her. Defendants argue that "neither [the Subscriber Agreement or the Privacy Policy] limit or agree to limit the use of information voluntarily disclosed by IMDb.com subscribers, including credit card data, except to confirm that IMDb.com 'will always comply with applicable laws and regulations in doing so.'" (Dkt. No. 15 at 12.) "Thus," Defendants argue, "even if IMDb.com used Plaintiff's name, address or

ORDER ON RULE 12(B)(6) MOTION TO DISMISS- 5

zip code from her credit card subscription to locate her birth date, such use is consistent with the Subscriber Agreement and Privacy Policy." (Id.)

These arguments ask the Court to go too far. The plain language of the contract does not permit Defendants unfettered use of the personal information that Plaintiff provided for the purposes of processing payment. (Dkt. No. 16-1 at 2-9.) Washington follows the objective manifestation of contracts theory. See Hearst Commc'ns v. Seattle Times Co., 154 Wn.2d 493, 503 (2005). In discerning the parties' intent, courts may look to the circumstances under which the contract was made and to the reasonableness of the parties' respective interpretations. Berg v. Hudesman, 115 Wn.2d 657, 667-68 (1990). Here, the agreement contains a clause stating, "We use the information that you provide for such purposes as responding to your requests, customizing future browsing for you, improving our site, and communicating with you." (Dkt. No. 15 at 5.) As a matter of law, it is not clear that the parties intended the phrase "improving our site" to include taking information given for processing payment and using it to search for information to add to individual actor profile pages. (Dkt. No. 16-1 at 5.) The lack of any express limitation in the agreement does not constitute a subscriber's acknowledgement that no limitations apply. Instead, Defendants are required to abide by the general assurances they give to customers to "carefully and sensibly" manage information provided by subscribers. (Dkt. No. 34 at 2.)

Plaintiff does not conclusively prove that there has been breach of the contract, but that is not her burden at this stage. First, Washington follows the maxim that, generally, ambiguous contracts are to be construed against the drafter. See Hanson Indus., Inc. v. County of Spokane, 114 Wn. App. 523 (Div. 3 2002). Second, on a motion to dismiss, the court is to view factual allegations in the light most favorable to the Plaintiff. Iqbal, 129 S. Ct. at 1949. Viewed in that

most favorable light, Plaintiff successfully alleges that Defendants violated their duty not to use certain pieces of subscriber information in order to collect other information, without specific authorization.

While Plaintiff's complaint is not detailed at this stage, it contains sufficient factual matter "to state a claim for relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949. Federal Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The logic behind Rule 8 is to give the respondent "fair notice of the basis for petitioner's claims." Swierkiewicz v. Sorema, N.A. 534 U.S. 506, 514 (2002). Here, Plaintiff's core factual allegation is that Defendants used her personal information provided for payment "to cross-reference public records and other sources to obtain, among other things, Plaintiff's legal name, age, date of birth, and other personal, confidential information, and making some of that unlawfully-obtained confidential information available to the public." (Dkt. No. 34 at 3.) While this allegation does not contain specific factual information about how Defendants allegedly used her information to obtain her birth date, it is sufficient to provide the Defendants fair notice of the basis for Plaintiff's claims.

III.   Fraud Claim

In contrast to Plaintiff's breach of contract claim, Plaintiff's fraud claim fails because the applicable pleading rules are different. Plaintiff's fraud claim is governed by Federal Rule 9(b), which requires that, in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To sufficiently allege the "circumstances constituting fraud," a plaintiff must include the "who, what, when, where, and how" of the misconduct charged. Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010). This is a high standard, and neither Plaintiff's complaint nor her opposition to the present motion to dismiss includes sufficient detail to meet it.

To meet the requirements of Rule 9(b), a plaintiff is not required, for each allegedly fraudulent statement, to "provide this Court with a matching factual allegation of its falsity or that Defendant's [sic] knew of its falsity." (Dkt. No. 15 at 15.) Particularity requirements vary with each case, and the use of representative examples is simply one means of meeting the pleading obligation. Ebeid, 616 F.3d at 998; see also Shushany v. Allwaste, Inc., 992 F.2d 517, 521 (5th Cir. 1993) (particularity requirements vary with the facts of each case). Even recognizing that pleading requirements vary with the facts of each case, Plaintiff's allegations fail to meet the heightened pleading standard for fraud because they do not include any specific information about the identity of who made the statements at issue, how they were made, or how Defendants may have known of their falsity. Indeed, in her opposition to the present motion, Plaintiff admits that she relied on the current Subscriber Agreement to bring this case, even though "the relevant Agreement is the one operable at the time of breach, alleged to have occurred in 2008," because she does not have access to the original agreement or know what the original contract said. (Dkt. No. 24 at 5-6.) This lack of information about the wording of the operative contract is illustrative of a broader lack of specificity in Plaintiff's complaint, which is fatal to her fraud claim.

Plaintiff also fails to meet the requirements to plead fraud under Washington law. The elements of fraud are well established in Washington. They are:

> (1) A representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of the representation, (8) his right to rely on it, [and] (9) his consequent damage.

Kirkham v. Smith, 106 Wn. App. 177, 183 (2001). Washington law also requires Plaintiff to plead the circumstances constituting fraud with particularity. See, e.g., Haberman v. Wash Pub.

Power Supply Sys., 109 Wn.2d 107, 165 (1987). "A complaint adequately alleges fraud if it informs the defendant of who did what, and describes the fraudulent conduct and mechanisms." Id. In the present case, Plaintiff does not allege requirements 4 (knowledge of falsity), 5 (intent for reliance), 6 (ignorance of falsity), 7 (reliance), or 8 (right to rely) with the requisite level of particularity. (Dkt. No. 34; Dkt. No. 24 at 9-12.) A broadly worded complaint alleging that Defendants misused Plaintiff's personal information is enough, at this stage, to support some causes of action, but not fraud. Plaintiff's fraud claim is therefore DISMISSED with leave to amend by including facts meeting the requisite standard of particularity. See Luce v. Edelstein, 802 F.2d 49, 56 (2d Cir. 1986).

### IV. Washington Privacy Act Claim

Plaintiff's third claim fails because it misapplies a statute aimed at preventing wiretapping to an unrelated situation. Washington's Privacy Act, RCW 9.73 et seq., makes it unlawful to "intercept, or record any: (A) Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals . . . by any device electronic or otherwise designed to record and/or transmit said communication . . . without first obtaining the consent of all the participants in the communication." RCW 9.73.030. This statute, which is used, among other ways, to determine whether evidence is admissible in criminal cases, plainly does not apply to Plaintiff's allegations here because, regardless of what they did with her information, Defendants were the intended recipients of the communication.

To properly allege a violation of the WPA, a plaintiff must show that the defendant (1) intercepted or recorded, (2) a private communication, (3) between two or more individuals, and (4) did so with any electronic or recording device, (5) without consent of the participants. State v. Christensen, 153 Wn.2d 186, 192 (2004). Here, Plaintiff fails to show both that the information was "private" and that the Defendants "intercepted" the information, as the terms are

intended in the statute. First, the communication was not "private," because, even though it contained personal information, the information was intended for IMDb.com and Amazon.com. (Dkt. No. 34 at 10). Second, the information was not "intercepted" or "recorded" as required by the Privacy Act because Plaintiff sent the information directly to the Defendants, not to someone else. Cf. State v. Bonilla, 23 Wn. App. 869, 871-72 (1979) (no interception where an extension telephone is used with one party's consent). Because the Privacy Act clearly does not apply to this type of situation, this claim is DISMISSED with prejudice.

V.     Washington Consumer Protection Act Claim

Like her claim for breach of contract, Plaintiff's claim under the Consumer Protection Act is adequately pled to survive at this stage. To state a claim under the Washington Consumer Protection Act ("CPA"), RCW 19.86.020, a plaintiff must plead "(1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, (4) injury to the plaintiff, and (5) a causal link between the unfair or deceptive act and the injury." Walker v. Wenatchee Valley Truck & Auto Outlet, Inc., 155 Wn. App. 199, 207 (2010) (citing Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 788, 780, 784-85 (1986)). Plaintiff adequately pleads each of these elements.

Plaintiff adequately asserts that Defendants' conduct constitutes an unfair or deceptive practice because the conduct she alleges, when viewed in the light most favorable to her, has the capacity to deceive a substantial portion of the public. Hangman Ridge, 155 Wn.2d at 785. Plaintiff's complaint alleges that "millions of people" are listed in the IMDb.com database, and although she does not include an allegation of how many people have been affected by Defendants' alleged practices, it follows that a substantial number of IMDbPro's customers may be affected if her allegations are true. (Dkt. No. 34 at 3.) Plaintiff also adequately asserts that

Defendants' actions occurred "in trade or commerce," because they occurred in the conduct of Defendants' business, which affects the people of the state of Washington. RCW 19.86.010(2).

Plaintiff also meets the pleading requirements to allege effect on the public interest. In a consumer transaction, public interest is affected if the alleged acts are committed in the course of the defendant's business, if the acts are part of a pattern, if repeated acts were committed prior to the act involving the plaintiff, and if there is a real and substantial potential for repetition of the defendant's conduct. Hangman Ridge, 105 Wn.2d at 790. Plaintiff's allegation that it is "Defendants' standard business practice" to misuse customer information is sufficient to show effect on the public interest at the motion to dismiss stage. (Dkt. No. 34 at 6-8.) Plaintiff also sufficiently alleges injury and causation under the CPA by alleging harm to her career caused by unauthorized publication of her age. (Id. at 6-7.) Plaintiff has yet to prove her case under the CPA, but her pleadings are sufficient to proceed at this stage.

### VI.    Damages

Defendants object to Plaintiff's prayer for an award of punitive damages "in an amount to exceed $1 million." (Dkt. No. 15 at 17-18; Dkt. No. 34 at 12.) Defendants argue that the Washington Supreme Court has "consistently disapproved punitive damages as contrary to public policy." (Dkt. No. 15 at 17, citing Dailey v. N. Coast Life Ins. Co., 129 Wn.2d 574 (1996).) In her opposition to the present motion, Plaintiff "agrees that punitive damages beyond those trebled damages to which she is entitled pursuant to the CPA (to the extent such damages are considered punitive) are not statutorily authorized." (Dkt. No. 24 at 17.) She continues, "Plaintiff does not waive her right to seek punitive damages in the future should she amend her Complaint to include a cause of action for which punitive damages would be appropriate." (Id.) Because the parties agree that Plaintiff's current punitive damages claim (Dkt. No. 34, § V(e)) is inappropriate, the Court STRIKES Plaintiff's punitive damages claim.

VII. <u>Sanctions</u>

Lastly, both parties ask the Court to award them their costs and fees associated with the present motion. Defendants argue they are entitled to costs and fees because "Plaintiff brought an unreasonable and vexatious suit seeking to bar Defendants from publishing her date of birth—all so that she can conceal her age in the entertainment industry." (Dkt. No. 15 at 19.) Plaintiff argues that she is entitled to her costs and fees because "Defendants' Motion was unwarranted and merely obstructed the proceedings." (Dkt. No. 24 at 18.)

Local Rule GR 3 allows the Court to sanction any attorney or party who "so multiplies or obstructs the proceedings in a case as to increase the costs thereof unreasonably and vexatiously." Local Rule W.D. Wash. GR 3. Neither party demonstrates that the other side's conduct was unreasonable or vexatious, so an award of fees or costs is inappropriate here.

**Conclusion**

Because Plaintiff adequately pleads her claims for breach of contract and violation of the Washington Consumer Protection Act, the Court DENIES Defendants' motion to dismiss with regard to those causes of action. Because Plaintiff fails to meet the heightened pleading standard required to allege fraud, the Court DISMISSES Plaintiff's cause of action for fraud with leave to amend. Because Plaintiff fails to plead a valid claim under the Washington Privacy Act, which does not apply to this situation, the Court DISMISSES that claim with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 28th day of March, 2012.

Marsha J. Pechman
United States District Judge