THE HONORABLE MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

HUONG HOANG, an individual,

Plaintiff,

vs.

AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,

Defendants.

No. 2:11-cv-01709-MJP

**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF WITH JURY DEMAND**

Plaintiff Huong Hoang, by and through her undersigned counsel, states as follows upon actual knowledge with respect to herself and her own acts and upon information and belief as to all other matters complained of against defendants Amazon.com, Inc., a Delaware corporation ("Amazon") and IMDb.com, Inc., a Delaware corporation ("IMDb"), (collectively, "Defendants"):

## I. NATURE OF THE CASE

1. Amazon is one of the leading Internet companies in the country. Through its wholly-owned subsidiary, IMDb, Amazon provides free access to the world's largest "Internet Movie Database" at the website www.imdb.com. The Internet Movie Database is a very handy resume tool for employers in the film and television industry as it attempts to list every

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

production upon which a writer, performer or crew member has ever worked. Likewise, up-and-coming entertainment professionals rely on the exposure provided by the Internet Movie Database to seek employment opportunities in the entertainment industry.

2. Through IMDb, Amazon also offers a subscription service called "IMDbPro," which provides "industry insider" information to paying customers. In order to subscribe to IMDbPro, Amazon requires consumers to submit detailed personal and credit card information, purportedly for purposes of processing payment for the subscription. IMDbPro consumers also must accept IMDbPro.com's Subscriber Agreement and incorporated Privacy Policy (the "Subscriber Agreement"). It is not possible for a consumer to sign up for IMDbPro without providing his or her credit card information and accepting the terms of the Subscriber Agreement.

3. The IMDbPro subscription process plainly has great capability to invade the privacy of the subscribers and misappropriate their personal and credit card information, so Defendants go out of their way to make consumers feel safe about providing this highly confidential information. For example, the following information appears on IMDbPro's subscription page and/or in the Subscriber Agreement:

- "We guarantee that every transaction you make at IMDbPro.com will be safe."
- "Payment processing is powered by Amazon.com."
- "Our secure socket layer (SSL) software is the industry standard and among the best software available today for secure commerce transactions. It encrypts all of your personal information including credit card number, name and address so that it cannot be read as the information travels over the Internet."
- "IMDb knows that you care how information about you is used and shared, and we appreciate your trust that we will do so carefully and sensibly."
- "Further, whenever we deal with user information, we will always comply with applicable laws and regulations in doing so."

Defendants thus attempt to assuage privacy concerns, but their statements are vague, ambiguous, inaccurate and uninformative about Defendants' actual data collection and

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

information-handling procedures, and mislead consumers into thinking that their personal and credit card information is safe and will be used solely for purposes of processing payment.

4. Little do IMDbPro subscribers know, nor are they likely aware, that Defendants intercept, store, record, and use the information provided during the subscription process, including their credit card information, to research and cross-reference public records and other sources to gather as much information as possible about each individual subscriber, including, but not limited to, his or her legal name, age, race, gender, personal shopping and spending habits, and Internet activity, which acts are unknown to and not consented to by the subscribers.

5. Subscribers who happen to be one of the millions of people listed in the Internet Movie Database suffer a substantial further risk of harm of their private, personal information becoming available to the public at www.imdb.com and other affiliated and unaffiliated websites that simply copy and republish information posted at www.imdb.com.

6. In Plaintiff's case, Defendants were able to and did access Plaintiff's personal and credit card information by intercepting and recording her confidential electronic communications without or beyond her consent, further using that information to cross-reference public records and other sources to obtain, among other things, Plaintiff's legal name, age, date of birth, and other personal, confidential information, and making some of that unlawfully-obtained confidential information available to the public at www.imdb.com and other affiliated and unaffiliated websites.

7. By this practice, Defendants committed fraud, breached the terms of the Subscriber Agreement and Privacy Policy entered into with Plaintiff, and violated Plaintiff's statutory privacy and consumer protection rights as described herein. Plaintiff brings this action seeking declaratory, injunctive and monetary relief to redress Defendants' unlawful conduct.

## II. JURISDICTION AND VENUE

8. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, because the plaintiff is a citizen of a different state from those of all defendants, and the amount in controversy exceeds $75,000.

9. This Court has personal jurisdiction over defendant Amazon because it conducts

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

substantial business in the State of Washington, has its principal place of business in the State of Washington, and contracted with Plaintiff to litigate this dispute in this Court.

10. This Court has personal jurisdiction over defendant IMDb because it conducts substantial business in the State of Washington, has its principal place of business in the State of Washington, and contracted with Plaintiff to litigate this dispute in this Court.

11. The claims alleged in this Complaint arise in the State of Washington and the Western District of Washington and elsewhere.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because both defendants have their principal offices in Seattle and therefore reside in this district, the events or omissions giving rise to Plaintiff's claims occurred in this district, and the parties contracted with each other to have this Court be the venue for any disputes.

## III. PARTIES

13. Plaintiff Huong Hoang, a Texas domiciliary, is an actress and an IMDbPro subscriber who became a victim of Defendants' unlawful practices by which they obtained access to and recorded her electronic communications and data without or beyond her knowledge or consent, and whose personal and confidential information was made available to the public via Defendants' public databases and websites without her knowledge or consent.

14. Defendant Amazon is a Delaware corporation with its principal place of business located in Seattle, Washington. Amazon is fully aware of the procedures taken with consumer personal and credit card information, has aided and abetted IMDb's wrongful conduct, and has done nothing to stop that wrongful conduct.

15. Defendant IMDb is a Delaware corporation with its principal place of business located in Seattle, Washington. IMDb is a wholly owned subsidiary of defendant Amazon, and operates the world's largest online entertainment industry database at www.imdb.com.

## IV. GENERAL ALLEGATIONS

16. Plaintiff is an actress in the entertainment industry.

17. Being of Asian descent, Plaintiff has a given legal name that is extremely difficult for Americans to spell and pronounce, and is generally not conducive to obtaining employment

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

in the United States and particularly the entertainment industry. Because of this cultural disadvantage, Plaintiff adopted an Americanized stage name, Junie Hoang.

18. Prior to and throughout her acting career, Plaintiff has only and always presented herself to the public by her American stage name, Junie Hoang, and has exercised extreme care in maintaining the confidentiality of her true legal name and personal information associated with her legal name by concealing this information from the public, and never linking or associating her legal name or personal information with the stage name Junie Hoang.

19. As an unknown actress who desired exposure and work in the entertainment industry, Plaintiff began using the Internet Movie Database in 2003 by entering her acting profile information into the Internet Movie Database. Over the next several years, Plaintiff's exposure via the Internet Movie Database directly influenced most, if not all, of her employment opportunities, credits and earnings.

20. To increase her exposure in the industry, in 2008, Plaintiff subscribed to IMDbPro via the Internet website www.imdbpro.com. In order to subscribe to IMDbPro, Plaintiff was required to provide, and did provide, detailed personal and credit card information in order to pay for the subscription, including the legal name, address, and zip code associated with her credit card.

21. Shortly after subscribing to IMDbPro, Plaintiff noticed that her legal date of birth had been added to her public acting profile in the Internet Movie Database, revealing to the public that Plaintiff is many years older than she looks.

22. In the entertainment industry, youth is king. If one is perceived to be "over-the-hill," i.e., approaching 40, it is nearly impossible for an up-and-coming actress, such as the Plaintiff, to get work as she is thought to have less of an "upside," therefore, casting directors, producers, directors, agents/managers, etc. do not give her the same opportunities, regardless of her appearance or talent.

23. After discovering the public exposure of her legal date of birth in the Internet Movie Database, Plaintiff contacted IMDb and requested that it remove the date of birth associated with her public acting profile from the Internet Movie Database.

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

24. IMDb refused, and still refuses to remove the date of birth associated with Plaintiff's public acting profile from the Internet Movie Database.

25. The date of birth currently associated with Plaintiff's acting profile in the Internet Movie Database is the date of birth associated with Plaintiff's legal name, which Defendants obtained from the credit card that Plaintiff used to purchase the IMDbPro subscription.

26. Prior to subscribing to IMDbPro, there were absolutely no means by which Defendant IMDb.com could have obtained Plaintiff's legal name or date of birth.

27. Upon information and belief, IMDb obtained Plaintiff's date of birth by performing records searches using the credit card information obtained from Plaintiff during the IMDbPro subscription process, including, but not limited to, the cardholder name, address and zip code.

28. Upon information and belief, it is Defendants' standard business practice to routinely intercept, store, record, and further use consumer credit card information obtained during the subscription process for the purposes of gathering information about subscribers and enhancing Defendants' business databases, which practice is unknown to and not consented to by consumers, and is completely beyond the scope of Defendants' Subscriber Agreement, thereby breaching Plaintiff's statutory and common law rights set forth below.

29. Both Defendants are fully aware of the information-gathering, storing, and usage processes and have done nothing to stop the unlawful and wrongful practices.

30. Defendants' actions have had a double-whammy effect on Plaintiff's livelihood. First, because lesser-known forty-year-old actresses are not in demand in the entertainment business, Plaintiff has suffered a substantial decrease in acting credits, employment opportunities and earnings since Defendants' addition of Plaintiff's legal date of birth to the Internet Movie Database. Second, because Plaintiff looks so much younger than her actual age indicates, Plaintiff has experienced rejection in the industry for each "forty-year-old" role for which she has interviewed because she does not and cannot physically portray the role of a forty-year old woman.

31. Unless and until Defendants remove Plaintiff's personal birthday information

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

from the Internet Movie Database, Plaintiff will continue to suffer ongoing damages.

32. The conduct of the Defendants described herein is unfair, immoral, and unscrupulous, offends public policy, and has no countervailing benefit to consumers or competition when weighed against the harm caused by such practices.

33. Plaintiff has been seriously damaged as a proximate result of, and by, such misconduct as alleged herein in the form of a substantial decrease in annual credits and earnings and an overall diminution in value of Plaintiff's acting services.

34. Defendants' actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for the rights of Plaintiff.

## FIRST CAUSE OF ACTION
## (Breach of Contract)

35. Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

36. Upon subscribing to IMDbPro, Plaintiff and Defendants entered into a contractual relationship governed by IMDbPro's Subscriber Agreement and incorporated Privacy Policy.

37. Plaintiff performed her part of the agreement by paying for the IMDbPro subscription.

38. Upon information and belief, Defendants used the personal and credit card information provided by Plaintiff during the subscription process to build a consumer profile about Plaintiff for purposes of enhancing the value of Defendants' business databases and other unlawful purposes not known by and not consented to by Plaintiff, thereby breaching the Subscriber Agreement and Privacy Policy.

39. Upon information and belief, Defendants used Plaintiff's personal and credit card information to perform unlawful records searches and then added personal and confidential information about Plaintiff obtained from those unlawful searches to IMDb.com, making Plaintiff's personal and confidential information immediately available to the public at large in violation of Plaintiff's statutory privacy and consumer protection rights as described herein, constituting a breach of the Subscriber Agreement and Privacy Policy.

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

40. Defendants refuse to remove the unlawfully obtained personal and confidential information from www.imdb.com.

41. Since Defendants added Plaintiff's legal date of birth to the Internet Movie Database in 2008, Plaintiff has experienced a significant decrease in credits, earnings, and employment opportunities.

42. The conduct of the Defendants described herein is unfair, immoral, and unscrupulous, offends public policy, and has no countervailing benefit to consumers or competition when weighed against the harm caused by such practices.

43. Plaintiff has been seriously damaged as a proximate result of, and by, such misconduct as alleged herein in the form of a substantial decrease in annual credits and earnings and an overall diminution in value of Plaintiff's acting services.

44. Plaintiff is entitled to all appropriate relief.

**SECOND CAUSE OF ACTION**
**(Fraud)**

45. Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

46. Plaintiff purchased products from Amazon.com prior to subscribing to IMDbPro, and alleges that Amazon.com misrepresented in the Privacy agreement available on its website the terms on which Amazon.com would share her user information with IMDb.com (**Exhibit "A"**).

47. For example, Defendant Amazon.com makes at least the following material misrepresentation in its Privacy Notice (**Exhibit "A"**):

a. "We share customer information only as described below and with subsidiaries Amazon.com, Inc. controls that either are subject to this Privacy Notice or follow practices at least as protective as those described in this Privacy Notice."

48. The representation contained in paragraph 47 above was obtained from archive.org and was posted on Defendant Amazon.com website, www.amazon.com, on April 17, 2005 (**See Exhibit "A"**).

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

49. Upon information and belief, **Exhibit "A"** is one of the operative agreement(s) between Plaintiff and Defendant Amazon.com that governs whether Amazon.com may share Plaintiff's user information with others, and particularly, with Defendant IMDb.com.

50. In addition, in the IMDbPro subscriber agreement, privacy policy, and related subscription information available on IMDb.com's website (collectively, **Exhibit "B"**), Defendants materially misrepresent, including by implication and by omission, the safety, security and purposes for which they gather and use the personal and credit card information of consumers who subscribe to IMDbPro.

51. For example, Defendants made at least the following representations to Plaintiff on March 25, 2008 via the IMDbPro.com subscription pages on the Internet immediately prior to her subscribing to IMDbPro:

a. "All transactions are performed through Amazon.com's payment infrastructure."

b. "Over 30 million customers have safely used the Amazon.com payment infrastructure without credit card fraud."

c. "We accept all major credit cards and you can safely enter your credit card details via our secure server, which encrypts all submitted information."

d. "All credit cards are processed through Amazon.com's secure infrastructure and protected by Amazon.com's Safe Shopping Guarantee, which means that you pay nothing if unauthorized charges are made to your card as a result of shopping at Amazon.com."

e. "Our secure socket layer (SSL) software is the industry standard and among the best software available today for secure commerce transactions. It encrypts all of your personal information including credit card number, name and address so that it cannot be read as the information travels over the Internet."

f. "IMDb knows that you care how information about you is used and shared, and we appreciate your trust that we will do so carefully and sensibly."

g. "If you use our subscription service, we work to protect the security of your subscription information during transmission by using Secure Sockets Layer

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

(SSL) software, which encrypts information you input."

h. "Further, whenever we deal with user information, we will always comply with applicable laws and regulations in doing so."

52. The representations contained in paragraph 51 above were obtained from archive.org and were posted on Defendant IMDb.com's website, www.pro.imdb.com, as of October 11, 2007 (**See Exhibit "B"**), which is the closest date available prior to Plaintiff's subscription to IMDbPro on March 25, 2008, and these provisions reflect accurately the terms entered into between the parties.

53. Plaintiff has reviewed many IMDbPro Subscriber Agreements and Privacy Policies available via archive.org, both before and after the date on which Plaintiff subscribed to IMDbPro, and has found no substantive difference among the documents. All available evidence strongly indicates that the statements contained in Paragraph 51 above appear in the operative IMDbPro agreement.

54. Plaintiff does not agree that the exhibits annexed to the Declaration of Ashley A. Locke in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 16-1) represent an operative agreement between the parties in this matter; Plaintiff did not and does not rely on such documents to bring her claims, and Plaintiff explicitly rejects that those documents represent the operative agreement in this matter.

55. The operative agreement(s) in this matter are in the possession of the Defendants, who have failed to provide such agreement(s) to Plaintiff.

56. Plaintiff expects to receive the operative agreement(s) from Defendants during discovery.

57. Defendants' representation contained in Paragraph 47 above promises to Plaintiff that Amazon.com will not share her user information with IMDb.com because IMDb.com is not subject to Amazon.com's Privacy Notice nor does it follows practices at least as restrictive as Amazon.com's Privacy Notice (e.g., Plaintiff has alleged that IMDb data-mined her credit card information to find her date of birth, and then published that date of birth on the Internet, which is a much less restrictive practice than those described in Amazon.com's Privacy Notice.)

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

58. Amazon intended, implicitly or explicitly, to share data with IMDb, and this statement was a misrepresentation.

59. Defendants' representations contained in paragraph 51 above, combined with their omission of any statement whatsoever about Defendants' intended further uses of consumer personal and credit card information obtained during the IMDbPro and Amazon subscription process, provide consumers, including Plaintiff, with the belief and understanding that consumer personal and credit card information provided to Defendants during the IMDbPro and Amazon subscription process will be used solely for purposes of processing payment to their credit cards by Amazon.com, and therefore constitute misrepresentations.

60. Defendants' statements contained in paragraph 51 above, combined with their omission of any statements whatsoever about Defendants' intended further uses of consumer personal and credit card information obtained during the IMDbPro and Amazon subscription process lead consumers, including Plaintiff, to believe that the only risk in providing their personal and credit card data to Defendants is that the information could potentially be intercepted when traveling to Defendants over the Internet, and therefore constitute misrepresentations.

61. Defendants' statements and omissions described herein are material because they greatly influence whether consumers, and Plaintiff, will subscribe to IMDbPro or purchase products from Amazon.com.

62. Had Defendants disclosed to Plaintiff that they would data mine her credit card information or share it with each other, or that the information would be used for any other purpose than to process payment, she would not have submitted her personal and credit card information to either Defendant at any time, and as a result, Defendants would not have the personal identity information they used to find and publish Plaintiff's date of birth to the world.

63. Despite the representations in Paragraphs 47 and 51 above, Defendants were and are keenly aware that they intended to, and do, use such information for other purposes, such as to build consumer profiles for purposes of target marketing and to enhance the value of their databases (data mining), and that Defendant Amazon.com would share its user information with

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

Defendant IMDb.com; therefore Defendants' representations were and are false.

64. Despite the representations in Paragraphs 47 and 51 above, Defendants used Plaintiff's personal and credit card information for purposes other than processing payment, without Plaintiff's knowledge or consent, and far beyond the scope of use that Plaintiff understood and consented to when giving such information to Defendants.

65. Defendants made and continue to make the above statements and omissions with the intent to induce consumers to provide their personal and credit card information to Defendants, which information substantially enhances the value of Defendants' businesses.

66. Plaintiff was unaware that Defendants' representations were false and that her personal and credit card information provided to Defendants during the Amazon.com purchases and the IMDbPro.com subscription process would not be safe and secure, and would not be used by Defendants solely for purposes of processing payment.

67. Defendants' representations and omissions listed above were a material and substantial factor in Plaintiff's decision to purchase products from Amazon.com and to subscribe to IMDbPro, and Plaintiff relied on the truth of such representations and omissions when purchasing products from Amazon.com and when subscribing to IMDbPro.

68. Plaintiff had a right to rely on Defendants' statements when contracting with Defendants.

69. Plaintiff has been seriously damaged as a proximate result of, and by, the misconduct alleged herein in the form of a substantial decrease in annual credits and earnings and an overall diminution in the value of Plaintiff's acting services.

70. Defendants' conduct described herein is unfair, immoral, and unscrupulous, offends public policy, and has no countervailing benefit to consumers or competition when weighed against the harm caused by such practices.

71. Defendants' actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for the rights of Plaintiff.

72. Plaintiff is entitled to all appropriate relief.



DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

**THIRD CAUSE OF ACTION**
**(Violation of Washington's Privacy Act)**

73. This cause of action was dismissed by Court Order of March 28, 2012 (Dkt. 42), but is preserved here by Plaintiff for purposes of appeal.

74. Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

75. The communication transmitting personal and credit card information by Plaintiff between her computer and Defendants over the Internet is a "private communication transmitted by a device" which was intercepted and recorded by Defendants' servers and databases without or beyond the consent of Plaintiff.

76. Defendants intentionally intercepted and recorded Plaintiff's electronic communication in violation of RCW 9.73.030 by intending to store, record, and further use Plaintiff's personal and credit card information for unlawful purposes without Plaintiff's consent or authorization.

77. The conduct of the Defendants described herein is unfair, immoral, and unscrupulous, offends public policy, and has no countervailing benefit to consumers or competition when weighed against the harm caused by such practices.

78. Plaintiff has been seriously damaged as a proximate result of, and by, such misconduct as alleged herein in the form of a substantial decrease in annual credits and earnings and an overall diminution in value of Plaintiff's acting services.

79. Plaintiff is entitled to all appropriate relief.

**FOURTH CAUSE OF ACTION**
**(Violation of Washington's Consumer Protection Act)**

80. Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

81. Defendants materially misrepresent the safety, security and purpose for which they gather and use the personal and credit card information of consumers who subscribe to IMDbPro.

82. Plaintiff relied on Defendants' misrepresentations when deciding to subscribe to

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

IMDbPro and submit her personal and credit card information.

83. The Defendants' conduct constitutes unfair and fraudulent business acts and practices because the conduct has a tendency and is likely to deceive, and did deceive, the Plaintiff and the general public in violation of Washington's Consumer Protection Act.

84. The conduct of the Defendants described herein is unfair, immoral, and unscrupulous, offends public policy, and has no countervailing benefit to consumers or competition when weighed against the harm caused by such practices.

85. Plaintiff has been seriously damaged as a proximate result of, and by, such misconduct as alleged herein in the form of a substantial decrease in annual credits and earnings and an overall diminution in value of Plaintiff's acting services.

86. Defendants' actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for the rights of Plaintiff.

87. Plaintiff is entitled to all appropriate relief, including treble damages, and all costs of suit, including reasonable attorneys' fees.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor as follows:

a. Declaring the challenged acts and practices to be unlawful;

b. Requiring Defendants to remove all unlawfully-obtained information from Defendants' servers, databases and public websites, including but not limited to, the Plaintiff's date of birth posted at www.imdb.com and other affiliated and unaffiliated websites, and forever refrain from adding, reposting, and republishing such information, including such information submitted to Defendants by third parties;

c. Enjoining and restraining Defendants from any further similar unlawful acts or practices, including, but not limited to, intercepting, storing, recording, using and releasing to the public or publicly associating in any manner Plaintiff's legal name, date of birth, age, address, and zip code, including adding, posting, and publishing such information submitted to Defendants by third parties;

d. Awarding Plaintiff compensatory damages in an amount to exceed $75,000;

DOZIER INTERNET LAW, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
(804) 346-9770

e. Awarding Plaintiff treble damages and the expenses of this litigation, including the fees and costs of experts and reasonable attorneys' fees and costs in accordance with the claims described herein; and

f. Granting other legal and equitable relief that the Court deems appropriate.

## VI. JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 25th day of April, 2012.

**DOZIER INTERNET LAW, P.C.**

By: /s/ John W. Dozier, Jr.
John W. Dozier, Jr., Esq., VSB No. 20559
*Admitted pro hac vice*
11520 Nuckols Rd., Suite 101
Glen Allen, Virginia 23059
Tel: (804) 346-9770
Fax: (804) 346-0800
Email: jwd@cybertriallawyer.com

**NEWMAN DU WORS LLP**
Derek A. Newman, WSBA No. 26967
Randall Moeller, WSBA No. 21094
1201 Third Avenue, Suite 1600
Seattle, Washington 98101

*Attorneys for Plaintiff Huong Hoang, an individual*

**CERTIFICATE OF SERVICE**

I certify that on April 25, 2012, I electronically filed the foregoing SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF WITH JURY DEMAND with the Clerk of the Court using the CM/ECF system, thereby sending notification of such filing to the following attorneys of record.

Ashley A. Locke, Esq.
Breena Michelle Roos, Esq.
Charles C. Sipos, Esq.
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 25th day of April, 2012.

**DOZIER INTERNET LAW, P.C.**

By: /s/ John W. Dozier, Jr.
John W. Dozier, Jr., Esq., VSB No. 20559
*Admitted pro hac vice*
11520 Nuckols Rd., Suite 101
Glen Allen, Virginia 23059
Tel: (804) 346-9770
Fax: (804) 346-0800
Email: jwd@cybertriallawyer.com

**NEWMAN DU WORS LLP**
Derek A. Newman, Esq., WSBA 26967
Randall Moeller, Esq., WSBA No. 21094
1201 Third Avenue, Suite 1600
Seattle, Washington 98101

*Attorneys for Plaintiff Huong Hoang, an individual*