THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>            Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC. a Delaware corporation,<br><br>            Defendants. | CASE NO. C11-1709-MJP<br><br>DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b)<br><br>NOTE FOR CONSIDERATION:  May 25, 2011 |

## I.    INTRODUCTION

On March 30, 2012, this Court dismissed, among other things, Plaintiff Huong Hoang's ("Plaintiff") fraud claim against Defendants IMDb.com, Inc. ("IMDb.com") and Amazon.com, Inc. ("Amazon.com" and, collectively, "Defendants") because her prior complaint did "not include any specific information about the identity of who made [the allegedly fraudulent] statements at issue, how they were made, or how Defendants may have known of their falsity." *See* March 30, 2012 Order (Dkt. No. 42) ("Dismissal Order") at 8. Plaintiffs' Second Amended Complaint ("SAC") does not cure these defects. In fact, the SAC only exacerbates these flaws. By co-mingling her allegations with indistinct descriptions of IMDb.com's and Amazon.com's

MOTION TO DISMISS PURSUANT TO RULES
12(b)(6) AND 9(b) (No. 01709-MJP) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL23575553.2

policies, Plaintiff fails to provide the requisite clarity between and among Defendants that the law demands.

With respect to Amazon.com, instead of providing the greater specificity the Court ordered, Plaintiff's fraud claim now includes the vague allegation that Amazon.com "intended" to share information with IMDb.com. There is no allegation that Amazon.com actually *did* share any information relevant to this action with IMDb.com, much less that it shared information with IMDb.com concerning Plaintiff specifically. The amended fraud claim is merely a thinly veiled attempt to keep Amazon.com in this lawsuit, even though the gravamen of Plaintiff's allegations concern her interactions with IMDb.com. For this reason, to the extent that this Court dismisses Plaintiff's fraud claim with respect to Amazon.com, Amazon.com reserves its right to seek dismissal of Plaintiff's other claims as to Amazon.com specifically.

Even as to Plaintiff's interactions with IMDb.com, however, the SAC still fails to properly allege fraud. Plaintiff does not identify with specificity a particular statement she claims is false, relying instead on a hodge-podge of different statements from IMDb.com's Subscription Agreement and Privacy Policy and then generally alleging that these statements "combined with [Defendants'] omission[s]," taken as a whole, "constitute misrepresentations." SAC (Dkt. No. 45) at ¶ 60. This precise defect led the Court to dismiss Plaintiff's prior complaint. *See* Dismissal Order at 9 ("A broadly worded complaint alleging that Defendants misused Plaintiff's personal information is enough, at this stage, to support some causes of action, but not fraud.").

Accordingly, Plaintiff's fraud claim should be dismissed as to both Defendants pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## II.    STATEMENT OF FACTS

### A.    The Court's Prior Dismissal Order

On March 30, 2012, this Court dismissed Plaintiff's fraud claim, with leave to amend, because the complaint failed to allege fraud with the specificity mandated by Rule 9(b). Dismissal Order at 8 ("Even recognizing that pleading requirements vary with the facts of each

MOTION TO DISMISS PURSUANT TO RULES
12(b)(6) AND 9(b) (No. 01709-MJP) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

case, Plaintiff's allegations fail to meet the heightened pleading standard for fraud because they do not include any specific information about the identity of who made the statements at issue, how they were made, or how Defendants may have known of their falsity."). The Court likewise found that Plaintiff had failed to allege with particularity facts supporting each of the elements of a fraud claim under Washington law, noting that "[a] broadly worded complaint alleging that Defendants misused Plaintiff's personal information is [not] enough . . . to support . . . fraud." *Id.* at 9. Plaintiff was given leave to amend the fraud claim by "including facts meeting the requisite standard of particularity." *Id.* at 9. *See also id.* at 12 (dismissing Plaintiff's fraud claim with leave to amend). On April 25, 2012, in response to the Court's Dismissal Order, Plaintiff filed her SAC.[1]

**B.     Summary of Allegations in Plaintiff's Second Amended Complaint**

The body of Plaintiff's SAC remains largely unchanged from the First Amended Complaint ("FAC"), the version that this Court previously dismissed. *Compare* FAC (Dkt. No. 34) at ¶¶ 3-34, *with* SAC at ¶¶ 3-34; *see also* Locke Decl. Ex. A at 2-7. For example, the SAC still contains the same vague allegations regarding the "IMDb.com pro subscription process," and various statements in the Subscriber Agreement that Plaintiff contends—without further specificity—are "inaccurate." *Compare* FAC at ¶ 3, *with* SAC at ¶ 3; *see also* Locke Decl. Ex. A at 2-3. Plaintiff identifies five statements from the IMDb.com Subscriber Agreement that she alleges "mislead" customers, but she does not allege which of these particular statements are false, which she relied on, or which she had any right to rely on. SAC at ¶ 3.

**1.     Allegations Regarding Amazon.com**

In amending her fraud cause of action, Plaintiff includes new allegations concerning *Amazon.com's* Privacy Notice. *See* SAC at ¶¶ 46-49; *see also* SAC at Ex. A (Amazon.com Privacy Notice). Plaintiff alleges that Amazon.com's Privacy Notice made "material

---

[1] Defendants have prepared and submitted with this Motion to Dismiss a redlined version of Plaintiff's SAC, with changes in red reflecting Plaintiff's new, or otherwise altered, allegations. *See* Decl. of Ashley Locke in Supp. of Mot. to Dismiss ("Locke Decl.") ¶ 2, Ex. A.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

misrepresentations" concerning the terms under which Amazon.com may share with its subsidiaries information that customers submit to Amazon.com during the purchasing process. *Id.* at ¶ 47. She relies on these allegations for her fraud claim despite the plain language of Amazon.com's Privacy Notice, which states in part: "We share customer information only as described below and with subsidiaries Amazon.com, Inc. controls that either are subject to this Privacy Notice or follow practices at least as protective as those described in this Privacy Notice." *Id*. at Ex. A at 1.

Although Plaintiff alleges that she purchased items from Amazon.com at some point in the past (she does not specify when, *see* SAC at ¶ 46), she does not allege that she provided credit card or other personal information to Amazon.com. Nor does Plaintiff allege that any credit card information provided to Amazon.com was the basis for the alleged "data mining" that Plaintiff contends occurred with respect to her (publicly available) birth date. To the contrary, Plaintiff carries over from her prior complaint the allegations that the credit card information at issue was provided during the IMDbPro subscription process. *See* SAC at ¶¶ 4, 20-21, 25-26 ("The date of birth currently associated with Plaintiff's acting profile in the Internet Movie Database is the date of birth associated with Plaintiff's legal name, which Defendants obtained from the credit card that *Plaintiff used to purchase the IMDbPro subscription*." (SAC at ¶ 25) (emphasis added)).

Plaintiff nonetheless alleges that Amazon.com "intended, implicitly or explicitly, to share data with IMDb.com." SAC at ¶ 58; *see also id.* ¶ at 63 ("Defendant Amazon.com would share its user information with Defendant IMDb.com"). Plaintiff does not allege what data Amazon.com "intended" to share with IMDb.com, how Amazon.com "intended" to share information with IMDb.com, or that Defendants actually did share any information. Plaintiff does not allege that Amazon.com shared any of *her* information with IMDb.com, much less any information germane to this lawsuit. Nor does Plaintiff make any attempt to explain how, if at all, the allegations of the unspecified "data sharing" fit with the allegations regarding Plaintiff's

MOTION TO DISMISS PURSUANT TO RULES
12(b)(6) AND 9(b) (No. 01709-MJP) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

interactions with IMDb.com and the credit card information shared during the subscription

process for that website's IMDbPro service. Indeed, earlier in the SAC, and inconsistent with

later allegations of "intended" sharing of information, Plaintiff alleges that Amazon.com "has

done nothing to stop" IMDb.com's alleged wrongful conduct. *Id.* at ¶ 14.

Based on these allegations, Plaintiff subsequently commingles her allegations to contend

that *both Defendants* supposedly committed fraud. *See id.* at ¶¶ 59-72 (all subsequent fraud

allegations made against "Defendants" without identifying whether Amazon.com or IMDb.com

was the source of the alleged fraudulent conduct).

### 2.     Allegations Regarding IMDb.com

The allegations as to IMDb.com's role in this purported fraud are similarly opaque.

Plaintiff now claims to have identified the IMDbPro Subscriber Agreement and Privacy Policy,

as well as language from the IMDb.com website that was allegedly operative in March 2008

when she subscribed to IMDbPro. *See* SAC at ¶ 51, Ex. B. From these various sources, Plaintiff

points to eight statements she concludes are "misrepresentations." Plaintiff does not identify

which of these statements is false, who made them, on which statements she relied, or which

statements IMDb.com intended her to rely on. SAC at ¶ 59. Instead, Plaintiff aggregates these

eight statements and alleges that, taken as a whole and "combined with their omission of any

statement whatsoever about Defendants' intended further uses of consumer personal and credit

card information," the statements and alleged omissions provide "consumers, including Plaintiff,

with the belief and understanding that consumer personal and credit card information provided to

Defendants during the IMDbPro and Amazon subscription process will be used solely for the

purposes of processing payment to their credit card by Amazon.com, and therefore constitute

misrepresentations." SAC at ¶ 59. Again, her allegations regarding the falsity of the

misrepresentations group Defendants together without specific detail, identification, or

particularity. *Id.*

MOTION TO DISMISS PURSUANT TO RULES
12(b)(6) AND 9(b) (No. 01709-MJP) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The SAC then goes on to provide a rote recitation of the elements of falsity, knowledge of falsity, intent, reliance and damage, without providing any additional information about how or why the allegations in paragraphs 51 and 59 support those elements. *See id.* at ¶¶ 63, 65-69.

### III.    ARGUMENT

**A.    Legal Standards**

**1.    Federal Rule 12(b)(6)**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Because Defendants move to dismiss pursuant to Rule 12(b)(6), properly pled factual allegations in the SAC must be taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The SAC cites and relies on contents of Subscriber Agreement and Privacy Policy for the IMDbPro service, portions of the IMDb.com website, and Amazon.com's Privacy Notice. *See, e.g.*, SAC at ¶¶ 46-53. Consequently, these documents may be treated as part of the operative complaint and their contents may be considered by the Court on this motion to dismiss. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (courts may consider evidence on which the complaint necessarily relies). However, conclusory allegations of fact in the SAC are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**2.    Federal Rule 9(b)**

Fraud claims are subject to a heightened pleading standard under Rule 9(b), which requires pleading "with particularity the circumstances constituted fraud or mistake." Fed. R. Civ. P. 9(b); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999) (federal standards govern pleading standards in diversity cases). This rule requires a plaintiff to include details regarding the "who, what, when, where, and how" of the alleged fraudulent conduct. *Ebied v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). The purpose of the rule is to require that allegations "be specific enough to give defendants notice of the particular misconduct . . . so that

MOTION TO DISMISS PURSUANT TO RULES
12(b)(6) AND 9(b) (No. 01709-MJP) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)); *see also Calfasso v. Gen. Dyn. C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (allegation that "identifies a general sort of fraudulent conduct but specifies no particular circumstances . . . is precisely what Rule 9(b) aims to preclude"). Rule 9(b) also serves to protect reputations and to reduce the economic cost to the courts, the parties, and society in general. *Kearns*, 567 F.3d at 1125 (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)). Similarly, Washington law (which is the law governing Plaintiff's fraud claim) requires allegations to state each of the nine elements of fraud, with facts sufficient to describe the fraud with particularity. *See Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 165 (1987) (complaint must allege "specific fraudulent acts").

### 3.    Dismissal With Prejudice

Dismissal of a claim with prejudice is appropriate when a party fails to allege facts demonstrating the cause of action and amendment would be futile. *Dougherty v. City of Covina*, 654 F.3d 892, 201 (9th Cir. 2011) (citing *Albrecht v. Lund*, 845 F.2d 196, 195 (9th Cir.), *modified*, 856 F.2d 111(9th Cir. 1988)). Further, where "a plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted); *see also Benas v. Shea Mortg. Inc.*, 2012 WL 993281, *4 (S.D. Cal. Jan. 12, 2012) (dismissing with prejudice "[b]ecause this is Plaintiffs' second chance to plead a cause of action . . . and Plaintiffs have still failed to [adequately] plead").

### B.    Plaintiff's Fraud Claim Should Be Dismissed

Plaintiff's fraud claim, as alleged in the SAC, fails to meet the standards of Rule 9(b) and Washington common law. First, as well as adding more words, Plaintiff's second amended fraud

MOTION TO DISMISS PURSUANT TO RULES
12(b)(6) AND 9(b) (No. 01709-MJP) – 7

24976-0480/LEGAL23575553.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

claim also adds new defects by failing to distinguish between Defendants Amazon.com and IMDb.com. Second, to the extent that the SAC can be parsed to contain any intelligible allegations of fraud as to Amazon.com, it only concerns Amazon.com's alleged *intentions*, and therefore is insufficient to state a claim for fraud. Third, Plaintiff's SAC fails to cure the prior complaint's defects as to the specificity and particularity required by Rule 9(b) and Washington law.

>    1.    **Plaintiff fails to distinguish between Defendants Amazon.com and IMDb.com, as required to state a claim for fraud.**

As part of its heightened pleading requirement, "Rule 9(b) does not allow a complaint to lump multiple defendants together but require(s) plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (internal quotation marks and ellipses omitted) (quoting *Cisneros v. Instant Capital Funding Grp., Inc.*, 263 F.R.D. 595, 606-07 (E.D. Cal. 2009)). Thus, a complaint that broadly alleges that "everyone did everything" and simply "group[s] multiple defendants together and fail[s] to set out which of the defendants made which of the fraudulent statements/conduct" is inadequate. *Destfino*, 630 F.3d at 958 (internal quotation marks omitted) (affirming dismissal of second amended complaint alleging fraud against multiple defendants). In a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)); *see also U.S. v. Corinthian Colleges*, 655 F.3d 984, 997-98 (9th Cir. 2011) (citing *Swartz* for same principle); *Bruce v. Harley-Davidson, Inc.*, 2010 WL 3521775, *4 (C.D. Cal. 2010) ("Because plaintiffs do not distinguish between defendants . . . , the Court finds that plaintiffs do not plead with sufficient particularity attribution of the role in the alleged fraudulent scheme . . . as to each defendant.").

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Here, Plaintiff does not delineate between alleged fraudulent acts by Amazon.com versus those by IMDb.com. By co-mingling Defendants' alleged acts in her fraud allegations, Plaintiff does not provide Defendants with notice of who allegedly did what in order to meet Rule 9(b)'s heightened pleading requirements. For example, Plaintiff alleges that "Defendants used personal and credit card information for purposes other than processing payment," but does not allege any facts that identify which Defendant did what. SAC at ¶ 64.

Further, the allegations as to each Defendant are contrary and inconsistent. In one breath, the Plaintiff alleges that both Defendants made representations to her regarding the terms of her subscription to IMDbPro and proceeded to use Plaintiff's credit card information for purposes other than payment. *See* SAC at ¶¶ 50-51, 64. Yet simultaneously, she identifies IMDb.com as the source of the representations at issue, and contends that credit card information that she provided to IMDB.com alone was the sole means by which her name or birth date could have been obtained. *Id.* at ¶ 50, Ex. B (identifying IMDb.com website pages and IMDBPro Subscriber Agreement and Privacy Policy); *id.* at ¶ 26 ("Prior to subscribing to IMDbPro, there were absolutely no means by which Defendant IMDb.com could have obtained Plaintiff's legal name or date of birth."). By her allegations, both Amazon.com and IMDb.com used her credit card information for purposes other than payment, but IMDb.com was the only defendant that could have done so.

Plaintiff's fraud claim does not meet the Rule 9(b) requirements for alleging fraud against multiple defendants; it leaves Amazon.com and IMDb.com to speculate as to which entity supposedly played what role in Plaintiff's vaguely drawn outline of fraud. *See Destfino*, 630 F.3d at 958 (fraud allegations must delineate between each defendant's particular role in the alleged fraud). Further, Plaintiff's allegations fail to meet the requirement of stating the "who, what, where and when" required of fraud claims—the SAC does not explain who took what role in the alleged fraud, what each Defendant did, and when. *Ebied*, 616 F.3d at 998 (fraud claim must identify facts sufficient to identify who, what, where and when of the defendant's perpetration of

MOTION TO DISMISS PURSUANT TO RULES
12(b)(6) AND 9(b) (No. 01709-MJP) – 9

24976-0480/LEGAL23575553.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the alleged fraud). Accordingly, Plaintiff's fraud claim is not adequately pled, and should be dismissed in its entirety.

### 2.    Plaintiff does not properly allege fraud by Amazon.com.

To the extent that the SAC contains any intelligible fraud allegations directed at Amazon.com, the allegations are not premised on any misrepresentation of existing facts, but instead rest entirely on allegations that Amazon.com "intended" to undertake certain acts, not that it actually did them. The only allegation in Plaintiff's fraud claim addressing any conduct by Amazon.com is a statement in Amazon.com's Privacy Notice that it only shares information with its subsidiaries that follow the terms of Amazon.com's Privacy Notice or have terms at least as protective as Amazon.com's Notice.  SAC at ¶ 47, Ex. 1 (emphasis added). Plaintiff subsequently alleges that Amazon.com "*intended*, implicitly or explicitly, to share data with IMDb[.com]," a subsidiary of Amazon.com. *Id.* at ¶ 58 (emphasis added). These statements of Amazon.com's supposed "intentions" are insufficient to state a claim for fraud, and do not satisfy the requirement that Plaintiff allege fraud with particularity.

First, the SAC does not allege that Amazon.com actually did share data with IMDb.com—only that Amazon.com *intended* to do so. This is not enough to maintain a fraud claim. To state a claim for fraud, a plaintiff must assert a misrepresentation of an "existing fact"; "[a] promise of future performance is not a representation of an existing fact and will not support a fraud claim." *Segal Co. (E. States), Inc. v. Amazon.com*, 280 F. Supp. 2d 1229, 1232-33 (W.D. Wash. 2003) (internal citation and quotations omitted) (dismissing fraud claim pursuant to Rule 12(b)(6) where the claim rested on a misrepresentation of an intent to fulfill a future promise); *see also W. Coast, Inc. v. Snohomish Cnty.*, 112 Wn. App. 200, 206, 48 P.3d 997 (2002) (dismissing fraud claim where plaintiff alleged a promise of future performance rather than a representation of an existing fact).

Even then, Plaintiff fails to allege any details about Amazon.com's "implicit or explicit intent" to share data. The SAC does not contain allegations of who intended to share what kind

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of data, for what purpose, how the data was shared, or when such sharing was intended to happen. And the SAC further fails to identify any facts or circumstances to indicate that Amazon.com ever shared any of Plaintiff's data or information with IMDb.com at all.

Second, setting aside Plaintiff's improper attempt to premise a fraud claim on ill-specified allegations of Amazon.com's "intention" to share data, Plaintiff likewise fails to allege with any specificity how or why IMDb.com is either not "subject to th[e] [Amazon.com] Privacy Notice or [does not] follow practices as protective as those described in this Privacy Notice." SAC at ¶ 47 (quoting Ex. A, Amazon.com Privacy Notice). Plaintiff states a bare legal conclusion that IMDb.com does not follow practices as restrictive as Amazon.com's Privacy Notice, *id.* at ¶ 57, but does not do so with the particularity required by the federal rules. Indeed, her entire fraud theory is contradicted by the very documents Plaintiff attaches to the SAC. A comparison of the terms of Amazon.com Privacy Notice addressing data sharing with the terms of the IMDb.com Privacy Notice addressing data sharing reveals that the Notices are virtually identical. *See, e.g.*, Ex. A at 1 ("Promotional Offers: Sometimes we send offers to selected groups of Amazon.com customers on behalf of other businesses. When we do this, we do not give that business your name and address."); Ex. B. at 11 ("Promotional Offers: Sometimes we send offers to selected groups of IMDb users on behalf of other businesses. When we do this, we do not give that business your name and e-mail address.") (representative terms of Amazon.com and IMDb.com Privacy Notices; remaining terms regarding data sharing substantively identical).

In sum, Plaintiff's allegations directed towards Amazon.com fail to state a claim for fraud because they are premised on mere intent, not a representation about an existing fact. *See Segal Co.*, 280 F. Supp. 2d at 1232-33; *W. Coast, Inc.*, 112 Wn. App. at 206. Further, they are not "specific enough to give [Amazon.com] notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns*, 567 F.3d at 1124; *see also Calfasso v. Gen. Dyn. C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (allegation that "identifies a general sort of fraudulent conduct but specifies no particular

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

circumstances . . . is precisely what Rule 9(b) aims to preclude"). Even if Plaintiff did allege that Amazon.com shared information with IMDb.com, such allegations still fall short of fraudulent misrepresentation because it would not be inconsistent with Amazon.com's Privacy Notice. Plaintiff's fraud claim directed at Amazon.com must therefore be dismissed in its entirety.

### 3.    Plaintiff does not properly allege fraud by IMDb.com.

The elements of fraud provided under Washington law are:

> (1) A representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of the representation, (8) his right to rely on it, [and] (9) his consequent damage.

*Kirkham v. Smith*, 106 Wn. App. 177, 183 (2001). A plaintiff is required to allege each element with particularity such that the complaint "informs the defendant of who did what and describes the fraudulent conduct and mechanisms." *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 165 (1987); *see also Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624 (7th Cir. 1990)) (upholding fraud claim because it identified specifics of "who, what, when, and where"). Plaintiff's SAC does neither as to supposed conduct by IMDb.com.

First, Plaintiff admits that she has not offered this Court the first element of fraud, a "representation of an existing fact." Dkt. 45 at ¶¶ 55-56 (alleging Plaintiff "expects to receive the operative agreement(s)"). Despite including copies of past privacy policies as exhibits, Plaintiff refuses to commit to specific statements that she contends are the false representations at issue. Instead, she broadly alleges that "IMDbPro.com subscription pages" and accompanying Privacy Notice and Subscription Agreement contain fraudulent statements, while simultaneously admitting that she does not know what version of those policies or statements applies to her case. *Id.* at ¶¶ 51-54. Further, Plaintiff's fraud claim directed at IMDb.com suffers the same deficiencies as her fraud claim against Amazon.com—it lacks allegations that IMDb.com made a

MOTION TO DISMISS PURSUANT TO RULES
12(b)(6) AND 9(b) (No. 01709-MJP) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

statement of existing fact. *See Segal Co.*, 280 F. Supp. 2d at 1232-33; *West Coast, Inc.*, 112 Wn. App. at 206. Most of the purported statements upon which she relies are not representations of "existing fact" and therefore are insufficient to support a claim of fraud. The statement that a defendant "will comply" or "will [use and share information] carefully and sensibly" are future promises, not statements of existing facts. SAC ¶ 3. Plaintiff, again, fails to identify specific statements that she alleges are the basis for a defendant's misrepresentation.

Even if documents attached to the SAC are the operative agreements (and the statements Plaintiff quotes in the SAC "for example" are the relevant language), Plaintiff still has not cured the defects in the SAC that failed to include "any specific information about the identity of who made the statements at issue, how they were made, or how Defendants may have known of their falsity." Dismissal Order at 8. The SAC continues to reference the same collection of statements taken from IMDbPro's subscription page and Subscriber Agreement as the purported misrepresentations, but does not tether these statements to any later allegation providing the required assertions of fact regarding knowledge of falsity, intent for reliance, ignorance of falsity, reliance, or right to rely with the required level of particularity. *See* Dismissal Order at 9; SAC at ¶ 3; *see also* Locke Decl., Ex. A ¶ 3 (allegations identical to those in prior complaint identifying five statements as supposed misrepresentations). For instance, she relies on IMDb.com's explanation of "secure socket layer" encryption technology. SAC ¶ 3. Even if this qualifies as a statement of existing fact, the explanation is hardly a sufficient basis for Plaintiff's allegations that IMDb.com committed fraud by sharing her personal information—and Plaintiff does not allege that IMDb.com inaccurately described the secure socket layer technology. Plaintiff's method to address these Court-identified defects is simply to add additional statements that are purported misrepresentations by IMDb.com— a "cure" that adds *more* vagueness, not less, to the fraud claim. *See* SAC at ¶ 51 (identifying eight statements, three of which are duplicative of those in SAC ¶ 3).

MOTION TO DISMISS PURSUANT TO RULES
12(b)(6) AND 9(b) (No. 01709-MJP) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL23575553.2

Beyond the bare identification of these misrepresentations, Plaintiff does not specify which statements are false, which statements IMDb.com knew where false and intended Plaintiff to rely on, and which statements she had a right to rely on. Instead, Plaintiff lumps these statements together and then generally alleges that, taken as a whole and "combined with the omission of any statement whatsoever about Defendants' intended further uses of consumer personal and credit card information," these statements constitute misrepresentation. SAC ¶ 59.

Unable to allege a particular representation, Plaintiff also fails to allege knowledge of falsity—in fact, she does not allege that IMDb.com knew, at any level, that the representation (whatever that representation turns out to be) was false. The SAC does not include a single factual allegation to tether a particular representation to IMDb.com's knowledge of falsity of that representation.

Plaintiff then proceeds to offer a rote recitation of the remaining elements of fraud, *see* SAC ¶¶ 61-69, but these later allegations are each built upon her undifferentiated and non-specific claims of misrepresentation. This is insufficient to satisfy Rule 9(b) and Washington law. *Gutierrez v. Cort*, No. C10-1072Z, 2010 WL 5300574 (W.D. Wash. Dec. 21, 2010) (dismissing fraud claim where plaintiff's allegations were "conclusory" and "vague") ("The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than just . . . a formulaic recitation of the elements of a [fraud] cause of action."); *see also BP W. Coast Prods., LLC v. Shalabai*, No. C11-1341MJP, *3-*4 (W.D. Wash. Feb. 10, 2012) (dismissing fraud claim where plaintiff's "recitation of facts" and "boilerplate conclusions that certain facts constitute fraud" were "too ambiguous" for the court to consider each element was plead with particularity); *Ballard v. Bank of Am.*, No. C10-5668BHS, 2011 WL 941006, *2-*3 (W.D. Wash. March 15, 2011) (dismissing fraud claim because plaintiff failed to plead each element with specificity); *Hewitt v. Wells Fargo Bank*, No. C11-5147BHS, 2011 WL 2144627, *2 (W.D. Wash. May 31, 2011) (dismissing fraud claim because plaintiff failed to allege specific facts in support); *Kreidler v. Pixler*, No. C06-0697RSL, 2006 WL 3539005, *9 (W.D. Wash. Dec. 7,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2006) (dismissing fraud and conspiracy claim sounding in fraud for lack of specificity required by Rule 9(b), as "the complaint contains only general allegations that mirror the elements" without specifics).

Plaintiff's failure to plead each element with particularity ("who did what," the specific statements at issue, identity of any person who made such statements, or how IMDb.com knew of falsity of such statements) is fatal to her fraud claim. Thus, Plaintiff's fraud claim as to IMDb.com should be dismissed.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's fraud claim should be dismissed with prejudice.

DATED:  May 9, 2012

Perkins Coie LLP

By:  s/ Breena M. Roos

Breena M. Roos #34501
Charles C. Sipos, # 32825
Ashley A. Locke #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  BRoos@perkinscoie.com
          CSipos@perkinscoie.com
          ALocke@perkinscoie.com

Attorneys for Defendants Amazon.com, Inc.
and IMDb.com, Inc.

MOTION TO DISMISS PURSUANT TO RULES
12(b)(6) AND 9(b) (No. 01709-MJP) – 15

24976-0480/LEGAL23575553.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000