THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUONG HOANG, an individual,

Plaintiff,

vs.

AMAZON.COM, INC., a Delaware corporation,

and IMDB.COM, INC., a Delaware corporation,

Defendants.

No.  2:11-CV-01709-MJP

**PLAINTIFF HUONG HOANG'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b)**

COMES NOW Plaintiff Huong Hoang ("Plaintiff"), an individual, and requests that this Court deny Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 46)  ("Motion to Dismiss") and presents this brief in opposition to that motion in support of her request.

Plaintiff Huong Hoang's Brief in Opposition to
Defendants' Motion to Dismiss Pursuant to
Federal Rules of Civil Procedure 12(b)(6) and
9(b)
Case No. 11-CV-01709

Page 1 of 11

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

1

## I.   <u>INTRODUCTION</u>

2      Defendant Amazon.com, Inc. ("Amazon"), a Delaware Corporation, is one of the leading

3  Internet companies in the country which, through its wholly-owned subsidiary, IMDb.com, Inc.

4  or the "Internet Movie Database" ("IMDb"), attempts to list every movie or television program on

5  which every actor, writer, director, or other such film and television industry person has worked.

6  IMDb provides a paid subscription-based service, "IMDbPro," offering "industry insider

7  information" to help subscribers manage their database profile.  *See* Second Amended Complaint

8  for Damages and Injunctive Relief with Jury Demand (Dkt. No. 45) ("SAC") ¶¶ 1, 2.  Plaintiff is

9  an actress who uses and has used a fictitious stage name to keep her "legal" or "actual" identity

10 separate from her stage identity throughout her career.  *Id.*  ¶¶ 13, 16-18.

11     Plaintiff had purchased items through Amazon independent of IMDb before subscribing to

12 IMDbPro, as a result of which she provided personal and credit card information, which

13 information she provided only based on Amazon's assertion through its own privacy policy that

14 transactions with Amazon would be safe and secure.  *Id.* ¶¶ 46, 62, Exhibit A.  To promote

15 herself and her acting career Plaintiff subscribed to IMDbPro (*Id*. ¶¶ 2, 19, 20).  In subscribing,

16 Plaintiff was required to provide IMDb with "detailed personal and credit card information…

17 including the legal name, address, and zip code associated with her credit card," which

18 information she provided only based on IMDb's assertion through its privacy policy that

19 transactions with IMDb would be safe and secure.  *Id.* ¶¶ 20, 51, 62, Exhibit B.  Shortly after

20 providing this information and subscribing to IMDbPro, Plaintiff's "legal" or "actual" date of

21 birth was published on her IMDb profile, as opposed to that associated with her stage name.  *Id.* ¶

22 21.

23     This cause comes before the Court upon Defendants' Motion to Dismiss Pursuant to

24 Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 9(b), which is the second Motion to

25 Dismiss filed by Amazon and IMDb based upon the sufficiency of pleadings filed by Plaintiff in

26 this matter.  In ruling upon Defendants' first such Motion to Dismiss (Dkt. No. 15) this Court

Plaintiff Huong Hoang's Brief in Opposition to
Defendants' Motion to Dismiss Pursuant to
Federal Rules of Civil Procedure 12(b)(6) and
9(b)
Case No. 11-CV-1709

Page 2 of 11

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

1   dismissed the fraud claim in Plaintiff's First Amended Complaint (Dkt. No. 34) ("FAC") on the

2   grounds that "Plaintiff's allegations fail to meet the heightened pleading standard for fraud

3   because they do not include any specific information about the identity of who made the

4   statements at issue, how they were made, or how Defendants may have known of their falsity."[1]

5   *See* March 30, 2012 Order (Dkt. No. 42) at 8.  Plaintiff cured this by attaching the Defendants'

6   respective privacy policies in effect at the time of her subscription to IMDbPro and making other

7   changes to the allegations.  *See* SAC, Exhibits A and B.

8       Plaintiff has addressed the Court's concerns with her fraud claim in her SAC, and Plaintiff

9   has adequately pled allegations sufficient to support a fraud claim.  This Court should therefore

10  deny Defendants' Motion to Dismiss.

11                              **II.    STANDARD OF REVIEW**

12      **A.    FRCP 12(b)(6)**

13      A court considers a motion to dismiss pursuant to FRCP 12(b)(6), "accepting as true all

14  facts alleged in the complaint, and drawing all reasonable inferences in favor of the plaintiff."  In

15  considering a motion to dismiss, a court considers only the facts alleged in the pleadings,

16  documents attached as exhibits or incorporated by reference in the pleadings, and matters of

17  which the court may take judicial notice.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.

18  2006).  To survive a 12(b)(6) motion to dismiss a complaint need only "contain sufficient factual

19  matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

20  556 U.S. 662, 663 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

21      **B.    FRCP 9(b)**

22      FRCP 9(b) requires that "[i]n alleging fraud or mistake, a party must state with

23  particularity the circumstances constituting fraud or mistake."   This requires only that the

24  complaint must "inform[] the defendant of who did what, and describe[] the fraudulent conduct

25  _____

26  [1]     Plaintiff's claims alleging that Defendants breached contracts with Plaintiff and violated
        Washington's Consumer Protection Act survived Defendants first Motion to Dismiss pursuant to
        FRCP 12(b)(6) and 9(b) and are not at issue.  March 30, 2012 Order, *supra* at 7, 11; Defendants'
        Motion to Dismiss, *passim*.

Plaintiff Huong Hoang's Brief in Opposition to
Defendants' Motion to Dismiss Pursuant to
Federal Rules of Civil Procedure 12(b)(6) and
9(b)
Case No. 11-CV-01709

Page 3 of 11

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

1   and mechanisms."  Federal Rule of Civil Procedure 9(b); *Haberman v. Wash. Pub. Power Supply*

2   *Sys.,* 109 Wn.2d 107, 165 (1987) (*internal citations omitted*).

3   <center>III.   <u>ARGUMENT</u></center>

4     This Court in its March 30, 2012 Order specified that "Plaintiff does not allege

5   requirements 4 (knowledge of falsity), 5 (intent for reliance), 6 (ignorance of falsity), 7 (reliance),

6   or 8 (right to rely) with the requisite level of particularity."  March 30, 2012 Order, *supra,* at 9.  A

7   fraud claim must include the allegation of nine elements:

8

9    (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's
 knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the

10   plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the
 representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the

11   plaintiff.

12  *Adams v. King County*, 164 Wn.2d 640, 662 (2008).

13    Plaintiff has alleged in her SAC that she appears younger than she actually is and that the

14  publishing of her "legal" or "actual" date of birth on IMDb has decreased her ability to find work,

15  reducing her available acting credits and opportunities, and therefore reducing her earnings.  SAC

16  ¶ 30.  Plaintiff has further alleged that Defendants used and at all times intended to use the

17  personal and credit card information provided by her to research and cross-reference public

18  records and other sources to obtain additional information, and shared and at all times intended to

19  share that personal and credit card information provided by her with each other, in violation of

20  their Terms of Use and Privacy Policies.  *Id.* ¶¶ 6, 7, 38, 39, 45-72.  Plaintiff has adequately pled

21  allegations sufficient to support a fraud claim in her SAC and this Court should therefore deny

22  Defendants' Motion to Dismiss.

23    Defendants argue in their Motion to Dismiss that "[a] promise of future performance is

24  not a representation of an existing fact and will not support a fraud claim."  Motion to Dismiss at

25  10.  Defendants thereby ignore that Plaintiff has alleged that "Defendants were and are keenly

26  aware that they intended to, and do" use subscriber and user information for purposes other than

Plaintiff Huong Hoang's Brief in Opposition to
Defendants' Motion to Dismiss Pursuant to
Federal Rules of Civil Procedure 12(b)(6) and
9(b)
Case No. 11-CV-01709

Page 4 of 11

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

1  those represented in the Defendants' respective Privacy Policies and User Agreements. *See* SAC

2  ¶¶ 57, 59, 63. A promise made either without care or concern whether it will be kept or made for

3  the purpose of deceit and "with no intention to perform," as alleged here, constitutes fraud.

4  *Markov v. ABC Transfer & Storage Co.*, 76 Wn.2d 388, 396 (1969).

5        **A.    Defendants' Comparison of Plaintiff's First Amended Complaint and Second**

6               **Amended Complaint is Irrelevant**

7        Defendants seek to blur the issues raised in their Motion to Dismiss by comparing

8  Plaintiff's FAC with her SAC. *See* Motion to Dismiss at 3; Declaration of Ashley A. Locke in

9  Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 47); Exhibit A to

10 Declaration of Ashley A. Locke in Support of Defendants' Motion to Dismiss Pursuant to Rule

11 12(b)(6) (Dkt. No. 47-1). Comparison of Plaintiff's FAC and Plaintiff's SAC adds little to the

12 inquiry of whether the facts alleged in the SAC and documents attached as exhibits or

13 incorporated thereto state a plausible claim for relief.

14       **B.    Plaintiff has alleged a Distinction Between the Behavior of Amazon and**

15              **IMDb**

16       Defendants have argued that Plaintiff has failed to distinguish between the conduct of

17 Amazon and IMDb in her SAC. *See* Motion to Dismiss at 8-10. This argument ignores the fact

18 that the conduct alleged, *i.e.* sharing Plaintiff's personal and credit card information (*See* SAC ¶¶

19 4, 57, 62, 63), involves the Defendants doing essentially the same act. Furthermore, Plaintiff *has*

20 alleged different conduct on the part of Amazon and IMDb separately and individually, and as a

21 result has identified the role of each Defendant in the fraudulent scheme. *See Swartz v. KPMG*

22 *LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) ("[T]here is no absolute requirement that where

23 several defendants are sued in connection with an alleged fraudulent scheme, the complaint must

24 identify *false statements* made by each and every defendant… '[a plaintiff must] inform each

25 defendant separately of the allegations surrounding his alleged participation in the fraud.'")

26 (*Emphasis in original*); *U.S. v. Corinthian Colleges*, 655 F.3d 984, 997-98 (9th Cir. 2011) (*citing*

Plaintiff Huong Hoang's Brief in Opposition to
Defendants' Motion to Dismiss Pursuant to
Federal Rules of Civil Procedure 12(b)(6) and
9(b)
Case No. 11-CV-01709

Page 5 of 11

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

1   *Swartz, supra*); *Bruce v. Harley-Davidson, Inc.*, 2010 U.S. Dist. LEXIS 98180, *13 (C.D. Cal.

2   2010) (A plaintiff must identify multiple defendants' "respective roles in the alleged fraudulent

3   scheme," *citing Swartz, supra*).  Specifically, Plaintiff alleges that Amazon violated its Privacy

4   Policy by sharing data in violation of its Privacy Policy and using Plaintiff's information for

5   purposes other than those disclosed in its Privacy Policy (SAC, Exhibit A, ¶¶ 57, 58, 63, 64, 66),

6   and that IMDb violated its privacy policy by mining data and using Plaintiff's information for

7   purposes other than those disclosed in its Privacy Policy (*Id.*, Exhibit B, ¶¶ 63, 64).  Plaintiff has

8   sufficiently "inform[ed] the defendants of who did what, and describe[ed] the fraudulent conduct

9   and mechanisms." *Haberman v. Wash. Pub. Power Supply Sys.,* 109 Wn.2d 107, 165 (1987).  "If

10  a complaint provides this information, then group conduct may be pleaded generally because the

11  defendants have sufficient information to answer the allegations." *Id*. at 165-66.

12  **C.      Plaintiff Properly States a Cause of Action for Fraud Against Amazon in her**

13          **Second Amended Complaint**

14          Plaintiff alleges against Amazon those elements of fraud stated by the court in *Adams v.*

15  *King County*, *supra*:

16          (1) Representation of an existing fact: Plaintiff alleges that Amazon represented at the

17          time of her entry into an agreement with Amazon that it would abide by its Privacy Notice

18          found at Exhibit A to Plaintiff's SAC, including that it would share information only with

19          entities subject to its Privacy Notice or subject to "practices at least as protective."  *See*

20          SAC ¶¶ 46, 47, Exhibit A.

21          (2) Materiality: Plaintiff alleges that if Amazon had disclosed that it would share

22          information with IMDb she would not have submitted her personal and credit card

23          information to Amazon, and that this representation was material.  *See* SAC ¶¶ 61, 62, 67.

24          (3) (4), and (6) Falsity, the speaker's knowledge of its falsity and plaintiff's ignorance of

25          its falsity: Plaintiff alleges that Amazon knew it would not comply with its Privacy Policy

26          at the time Plaintiff entered into her agreement with it, and that Amazon was "keenly

Plaintiff Huong Hoang's Brief in Opposition to
Defendants' Motion to Dismiss Pursuant to          Page 6 of 11
Federal Rules of Civil Procedure 12(b)(6) and
9(b)
Case No. 11-CV-01709

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

1   aware" and intended to use Plaintiff's information for purposes other than those

2   represented in that policy.  *See* SAC ¶¶ 58-60, 62-64.  Plaintiff further alleges that she was

3   unaware of the falsity of Amazon's representations.  *Id.* ¶ 66.

4   (5) <u>Intent of the speaker that it should be acted upon by the plaintiff:</u> Plaintiff alleges that

5   Defendants intended her to rely upon these representations, and specifically that these

6   representations were made with the "intent to induce consumers to provide their personal

7   and credit card information to Defendants."  SAC ¶¶ 57, 60, 65.

8   (7) (8) <u>Plaintiff's reliance on the truth of the representation and plaintiff's right to rely</u>

9   <u>upon it:</u> *See* SAC ¶¶ 67, 68.

10   (9) <u>Damages suffered by the plaintiff:</u>  *See* SAC ¶¶ 30, 33, 69.

11   Defendants make numerous arguments about a lack of certain specific facts in Plaintiff's

12   SAC, such as when Plaintiff made purchases from Amazon (Motion to Dismiss at 3), however

13   FRCP 9(b) requires that the SAC "must state the time, place, and specific content *of the false*

14   *representations* as well as the identities of the parties to the misrepresentation." *Odom v.*

15   *Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) *citing Schreiber Distrib. Co. v. Serv-Well*

16   *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (*emphasis added*).   The "heightened

17   pleading" requirement applies to the actions constituting fraud only, not to the other allegations of

18   the complaint such as scienter.  *See Id. See also, Haberman, supra* at 165-166 (Holding that

19   "group conduct may be pleaded generally"); *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187,

20   196 (9th Cir. Cal. 1987) (Claim for mail fraud sufficient when complaint included "the dates on

21   which the letters were written, by whom and to whom the letters were sent, the letters' content,

22   and the letters' role in the fraudulent scheme" because this was sufficient to allow defendant to

23   file a "meaningful answer.").

24   **D.     Plaintiff Properly States a Cause of Action for Fraud Against IMDb in her**

25   **Second Amended Complaint**

26   Plaintiff also alleges the nine elements of fraud against IMDb in her SAC (*See Adams v.*

Plaintiff Huong Hoang's Brief in Opposition to
Defendants' Motion to Dismiss Pursuant to
Federal Rules of Civil Procedure 12(b)(6) and
9(b)
Case No. 11-CV-01709

Page 7 of 11

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

1    *King County, supra*):

2      (1) <u>Representation of an existing fact:</u> Plaintiff alleges that IMDb represented at the time

3 of her entry into an agreement with IMDb to subscribe to IMDbPro that it would abide by

4 its Privacy Notice found at Exhibit B to Plaintiff's SAC, including in numerous statements

5 that transactions with IMDb would be safe and secure. *See* SAC ¶¶ 50, 51, Exhibit A.

6      (2) <u>Materiality:</u> Plaintiff alleges that the misrepresentations made by IMDb were a

7 material factor in her decision to enter into an agreement with it, and that she would not

8 have submitted her personal and credit card information to IMDb if it had disclosed that it

9 would mine her credit card information or otherwise violate its Privacy Policy. *See* SAC

10 ¶¶ 61, 62, 67.

11      (3) (4), and (6) <u>Falsity, the speaker's knowledge of its falsity and plaintiff's ignorance of</u>

12 <u>its falsity:</u> Plaintiff alleges that IMDb knew it would not comply with its Privacy Policy at

13 the time Plaintiff entered into her agreement with it, and that IMDb was "keenly aware"

14 and intended to use Plaintiff's information for purposes other than those represented in

15 that policy. *See* SAC ¶¶ 59, 60, 62-64. Plaintiff has also alleged that the representations

16 made by IMDb in its Privacy Policy were false. *Id.* ¶ 66.

17      (5) <u>Intent of the speaker that it should be acted upon by the plaintiff:</u> Plaintiff alleges that

18 Defendants intended her to rely upon these representations, and specifically that these

19 representations were made with the "intent to induce consumers to provide their personal

20 and credit card information to Defendants." SAC ¶¶ 59, 60, 65.

21      (7) (8) <u>Plaintiff's reliance on the truth of the representation and plaintiff's right to rely</u>

22 <u>upon it:</u> *See* SAC ¶¶ 67, 68.

23      (9) <u>Damages suffered by the plaintiff:</u> *See* SAC ¶¶ 30, 33, 69.

24      **E.**      **This Court Should Not Dismiss Plaintiff's Fraud Claim with Prejudice**

25    The Ninth Circuit stated in *Bly-Magee,* 236 F.3d 1120, 1019 (9th Cir. 2009)*,* cited by

26 *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009) as relied upon by Defendants in

Plaintiff Huong Hoang's Brief in Opposition to
Defendants' Motion to Dismiss Pursuant to
Federal Rules of Civil Procedure 12(b)(6) and
9(b)
Case No. 11-CV-01709

Page 8 of 11

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

1   their Motion to Dismiss at 7, that "[w]e consistently have held that leave to amend should be

2   granted unless the district court 'determines that the pleading could not possibly be cured by the

3   allegation of other facts.'" (*Internal citations omitted*).   The Ninth Circuit has also found it to be

4   a reversible abuse of discretion to deny a plaintiff leave to amend where, "plaintiffs' allegations

5   were not frivolous, plaintiffs were endeavoring in good faith to meet the heightened pleading

6   requirements and to comply with court guidance, and, most importantly, it appears that plaintiffs

7   had a reasonable chance of successfully stating a claim if given another opportunity." *Eminence*

8   *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003).

9          Plaintiff has alleged, consistent with her breach of contract claim which survived a

10   previous Motion to Dismiss, that Amazon and IMDb both violated their respective Privacy

11   Policies and User Agreements.  SAC ¶¶ 6, 7, 38, 39, 46, 50, 57, 60, 63, 64, 66.  Plaintiff has

12   alleged that IMDb violated its Privacy Policy by mining data provided by the Plaintiff for other

13   purposes and by posting to its website private information resulting from that datamining.  *Id.* ¶¶

14   6, 27, 38, 50, 51, 64.  Plaintiff has also alleged that Amazon violated its Privacy Policy by sharing

15   information with an entity not subject to that policy or one at least as restrictive, *i.e.* IMDb.  *Id.*

16   ¶¶ 6, 27, 38, 46, 47, 57, 64.  Plaintiff has alleged that neither Amazon nor IMDb intended to

17   observe the terms of their respective Privacy Policies and User Agreements when their

18   agreements to provide service to Plaintiff were created, or that neither had any care or concern

19   that these agreements be observed, and that this constitutes fraud.  SAC ¶¶ 46, 50, 57, 59, 60, 63,

20   64; *See Markov v. ABC Transfer & Storage Co.*, *supra*.  Dismissal of Plaintiff's fraud claim with

21   prejudice is inappropriate in this matter.

22          Instead, should this Court find that Plaintiff's SAC fails to adequately plead fraud in this

23   highly complex matter, Plaintiff should be granted additional leave to amend.  *See Bly-Magee*,

24   *supra; Eminence Capital, supra.*  Defendants essentially provide a blueprint for the manner in

25   which additional facts could be alleged, should this Court agree with them, so that Plaintiff's

26   fraud claim can be successfully amended.  *See, e.g.* Motion to Dismiss at 3-6, 8-14.  Defendants

Plaintiff Huong Hoang's Brief in Opposition to
Defendants' Motion to Dismiss Pursuant to
Federal Rules of Civil Procedure 12(b)(6) and
9(b)
Case No. 11-CV-01709

Page 9 of 11

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

1  effectively concede, therefore, that Plaintiff's fraud claim can be cured by allegation of additional

2  facts, and that Plaintiff has a "reasonable chance of successfully stating a claim" if given another

3  opportunity pursuant to the *Bly-Magee* and *Eminence Capital* opinions.

## IV.    CONCLUSION

5          Plaintiff has, in her SAC, adequately plead a fraud claim against each of the Defendants.

6  Specifically, Plaintiff has stated her claims with the sufficient particularity and specificity as well

7  as enough supporting factual allegations to satisfy the pleading standard established by FRCP

8  9(b), *Twombly*, and *Bly-Magee*.  If Plaintiff proves the facts as pled then Plaintiff is entitled to

9  relief.  Therefore, Plaintiff respectfully requests this Court deny Defendants' Motion to Dismiss.

10  In the alternative, Plaintiff contends that should the Court grant Defendants' Motion to Dismiss,

11  she has stated facts and raised allegations sufficient to warrant leave to Amend her SAC to cure

12  any deficiency found by the Court.

13          DATED this 21st day of May, 2012.

14          Respectfully Submitted,

15                                      **DOZIER INTERNET LAW, P.C.**
                                   By:  /s/ John W. Dozier, Jr.
16                                      John W. Dozier, Jr., Esq., VSB No. 20559
                                        *Admitted pro hac vice*
17                                      11520 Nuckols Rd., Suite 101
                                        Glen Allen, Virginia  23059
18                                      Telephone:  (804) 346-9770
                                        Facsimile:  (804) 346-0800
19                                      Email:  jwd@cybertriallawyer.com

20                                      **NEWMAN DU WORS LLP**
21                                      Derek A. Newman, Esq., WSBA 26967
                                        Randall Moeller, Esq., WSBA No. 21094
22                                      1201 Third Avenue, Suite 1600
                                        Seattle, Washington 98101
23                                      Telephone:  (206) 274-2800
                                        Facsimile:  (206) 274-2801
24                                      Email:  derek@newmanlaw.com
                                                randy@newmanlaw.com
25

26                                      *Attorneys for Plaintiff Huong Hoang*

Plaintiff Huong Hoang's Brief in Opposition to          DOZIER INTERNET LAW, P.C.
Defendants' Motion to Dismiss Pursuant to               11520 Nuckols Rd. Suite 101
Federal Rules of Civil Procedure 12(b)(6) and    Page 10 of 11    Glen Allen, VA 23059
9(b)                                                    Phone (804) 346-9770
Case No. 11-CV-01709                                    Fax (804) 346-0800

1

**CERTIFICATE OF SERVICE**

2

3

    I certify that on this 21st day of May, 2012, I electronically filed the foregoing PLAINTIFF HUONG HOANG'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b) with the Clerk of the Court using the CM/ECF system, thereby sending notification of such filing to the following attorneys of record:

4

5

6

        Charles C. Sipos (csipos@perkinscoie.com)
        Breena Michelle Roos (broos@perkinscoie.com)

7

        Ashley A. Locke (alocke@perkinscoie.com)
        **PERKINS COIE LLP**

8

        1201 Third Avenue, Suite 4800
        Seattle, Washington 98101-3099

9

10

    *Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.*

11

I certify under penalty of perjury that the foregoing is true and correct.

12

Dated this 21st day of May, 2012.

13

               **DOZIER INTERNET LAW, P.C.**

14

        By:    /s/ John W. Dozier, Jr._____

15

               John W. Dozier, Jr., Esq., VSB No. 20559
               *Admitted pro hac vice*

16

               11520 Nuckols Rd., Suite 101
               Glen Allen, Virginia  23059

17

               Tel:  (804) 346-9770

18

               Fax:  (804) 346-0800
               Email:  jwd@cybertriallawyer.com

19

20

               **NEWMAN DU WORS LLP**
               Derek A. Newman, Esq., WSBA 26967

21

               Randall Moeller, Esq., WSBA No. 21094
               1201 Third Avenue, Suite 1600

22

               Seattle, Washington 98101
               Telephone:  (206) 274-2800

23

               Facsimile:  (206) 274-2801
               Email:  derek@newmanlaw.com

24

                       randy@newmanlaw.com

25

               *Attorneys for Plaintiff Huong Hoang*

26

Plaintiff Huong Hoang's Brief in Opposition to
Defendants' Motion to Dismiss Pursuant to
Federal Rules of Civil Procedure 12(b)(6) and
9(b)
Case No. 11-CV-01709

Page 11 of 11

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800