THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

HUONG HOANG, an individual,

Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware Corporation,

Defendants.

CASE No. C11-1709-MJP

DEFENDANTS' REPLY TO PLAINTIFF HUONG HOANG'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b)

## I. INTRODUCTION

Plaintiff's Second Amended Complaint ("SAC") has not cured her failure to allege specific facts sufficient to state a claim for fraud. Her Opposition to Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) ("Opposition") does not explain or correct the SAC's deficiencies. To the contrary, its muddled characterization of the SAC and the law on fraud only evidences that Plaintiff has not and cannot state that claim with the required particularity. Rule 9(b) simply requires more than what Plaintiff has alleged and can allege. The fraud claims in the SAC should be dismissed with prejudice.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## II. ARGUMENT

### A. The Second Amended Complaint Fails to Sufficiently Distinguish Between Defendants Amazon.com and IMDb.com

Plaintiff recognizes that she is required to allege distinct conduct by Amazon.com and IMDb.com "separately and individually," but fails to explain how the SAC meets this standard. Instead, her Opposition summarizes the general, vague language in the SAC, glossing over her pleading's defects by prefacing the allegations with the word "specifically." *See* Opposition at 6 ("Specifically, Plaintiff alleges that Amazon violated its Privacy Policy by sharing data in violation of its Privacy Policy and using Plaintiff's information for purposes other than disclosed in its Privacy Policy . . . and that IMDb violated its privacy policy by mining and using Plaintiff's information for purposes other than those disclosed in its Privacy Policy."). Not only does this broad statement not contain the required particularity (i.e., the who, what, where, and when), but it cites to SAC allegations that do not even attempt to distinguish between the Defendants. SAC at ¶¶ 57 ("*Defendants'* representation . . ." (emphasis added)); 63 ("*Defendants* were and are keenly aware . . ." (emphasis added)); 64 ("*Defendants* used Plaintiff's personal and credit card information . . ." (emphasis added)); 66 ("Plaintiff was unaware that *Defendants'* representations were false and that her personal and credit card information . . . would not be used by *Defendants* solely for purposes of processing payment." (emphasis added)).

Plaintiff's own arguments in the Opposition illustrate that the SAC does not distinguish between IMDb.com and Amazon.com in the way the law requires. In sections purporting to address the fraud claim against Amazon.com and IMDb.com separately, Plaintiff attempts to parse out elements of fraud for each Defendant—but cites to almost the exact *same allegations for her fraud claim against Amazon.com and against IMDb.com*. *Compare* Opposition at 6-7 (arguing that SAC properly states fraud claim against Amazon.com and citing SAC ¶¶ 30, 33, 46, 47, 58-64, 66-67, 69), *with id.* at 7-8 (arguing that SAC properly states fraud claim against IMDb.com and citing SAC ¶¶ 30, 33, 50, 51, 59-68). Again, each of the cited SAC allegations

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

refers to "Defendants" collectively, without explaining or distinguishing between Amazon.com and IMDb.com. *See* SAC ¶¶ 30-34, 50, 51, 59-68. These are precisely the "everyone did everything" allegations that are inadequate to maintain a fraud cause of action. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming dismissal of second amended complaint in fraud case against multiple defendants where plaintiffs failed to "state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" (citing lower court order dismissing action)).

In an attempt to excuse her failings, Plaintiff argues that "the conduct alleged, *i.e. sharing* Plaintiff's personal and credit card information . . ., involves the Defendants doing essentially the same act." Opposition at 5. But the act of "sharing" information *necessarily* involves two *different* acts: Party A *provides* information to Party B, and Party B *receives* that information. Plaintiff has not distinguished which party had which role in her alleged "sharing" and which party did what with her information. The only distinction Plaintiff makes between the Defendants are the general statements that "Amazon[.com] violated its Privacy Policy by sharing data" and "IMDb[.com] violated its privacy policy by mining data." *Id.* Rule 9(b) undoubtedly requires more.

Moreover, the very cases on which Plaintiff relies demonstrate that, even if Plaintiff wishes to allege "essentially the same" conduct by Amazon.com and IMDb.com, she still must meet the requirements of Rule 9(b) for each defendant that she chose to sue. In *Bruce v. Harley-Davidson, Inc.*, for example, a district court dismissed a case where the plaintiffs failed to specifically allege as to each defendant their respective roles in the alleged fraudulent scheme, despite the plaintiffs' protests that they alleged that the defendants acted together to perpetrate the fraud. No. CV-09-6588-CAS (RZx), 2010 WL 3521775, at *5 (C.D. Cal. 2010) (When "plaintiffs to do not distinguish between defendants . . . plaintiffs do not plead with sufficient particularity attribution of the role in the alleged fraudulent scheme to actively conceal or fail to disclose, as to each defendant."); *see also United States v. Corinthian Colleges*, 655 F.3d 984,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

998 (9th Cir. 2011) (rejecting False Claims Act claims against members of a college board of directors where plaintiffs merely alleged that they monitored and approved of the college's actions and stating that plaintiffs must "set forth *each individual's alleged participation* in the fraudulent scheme . . . [and provide] detail as to the nature of the [their] involvement in the fraudulent acts"); *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (rejecting fraud claims against two defendants where the plaintiff merely alleged that they knew of or were acting participants in the misconduct of other defendants and stating that these "[c]onclusory allegations . . . without any stated factual basis are insufficient as a matter of law").

Similarly, Plaintiff's SAC is "shot through with general allegations that the 'defendants' engaged in fraudulent conduct," *Schwartz*, 476 F.3d at 765, without any specifics as to what Amazon.com did, what IMDb.com did, and what both Defendants supposedly did together. A plaintiff bringing a fraud claim must describe in detail the allegations against each defendant; when she alleges different acts are done by different defendants (even if the conduct is allegedly "essentially" the same type), she must allege the conduct with specificity.

**B. Plaintiff Fails to Allege Fraud with Particularity Against Amazon.com**

As to Amazon.com in particular, Plaintiff's allegations lack the requisite detail in at least three ways. First, the SAC fails to properly meet the pleading requirements of Rule 9(b). Plaintiff contends that she "cured" the deficiencies in her First Amended Complaint ("FAC") "by attaching the Defendants' respective privacy policies in effect at the time of her subscription to IMDbPro and making other changes to the allegations." Opposition at 3. However, merely attaching what purports to be a version of Amazon.com's privacy policy does not fulfill the specificity requirements of the federal rules, nor does it satisfy this Court's direction to provide "*specific* information about the *identity* of who made the statements at issue, *how* they were made, or how Defendants may have known of their *falsity*." Order on Rule 12(b)(6) Motion to Dismiss, March 30, 2012 (Dkt. No. 42) ("Dismissal Order") at 8 (emphasis added). As an initial matter, Plaintiff merely alleges that this is "one of the operative agreement(s) between Plaintiff

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

and Defendant Amazon.com," SAC at ¶ 49, which ignores this Court's direction that Plaintiff must submit the actual operative agreement on which she relies. Dismissal Order at 8 (citing Dkt. No. 24 at 5-6).

Moreover, Plaintiff directs this Court to SAC allegations that she describes as "proper" allegations against Amazon.com, but those the allegations do not provide the specific information required by this Court. For example, Plaintiff alleges that Amazon.com made representations to her, but does not allege *when* Amazon.com made these fraudulent statements—she fails to even provide an estimated year, or range of years, for when she purchased anything from Amazon.com. *See* Opposition at 6-7 (citing SAC at ¶ 46 (alleging that Plaintiff purchased items from Amazon.com at some unknown day or year that occurred at sometime "before subscribing to IMDbPro")). Plaintiff's argument that she need not allege when she made purchases from Amazon.com misses the point. *See* Opposition at 7. This is *precisely* the "when" that is relevant to her fraud claim against Amazon.com, to the extent that she is alleging that Amazon.com made misrepresentations to her *at the time of her purchases*. *See* SAC at ¶ 46. The "absence of specification of any times, dates, places or other details of th[e] alleged fraudulent involvement is contrary to the fundamental purposes of Rule 9(b)." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1986).

Second, the SAC fails to properly allege the first element of fraud, a "representation of existing fact," *Kirkham v. Smith*, 106 Wn. App. 177, 183 (2001), with the specificity required by Rule 9(b). *See Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 165 (1987) (requiring a fraud cause of action be pled with particularity). The Opposition cites to paragraphs 46 and 47 of the SAC as evidence of her pleading a "representation of existing fact." Neither paragraph alleges what the Opposition says it does. Paragraph 46 states that Plaintiff "alleges that Amazon.com misrepresented in the Privacy agreement available on its website the terms on which Amazon.com would share her user information with IMDB.com," SAC at ¶ 46, but does not contain a single, specific statement that Plaintiff alleges Amazon.com made to her. Simply

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

deferring to "the Privacy agreement available on its website" is not tantamount to alleging that Amazon.com made a particular representation of existing fact with enough specificity "so that [the defendant] can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted).

Paragraph 47 is likewise not a "representation of existing fact." It quotes from what purports to be Amazon.com's Privacy Notice: "We share customer information only as described below and with subsidiaries Amazon.com, Inc. controls that either are subject to this Privacy Notice or follow practices at least as protective as those described in this Privacy Notice." SAC at ¶ 47(a). Plaintiff alleges that this statement was a misrepresentation because "Defendants were and are keenly aware that they intended to, and do, use such information for other purposes . . . and that Defendant Amazon.com would share its user information with Defendant IMDb.com[.]" SAC at ¶ 63. However, as explained in Defendants' motion, allegations of promising to act or not act in a particular way do not constitute a "statement of existing fact" as required in a fraud claim. *Segel Co. (E. States), Inc. v. Amazon.com*, 280 F. Supp. 2d 1229, 1232-33 (W.D. Wash. 2003) (dismissing fraud claim on Rule 12(b)(6) motion because "[a] promise of future performance is not a representation of an existing fact and will not support a fraud claim."); *W. Coast, Inc. v. Snohomish Cnty.*, 112 Wn. App. 200, 206, 48 P.3d 997 (2002) (dismissing fraud claim where plaintiff alleged defendant promised future performance rather than alleging a representation of an existing fact). The Opposition does not dispute this case law.

Third, like the SAC, Plaintiff's Opposition impermissibly lumps together the third (falsity), fourth (knowledge of falsity), and sixth (ignorance of falsity) elements of fraud. Opposition at 6-7 ("Plaintiff alleges that Amazon knew it would not comply with its Privacy Policy at the time Plaintiff entered into her agreement with it, and that Amazon was 'keenly aware' and intended to use Plaintiff's information for purposes other than those represented in that policy." (citing to SAC ¶¶ 58-60, 62-64)); *see also Kirkham*, 106 Wn. App. at 183 (2001).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

This broad statement does not specifically describe the falsity of Amazon.com's statements; it is merely a rote resuscitation of the element of falsity with a reference to Amazon.com's Privacy Policy at large. Indeed, the Opposition cites to SAC allegations that are equally, if not more, broad and conclusory: "Amazon intended, implicitly or explicitly, to share data with IMDb, and this statement was a misrepresentation," SAC at ¶ 58, and "Defendants' representations contained in paragraph 51 above, combined with their omission of any statement whatsoever about Defendants' intended further uses of consumer personal and credit card information . . . constitute misrepresentations." SAC at ¶ 59; *see also* ¶ 60 (referring to "Defendants' statements contained in paragraph 51 above"). Paragraph 51 purportedly quotes from "*IMDbPro.com* subscription pages on the Internet immediately prior to [Plaintiff] subscribing to IMDbPro." SAC at ¶ 51 (emphasis added) (compiling statements to provide an "example" of some representations). A statement allegedly made by another party does not meet the falsity element.

Even if Plaintiff's allegations of falsity were specific enough to comport with Rule 9(b), the SAC fails to explain how, specifically, Amazon.com's Privacy Notice was false. As discussed above, the SAC alleges that Amazon.com "intended to use Plaintiff's information for purposes other than those represented in that policy." Opposition at 7 (citing SAC ¶¶ 58-60, 62-64). These general, undisclosed "purposes other than those represented" remain a mystery. The only level of specificity in the SAC is the allegation that Amazon *intended* to share data with IMDb.com. SAC at ¶ 58. However, according to Plaintiff herself, Amazon.com's Privacy Notice states that it *will* share information with subsidiaries, which includes IMDb.com. *See* SAC ¶ 47, Def's Mot. to Dismiss Pursuant to Rules 12(b)(6) and Rule 9(b) (Dkt. 46) ("Mot. to Dismiss") at 11. Plaintiff has not alleged any other falsity with any level of detail, much less enough to identify the nature of falsity or for Amazon.com to adequately defend itself.

The SAC utterly fails to allege a valid fraud claim against Amazon.com. Accordingly, Plaintiff's fraud claim against Amazon.com should be dismissed.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**C. Plaintiff Fails to Plead Fraud with Particularity Against IMDb.com**

The allegations in the SAC against IMDb.com suffer from similar flaws. Plaintiff's Opposition fails to show that she has, or can, plead fraud with particularity against IMDb.com.

With respect to IMDb.com's alleged misrepresentations, Plaintiff does not include additional specific information as to "the identity of who made the statements at issue, how they were made, or how [IMDb.com] may have known of their falsity" required by this Court. Dismissal Order at 8. The Opposition and SAC do not make any new allegations as to how any representation of existing fact was made to Plaintiff or how IMDb.com knew of their falsity. Merely including a privacy policy as an exhibit to the SAC does not meet the specificity required by the Rules or address the specific issues raised by this Court. Further, Plaintiff does not even dispute that she has again failed to provide the "original agreement" or language in the "original contract" between IMDb.com and Plaintiff. Dismissal Order at 8 (citing Dkt. No. 24 at 5-6); *see also* SAC ¶¶ 55-56. As with her FAC, the "lack of information about the wording of the operative contract is illustrative of a broader lack of specificity in Plaintiff's complaint, which is fatal to her fraud claim." Dismissal Order at 8.

Even if the privacy policy on which she relies is operative, Plaintiff has failed to allege a representation of existing fact. The Opposition simply states that "Plaintiff alleges that IMDb represented at the time of her entry into an agreement with IMDb to subscribe to IMDbPro that it would abide by its Privacy Notice[.]" Opposition at 8. This broad, unspecific allegation that a defendant "represented" that it would "abide by" a policy is not enough to comply with the specificity required at law. *See* Mot. to Dismiss at 12-14.

Finally, similar to her claim against Amazon.com, Plaintiff relies on a promise of future performance made by IMDb.com—not a statement of existing fact. Alleging that a defendant intended to breach a contract, or otherwise intended or promised to act, is not enough to sustain a fraud claim. *Segel*, 280 F. Supp. 2d at 1232-33 (dismissing fraud claim on Rule 12(b)(6) motion because "[a] promise of future performance is not a representation of an existing fact and will not

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

support a fraud claim"); *W. Coast*, 112 Wn. App. at 206 (dismissing fraud claim where plaintiff alleged defendant promised future performance rather than alleging a representation of an existing fact). Plaintiff cannot turn her contract claim against IMDb.com into a fraud claim merely by alleging that IMDb.com did not intend to abide by its Privacy Notice. "Fraud cannot be predicated upon a representation as to a future event, or on a promise to perform in the future. . . . By its very nature, it can be neither true nor false at the time it is made. If the rule were otherwise, any breach of contract would amount to fraud." *Murphy v. Campbell Inv. Co.*, 79 Wn.2d 417, 428, 486 P.2d 1080 (1971) (internal citations omitted). Plaintiff's Opposition does not even address this deficiency.

The SAC fails to meet the plain requirements of Rule 9(b) and to adequately plead all elements of fraud under Washington law against IMDb.com. Accordingly, Plaintiff's fraud claim against IMDb.com should be dismissed.

**E. Plaintiff Should Not Be Permitted to Amend Her Complaint for the Third Time**

A court may not permit leave to amend "where the amendment would be futile, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990), or where the amended complaint would be subject to dismissal. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (denying leave to amend complaint where amendment would be futile) (citations in original); *see also Grogan v. Health Officer of the Cnty. of Riverside*, No. 98-56901, 221 F.3d 1348, 2000 WL 674735, at *1 (9th Cir. May 20, 2000) (stating that a court may deny leave "if the plaintiffs repeatedly have failed to cure deficiencies by previous amendments, or if further amendments are likely to be futile"). Both circumstances apply here. Plaintiff has repeatedly failed to cure deficiencies in her complaint, even upon specific instruction from this Court, and another attempt to amend her complaint would be futile.

Plaintiff has already twice amended her complaint and still has not met the pleading requirements for her fraud claims—nor can she. Plaintiff can only rely on allegations of "intent"

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

to breach a contract, which, as outlined above, does not meet the elements of fraud. No matter how many times Plaintiff amends her complaint, she will not meet the elements of fraud, much less the heightened Rule 9(b) requirement for fraud claims.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's fraud claims against Amazon.com and IMDb.com with prejudice.

DATED: May 25, 2012

By: s/ Breena M. Roos
Breena M. Roos, WSBA #64501
Charles C. Sipos WSBA #32825
Ashley A. Locke WSBA #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: BRoos@perkinscoie.com
CSipos@perkinscoie.com
ALocke@perkinscoie.com

Attorneys for Defendants Amazon.com and IMDb.com

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULES 12(b)(6) AND 9(b) – 10
24976-0480/LEGAL23731867.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

I certify that on May 25, 2012, I electronically filed the foregoing DEFENDANTS' REPLY TO PLAINTIFF HUONG HOANG'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b) with the Clerk of the Court using the CM/ECF system which sent notification to the following attorneys of record:

| | |
|---|---|
| **John W. Dozier, Jr.**<br>Dozier Internet Law, P.C.<br>11520 Nuckols Rd., Ste 101<br>Glen Allen, VA 23059 | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Via ECF |
| **Randall Moeller**<br>**Derek Alan Newman**<br>Newman Du Wors LLP<br>1201 Third Avenue, Ste 1600<br>Seattle, WA 98101 | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X__ Via ECF |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of May, 2012.

s/ Breena M. Roos

Elizabeth McDougall, WSBA No. 272026
Breena M. Roos, WSBA No. 34501
Ashley Locke, WSBA No. 40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: emcdougall@perkinscoie.com
E-mail: broos@perkinscoie.com
E-mail: alocke@perkinscoie.com

Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULES 12(b)(6) AND 9(b) – 11
24976-0480/LEGAL23731867.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000