THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC. a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>　　　　　　Defendants. | No. 2:11-CV-01709-MJP<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM TRIAL DEADLINES AND TO CONTINUE TRIAL DATE |

## I.　　INTRODUCTION

Plaintiff's Motion for Relief from Trial Deadlines and to Continue Trial Date ("Motion"), Dkt. No. 50, should be denied because Plaintiff is responsible for any purported difficulty she may have in meeting the discovery and trial deadlines set by this Court in its February 6, 2012 scheduling order.  Dkt. No. 38.  Plaintiff waited over five months before serving any discovery, despite the fact that the Court set this action on a relatively quick trial schedule.  Plaintiff also has failed to respond to Defendants' efforts to negotiate a mutually acceptable protective order. Accordingly, Plaintiff's Motion does not come close to demonstrating the diligence necessary to show "good cause" for extending the discovery and trial dates.

DEFS.' OPP. TO PL.'S MOT. FOR RELIEF
FROM TRIAL DEADLINES (No.2:11-CV-01709-
MJP) – 1
24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## II. BACKGROUND

### A. Plaintiff Delayed Propounding and Responding to Discovery

Plaintiff seeks an extension of deadlines due to purported delays in discovery, but she is responsible for any such delays. Plaintiff waited until March 27, 2012 to issue interrogatories and requests for production to Defendants—over five months after filing her original complaint and nearly three months after the parties' Rule 26(f) conference on January 12, 2012. Declaration of Ashley Locke ("Locke Decl."), Exs. A-D; *see also* Dkt. No. 36. The Court's scheduling order issued on February 6, 2012 allowed just seven months for discovery, yet Plaintiff took no action to develop her case for over a month and a half.

Nor has Plaintiff been diligent in negotiating a mutually desirable protective order. Before she served any discovery, on January 27, 2012, Plaintiff provided Defendants with a proposed draft protective order. Locke Decl., Exs. E, F. However, that protective order failed to incorporate this District's rules regarding filing under seal and otherwise failed to comply with local rules. Thus, Defendants sent Plaintiff a new draft that complied with the local rules and a sample order previously entered by this Court. *Id.*, Exs. G-I. To date, the parties have still not yet resolved their differences over the protective order.

On April 30, 2012, Defendants provided responses and answers to Plaintiff's discovery requests, producing over 1,040 pages of documents and responding in substance to Plaintiff's interrogatories, even though the parties had yet to finalize a protective order. *Id.* ¶ 12, Exs. J-M. Defendants also committed to supplement their production with confidential information and documents after entry of a protective order. *Id.*

By contrast, in her May 7, 2012 objections and responses to Defendant's discovery requests, Plaintiff refused to provide a single document, objecting on the grounds that they sought confidential information. *Id.*, Ex. N. While Plaintiff has agreed to produce substantive responses to Defendants' discovery requests after entry of a protective order, she has not explained her failure to produce clearly public information, such as copies of and information

DEFS.' OPP. TO PL.'S MOT. FOR RELIEF FROM TRIAL DEADLINES (No.2:11-CV-01709-MJP) – 2
24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

regarding her website, her public profile on IMDb.com, and any of her government issued identification. *Id.*

On May 24, 2012, the parties held a Rule 37 conference regarding their mutual discovery responses and the protective order. The parties agreed that many of Plaintiff's objections to Defendants' discovery responses would be resolved upon entry of a protective order, at which time Defendants would supplement their discovery responses with additional documents and information. Following the conference, Amazon.com even agreed to respond to discovery requests relating to new allegations in her Second Amended Complaint ("SAC")—which was filed just three business days prior to Defendants' deadline to respond to Plaintiff's discovery requests. Locke Decl., Exs. O-Q. But, Plaintiff *again* failed to provide proposed revisions to the draft order, as promised during that conference, for another two weeks. *Id.*, Exs. O-Q; *see also* Motion at 2-3 (describing Rule 37 meet-and-confer conference).

Pursuant to the current scheduling order, expert disclosures were due on June 11, 2012. Despite having the burden to prove her claims in this case, Plaintiff did not disclose any experts at that time. Locke Decl. ¶ 22.

**B.    Plaintiff Has Previously Tried to Delay this Litigation**

This Motion is not Plaintiff's first attempt to delay this litigation. In the parties' initial Joint Status Report and Discovery Plan, Plaintiff requested a drawn out case schedule, seeking a full year of discovery. Dkt. No. 36. Defendants sought a more efficient timeline, with a discovery period of six months. *Id.* at 4. On February 6, 2012, this Court set the current schedule, which provided seven months from the date of the order to complete discovery. Dkt. No. 38 (adjusting the previous court schedule, Dkt. No. 19). On March 9, 2012, Plaintiff *again* requested an extended schedule, by letter to the Court asking it to "rule on the Defendants' Motion to Dismiss [Pursuant to Rule 12(b)(6)], or in the alternative, [to] consider extending the dates and deadlines set forth in its February 6, 2012 Order Setting Trial Date & Related Dates." Dkt. No. 39. Plaintiff's letter, much like the pending Motion, does not demonstrate Plaintiff
DEFS.' OPP. TO PL.'S MOT. FOR RELIEF FROM TRIAL DEADLINES (No.2:11-CV-01709-MJP) – 3
24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

diligently attempting to comply with the existing schedule.  This Court declined to extend the schedule at that time.

After the Court granted in part and denied in part Defendants' Motion to Dismiss Pursuant to 12(b)(6), Dkt. No. 42, Plaintiff again delayed.  Plaintiff sought additional time to file an amended complaint and ultimately did not file her SAC until April 25, 2012—nearly *four weeks* after this Court's Order allowing her to amend.  *See* Locke Decl., Ex. R; *see also* Dkt. No. 43.  When Plaintiff filed her SAC, it included *entirely new* allegations with respect to Amazon.com.  Plaintiff did not explain why she could not have included these new allegations in her initial complaint.  Indeed, the new allegations were wholly within her own knowledge; for example, she added allegations that she purchased items on Amazon.com and that Amazon.com violated its own privacy policies with respect to those purchases.  Dkt. No. 45, ¶¶ 46-49.  On May 9, 2012, Defendants filed a motion to dismiss Plaintiff's fraud claim, which included these new allegations.  Dkt. No. 46.

### III.   ARGUMENT

**A.   Modifying a Court Scheduling Order Requires "Good Cause" and "Diligence"**

A case schedule "may be modified *only* for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4) (emphasis added).  It is the moving party's burden to establish "good cause" under Rule 16(b).  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) (stating the moving party "needed to show good cause" under Rule 16(b)); *B2B CFO Partners, LLC v. Kaufman*, No. 09-2158, 2011 WL 2713887 (D. Ariz. July 13, 2011) (citing *Johnson*, 975 F.2d at 608-09) (listing what "the movant should show" in order "to meet its burden under Rule 16(b)'s 'good cause' standard"); *U.S. E.E.O.C. v. Ian Schrager Hotels, Inc.*, No. 99-0987, 2000 WL 307470 (C.D. Cal. Mar. 8, 2000) (citing *Johnson*, 975 F.2d at 608-09) ("The party seeking to amend the scheduling order has the burden of establishing good cause."). The good cause requirement confirms that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d

DEFS.' OPP. TO PL.'S MOT. FOR RELIEF FROM TRIAL DEADLINES (No.2:11-CV-01709-MJP) – 4

24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

at 610 (internal quotation marks omitted) (citing *Gestetner Corp. v. Case Equip. Corp.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

As part of the "good cause" showing, the party seeking a continuance must demonstrate diligence in pursuing the litigation; if the moving party was not diligent, "the inquiry should end." *Johnson*, 975 F.2d at 609; *see Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson*, 975 F.2d at 609) ("Rule 16(b) provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (upholding district court's refusal to permit party to amend after the deadline because the moving parties "failed to show diligence"). The "good cause" standard, which requires a showing of diligence by the moving party, also applies to motions to extend deadlines for discovery and expert reports in addition to motions to extend trial schedules. *Bush v. Pioneer Human Servs.*, No. C09-0518-RSM, 2010 WL 324432, at *3 (W.D. Wash. Jan. 21, 2010) (denying motion to extend deadlines because the moving party "did not act diligently in attempting to meet the expert disclosure deadline"); *Nelson v. Fed. Way Dep't of Pub. Safety*, No. C06-1142-RSL, 2007 WL 1655214, at *1 (W.D. Wash. June 5, 2007) (denying extension of expert report deadline by 60 days because "[w]hile plaintiff might have been diligent in attempting to obtain a stipulation, plaintiff has not shown *diligence* in attempting to meet the scheduling order's deadlines" (emphasis in original)); *Chen v. Dougherty*, No. C04-987-MJP, 2007 WL 1461205, at *2 (W.D. Wash. May 16, 2007) (granting in part and denying in part motion for new case schedule and trial date; setting new trial date because party was entitled to file a renewed summary judgment in light of new case law, but finding there was no "good cause to set new discovery or expert report deadlines" where those deadlines had already passed).

DEFS.' OPP. TO PL.'S MOT. FOR RELIEF FROM TRIAL DEADLINES (No.2:11-CV-01709-MJP) – 5

24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### B.     Plaintiff Has Not Acted with Diligence

Plaintiff fails to demonstrate the good cause or diligence to justify any extension of the trial and related deadlines in this case. In fact, Plaintiff's complaints about timing hinge on factors entirely within her control. Thus, the Court should deny Plaintiff's Motion.

#### 1.     Plaintiff has not exercised diligence in discovery.

Plaintiff argues that there is "good cause" to extend the schedule because the parties are engaged in discovery disputes, because the parties have not yet agreed to a protective order and because the July 11, 2012 discovery motion deadline leaves little time for her to obtain discovery. Motion at 4-5. These reasons do not constitute "good cause" because Plaintiff has not exercised diligence in seeking discovery. Plaintiff chose not to serve discovery until *over five months* after filing her original complaint. As the master of her lawsuit, Plaintiff could have issued discovery requests any time after the parties' Rule 26(f) conference, which occurred on January 12, 2012. Dkt. No. 36; *see also* Fed. R. Civ. P. 26(d), 26(f). While waiting almost three months from the Rule 26(f) conference to issue discovery and five months from filing the original Complaint is her prerogative, Plaintiff cannot reasonably seek an extension as a result of such a delay. Serving discovery "in an untimely manner do[es] not constitute good cause for modifying the scheduling order." *Carter v. City of Carlsbad*, No. 10-CV-1072, 2011 WL 1236574, *1 (S.D. Cal. April 1, 2011) (denying plaintiff's motion to extend discovery); *see also Darrah v. Virgin Islands*, No. 2009-068, 2011 WL 6181352, at *5 (D. Virgin Islands Dec. 13, 2011) (The "proffered reasons for failing to conduct discovery during the initial six-month period does not excuse the parties' lack of diligence nor constitute 'good cause' for an extension of the deadlines").

Plaintiff cannot rely on a discovery dispute to justify an extension of trial deadlines. Unsatisfactory discovery responses from a party do not warrant relief from a scheduling order. *See Pulliam v. Lozano*, No. 1:07-CV-00964-LJO-MJS-PC, 2012 WL 259937, at *2 (E.D. Cal. Jan .27, 2012) ("Plaintiff asks that the discovery deadline be extended due to the 'insufficient

DEFS.' OPP. TO PL.'S MOT. FOR RELIEF FROM TRIAL DEADLINES (No.2:11-CV-01709-MJP) – 6
24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

discovery responses Defendants have provided Plaintiff thus far.' . . . Plaintiff has failed to show good cause . . . The Court finds no basis for extending the discovery deadline."). Moreover, Plaintiff has not established that there *is* a real discovery dispute about Amazon.com's discovery responses, as Amazon.com has agreed to supplement its discovery responses upon entry of a protective order. While Amazon.com objected to providing discovery relating to Plaintiff's new allegations in the SAC, after the Rule 37 conference, *Amazon.com agreed to provide such discovery*—a fact conspicuously absent from Plaintiff's motion. Locke Decl., Ex. O. Indeed, Plaintiff has not demanded any further discovery from Defendants since that conference. *See id.*, ¶ 21. Finally, if Plaintiff believes that Defendants' discovery responses are deficient after Defendants supplement their discovery upon entry of a protective order, Plaintiff has an adequate remedy through a motion to compel. She does not need an extension of the trial date.

Defendants have made clear they will produce the information Plaintiff is seeking upon entry of a satisfactory protective order. Yet Plaintiff has not been diligent in securing that protective order—and in fact has actively delayed such negotiations. Despite repeated requests for comments and suggestions from Defendants' counsel, Plaintiff delayed progress by only responding to the draft order after a significant amount of time. *Id.*, Ex. S. This is far from the diligence required under the good cause standard. As Judge Martinez previously explained in denying a defendant's motion to extend deadlines:

> This is not to say that diligence required Defendant to accept Plaintiff's proposed protective order, but it did not require Defendant to do *something* to move discovery forward. Parties may not ignore scheduling deadlines simply because they are at an impasse, especially when little is being done to resolve it.

*Bush*, Case No. C09-0518, 2010 WL 324432, at *3 (emphasis in original). The lack of a protective order here is not grounds for an extension of the trial schedule.

**2.    Plaintiff has not exercised diligence in seeking an extension.**

Similarly, Plaintiff has not shown "good cause" for an extension because she has not explained why she waited until June to seek to extend the schedule set by this Court on

DEFS.' OPP. TO PL.'S MOT. FOR RELIEF FROM TRIAL DEADLINES (No.2:11-CV-01709-MJP) – 7
24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

February 6, 2012. Plaintiff waited four months to file this Motion, and only eleven days before the deadline for her to disclose experts. Plaintiff can hardly claim that she did not anticipate requiring additional time; indeed, she informally (and improperly) sought more time via letter to the Court dated March 9, 2012. When that tactic did not work, she waited *an additional three months* before formally moving to extend the schedule. Such a delay in moving to extend a trial schedule demonstrates a lack of diligence. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) ("[C]ounsel did not seek to modify that court order until four months after the court issued the order. [The moving party] did not demonstrate diligence in complying with the dates set by the district court and has not demonstrated 'good cause' for modifying the scheduling order, as required by Fed. R. Civ. P. 16(b).").

### 3. Plaintiff has not otherwise shown "good cause" for an extension.

Nor does Defendants' pending motion to dismiss justify an extension of the scheduling order. As discussed above, Amazon.com has agreed to provide discovery relating Plaintiff's fraud claim—the very subject of the pending motion to dismiss. Locke Decl., Ex. P. Moreover, the fact that no answer is yet required by Defendants does not justify the delay. At a minimum, Plaintiff need not have waited four months to propound discovery on subjects related to her own claims (discovery that is not dependent on Defendants' particularly pled defenses) even though the lack of an answer is Plaintiff's primary rationale relied on for the delay. Indeed, Plaintiff's pending discovery evidences that she had ample information to propound her requests; she simply chose to wait months to do so.

Further, Plaintiff has not explained why she could not meet the expert disclosure deadline due to the pending motion or lack of an answer. Plaintiff has the burden of proof in this case, yet on June 11, she failed to disclose *any* experts relating to her affirmative case, such as experts regarding her alleged damages. *Id.*, *¶* 22. Plaintiff should not be allowed a second chance to disclose experts where, as here, she has all the information necessary for expert disclosures. *Reliance Ins. Co. v. La. Land Exploration Co.*, 110 F.3d 253, 257-58 (5th Cir. 1997) (upholding

DEFS.' OPP. TO PL.'S MOT. FOR RELIEF FROM TRIAL DEADLINES (No.2:11-CV-01709-MJP) – 8
24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

district court's denial of request to extend deadline to supplement expert reports when movant "offered no justification for its delay" and reasoning that "[d]istrict judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case").

### C. Extending the Trial Schedule Would Cause Undue Delay and Prejudice

An extension is inappropriate for the additional reason that it would prejudice Defendants and this Court. Delaying litigation and otherwise drawing out the process necessarily results in higher attorney fees and costs and congests this Court's calendar. An extension here would be particularly unjust given Plaintiff's past attempts to delay these proceedings, thereby raising costs and fees for the parties. Giving Plaintiff additional time to prepare her case theory, experts, and dispositive motions would essentially punish Defendants, who have worked diligently to meet this Court's deadlines and have done so with a serially unresponsive Plaintiff. *Bush*, 2010 WL 324432, at *4 (denying request to extend expert disclosure deadline and other trial deadlines because it would be unfair to allow the moving party additional time to file expert reports when the nonmoving party filed its expert report "well before the deadline"). Defendants have expended energy and costs in responding to discovery, drafting motions, and repeatedly contacting Plaintiff for updates regarding the status of drafts and pleadings. Defendants should not be left holding the bill for Plaintiff's delays.

### IV. CONCLUSION

For the reasons stated above, Defendants respectfully request this Court deny Plaintiff's Motion for Relief from Trial Deadlines and to Continue Trial Date.

DEFS.' OPP. TO PL.'S MOT. FOR RELIEF FROM TRIAL DEADLINES (No.2:11-CV-01709-MJP) – 9

24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | |
|---|---|
| DATED: June 13, 2012 | By: s/ Ashley Locke<br>Ashley A. Locke, WSBA No. 40521<br>Breena M. Roos, WSBA No. 34501<br>Charles C. Sipos, WSBA No. 32825<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>Email: BRoos@perkinscoie.com<br>       CSipos@perkinscoie.com<br>       ALocke@perkinscoie.com<br>Attorneys for Defendants Amazon.com and IMDb.com |

DEFS.' OPP. TO PL.'S MOT. FOR RELIEF FROM TRIAL DEADLINES (No.2:11-CV-01709-MJP) – 10

24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

I certify that on June 13, 2012, I electronically filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM TRIAL DEADLINES AND TO CONTINUE TRIAL DATE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record

| | |
|---|---|
| **John W Dozier , Jr**<br>Dozier Internet Law<br>301 Concourse Blvd<br>West Shore III , Ste 300<br>Glen Allen, VA 23059 | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Via ECF |
| **Randall Moeller**<br>**Derek Alan Newman**<br>Newman & Newman<br>1201 Third Avenue, Ste 1600<br>Seattle, WA 98 | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Via ECF _____ |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 13th day of June, 2012.

    s/ Ashley Locke
    Ashley Locke, WSBA No. 40521
    Charles C. Sipos, WSBA No. 32825
    Breena M. Roos, WSBA No. 34501
    **Perkins Coie LLP**
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000
    E-mail: alocke@perkinscoie.com
    E-mail: csipos@perkinscoie.com
    E-mail: broos@perkinscoie.com
    Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

DEFS.' OPP. TO PL.'S MOT. FOR RELIEF FROM TRIAL DEADLINES (No.2:11-CV-01709-MJP) – 11
24976-0480/LEGAL23839520.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000