THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>    Defendants. | No. 2:11-CV-01709-MJP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR RELIEF FROM TRIAL DEADLINES AND TO CONTINUE TRIAL DATE** |

## I.     INTRODUCTION & FACTS

Contrary to Defendants' rendition of the facts, Plaintiff has done everything within her control to progress her claims. In this case that the Court has deemed "unusual," Plaintiff filed an anonymous Complaint alleging unauthorized and unlawful data-mining of her private information by Defendants. Dkt. 1; Dkt. 43. Because of the nature of her claims, Plaintiff sought a protective order from the outset, discussing the necessity of a protective order with Defendants during the parties' Rule 26(f) conference on January 12, 2012, and timely providing a draft order to Defendants on January 27, 2012. Declaration of John W. Dozier, Jr. ("Dozier Dec."), ¶ 2 and Ex. A. More than two months later, Defendants responded by providing a completely different and self-serving order on April 5, 2012, stating that it was more appropriate because it was "modeled" after an order that Judge Pechman had previously signed in another case. Dozier Dec., Ex. B. However, in addition to other substantial revisions to the "model" order, Defendants materially altered the definition of "Confidential" material, essentially nullifying that term for Plaintiff. *Cf.*

Plaintiff's Reply in Support of her Motion For Relief From Trial Deadlines and to Continue Trial Date

Case No. 11-CV-01709

Page 1 of 6

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

Dozier Dec., Ex. C, ¶ B.1 to Ex. D, ¶ C.6. Plaintiff has since provided additional edits and commentary in response to Defendants' continued objections to using language from the "model" order *previously used by this Court* and *that Defendants provided to Plaintiff*. Dozier Dec., Exs. E-I.

Meanwhile, Plaintiff expressed concern to the Court in March regarding the scheduled pretrial dates based on lack of a substantive answer filed in this case (Dkt. 39), and the parties issued and responded to discovery. Notably, Defendants objected to every single interrogatory and request for production (Declaration of Ashley A. Locke in Support of Defendants' Opposition to Plaintiff's Motion for Relief From Trial Deadlines and to Continue Trial Date ("Locke Dec."), Exs. J-M), and though they reference "producing over 1040 pages of documents" (Opp. at 2), Defendants leave out that more than 400 pages of that are meaningless lists of file names and "data dump." More importantly, Defendants object to producing the operative contracts between the parties, claiming they are "work-product" (Dozier Dec., Ex. H) and failed to provide a meaningful answer regarding exactly how Defendants obtained Plaintiff's legal name and date of birth. Dozier Dec., Ex. H.

The parties held a Rule 37 "meet and confer" on May 24, 2012, and discussed jointly extending the pre-trial schedule and moving the trial date out six months. Dozier Dec., Ex. H. Plaintiff was shocked to learn for the first time on May 31, 2012 that Defendants did not agree that the pretrial and trial schedule needed adjustment. *See* Locke Dec., Ex. P. Plaintiff sought relief from the Court's Order Setting Trial Date & Related Dates the very next day, at which time none of the deadlines from which Plaintiff has sought leave had passed. Dkt. 38; Dkt. 50.

## II.   ARGUMENT

### A.   Granting Relief from Trial Deadlines and Continuing the Trial Date in this Matter Will Cause Neither Prejudice Nor "Undue Delay"

Hidden at the back of Defendant's Opposition, at page 9, Defendants make the incredibly ironic argument that granting the requested relief will cause "undue delay" and prejudice. Notably absent from Defendants' Opposition is any discussion of the fact that Defendants have still not filed an answer in this matter. It is particularly ironic that a Defendant who has dragged

Plaintiff's Reply in Support of her Motion For Relief From Trial Deadlines and to Continue Trial Date

Case No. 11-CV-01709

Page 2 of 6

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

1  this matter out with repeated motions to dismiss without filing any pleading responding on the
2  merits, despite agreeing to do so (*see* Dkt. 44) ("Deadline for Defendants to file *answers* to
3  Plaintiff's Second Amended Complaint"), is now accusing Plaintiff of seeking to cause "undue
4  delay" by asking the Court to allow discovery and the provision of expert reports to come some
5  time after Defendants' eventual answer.

6  Any prejudice argued by Defendants is *far* outweighed by the prejudice to Plaintiff in
7  being denied the right to discovery and experts based upon some substantive response to the
8  merits of a Complaint which has already been determined by this Court to state a cause of action.
9  *See* Dkt. 42. Defendants are asking the Court to bless their strategy of forcing Plaintiff to prepare
10 this case in ignorance of their position on the merits, despite the best efforts of Plaintiff to
11 determine that position. Dozier Dec. ¶ 4. Taking Defendants' argument to its extreme, Plaintiffs
12 will soon face dispositive motions without any answer having been filed. Taken even further,
13 Defendants appear to be arguing that it would be acceptable for a trial to commence, still without
14 an answer from Defendants.

15 **B.   Plaintiff Has Been Diligent in Pursuing Her Claims**

16 The parties have significant disagreement over the issue of how and why discovery, the
17 protective order, and expert reports could not be or have not been timely completed. While
18 Defendants argue that Plaintiff has been dilatory, denial of an extension here will produce too
19 harsh a result.[1] The requisite good cause for relief from pretrial deadlines and a continuance of
20 the trial in this matter is apparent by the parties' agreement that discovery is incomplete for both
21 parties (*see* Opp. at 2), that agreement on a protective order is both needed and has not yet been
22 reached (*id.*), and the continued absence of any substantive answer.

23 The cases cited by Defendants are inapposite, as not one of them involved a situation
24 where the good cause and diligence questions turned on the fact that no answer had been filed as
25 of the expert deadline or deadline for the close of discovery.[2] Defendants attempt to compare this

---

[1] *See Akmal v. Cingular Wireless, Inc*, No. C06-0748JLR, 2007 U.S. Dist. LEXIS 20102 (W.D. Wash. Mar. 20, 2007) (scheduling order modified where *no* discovery requests were issued until responses would be due three days *after* the deadline because the alternative "would produce a harsh result").

[2] *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 610 (9th Cir. 1992) involved a motion to amend a complaint filed four months after the deadline had passed; *B2B CFO Partners, LLC v. Kaufman*, No. 09-2158, 2011

Plaintiff's Reply in Support of her Motion For
Relief From Trial Deadlines and to Continue
Trial Date

Page 3 of 6

Case No. 11-CV-01709

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

case, where no answer has been filed, to cases where the Court notes that no explanation for delay has been given at all. *See* fn 2. In fact, all of the cases cited by Defendants involve entirely different facts from the instant case, and many do not support the Defendants' argument here that Plaintiff has failed to show good cause or lacked diligence in pursuing this case.

Contrary to the quote from *Bush v. Pioneer Human Servs.*, No. C09-0518-RSM, 2010 U.S. Dist. LEXIS 76204, 2, 19 (D. Ariz. July 13, 2011) involved an attempt at a *fourth* amendment to a scheduling order filed *eight months* after the earliest of the deadlines sought to be altered had passed; in *U.S. E.E.O.C. v Ian Schrager Hotels, Inc.*, No. 99-0987, 2000 U.D. Dist. LEXIS 21501, 17 (C.D. Cal. Mar. 8, 2000) the court *allowed* a supplemental expert report in part because "defendants have failed to respond properly to discovery"; in *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) the court denied an extension sought only six weeks before final pretrial conference where, unlike the lack of an answer and several pending motions affecting the claims raised in this case, "[t]he motion fail[ed] to explain the delay…with no significant action being taken in this case…"; in *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174-1175 (9th Cir. 2007) the court found an *abuse of discretion* where a lower court *denied* a motion to modify a scheduling order because a deposition had been scheduled prior to the deadline and then continued at the other party's request (not unlike the instant case where the parties agree to the necessity of a protective order); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-1295 (9th Cir. 2000) dealt with a circumstance where plaintiffs waited to amend their complaint until after the deadline for such amendment had passed "[d]espite having hired a statistical expert years before the summary judgment motions and having received the first statistical report…over a year before filing for summary judgment"; *Bush v. Pioneer Human Servs.*, No. C09-0518-RSM, 2010 U.S. Dist. LEXIS (W.D. Wash. Jan. 21, 2010) involved denial of an extension to a *defendant* that knew months before a discovery deadline that a protective order would be required to obtain *specific* medical records sought in discovery, but delayed in seeking that protective order (it is notable that the court stated "[d]efendant will not be crippled by this result, however, because this order does not prevent it from using a rebuttal witness…"); *Nelson v. Fed. Way Dep't of Pub. Safety*, No. C06-1142-RSL, 2007 U.S. Dist. LEXIS 41166 (W.D. Wash. June 5, 2007) raised only a "breakdown of communications" between plaintiff and counsel as cause supporting an extension, but declined to explain this point or how it lead to the need to extend deadlines on the basis of attorney-client privileged communications; in *Chen v. Dougherty*, No. C04-987-MJP, 2007 U.S. Dist. LEXIS 35828, 3 (W.D. Wash. May 16, 2007) the court *did* extend the trial date, but denied *without prejudice* the plaintiff's request for an extension of discovery and expert deadlines because those deadlines had already passed when an interlocutory appeal had been filed; in *Carter v. City of Carlsbad*, No. 10cv1072-IEG (BLM), 2011 U.S. Dist. LEXIS 36893, 5 (S.D. Cal. April 1, 2011) plaintiff sought an extension of discovery deadlines to allow for discovery served after the discovery deadline and a deposition continued until after that deadline (it is notable that in this case the court compelled both discovery responses and a deposition despite the passage of a discovery deadline because "both parties are at fault…," effectively granting the extension sought); *Darrah v. Virgin Islands*, No. 2009-068, 2011 U.S. Dist. LEXIS 143541, 5 (D. Virgin Islands Dec. 13, 2011) involved a complaint filed September 29, 2009, an answer filed December 18, 2009, and a *third* scheduling order entered on January 4, 2011 wherein the court stated "[t]here will be no further extensions of time without good cause shown," yet the plaintiff did not propound any discovery in that case until January 27, 2011, after the *third* scheduling order and still sought extensions; in *Pulliam v. Lozano*, No. 1:07-CV-00964-LJO-MJS-PC, 2012 U.S. Dist. LEXIS 9647, 4 (E.D. Cal. Jan. 27, 2012) plaintiff sought an extension of discovery deadlines, despite the previous denial of that request, on the basis that discovery responses to that point were inadequate, and the court found "it appears Defendants have responded to the best of their abilities" and that additional information sought was not relevant; the complaint in *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1083-1084 (9th Cir. 2002) was filed December 29, 1998, an answer was filed February 12, 1999, and a trial was set by conference on June 14, 1999 with discovery to be completed by "10/25/99," yet the plaintiff did not seek to modify the scheduling order and extend discovery deadlines until March 3, 2000 – long after the passing of the deadlines; *Cf. Wilson v. Battelle Mem'l Inst.*, No. 11-CV-05130-TOR, 2012 U.S. Dist. LEXIS 54563, 4-5 (April 18, 2012) (Extension appropriate where plaintiff sought post-deadline right to amend after review of "discovery for relevant information to support what may have only been previously suspected"); finally, in *Reliance Ins. Co. v. La. Land Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) the plaintiff sought to supplement its timely filed expert report, but "offered no justification for its delay in attempting to cure" that report ten days after the expert deadline.`

Plaintiff's Reply in Support of her Motion For Relief From Trial Deadlines and to Continue Trial Date

Case No. 11-CV-01709

Page 4 of 6

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

U.S. Dist. LEXIS, 8 (W.D. Wash. Jan. 21, 2010) relied upon by Defendants (Opp. at 7), as indicated above, *much* has been done by Plaintiff in this matter: Plaintiff sought a protective order early, prior to issuing discovery, exchanged drafts of that protective order early, prior to issuing discovery, then issued discovery, and now finds herself still waiting for not only the protective order, but also complete discovery responses and a substantive answer. Plaintiff filed this motion within a day of Defendant's stated opposition and barely a month after receiving Defendants' deficient discovery responses. *See Rants v. WHPacific Inc.*, 2010 U.S. Dist. LEXIS 123888, 14 (W.D. Wash. Nov. 3, 2010) (a delay of "less than two weeks" in filing to amend a complaint did not display a lack of diligence) (*citing Aldan v. World Corp.*, 267 F.R.D. 346, 358 (N. Mar. I. 2010) (two month delay did not display a lack of diligence)); *see Chamberlain Group, Inc. v. Nassimi*, 2010 U.S. Dist. LEXIS 84334 (W.D. Wash. July 23, 2010) (delay of either three weeks or six months did not display a lack of diligence).

### III.  CONCLUSION

For the reasons stated herein and in Plaintiff Huong Hoang's Motion For Relief From Trial Deadlines and to Continue Trial Date, this Court should relieve Plaintiff of the June 11, 2012 deadline for filing expert reports and other discovery deadlines and extend those dates to some time after the filing of a substantive answer by the Defendants. This Court should also continue the trial date beginning January 7, 2013 to give the parties the opportunity to meaningfully address the claims and defenses ultimately raised in this matter.

DATED this 15th day of June, 2012.

By: /s/ John W. Dozier, Jr.
John W. Dozier, Jr., Esq., VSB No. 20559
*Admitted pro hac vice*
**DOZIER INTERNET LAW, P.C.**
11520 Nuckols Rd., Suite 101
Glen Allen, Virginia 23059
Telephone: (804) 346-9770
Facsimile: (804) 346-0800
Email: jwd@cybertriallawyer.com

**NEWMAN DU WORS LLP**
Derek A. Newman, Esq., WSBA 26967
Randall Moeller, Esq., WSBA No. 21094
1201 Third Avenue, Suite 1600

Plaintiff's Reply in Support of her Motion For Relief From Trial Deadlines and to Continue Trial Date

Case No. 11-CV-01709

Page 5 of 6

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

Seattle, Washington 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801
Email: derek@newmanlaw.com
randy@newmanlaw.com

*Attorneys for Plaintiff Huong Hoang*

## CERTIFICATE OF SERVICE

I certify that on this 15th day of June, 2012, I electronically filed the foregoing PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR RELIEF FROM TRIAL DEADLINES AND TO CONTINUE TRIAL DATE with the Clerk of the Court using the CM/ECF system, thereby sending notification of such filing to the following attorneys of record:

Charles C. Sipos (csipos@perkinscoie.com)
Breena Michelle Roos (broos@perkinscoie.com)
Ashley A. Locke (alocke@perkinscoie.com)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099

*Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.*

Dated this 15th day of June, 2012.    By:    /s/ John W. Dozier, Jr.
John W. Dozier, Jr., Esq., VSB No. 20559
*Admitted pro hac vice*
**DOZIER INTERNET LAW, P.C.**
11520 Nuckols Rd., Suite 101
Glen Allen, Virginia 23059
Tel: (804) 346-9770
Fax: (804) 346-0800
Email: jwd@cybertriallawyer.com

**NEWMAN DU WORS LLP**
Derek A. Newman, Esq., WSBA 26967
Randall Moeller, Esq., WSBA No. 21094
1201 Third Avenue, Suite 1600
Seattle, Washington 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801
Email: derek@newmanlaw.com
randy@newmanlaw.com

*Attorneys for Plaintiff Huong Hoang*

Plaintiff's Reply in Support of her Motion For Relief From Trial Deadlines and to Continue Trial Date

Case No. 11-CV-01709

Page 6 of 6

DOZIER INTERNET LAW, P.C.
11520 Nuckols Rd. Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800