THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Huong Hoang, <br><br>            Plaintiff, <br><br>    v. <br><br> Amazon.com, Inc., et al., <br><br>            Defendants. | No. 2:11-CV-01709-MJP <br><br> **STIPULATED PROTECTIVE ORDER** |

Pursuant to the Federal Rules of Civil Procedure and the Court's Local Civil Rules, Plaintiff Huong Hoang ("Plaintiff") and Defendants Amazon.com, Inc. and IMDb.com, Inc. ("Defendants") (collectively "the Parties") respectfully request that the Court enter the following Stipulated Protective Order ("Order").

**A.    PURPOSE AND LIMITATIONS**

1.    There is good cause for a protective order in this action because discovery is likely to involve production of confidential, proprietary, and private information, such as (1) Plaintiff's confidential personal and financial information; and (2) confidential, proprietary, and/or sensitive information regarding Defendants' business operations, finances, strategies and products and services; both of which warrant special protection from use other than for this litigation and from public disclosure.

STIPULATED PROTECTIVE ORDER
 (No. 2:11-CV-01709-MJP) – 1
24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2.     The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 5(g) sets forth the procedures that must be followed and reflects the standards that will be applied if the Parties seek permission from the Court to file material under seal.  Therefore, the Parties stipulate as follows:

   a.     WHEREAS the Parties desire a protective order for the purpose of protecting the interests in their own confidential information, by controlling access to and use of such confidential information, while allowing discovery of the same for the purpose of conducting this litigation and not for any other purpose outside the scope of this litigation;

   b.     IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, through their respective counsel of record and subject to the approval of the Court, without waiving any claims or defenses in the above-captioned action, and without acknowledging the propriety of any claim by any party that any information produced during the course of discovery in this action constitutes confidential information, that in order to preserve any claim by any party that information produced during discovery constitutes confidential information, the following protective order shall govern in this action.

**B.   DEFINITIONS**

1.     "Designating Party" shall mean the party or nonparty that specifies, in good faith, the particular level of confidentiality for any Disclosure or Discovery Material that it will be producing.

2.     "Producing Party" refers to the party or nonparty that produces Disclosure or Discovery Material in this action.

3.     "Receiving Party" refers to the party that receives the Disclosure or Discovery Material from a Producing Party.

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 2

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

4. "Disclosure or Discovery Material" refers to all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or discovery in this action.

5. "Confidential" material refers to all information or items that (i) the Designating Party believes in good faith constitute confidential and/or proprietary information pertaining to its personhood, trade or business; (ii) the Designating Party believes in good faith are not generally known to others; and (iii) the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, regardless of the medium on or manner by which the "Confidential" material is generated, stored, or maintained. "Confidential" material also includes information and items that the Designating Party believes in good faith fall within any right to privacy guaranteed by law. "Confidential" material is also that required by CR 5.2 to be redacted prior to filing with the Court, including dates of birth, names of minor children, social security numbers and taxpayer-identification numbers, financial accounting information, passport numbers, and driver license numbers.

6. "Highly Confidential – Attorneys' Eyes Only" material refers to all information or items that the Designating Party believes in good faith constitute extremely sensitive "Confidential" material, the disclosure of which to another Party (or nonparty) would create a risk of serious harm that could not be avoided by less-restrictive means, regardless of the medium on or manner by which the "Highly Confidential-Attorneys' Eyes Only" material is generated, stored, or maintained.

7. "Protected Material" refers to any Disclosure or Discovery Material that is designated as either "Confidential" or "Highly Confidential-Attorneys' Eyes Only," or other material specifically designated as "Protected Material" in this Order.

8. "Litigation Counsel" refers to the attorneys (and any support staff) who are employees of a law firm where at least one attorney of the law firm is listed in the Court's docket as representing a Party.

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 3

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

9.     "In-House Counsel" refers to attorneys (and any support staff) who are employees of a Party named in the Compliant or a counterclaim.

10.    "Counsel" (without qualifier) refers to Litigation Counsel and In-House Counsel (as well as their support staffs).

## C.     DESIGNATION PROCEDURES

1.     The Designating Party must take care to designate for protection only those parts of materials, items, or oral or written communications ("documents") that qualify as Confidential or Highly Confidential – Attorneys' Eyes Only so that other portions of the documents for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case-development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, the Designating Party must within five days of such discovery notify all other parties that it is withdrawing the mistaken designation.

2.     The Designating Party shall stamp each document page containing Confidential information with the word "Confidential."  The Designating Party shall stamp each document page containing Highly Confidential – Attorneys' Eyes Only information with the words "Highly Confidential – Attorneys' Eyes Only."  The Designating Party shall stamp the cover page of any set of documents containing Confidential information with the words "Contains Confidential Information."  The Designating Party shall stamp the cover page of any set of documents containing Highly Confidential – Attorneys' Eyes Only information with the words "Contains Highly Confidential Information – Attorneys' Eyes Only."  Where the set of documents contains both Confidential and Highly Confidential – Attorneys' Eyes Only information, the Designating Party

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 4

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

shall stamp the cover page with the words "Contains both Confidential and Highly Confidential Information – Attorneys' Eyes Only."

3. The Designating Party shall stamp each document and cover page under Paragraph C.2 prior to serving or delivering the document to the other parties and prior to making the document available for inspection and copying.

4. Deposition or other testimony may be designated Confidential or Highly Confidential – Attorneys' Eyes Only (1) on the record at the deposition; (2) by serving a written notification on the other parties and any involved deponent within fifteen (15) days after receipt of the transcript by counsel for the designating party; or (3) at any other time by written notification to the deponent and all other parties, pursuant to the terms of Paragraph C.7.

5. All transcripts of deposition or other testimony, any related exhibits, and all information adduced in deposition or other testimony, shall in their entirety be treated as Highly Confidential - Attorneys' Eyes Only for a period of fifteen (15) days after receipt of the transcript by counsel for the Designating Party. The Designating Party may within that fifteen (15) day period specifically designate information contained in the transcript(s) or exhibit(s) as Confidential or Highly Confidential – Attorneys' Eyes Only, whether or not previously designated as such, by notifying all parties in writing of the specific pages and lines of the transcript or exhibit that contain such information and labeling them "Confidential" or "Highly Confidential – Attorneys' Eyes Only," respectively. The Parties shall attach a copy of the written statement to the transcript or exhibit and to each copy in its possession, custody, or control. Thereafter, the portions of the transcript or exhibits designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall be treated in accordance with the terms of this Order.

6. Upon the good-faith assertion by counsel for the Designating Party that a question or line of questions at a deposition or hearing is likely to result in the disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only information, any person not entitled under Section E to

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 5

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

have access to Confidential or Highly Confidential – Attorneys' Eyes Only information shall leave the deposition or hearing until the question or line of questions is completed.

7. Failure to designate and identify a document or thing in accordance with this Order shall not preclude the Designating Party from designating the document or thing thereafter. Except as otherwise described in this Order, the Designating Party may designate the document or thing—if it proceeds within five days after learning of any such failure to designate—by identifying the document or thing in accordance with Section C and requesting in writing that the receiving party stamp and treat the document or thing in accordance with this Order. Thereafter, the document or thing shall be fully subject to this Order.

8. No party may challenge the designation of any information under this Order on the grounds that such information was provided to Defendants, prior to the commencement of this litigation, under the terms of Defendant Amazon.com, Inc.'s Privacy Notice and/or IMDb.com, Inc.'s Privacy Policy. The parties expressly reserve the right to challenge designations for any other reason.

## D. CHALLENGING DESIGNATIONS

1. A Party may challenge a Designating Party's confidentiality designation at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to challenge it right away, unless a prompt challenge to the confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or significant disruption or delay of the litigation.

2. A Party may challenge, as being a proper subject of this Order, any information that: (i) prior to the commencement of this litigation was available to the general public; and (ii) after designation under this Order becomes available to the general public through no act, or failure to act, attributable to the Receiving Party or its Counsel.

3. A Party may challenge the designation level, of any Protected Material, so long as it has a good faith basis for believing the designation level is in error.

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 6

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

4.      A Party that elects to challenge a Designating Party's confidentiality designation must do so in good faith and by serving upon the Designating Party a written notice of objection, which shall identify the Protected Material being challenged and state the basis for the challenge ("Notice of Objection").

5.      Within seven (7) court days after service of a Notice of Objection, the Designating Party must serve a written response to the Notice of Objection either by explaining the legal and factual basis for its belief that the confidentiality designation was proper and should be maintained or by dedesignating (or re-designating if appropriate) the challenged material ("Response to Objection").

6.      Within five (5) court days after service of the Response to Objection (assuming the challenging party is not satisfied with the response), the Parties shall meet and confer to discuss the objection and response. If the challenging party's objection is not resolved during the meet and confer, the challenging party may seek judicial intervention as described below.

7.      If the matter is not resolved by the end of the meet and confer, the challenging party may file a motion under Civil Local Rules 7 and 37 (and in compliance with Civil Local Rule 5(g) if applicable) challenging the designation. The motion must be accompanied by a declaration that affirms the movant has complied with, or attempted in good faith to comply with, the requirements imposed in the preceding paragraphs. The movant may submit the challenged material to the Court for in camera inspection. The Designating Party shall have the burden of proving that the challenged material qualifies for the designated level of protection and that the designation should be maintained. Until the Court rules on the challenge, the parties shall continue to treat the challenged material under the Designating Party's designation.

E.      **DISCLOSURE AND CONTROL**

1.      Confidential information or documents containing Confidential information may be given, shown, disclosed, made available, or communicated only to the following:

   a.      Litigation Counsel;

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 7

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

  b. In-House Counsel for the Parties, including the paralegal, stenographic, and clerical employees associated with counsel who have executed a Confidentiality Agreement in the form of Exhibit A hereto (the "Confidentiality Agreement") on behalf of the corporate party thereby agreeing that each counsel, paralegal, stenographic and clerical employee associated with counsel of the corporation to whom Confidential information is shown, disclosed, made available to, or communicated will be bound by the terms of this Order;

  c. Parties to this action, including in the case of corporate parties an officer, director, agent, representative, or other employee who has executed a Confidentiality Agreement on behalf of the corporate party thereby agreeing that any officer, director, agent, representative, or employee of the corporation to whom Confidential information is shown, disclosed, made available to, or communicated to will be bound by the terms of this Order;

  d. The Court hearing this action, including its personnel; any jury empaneled in this action; and other persons such as a court-appointed or party-designated special master who may serve in a judicial or quasi-judicial function;

  e. A professional court reporter engaged to transcribe testimony in this action;

  f. Outside consultants, experts, and vendors (excluding anyone who is an officer, director, employee, representative, agent, or otherwise associated with or related to the party), and their support personnel, employed by a party or counsel to a party to assist in the preparation and trial of this action, provided that those persons execute the Confidentiality Agreement;

  g. Deponents that a party believes in good faith may possess relevant information, provided such persons execute the Confidentiality Agreement. Such persons may be shown the Confidential information during the deposition but shall not be provided with copies of documents or things containing Confidential information;

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 8

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

  h. Such other persons as may be agreed in writing by all parties to this action, by further order of the Court on motion by any party to this action, or by subpoena for which no timely protective order is obtained.

2. Highly Confidential – Attorneys' Eyes Only information or documents containing Highly Confidential – Attorneys' Eyes Only information may be given, shown, disclosed, made available, or communicated only to the following:

  a. Litigation Counsel;

  b. In-House Counsel for the Parties, including the paralegal, stenographic, and clerical employees associated with counsel who have executed the Confidentiality Agreement on behalf of the corporate party thereby agreeing that each counsel, paralegal, stenographic and clerical employee associated with counsel of the corporation to whom Confidential information is shown, disclosed, made available to, or communicated will be bound by the terms of this Order;

  c. The Court hearing this action, including its personnel; any jury empaneled in this action; and other persons such as a court-appointed or party-designated special master who may serve in a judicial or quasi-judicial function;

  d. A professional court reporter engaged to transcribe testimony in this action;

  e. Outside consultants, experts, and vendors (excluding anyone who is an officer, director, employee, representative, agent, or otherwise associated with or related to the party), and their support personnel, employed by a party or counsel to a party to assist in the preparation and trial of this action, provided that those persons execute the Confidentiality Agreement;

  f. Deponents that a party believes in good faith may possess relevant information, provided such persons execute the Confidentiality Agreement. Such persons may be shown the Confidential information during the deposition but shall not be provided with copies of documents or things containing Confidential information;

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 9

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

   g. Such other persons as may be agreed in writing by all parties to this action, by further order of the Court on motion by any party to this action, or by subpoena for which no timely protective order is obtained.

  3. Counsel or the party that caused the Confidentiality Agreement to be signed shall retain the Confidentiality Agreement and make it available for inspection by the Parties upon good cause shown.

  4. Except as provided in Paragraphs E.1 and E.2 or pursuant to stipulation among counsel for the Parties filed with the Court, counsel of record shall at all times have and maintain physical custody and control over all Confidential and Highly Confidential – Attorneys' Eyes Only information and counsel shall make diligent efforts to ensure that such Confidential and Highly Confidential – Attorneys' Eyes Only information does not leave its custody and is not disclosed orally. Failure to make diligent efforts to do so shall be grounds for imposition of sanctions at the discretion of the Court.

  5. In the event that a party is served with a subpoena by any person, firm, corporation, or other entity that is not a party subject to this Order and that seeks to compel production of Confidential or Highly Confidential – Attorneys' Eyes Only information, the party upon whom the subpoena is served shall give written notice of the subpoena to the Designating Party at least ten (10) calendar days before the production (or, if less than ten (10) calendar days are set for the production, within one (1) business day after service of the subpoena but in no event after the date for production). The Designating Party shall then have the responsibility to obtain a court order to quash the subpoena or obtain such other relief as will protect the confidential or restricted nature of the information. If such a motion is filed before the requested production date, the party upon whom the subpoena is served shall not deliver the subject documents until after such time as the court rules on the motion. If an order is obtained, the party upon whom the subpoena is served shall comply with the order. If no motion is filed before the scheduled production date, the party upon whom the subpoena is served may comply with the subpoena, so long as any documents are marked

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 10

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

and produced in accordance with any applicable protective order that provides for similar types of restrictions as set forth herein.

6.  No person, firm, corporation, or other entity subject to this Order shall use Confidential or Highly Confidential – Attorneys' Eyes Only information in any manner whatsoever except for the prosecution, defense, settlement, or appeal of this action.  Nor shall any person, firm, corporation, or other entity subject to this Order give, show, disclose, make available, or communicate Confidential or Highly Confidential – Attorneys' Eyes Only information to any person, firm, corporation, or other entity not expressly authorized by this Order to receive such information.  Counsel for the Parties shall make the terms of this Order known to all other persons bound by this Order and—together with their clients—are responsible to this Court for compliance with this Order.

7.  Any party or counsel for a party that in the course of a deposition, hearing, or other proceeding seeks to introduce, use, or otherwise refer to a document or thing that has previously been designated Confidential or Highly Confidential – Attorneys' Eyes Only information shall advise counsel present (and, if relevant, the Court) immediately in advance of such intended introduction, use, or reference, and unless the Court orders otherwise, shall treat the document or thing in accordance with the provisions of this Order relating to Confidential or Highly Confidential – Attorneys' Eyes Only information.

## F. FILING DESIGNATED INFORMATION WITH THE COURT

1.  Documents containing Confidential or Highly Confidential – Attorneys' Eyes Only information shall not be filed with the Court unless it is reasonably necessary to do so for purposes of trial, motions (including, without limitation, class certification or summary judgment), or other court matters.  The filing party shall take all reasonable steps to file any Confidential or Highly Confidential – Attorneys' Eyes Only information under seal in compliance with Federal Rule 26(c)(1)(g) and Local Rule 5(g).  Specifically, if a party intends to file with the Court or use at trial

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 11

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

documents containing Confidential or Highly Confidential – Attorneys' Eyes Only information, the following procedures shall apply:

    a.    Counsel shall meet and confer before filing the document or using it at trial. To the extent possible, the Parties shall file a stipulation and proposed order reciting the reasons for sealing the document before or at the time the document is submitted to the Court.

    b.    If counsel cannot reach agreement, then a properly noted motion to seal must be filed before or contemporaneously with the document desired to be under seal pursuant to Local Rule 5(g)(5). If the party intending to submit the document is not the Designating Party, the party intending to submit the document shall provide at least five (5) days notice to the Designating Party so that the Designating Party can prepare and file the motion to seal.

    c.    Counsel shall use the Case Management/Electronic Case Files ("CM/ECF") system to present documents under seal. Counsel shall not provide original sealed documents to chambers and shall not provide working copies to chambers unless the documents are voluminous and working copies would otherwise be required under Local Rule 10(e)(8).

    d.    In association with any stipulation or motion to seal, the parties shall bring to the Court's attention the requested disposition of the document containing Confidential or Highly Confidential – Attorneys' Eyes Only information in the event the stipulation or motion to seal is denied. For example, a party may request that in the event the stipulation or motion is denied, the document containing Confidential or Highly Confidential – Attorneys' Eyes Only information be deleted from the docket rather than merely unsealed, together with leave to file a new motion or other paper that does not rely on the Confidential or Highly Confidential – Attorneys' Eyes Only information. Nothing in this Order or the above example shall be construed as an endorsement of any particular relief, nor shall it

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24976-0480/LEGAL23782442.6

otherwise constrain the Court's authority with respect to the handling of Confidential or Highly Confidential – Attorneys' Eyes Only information.

  e. If, through inadvertence or otherwise, documents containing Confidential or Highly Confidential – Attorneys' Eyes Only information are filed with the Court without appropriate notice, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosures.

**G. RETAINED RIGHTS**

  1. This Order and the procedures set forth herein shall not affect the rights of the parties to object to discovery on any grounds, nor shall it relieve a party of the necessity of a proper response or objection to discovery requests, nor shall it preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Evidence and Federal Rules of Civil Procedure or any other applicable statute, rule, or authority.

  2. If a new party is added, substituted, or brought into this action, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order from the Court.

  3. This Order does not constitute an admission by any party regarding whether any or all information covered by this Order is subject to a right of privacy under federal or any state laws.

  4. Nothing in this Order shall affect any party's rights or obligations under Amazon.com's Privacy Notice and/or IMDb.com's Privacy Policy.

**H. PRIVILEGED INFORMATION**

  1. If a Disclosing Party unintentionally discloses to the Receiving Party information that the Disclosing Party believes is privileged or otherwise immune from discovery, the Disclosing Party shall promptly upon discovery of the unintentional disclosure advise the Receiving Party in writing and identify the information that it believes should be returned. The Receiving Party shall

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 13

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

return such information (and any and all copies thereof) within ten (10) calendar days after receiving a written request from the Disclosing Party. By returning such information, the Receiving Party does not waive its rights to challenge the Disclosing Party's assertion of any privilege or immunity.

2.      Nothing in this Order shall require production of information or material that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other privilege, doctrine, right, or immunity. If information or material subject to a claim of privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.

3.      The requirements of this Order do not supersede Fed. R. Civ. P. 26(b)(5)(B) and the Federal Rules of Evidence.

**I.      DISPOSITION**

1.      Within thirty (30) days after (1) the last day for the filing of a notice of appeal of the final decision in this matter with no such notice of appeal having been filed or (2) the final designation of any decision on appeal and remand (if any) thereafter, whichever is later, all Confidential and Highly Confidential – Attorneys' Eyes Only information (other than attorney-work product) and all other documents and other things containing or reflecting Confidential or Highly Confidential – Attorneys' Eyes Only information (including, without limitation, all copies, extracts, or summaries thereof) shall be destroyed or delivered to counsel for the party or parties from whom said Confidential or Highly Confidential – Attorneys' Eyes Only information was obtained.  At that time, counsel for the party or parties shall send written confirmation to the Designating Party of the destruction or delivery of documents and other things containing or reflecting Confidential and Highly Confidential – Attorneys' Eyes Only information.

2.      This Order is intended to regulate the handling of Confidential and Highly Confidential – Attorneys' Eyes Only information during the entirety of this litigation—through

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 14

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

appeal and thereafter—and shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the Parties to this litigation or by order of the Court. Insofar as the provisions of this Order restrict the use, disclosure, or communication of any document or thing produced under it, this Order shall continue to be binding after the termination of this action and the Court shall retain jurisdiction of all persons and parties bound by this Order for the purposes of its enforcement and to make such amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate.

IT IS SO STIPULATED.

DATED this ____ day of _____ 2012.

s/ John W. Dozier_____
John W. Dozier, Jr., Esq., VSB No. 20559
*Admitted pro hac vice*
**DOZIER INTERNET LAW, P.C.**
11520 Nuckols Rd., Suite 101
Glen Allen, Virginia  23059
Telephone:  (804) 346-9770
Facsimile:  (804) 346-0800
Email:  jwd@cybertriallawyer.com

**NEWMAN DU WORS LLP**
Derek A. Newman, WSBA No. 26967
Randall Moeller, WSBA No. 21094
1201 Third Avenue, Suite 1600
Seattle, Washington 98101
Telephone:  (206) 274-2800
Facsimile:  (206) 274-2801
Email:  derek@newmanlaw.com
 randy@newmanlaw.com

*Attorneys for Plaintiff Huong Hoang*

s/Ashley A. Locke_____
Ashley Locke, WSBA No. 40521
Charles C. Sipos, WSBA No. 32825
Breena M. Roos, WSBA No. 34501
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail: alocke@perkinscoie.com
E-mail:  csipos@perkinscoie.com
E-mail:  broos@perkinscoie.com

*Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.*

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 15

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# EXHIBIT A

**AGREEMENT AND DECLARATION CONCERNING CONFIDENTIAL INFORMATION COVERED BY AN ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

I, the undersigned, hereby declare the following:

1. I have read the attached Stipulated Protective Order ("Order") entered in the action titled *Huong Hoang v. Amazon.com, Inc. et al.*, No. 2:11-CV-01709-MJP, presently pending in the United States District Court for the Western District of Washington.

2. I understand the terms of the Order, and I agree to be bound by such terms and any subsequent modification thereto.

3. I agree that I shall return or destroy all copies of all documents or things containing Confidential or Highly Confidential – Attorneys' Eyes Only information that have been provided to me, together with any work product (other than attorney work product) generated by me referencing, relying on, or using in any way such Confidential or Highly Confidential – Attorneys' Eyes Only information, pursuant to Paragraph G.1 of the Order.

4. I submit to the jurisdiction of the United States District Court for the Western District of Washington for the limited purpose of any proceeding to enforce the terms of the Order. I understand that I may be subject to contempt for violation of the Order if I violate the terms of this declaration or the Order.

5. My address is:

6. My relationship to this action and its parties is:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on _____, 20\_\_\_, at _____.

[Signature]

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 16

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**[PROPOSED] ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED this ____ day of _____ 2012.

_____
Marsha J. Pechman
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER
(No. 2:11-CV-01709-MJP) – 17

24976-0480/LEGAL23782442.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CERTIFICATE OF SERVICE**

I certify that on June 28, 2012, I served the foregoing **STIPULATED PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

| | |
|---|---|
| **John W. Dozier, Jr.**<br>Dozier Internet Law, P.C.<br>11520 Nuckols Rd., Ste 101<br>Glen Allen, VA 23059 | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Via ECF |
| **Randall Moeller**<br>**Derek Alan Newman**<br>Newman Du Wors LLP<br>1201 Third Avenue, Ste 1600<br>Seattle, WA 98101 | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Via ECF |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 28th day of June, 2012.

s/ Ashley Locke
Ashley A. Locke, WSBA No. 40521
Charles C. Sipos, WSBA No. 32825
Breena M. Roos, WSBA No. 34501
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: alocke@perkinscoie.com
E-mail: csipos@perkinscoie.com
E-mail: broos@perkinscoie.com

*Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.*

(No. ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24976-0480/LEGAL23782442.4
24976-0480/LEGAL23782442.5
24976-0480/LEGAL23782442.6