Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>Defendants. | NO. 11-cv-01709-MJP<br><br>**UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND RELATED DATES DUE TO THE DEATH OF PLAINTIFF'S LEAD COUNSEL**<br><br>NOTE ON MOTION CALENDAR:<br><br>August 13, 2012 |

## I.   INTRODUCTION

On August 6, 2012, Plaintiff Huong Hoang's lead counsel, attorney John Dozier, died. On August 10, 2012, Hoang hired Newman Du Wors LLP to assume lead-counsel responsibilities. In order to properly prepare this case for trial, Hoang requests a three-month continuance of the dispositive motion deadline, pretrial deadlines, and the trial date so that her new counsel can review the record and advise her.

Although Newman Du Wors was previously designated as local counsel, the firm has not participated in any discovery or motion practice, and is unfamiliar with the record. Hoang's counsel is essentially new to this case. In order to adequately represent Hoang, her counsel must review deposition transcripts and all discovery materials exchanged during this proceeding, interview witnesses, and determine whether to request

UNOPPOSED MOTION TO CONTINUE TRIAL
AND RELATED DATES
[Case No. 2:11-cv-01709-MJP] - 1

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

additional discovery or relief from the Court.

Defendants Amazon.com, Inc. and IMDb.com, Inc. ("Defendants") do not oppose this request, although they do not stipulate to any facts or argument asserted herein.

## II.   STATEMENT OF RELEVANT FACTS

**A.   Prior to August 6, 2012, Hoang's lead counsel, John Dozier, managed the case—and local counsel was not involved in discovery or motion practice.**

Attorney John Dozier was a Virginia-licensed attorney that Hoang retained in 2011 to file this lawsuit. (August 13, 2012 Declaration of Keith Scully in Support of Unopposed Motion (Scully Decl.) at ¶ 2.) In October 2011, Dozier engaged Newman Du Wors as his local counsel. (Id.) This Court admitted Dozier to this case pro hac vice four days after the two firms jointly filed the complaint on October 13, 2011. (Id.) From October 17, 2011 until Dozier's death on August 6, 2012, Dozier was the lead attorney on the case and did not consult with his local counsel. (Id.) He and his firm filed and argued all motions, conducted all depositions and other discovery, and exclusively managed the case.(Id.) Although Newman Du Wors remained available to assist should either Hoang or Dozier request assistance, local counsel did not actively participate in the case and was not privy to litigation-strategy discussions or the factual investigation. (Id.) Local counsel did not attend depositions or review any deposition transcripts or discovery materials. (Id.)

**B.   Hoang appointed new lead counsel the week that Dozier died, and her new lead counsel requires time to review the record in this case.**

Mr. Dozier died on August 6, 2012, and was seriously ill before then. (Scully Decl. at ¶ 3.) Among other critical ailments, in the last 18 months Dozier underwent open heart surgery, brain surgery, and daily dialysis. (Id.) Despite his illness, his death was unexpected. (Id.) As recently as two weeks ago, Dozier attended Hoang's deposition in Seattle—although he fell asleep during the proceeding. (Id.)

Hoang is unclear whether Dozier was able to diligently represent her interest in the time preceding his death. Hoang met with Newman Du Wors two days after Dozier's

UNOPPOSED MOTION TO CONTINUE TRIAL
AND RELATED DATES
[Case No. 2:11-cv-01709-MJP] - 2

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

death, and she engaged the firm to represent her as lead counsel on August 10, 2012. (Scully Decl. at ¶ 4.) The same day, her new counsel requested a complete copy of the file from Dozier's office, and expects to receive it within the next couple weeks. (Id.) New counsel also promptly contacted Defendants. (Id.)The deadline for filing dispositive motions is September 10, 2012, and trial is currently set for January 7, 2013. (Id.) Newman Du Wors requires additional time to review the record before proceeding. (Id.)

C. **Defendants do not oppose a three-month continuance.**

Defendants do not oppose a three-month continuance of the following deadlines:

- Dispositive motions (currently September 10, 2012)
- Motions in limine (currently December 3, 2012)
- Agreed pretrial order (currently December 26, 2012)
- Pretrial conference (currently January 3, 2013)
- Trial briefs, proposed voir dire questions, proposed jury instructions, and trial exhibits (currently January 2, 2013)
- Trial (currently January 7, 2013)

(Scully Decl. at ¶ 5.) Defendants do not agree with or stipulate to any additional relief beyond this continuance, nor do Defendants otherwise stipulate to any facts or argument asserted herein. (Id.) Specifically, Defendants do not agree to an extension of the discovery cut-off, which expired on August 10, 2012. Hoang's new counsel has not yet reviewed the case file, and does not know if additional motions—potentially including a motion to re-open discovery—will be required. (Id.)

### III.   ARGUMENT

A. **Good cause exists to continue the case by three months due to lead attorney John Dozier's death.**

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order may be modified for good cause. Good cause exists when a pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Hoang has not found a decision in the United States

UNOPPOSED MOTION TO CONTINUE TRIAL
AND RELATED DATES                    NEWMAN | DU WORS
[Case No. 2:11-cv-01709-MJP] - 3

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

denying a continuance after lead counsel's death. As the Supreme Court noted in one of its earliest cases, the sudden death of lead counsel constitutes good cause for a continuance. "[New] counsel should have an opportunity to investigate the principles, and to consider the authorities connected with it…unencumbered by the pressure of the current business of the court." *Hunter v. Fairfax's Devisee*, 3 U.S. 305, 305-306 (1796) (granting a continuance of an entire term after counsel's untimely death); *see also In re Shaquanna M*., 61 Conn. App. 592, 606-607, 767 A.2d 155 (Conn. App. Ct. 2001) (overruling denial of a continuance after counsel's untimely death).

Here, Hoang exercised diligence following Dozier's death. She retained new lead counsel four days after Dozier's death. (Scully Decl. at ¶ 4.) Her new lead counsel promptly requested the case file from Dozier's firm, and will diligently review it as soon as it is received. (Id.) But under the circumstances, Hoang cannot expect that Dozier's firm can immediately send the file. In any event, new counsel does not have adequate time to prepare for dispositive motions and trial unless the Court grants a continuance. (Id.)

While Hoang's new counsel served as local counsel for Dozier, it had no active role in this litigation. (Scully Decl. at ¶ 2.) Hoang is a working actress without substantial resources. She cannot afford to pay two law firms to duplicate work in this case. Nor does the pro hac vice policy contemplate local counsel looking over lead counsel's shoulder. An attorney admitted pro hac vice has full privilege to litigate a case in this district. Local counsel must be available to cover any proceedings when the out-of-jurisdiction attorney is unavailable (GR 2(d))—and that was Newman Du Wors' only role until now.

Hoang's new counsel cannot effectively advise her until it has reviewed the entire record. Three months is reasonable for Hoang's counsel to receive and review the file from Dozier's firm.

## IV.   CONCLUSION

Plaintiff Hoang's lead counsel, John Dozier, died last week. She promptly engaged new lead counsel who requires time to become familiar with the record. Defendants do

UNOPPOSED MOTION TO CONTINUE TRIAL
AND RELATED DATES
[Case No. 2:11-cv-01709-MJP] - 4

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  not oppose a three-month continuance of the dispositive motion deadline, pre-trial
2  deadlines, and the trial date. Hoang respectfully requests that the Court grant a three-
3  month continuance.
4      A proposed order is submitted separately.
5      Dated this 13th day of August, 2012.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By:   s/ Derek Newman
      Derek A. Newman, WSBA No. 26967
      Keith Scully, WSBA No. 28677
      Charlotte Williams, WSBA No. 42864
      Attorneys for Plaintiff

UNOPPOSED MOTION TO CONTINUE TRIAL
AND RELATED DATES
[Case No. 2:11-cv-01709-MJP] - 5

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800