Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT,
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

HUONG HOANG, an individual,

Plaintiff,

vs.

AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,

Defendants.

NO. 11-cv-01709-MJP

**PLAINTIFF'S MOTION FOR LIMITED RELIEF FROM DEADLINES**

NOTE ON MOTION CALENDAR:

September 28, 2012

## I.   INTRODUCTION

Plaintiff Hoang's former counsel died recently—and before that was too sick to adequately represent her. Former counsel failed to adequately investigate Hoang's claims or take necessary discovery. And over Hoang's express direction, he stipulated to excluding witnesses with relevant and important testimony. As a result, Hoang is unprepared for trial. But if the Court allows Hoang to disclose three witnesses and take limited discovery, Hoang can prepare for trial without continuing the trial date.

Hoang respectfully requests that the Court grant her relief from the discovery cutoff and expert-witness disclosure deadlines based on excusable neglect. Specifically, Hoang seeks leave to disclose two experts, retract a stipulated exclusion of one fact

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 1

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  witness, and propound three interrogatories and three requests for production limited to
2  Defendant IMDb's failure to answer questions during a Fed. R. Civ. P. 30(b)(6)
3  deposition. No party will be prejudiced by the proposed relief, nor will the trial schedule
4  be disrupted.

## II.     FACTS

### A. Hoang must prove that IMDb damaged her, and that IMDb's actions impact the public interest.

Hoang is an actor. (September 20, 2012 Declaration of Huong Hoang in Support of Motion for Relief from Deadlines ("Hoang Decl.") at ¶ 2.) Hoang looks much younger than her actual age, and regularly plays characters in their 20s and 30s in movies, television series, and industrial videos. (*Id*.) Hoang's career progressed steadily, and after her move to Los Angeles from Texas she began auditioning more and more frequently, and was increasingly successful landing roles. (*Id.*) Hoang believes that Hollywood often discriminates against actresses over the age of 40, no matter how youthful they look. (*Id.*) Accordingly, she is careful never to reveal her actual age, her real name, or her date of birth. (*Id.*)

IMDb is the Internet Movie Database, a collection of information about films, actors, and other people who work in the film industry. (Declaration of Keith Scully in Support of Motion for Relief from Deadlines ("Scully Decl.") at ¶ 3.) IMDb is used by fans and moviegoers, and also by acting industry professionals. (Hoang Decl. at ¶ 3.) Hoang knows that casting directors regularly use IMDb to obtain information about actors and actresses both before and after holding auditions. (*Id*.) IMDb displays the date of birth of some, but not all, performers. (*Id*.)

IMDb offers the IMDbPro subscription service, designed for acting professionals. (Hoang Decl. at ¶ 4.) IMDbPro offers advanced search capabilities and information not available on the regular IMDb site. (*Id.*) In order to use IMDbPro, Hoang had to provide IMDb her credit-card number and real name. (*Id.*) She only agreed to do so because IMDb's terms of service and privacy policy made it clear that IMDb would safeguard and

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 2

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

not misuse her personal information. (*Id.*) IMDb's privacy policy also promised her that IMDb would inform her and allow her to opt out of any information posted about her on IMDb's website. (*Id.*)

In 2007, Hoang contacted IMDb and asked it to remove an erroneous date of birth displayed on her profile. (Hoang Decl. at ¶ 5) IMDb refused. (*Id.*) Instead, it used the private information she provided when she opened an IMDbPro account to research her date of birth. IMDb then displayed her actual date of birth without notice to Hoang. (*Id.*) Hoang complained repeatedly, to no avail. (*Id.*)

Hoang's acting career is steadily diminishing since IMDb posted her date of birth on the Internet. (Hoang Decl. at ¶ 6.) She has been cast in fewer roles. (*Id.*) She is making less money. (*Id.*) With her actual age available, few directors will consider her for roles in the 20s to 30s age range. (*Id.*) But because she looks youthful, she cannot convincingly play a woman in her 40s. (*Id.*)

Hoang sued IMDb for breach of contract and violations of Washington's Consumer Protection Act (CPA). (Dkt. No. 45 at ¶¶ 80-87.) To prove her claims, Hoang must prove that IMDb damaged her career, and that IMDb's actions impact the public interest.

**B.   Hoang's former attorney was ill and failed to adequately investigate the case.**

Attorney John Dozier was a Virginia-licensed attorney that Hoang retained in 2011 to file this lawsuit against IMDb and IMDb's parent company, Amazon. (Scully Decl. at ¶ 4.) In October 2011, Dozier engaged Newman Du Wors as his local counsel. (*Id.*) This Court admitted Dozier to this case pro hac vice four days after the two firms jointly filed the complaint on October 13, 2011. (*Id.*) From October 17, 2011 until Dozier's death on August 6, 2012, Dozier was the lead attorney on the case and did not consult with his local counsel. (*Id.*) He and his firm filed and argued all motions, conducted all depositions and other discovery, and exclusively managed the case. (*Id.*)

Dozier died on August 6, 2012, and was seriously ill before then. (Scully Decl. at ¶ 5.) Among other critical ailments, in the last 18 months before his death Dozier

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 3

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

underwent open heart surgery, brain surgery, and daily dialysis. (*Id.*) Shortly before his death, Dozier attended Hoang's deposition in Seattle—although he fell asleep during the proceeding. (Hoang Decl. at ¶ 7.)

Dozier's illness affected his ability to manage the case.  Dozier failed to adequately investigate witnesses Hoang requested that Dozier contact. (Hoang Decl. at ¶ 7.) Specifically, Dozier failed to investigate information about other acting professionals that have had their personal information misused by IMDbPro, and whose careers have been impacted by disclosure of their actual age. (*Id.*) Inexplicably, Dozier told Hoang that information would be "a distraction"—ignoring or misunderstanding the elements of Hoang's consumer protection act claim, which requires evidence that IMDb's actions impact the public interest because IMDb has or will similarly mistreat other consumers. (*Id.*)

Dozier did identify Duncan Crabtree-Ireland of the Screen Actors Guild (SAG), who could testify to SAG's efforts to get IMDb to take down the actual age of performers and the impact of age disclosure on SAG's members. (Scully Decl. at ¶ 6.) But then—over Hoang's express direction—he stipulated to exclude Crabtree-Ireland's testimony. (Hoang Decl. at ¶ 8; Dkt. 63 at ¶ 1.) Dozier also disclosed no experts, instead relying on Hoang and Hoang's casting agent to testify to the impact disclosing an actress's age has on her career. (Scully Decl. at ¶ 6.) Dozier also relied solely on Hoang, and not a damages expert, to testify about the financial impact of IMDb's misdeeds. (*Id.*)

In addition, Dozier failed to further investigate after IMDb's Fed. R. Civ. P. 30(b)(6) witness testified that he could not recall information material to the case during a deposition. (Scully Decl. at ¶ 7.) IMDb sent an unprepared witness, who admitted that it was possible that IMDb misused private information provided by other subscribers, but claimed he couldn't recall any actual example. (Scully Decl. at Exhibit A, Cairella Dep. Tr. 38:15-17.) IMDb further admitted that it uses a paid private investigative service to collect and display information about IMDb users without allowing the users to object to the information's display, but failed to provide any details about any other person besides

MOTION FOR RELIEF FROM DEADLINES  
[Case No. 2:11-cv-01709-MJP] - 4

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600  
Seattle, Washington 98101  
(206) 274-2800

Hoang. (*Id.* at 38:18-39:14.)

### C. Hoang seeks leave to add witnesses material to her claims.

Hoang has identified an industry expert, director Gil Junger, to testify to IMDb's wide use by casting professionals, and to testify that disclosing actual age can harm an actress's career. (Scully Decl. at ¶ 8.) Mr. Junger is an experienced Hollywood professional who has cast tens of major movie, television, and other productions. (*Id.*) He is familiar with casting industry practices, and can testify, based on his own experience and his knowledge of the industry, that actual age is a key and often determinative factor in making casting decisions and is frequently obtained from IMDb. (*Id.*)

Hoang further seeks to retract her stipulation to exclude Duncan Crabtree-Ireland, SAG's chief administrative officer and general counsel. (Scully Decl. at ¶ 9.) SAG represents acting industry professionals, and has lobbied IMDb to stop displaying dates of birth on IMDb's website. (*Id.*) Crabtree-Ireland is familiar with the acting industry from the actors' side, and can testify to the importance of IMDb to the acting industry, the need to keep actual age private, and to SAG's efforts to get IMDb to stop publicly displaying screen professional's ages. (*Id.*)

Hoang has also identified a damages expert, who can testify about her projected earnings with and without IMDb's disclosure of her age. (Scully Decl. at ¶ 10.) Nicole Liska is an economist who specializes in applied microeconomic theory and econometric and statistical modeling. She has experience valuing future earnings in the entertainment industry, and has been qualified as an expert on previous occasions. (*Id.*)

Finally, Hoang seeks leave to propound limited interrogatories and requests for production related to IMDb's failure to fully respond to deposition questions. (Scully Decl. at ¶ 11.) She has attached proposed discovery requests, each limited to information IMDb's witness could not recall during deposition. (*Id.* at ¶ 11, Exs. B-C.)

### D. Allowing Hoang relief from disclosure deadlines will not affect the trial date or case schedule or prejudice any party.

Hoang proposes the following amended schedule:

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 5

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Expert reports produced: November 1, 2012

Rebuttal experts disclosed: November 15, 2012

Deadline to move to compel discovery production: November 15, 2012

Rebuttal expert reports produced: November 30, 2012

Expert discovery closes: December 5, 2012

Deadline to depose Crabtree-Ireland: December 5, 2012

Trial is currently set for April 8, 2013. (Dkt. No. 71.) Dispositive motions must be filed no later than December 10, 2012. (*Id.*) There is ample time for IMDb to depose three additional witnesses, disclose rebuttal experts and respond to limited discovery requests. No party will be prejudiced, and the trial schedule will not be disrupted.

### III.   ARGUMENT

**A.   Hoang should not be penalized for her attorney's illness.**

The Court should grant Hoang relief from deadlines to allow her to disclose witnesses and propound limited discovery. FED. R. CIV. P. 6(b)(2) allows the Court to enlarge time "upon motion made after the expiration of the specified time period … where the failure to act was the result of excusable neglect…" Similarly, the Court may grant relief from the order excluding Duncan Crabtree-Ireland on a showing of excusable neglect. Fed. R. Civ. P. 60(b)(1).

An attorney's illness can be grounds for a finding of excusable neglect. In *Feinstein v. Serv. Solutions Group LLC*, 464 Fed. Appx. 670, 671 (9th Cir. 2012)(unpublished), the 9th Circuit considered a request for relief where the plaintiff waited 11 months after the deadline to amend her complaint. Noting that her former attorney was "in and out of the hospital" with multiple sclerosis and that the 11-month delay did not cause significant prejudice, the Ninth Circuit found the delay excusable and allowed late filing.

The Court's determination is an equitable one that requires considering all relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 6

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

whether it was within Hoang's control, and whether Hoang acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)(discussing analogous bankruptcy rule). Excusable neglect is an "elastic concept" that allows relief even when the moving party has been negligent or is otherwise at fault. *Id.*

Here, Hoang promptly obtained a new attorney after her former counsel died, and has rapidly moved to patch holes in case preparation. Each factor favors granting Hoang relief from deadlines.

**B.  There is no prejudice to IMDb and the case schedule will not be delayed.**

Hoang requests leave to disclose two new witnesses, retract one stipulation, and conduct limited additional discovery based on IMDb's failure to send a prepared witness to the Fed. R.Civ.P. 30(b)(6) deposition. All can be accomplished rapidly, and there is no need to move the trial or disrupt the case schedule.

Further, Hoang does not seek to introduce a new theory of the case or any new factual allegations. In *Kimberg v. Univ. of Scranton*, 411 Fed. Appx. 473, 478 (3d Cir. 2010), defendants served a late answer and then immediately moved for summary judgment. The court found no prejudice because the theories and basic facts in the answer were known to plaintiffs. Here, Hoang raises no new theories. She has consistently alleged that she was harmed by IMDb's disclosure of her age because casting directors rely on IMDb for information, and discriminate against older actresses. She seeks leave to provide further detail and support for these claims, and not to raise new issues. There is consequently no danger of prejudice to IMDb.

Moreover, IMDb cannot claim prejudice from Hoang's request for further information from IMDb. IMDb sent an unprepared witness to deposition, and is ill-positioned to complain that Hoang wants her questions fully answered.

**C.  Hoang could not control her former counsel's ill-health.**

Hoang could not control her attorney's health and ability to effectively manage the case. Attorney John Dozier was gravely ill, and died on August 6, 2012. Within the preceding 18 months, he had open-heart surgery, brain surgery, his kidneys were

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 7

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  surgically removed, and he suffered from numerous infections. He was on daily dialysis.
2  His ill-health prevented him from fully focusing on this matter. He attended Hoang's
3  deposition, but fell asleep during the proceeding. He failed to investigate key witnesses,
4  and told Hoang that evidence of harm to other consumers was "a distraction" to her
5  case—even though harm to the public interest is an element of Hoang's CPA claims.
6  Hoang exercised diligence in finding new counsel immediately after Dozier's death, and
7  is moving expeditiously to rectify omissions in case preparation.

**D.    Hoang has a good-faith basis for adding additional witnesses and pursuing further discovery.**

   **1.    Testimony on the impact of age on an actress's career and the importance of IMDb's database are necessary to help the court and jury understand the issues.**

In order to prevail on both her breach of contract and CPA claims, Hoang must prove that IMDb's disclosure of her date of birth damaged her career. *Northwest Mfrs. v. Dep't of Labor*, 78 Wn. App. 707, 712 (1995); RCW 19.86.020; *Walker v. Wenatchee Valley Truck & Auto Outlet, Inc.*, 155 Wn. App. 199, 207 (2010). In order to demonstrate a violation of the CPA, Hoang must also prove that IMDb's unfair or deceptive acts affect the public interest. RCW 19.86.020; *Walker v. Wenatchee Valley Truck & Auto Outlet, Inc.*, 155 Wn. App. 199, 207 (2010).The likelihood that additional plaintiffs "have been or will be injured in exactly the same fashion changes a factual pattern from a private dispute into one that affects the public interest." *Michael v. Mosquera-Lacy*, 140 Wn. App. 139, 152 (2007). Acts that are capable of repetition meet the public interest element. *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151 (2007).

Hoang seeks to disclose expert witness Gil Junger. Expert testimony should be admitted when it will assist the jury in determining a question of fact. ER 702. Expert testimony regarding industry custom and practice should be admitted where relevant to any element of the claims. *Ling Nan Zheng v. Liberty Apparel Co.*, 556 F. Supp. 2d 284, 292 (S.D.N.Y. 2008). Mr. Junger is an experienced director who can help the jury understand film and television casting. He can testify to the importance of an actress's

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 8

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

age when directors decide which actresses to call for audition, and to the importance of IMDb as a tool for gathering information about performers.

Hoang also seeks to introduce the testimony of Duncan Crabtree-Ireland, an employee of the Screen Actors Guild. Crabtree-Ireland can testify that actors and actresses frequently subscribe to IMDbPro because it is an important tool for finding auditions and researching films. He can testify that disclosure of a performer's date of birth harms a performer's career. He can further testify to SAG's efforts on behalf of its members to convince IMDb to stop displaying dates of birth.

### 2. An expert in damages is necessary to aid the jury in calculating harm to Hoang's career.

IMDb's actions caused direct damage to Hoang's career and will result in decreased future income. Expert testimony can assist the finder of fact in determining future earnings. *Papadopoulos v. Fred Meyer Stores, Inc.*, 2006 U.S. Dist. LEXIS 81862 (W.D. Wash. Nov. 8, 2006)(affirming future earnings damages award based on expert testimony.) Liska is familiar with the acting industry, and can supply information and analysis necessary to assist the jury in evaluating Hoang's claim that her income as an actress would have continued and increased had IMDb not disclosed her actual age.

### 3. Hoang has a good-faith basis for requesting further information from IMDb.

Hoang seeks additional discovery related to IMDb's misuse of other customers' personal information in order to prove that IMDb's actions impacted the public interest, an element of her CPA claim. IMDb admitted that it may have misused other customers' private information in the same manner it misused Hoang's, but failed to provide details during deposition. When asked if IMDb ever used subscriber information to correct or add to IMDb's database, IMDb responded that "I'm not saying that it's never happened on any other occasion, but I can't think of any other case." Cairella Dep Tr. 38:15-17. IMDb further admitted that it used a paid private investigative service to collect and display information about IMDb users without allowing the users to object, but failed to provide

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 9

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  any details. Cairella Dep. Tr. at 38:18-39:14.

2  Hoang seeks to serve six additional discovery requests related to this testimony, attached as Exhibits B and C to the Deposition of Keith Scully. The requests allow Hoang to explore the extent of IMDb's misuse of other users' personal information.

### IV. CONCLUSION

Hoang's attorney was terminally ill and failed to completely investigate Hoang's case. Hoang acted expeditiously to remedy trial preparation deficiencies, and no party will be prejudiced nor the trial delayed by allowing her to name expert witnesses Gil Junger and Nicole Liska, retract her stipulation to exclude fact witness Duncan Crabtree-Ireland, and serve three additional interrogatories and three additional requests for production.  Hoang should be granted limited relief from deadlines.

Dated this 20th day of September, 2012.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: s/ Keith Scully
Derek A. Newman, WSBA No. 26967
Keith Scully, WSBA No. 28677
Charlotte Williams, WSBA No. 42864
Attorneys for Plaintiff

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 10

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800