UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., a Delaware corporation; and IMDb.COM, INC., a Delaware corporation,<br><br>        Defendants. | No. 2:11-CV-01709-MJP<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED RELIEF FROM DEADLINES |

## I.    INTRODUCTION

Courts rarely allow counsel substituting into a case to reopen discovery to second-guess decisions made by previous counsel. Plaintiff's Motion for Limited Relief from Deadlines ("Motion"), Dkt. No. 72, attempts to do exactly that: reform her litigation strategy and conduct one-sided discovery well past the expert disclosure and discovery deadlines by questioning strategic decisions made by her former counsel, John W. Dozier, before his death. While Mr. Dozier's death was sad news, discovery was essentially over when he passed away. Plaintiff had ample time to take the discovery she now seeks within the discovery period, but her attorneys deliberately chose not to do so. And those attorneys included more than just Mr. Dozier, although the Court could hardly tell from Plaintiff's Motion. Her current counsel, Newman Du Wors, has represented her in this litigation since its inception. Further, two other attorneys with

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 1
24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Mr. Dozier's firm participated in all of the discovery choices Plaintiff now seeks to reverse. Because Plaintiff has not established the good cause and diligence required to modify this Court's prior scheduling order, the Court should deny her Motion.

## II.   BACKGROUND

### A.   Dozier Internet Law, P.C. and Newman Du Wors LLP

From the start of this case, Newman Du Wors LLP was Plaintiff's counsel. Dkt. No.1. Derek Newman and Randall Moeller signed the original Complaint, using Newman Du Wors pleading paper. *Id.* Similarly, Newman Du Wors appeared on the signature block of each of Plaintiff's filings with this Court. *See* Dkt. Nos. 1, 5, 20, 24, 25, 31, 34, 36, 43, 45, 48, 50, 54, 56, 62. Newman Du Wors received copies of all of Defendants' discovery requests and responses. Decl. of Breena Roos ("Roos Decl."), ¶ 2. This lawsuit is not new to the firm.

Multiple lawyers at Dozier Internet Law, P.C. also represented Plaintiff. Along with John W. Dozier, who was the only attorney from the firm to formally appear, Dov Szego actively participated in the case starting in March 2012, including defending or taking all depositions and participating in all discovery conferences. *Id.* ¶ 3. Another of Mr. Dozier's colleagues, Kalli Jackson, also worked on the matter. *Id.* Both Mr. Szego and Ms. Jackson are qualified lawyers who are admitted to practice by the Virginia State Bar Association. *Id.*, Ex. A.

The parties spent July and the beginning of August completing discovery, in advance of the August 10 cutoff. *Id.* ¶ 4. Mr. Dozier's health did not impede the progress of discovery. *Id.* Plaintiff conducted Rule 30(b)(6) depositions of Amazon.com and IMDb.com, as well as depositions of two employee witnesses. *Id.* Mr. Szego took all of these depositions at Newman Du Wors' offices in Seattle. *Id.* Defendants conducted a deposition of Plaintiff and of Plaintiff's agent. *Id.* When scheduling depositions, Mr. Dozier alerted counsel for Defendants that he was undergoing dialysis and requested that depositions be scheduled to leave his evenings free to complete that treatment. *Id.* ¶ 5. Plaintiff's counsel did not state anything further about Mr. Dozier's health, nor ask for any accommodations. *Id.* While Mr. Dozier did fall asleep during

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 2

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiff's deposition, his attendance was immaterial: Mr. Szego was the attorney defending the deposition and objected to questioning on Plaintiff's behalf. *Id.*

Through the course of discovery, Mr. Dozier and members of his firm filed briefs on Plaintiff's behalf, took and defended the depositions, and managed discovery disputes. *Id.* ¶ 6. For example, Defendants sought to take depositions of six witnesses who Plaintiff had identified in her discovery responses as persons with knowledge of her claims or damages. *Id.* Due in part to comments by Mr. Dozier that these witnesses would not have relevant information, Defendants' counsel and Mr. Szego negotiated a stipulation whereby the parties agreed to exclude those witnesses from deposition and trial. *Id.*; *see also* Dkt. Nos. 62, 63.

On August 6, days before the close of discovery, Mr. Dozier passed away. At the time, nearly all discovery was complete: No written discovery requests were outstanding, Plaintiff had completed her depositions, and Defendants had completed almost a full day of Plaintiff's deposition (which was continued to August 7 because Plaintiff identified unproduced documents during her deposition). *Id.* ¶ 7. On August 7, Defendants conducted (and Mr. Szego defended) a short deposition of Plaintiff's agent and the remaining hour of Plaintiff's deposition. *Id.*

**B.   Plaintiff's Previous Attempts to Delay**

At the outset of this case, Plaintiff requested a long case schedule that included a full year of discovery, while Defendants sought a more efficient case schedule with a discovery period of six months. Dkt. No. 36. This Court's scheduling order allowed for seven months of discovery, with expert reports due on June 11, 2012; a motion to compel deadline of July 10; a discovery deadline of August 10; a dispositive motion deadline of September 10; and trial set for January 3, 2013. Dkt. No. 38. On March 19, 2012, Plaintiff asked the Court yet again for an extended schedule, by letter to the Court requesting that it "rule on the Defendants' Motion to Dismiss, or in the alternative, consider extending the dates and deadlines set forth in its February 6, 2012 Order Setting Trial Date & Related Dates." Dkt No. 39. This Court declined to extend the case schedule. In June 2012, Plaintiff moved for relief from trial deadlines again, specifically seeking

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 3

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

extension of the deadline for filing expert reports (claiming it was unfair to require expert reports when she was unaware of the defenses that may be asserted), discovery, and the trial date. Dkt. No. 50. This Court again denied Plaintiff's request to extend deadlines. Dkt No. 59.

On August 9, Newman Du Wors informed Defendants' counsel that it would continue to represent Plaintiff following Mr. Dozier's death. Roos Decl., ¶ 8. Defendants agreed not to oppose a three-month continuance of certain deadlines, including those for dispositive motions, motions in limine, the pretrial order, the pretrial conference, trial briefs, and trial itself. *Id.*; Dkt. No. 69. Defendants also agreed to extend the time for Plaintiff to make confidentiality designations to deposition transcripts. Roos Decl., ¶ 8. On August 23, this Court granted Plaintiff's request for an extension, pushing pretrial deadlines by three months. Dkt. No. 71.

In her current Motion, Plaintiff again asks the Court to extend the deadlines for expert and fact discovery. Mot. at 5-6. Plaintiff seeks to reopen discovery to allow for Plaintiff to "disclose three witnesses and take limited discovery," once again claiming that she would otherwise be unprepared. *Id.* at 1.

### III.   ARGUMENT

**A.   Standards for Modification of a Scheduling Order**

**1.   Modifying a scheduling order requires "good cause" and diligence.**

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks omitted) (citing *Gestetner Corp. v. Case Equip. Corp.*, 108 F.R.D. 138, 141 (D. Me. 1985)). The federal rules allow, but by no means require, a court to modify its case schedule "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); *see also El-Hakem v. BJY, Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005); Dkt. No. 38 ("The Court will alter these dates only upon good cause shown: *failure to complete discovery within the time allowed is not recognized as good cause*.") (emphasis added).

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 4

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Central to the "good cause" analysis for amending a scheduling order is evaluating the moving party's diligence. "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotations omitted) (quoting *Johnson*, 975 F.2d at 609); *see also Bush v. Pioneer Human Servs.*, No. C09-0518-RSM, 2010 WL 324432, at *3 (W.D. Wash. Jan. 21, 2010) (denying motion to extend deadlines because the movant "did not act diligently in attempting to meet the expert disclosure deadline").

When a case scheduling deadline has already passed, particularly the discovery deadline, it is more difficult to establish good cause; some courts require a showing of "extraordinary circumstances . . . to re-open discovery or admit additional expert or lay testimony." *Williams v. Baldwin Cnty. Comm'n*, 206 F.R.D 512, 518 (S.D. Ala. 2001) ("To obtain such an amendment to the scheduling deadlines carefully selected by this Court, the Plaintiff bore the burden to show extraordinary circumstances and that he diligently pursued discovery."); *see also Johnson*, 975 F.2d at 610 (finding no good cause or extraordinary circumstances that would permit joinder of a party after the deadline); *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003) ("[F]or expert disclosures and related discovery to be reopened . . . [the movant] must show . . . that [it] was diligent in its discovery efforts yet could not complete discovery by the court-ordered deadline."). Reopening discovery is not favored, particularly because the case schedule is one of the most effective methods of assuring efficiency of litigation and the court's calendar. *AmerisourceBergen Corp. v. Dialysist W., Inc*., 445 F.3d 1132 (9th Cir. 2006) ("We have often affirmed the denial of leave to amend when the motion was made after the cutoff date for such motions, or when discovery had closed or was about to close.").

**2.    The "excusable neglect" standard does not apply here.**

Completely ignoring Rule 16, Plaintiff relies on the "excusable neglect" standards under Rules 6(b)(2) and 60(b)(1). Mot. at 6-7. Neither of these rules applies to Plaintiff's request for

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 5

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

relief from the scheduling order.  Rule 6(b)(2) allows a court to extend the time for filing a motions or other papers, and is inapplicable to requests to modify scheduling orders.  *See Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, No. 5:09-CV-352-F, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) ("The good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1).") (internal quotation and citation omitted).  Similarly, Rule 60(b)(1) applies to relief from a *final judgment or order*.  Fed. R. Civ. P. 60(b)(1) (providing that the "court may relieve a party or its legal representative from a final judgment, order, or proceeding" on grounds of excusable neglect).  There is no authority that Plaintiff may use this rule to modify a discovery stipulation or otherwise reopen discovery.

Finally, the case cited by Plaintiff, *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 707 U.S. 380 (1993), is also inapplicable:  it addressed the bankruptcy rule analogous to Federal Rule 60(b)(1) regarding relief from a final judgment or order.  Thus, the factors discussed in that case—such as the movant's "good faith"—are irrelevant to the "good cause" analysis.  *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 674 (C.D. Cal. 2003) (noting that "[s]everal courts have held that 'good cause' requires more than 'excusable neglect'" and requiring a showing of gross negligence or abandonment to justify reopening discovery); *see also Chancellor v. Pottsgrove Sch. Dist.,* 501 F. Supp. 2d 695, 701–02 (E.D. Pa. 2007) ("Carelessness, or attorney error, which might constitute 'excusable neglect' under Rule 6(b), is insufficient to constitute 'good cause' under Rule 16(b).") (citations omitted).

**B.    Plaintiff Cannot Justify Reopening Discovery**

    **1.    Plaintiff's allegations regarding Mr. Dozier are unfounded and misleading.**

At the outset, Plaintiff's description of her representation in this case prior to August 2012 is misleading and incomplete.  First, as discussed above, Plaintiff and Defendants' counsel worked regularly with two of Mr. Dozier's colleagues:  Dov Szego and Kalli Jackson.  Roos Decl., ¶¶ 3, 6.  Plaintiff fails to even *mention* Mr. Szego and Ms. Jackson's involvement in her

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 6

24976-0480/LEGAL24730927.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

representation, implying that Mr. Dozier was the only attorney working on Plaintiff's case. Mot. at 3-5; Decl. of Huong Hoang, Dkt. No. 73 ("Hoang Decl."), ¶¶ 7-8. Indeed, Plaintiff portrays the first day of Plaintiff's deposition as one with the defending attorney so sick he could not stay awake, but in fact *Mr. Szego* defended Plaintiff's deposition. Roos Decl., Ex. B. She is disingenuous, at best, in suggesting Mr. Dozier alone was responsible for her deposition.

Second, while Plaintiff attempts to portray Mr. Dozier as an ill man on his death bed, she offers no support for her allegations that Mr. Dozier "was too sick to adequately represent her." Mot. at 1. To the contrary, her own declaration shows that he considered and rejected the litigation strategies, such as which witnesses to call at trial, that she now questions. *See* Hoang Decl., ¶ 8. While she now second-guesses these tactics, she offers no evidence that Mr. Dozier's health clouded these decisions. Moreover, at no time did Mr. Dozier (or Newman Du Wors) seek a continuance due to Mr. Dozier's health. Aside from deposition scheduling, Mr. Dozier did not ask for any special allowances due to his health. Roos Decl., ¶ 5. While Mr. Dozier may have had a history of poor health, that history did not give Plaintiff pause in retaining, or Newman Du Wors in partnering with, Dozier Internet Law.

Third, Newman Du Wors attempts to paint itself as "new" to this case, despite its involvement from the outset. As local counsel pursuant to GR 2(d), in October 2011 Newman Du Wors certified that it was "authorized and will be prepared to handle this matter, including trial, in the event the [pro hac] applicant John W. Dozier is unable to be present upon any date assigned by the court." Dkt. No. 5. This is one of the main purposes of local counsel—to advise on the applicable local rules and to be prepared to handle the case in the event the *pro hac* applicant cannot. *See, e.g., Ingemi v. Pelino & Lentz*, 866 F. Supp. 156, 162 (D.N.J. 1994) ("Even if *pro hac vice* attorneys attempt to delegate solely routine or ministerial tasks to local counsel, local counsel remains counsel of record and wittingly or unwittingly exposes itself to liability for penalties such as sanctions."); GR 2(d) (requiring that *pro hac vice* applications "be submitted by local counsel and state that he or she is authorized and will be prepared to handle

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 7

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the matter, including the trial thereof, in the event the applicant is unable to be present upon any date assigned by the court); *cf.* LCR 83.1(d)(2) (proposed 2012) (outlining responsibilities of local counsel, including that he is prepared to handle the matter in the event the pro hac attorney cannot). Thus, if—as Plaintiff now claims—Mr. Dozier was too ill to adequately handle her case during discovery, Newman Du Wors had an obligation to step in at the time. It did not do so.

Finally, Plaintiff erroneously asserts IMDb.com witnesses failed to answer questions or otherwise be prepared for deposition. Mot. at 4, 9-10. Again, Plaintiff misleads the Court. Contrary to Plaintiff's implications, Mr. Szego took the deposition, not Mr. Dozier. Roos Decl., Ex. B. Further, Plaintiff's description of the deposition twists the deponent's words and takes the deposition out of context. Mr. Szego asked the deponent, Giancarlo Cairella, about previous occasions on which IMDb.com used a customer's subscriber information to correct its database:

> Q. (BY MR. SZEGO) Is it common practice to use the subscriber information for correcting or adding to IMDb's database?
>
> A. No.
>
> Q. In the past year, how many times have you used subscriber information to correct or add to IMDb's database?
>
> MS. ROOS: Object to form.
>
> A. I don't recall any specific case.

*Id.*, Ex. B (IMDb.com Dep. at 37:25-38:8). Mr. Cairella clearly responded to Mr. Szego's questions regarding IMDb.com policy and stated that, as Customer Service Manager, Mr. Cairella was not aware of any other instance. Further, the attorney who actually took the deposition—Dov Szego—never complained that the witness was unprepared. *Id.* ¶ 11.

With respect to Plaintiff's claim that IMDb.com "failed to provide any details" regarding its use of a public records database, that topic was squarely outside of Plaintiff's Rule 30(b)(6) deposition notice—which was noted on the record. *See id.*, Ex. B (IMDb.com Dep. at 39:15-40:4). Nonetheless, IMDb.com provided information regarding its use of the database. *Id.* (IMDb.com Dep. at 37:25-39:14, 40:16-42:19), Ex. C (Cairella Dep. at 56:13-58:2). Plaintiff's

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 8

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Motion ignores this context in the same way it ignores Mr. Szego's involvement in her case.

Finally, even if "follow up" from IMDb.com's deposition was warranted—which it was not—Plaintiff cannot show diligence justifying new discovery. *See Marcin Eng'g*, 219 F.R.D. at 523 (rejecting movant's argument that it was entitled to reopen expert discovery based on malfeasance on the part of the other party under because it "would not at this point excuse [the movant's] lack of diligence in this matter"). In fact, neither Mr. Dozier nor Mr. Szego could have timely issued the discovery now sought, as Plaintiff chose to take IMDb.com's deposition on August 2, merely a week before the discovery cut-off and nearly a month after the motion to compel deadline. *See* Roos Decl., Ex. B; *see also* Dkt. No. 38.

Newman Nu Wors has been involved in this litigation from the beginning, as were two of Mr. Dozier's colleagues, who were actively engaged and responsible for taking and defending depositions in this case. Defendants' 30(b)(6) witnesses were well prepared. Regardless, these misrepresentations only serve to distract this Court from the necessary analysis: the standard for reopening discovery and extending deadlines is a showing of good cause, diligence, or extraordinary circumstances—and Plaintiff has not made that showing.

**2.  Newman Du Wors' assertions that it would have a different trial strategy do not establish good cause.**

As discussed above, Plaintiff must show that there is "good cause" to reopen discovery. Rather than address this standard, Plaintiff questions Mr. Dozier's strategic decisions and asks this Court to relieve her of the current position of her case. It is well-established that new counsel must live with the decisions made by former representation. *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1288-90 (D.N.M. 2009) (reasoning that prior counsel's deliberate decision not to retain an expert was a plausible tactic that bound the client and pointing out that the client waited until discovery was almost closed to switch counsel; ultimately holding that there was not good cause to reopen discovery); *Marcin Eng'g, LLC.*, 219 F.R.D. at 521 ("That new counsel is dissatisfied with the state of the case it inherited is not grounds under this authority for reopening

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 9

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

discovery long after the court-ordered deadlines have passed.").

This is even more true where, as here, the so-called "new" counsel has been involved in the case from the outset. *Cf. Hkg Indus. Inc.*, 49 U.S.P.Q.2d 1156 (Trademark Tr. & App. Bd. Oct. 16, 1998) (denying request to reopen testimony period in TTAB proceeding after attorney's death, where other attorneys represented the petitioner in the matter). While Newman Du Wors may disagree with some of the strategy decisions made by prior counsel, such assertions are not enough to find good cause and warrant reopening deadlines that have already passed.

### 3. Plaintiff has not established good cause by alleging that her former representation failed to exercise diligence.

Further, even if Mr. Dozier was negligent in his earlier decisions, Plaintiff still has not established good cause for reopening discovery. Alleged negligence by former counsel does not contribute to a finding of good cause and diligence. *See, e.g.*, *Rashdan v. Geissberger*, No. C-10-00634-SBA, 2012 WL 566379, *3 (N.D. Cal. Feb. 21, 2012) (citing Ninth Circuit cases) ("While [former counsel's] acts and omission may give rise to a claim of malpractice, they do not constitute good cause for purposes of a request to modify the Court's pretrial scheduling order."). A party is "ultimately responsible for the acts and omissions of the representatives he voluntarily chooses" and cannot later "avoid their consequences." *Yeager v. Yeager*, No. 001196-JAM, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (upholding dismissal of action when counsel failed to appear at pretrial conference without explanation because "Petitioner voluntarily chose this attorney" and "cannot now avoid the consequences of the acts or omissions of this freely selected agent").

In *Yeager*, Plaintiff sought to reopen discovery after the deadline had passed, arguing that his former attorneys did not conduct discovery diligently and misled him about the progress of the discovery. 2008 WL 1159175, at *1. Like Plaintiff here, the *Yeager* plaintiff's new counsel sought depose additional witnesses and obtain documents. *Id.* The court held that the plaintiff "bear[s] the burden" of his former counselor's alleged negligence, and that the alleged deception

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 10

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

did not "negate [p]laintiff's ultimate responsibility for the acts of his counsel." *Id.* at *2. The court dismissed plaintiff's argument that good cause was established by allegations of relevant undiscovered evidence or by allegations that counsel mislead him, finding that "[t]hese considerations are insufficient to overcome Plaintiff's lack of due diligence, which is ultimately determinative on the issue of good cause." *Id.*

Similarly, Plaintiff cannot now blame her former counsel for lack of discovery and claim that he acted contrary to her "express direction" to obtain a fresh start. These allegations do not demonstrate good cause and the diligence required to reopen discovery. Indeed, as this Court explained to Plaintiff just a few short months ago, *failure to complete discovery within the time allowed is not recognized as good cause*. Dkt. No. 59 (holding that Plaintiff had "fail[ed] to show that she diligently attempted to comply with the existing schedule").

Finally, while Defendants regret Mr. Dozier's passing, his death or illness alone do not provide the requisite good cause to reopen discovery. The single case regarding an attorney's illness cited by Plaintiff is inapposite, as it involved a Rule 60(b) motion to set aside a final judgment. *See Feinstein v. Serv. Solutions Group LLC*, 464 Fed. Appx. 670, 671 (9th Cir. 2012) (discussing "excusable neglect" standard under Rule 60(b) where attorney failed to file amended complaint due to illness and hospitalizations). Courts have repeatedly held that an attorney's illness will not provide good cause to extend a scheduling order. *E.g.*, *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D. Cal. 2011) (finding that death of counsel alone was not enough to warrant good cause under Rule 16); *Hardy v. Cnty. of El Dorado*, No. 2:07CV0799 JAM EFB, 2008 WL 3876329, at *1 (E.D. Cal. Aug. 20, 2008) (illness of attorney did not constitute good cause); *Matrix Motor Co.*, 218 F.R.D. at 676, n.40 (an attorney's alleged ill health was not an adequate explanation for his lack of diligence).

### C. Defendants Would Be Prejudiced By Reopening Discovery

Contrary to Plaintiff's Motion, her request to reopen discovery is no small favor and would significantly prejudice Defendants. It is well-established that reopening discovery alone

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 11

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

imposes substantial prejudice on the non-moving party. *Cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 380, 986 (9th Cir. 1999)) (denying motion to amend complaint after deadline in part because it "would likely have required reopening discovery[,]" which supports a finding of prejudice); *Scott v. NYC Dep't of Corr.*, 445 Fed. Appx. 389, 391 (2d Cir. 2011) (denying motion for leave to amend a complaint and reopen discovery due to prejudice to defendant); *Carmichael v. Riley*, No. C06-5542, 2007 WL 2257562, at *2 (W.D. Wash. Aug. 3, 2007) ("A proposed amendment that necessitates reopening discovery or that creates the need for further discovery causes undue prejudice to the opposing party.").

Plaintiff's proposed one-sided discovery would be inherently prejudicial to Defendants. Plaintiff's request is limited to new affirmative discovery by *Plaintiff*, other than providing a mere fifteen days for Defendants to disclose rebuttal expert witnesses. Discovery has been closed for over *six weeks*. The parties have developed case theories, and long ago agreed to call and exclude certain witnesses based on those strategies. Dkt. No. 63. Defendants already have spent hundreds of hours on this lawsuit in attorney and corporate time—in fact, during the period when discovery was the most active (July 15 to August 7), Defendants' counsel spent over 200 hours on this matter. Roos Decl., ¶ 13. Requiring Defendants to prepare for and defend against two new expert witnesses never before been mentioned in this litigation would necessarily require additional costs and reevaluation of Defendants' defense strategy.

Similarly, allowing a one-sided departure from a stipulation between the parties to exclude numerous witnesses would uniquely prejudice Defendants, by causing additional fees, costs, attorney and corporate time and energy. Defendants would have to revisit their defense strategy, despite their diligence in meeting the prior discovery deadlines. Finally, it is hard to see how the schedule sought by Plaintiff will not disrupt the Court's current trial and dispositive motion schedule. Plaintiff seeks a new discovery deadline of December 5, 2012—a mere five days prior to the current dispositive motion deadline.

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 12

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court deny Plaintiff's Motion for Limited Relief from Deadlines.

DATED: September 26, 2012

By: s/ Breena M. Roos
Charles C. Sipos #32825
Breena M. Roos #34501
Ashley A. Locke #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: CSipos@perkinscoie.com
BRoos@perkinscoie.com
ALocke@perkinscoie.com

Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 13

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify that on September 26, 2012, I electronically filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED RELIEF FROM DEADLINES** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record

| | |
|---|---|
| **Derek Alan Newman** | ___ Via hand delivery |
| **Keith Scully** | ___ Via U.S. Mail, 1st Class, Postage Prepaid |
| **Charlotte Williams** | ___ Via Overnight Delivery |
| Newman Du Wors LLP | ___ Via Facsimile |
| 1201 Third Avenue, Ste 1600 | ___ Via Email |
| Seattle, WA 98 | _X_ Via ECF _____ |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of September, 2012.

s/ Breena M. Roos
Charles C. Sipos, WSBA No. 32825
Breena M. Roos, WSBA No. 34501
Ashley Locke, WSBA No. 40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  csipos@perkinscoie.com
E-mail:  broos@perkinscoie.com
E-mail:  alocke@perkinscoie.com
Attorneys for Defendants Amazon.com, Inc.
and IMDb.com, Inc.

DEFENDANTS' OPP. TO PL.'S MOTION
FOR RELIEF FROM CASE SCHEDULE
(No. 2:11-CV-01709-MJP) – 14

24976-0480/LEGAL24730927.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000