Honorable Marsha J. Pechman

## UNITED STATES DISTRICT COURT,
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>       Plaintiff,<br><br>    vs.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>      Defendants. | NO. 11-cv-01709-MJP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LIMITED RELIEF FROM DEADLINES**<br><br>NOTE ON MOTION CALENDAR:<br><br>September 28, 2012 |

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - i

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

## I.     INTRODUCTION

Glossing over former counsel's terminal illness, IMDb seeks to cast Hoang's request for limited relief from deadlines as new counsel "second-guessing" case preparation. Relying on a mistaken discussion of the Federal Rules, IMDb argues that Hoang must show good cause for relief from the scheduling order, and has not done so.

But Hoang has provided sufficient support. Her former attorney was terminally ill and failed to adequately prepare her case. She has identified specific holes in case preparation, and proposed a fix that does not alter the trial schedule or inconvenience the court or parties.

## II.     ADDITIONAL FACTS

### A.     Former counsel made all the strategic decisions for Hoang, even though he was terminally ill.

Hoang selected attorney John Dozier of Virginia to represent her in this matter. Dozier retained current counsel Newman Du Wors for the limited purpose of serving as his local counsel—namely, assisting him with filing the complaint and moving for pro hac vice admission. (September 28, 2012 Declaration of Derek Newman in Support of Reply (Newman Decl.) at ¶ 2.) The Court admitted Dozier pro hac vice four days after he filed the complaint. (Dkt. No. 6.) After that time, current counsel was available to consult on local rules and procedures, but did not attend strategy discussions or depositions, or manage or participate in any other aspect of the case. (Newman Decl. at ¶ 3.) Current counsel's billing was less than one half of one percent of total billings in this case before Dozier passed. (*Id.*)

Former counsel employed associate attorneys. One, Kalli Jackson, was admitted to the Virginia Bar just this year—long after Dozier filed the case. (Newman Decl. at ¶ 4.) The other, Dov Szego, was a family-law attorney with no experience in the subject matter of this litigation who began at Dozier's firm just a few months before Dozier died. (*Id.*) Neither Jackson nor Szego is licensed in Washington, and neither requested to appear pro hac vice. (*Id.*)

Dozier was Hoang's primary contact, and made all strategic decisions. (September 28, 2012 Declaration of Junie Hoang in Support of Reply (Hoang Decl. at ¶ 2.) Dozier did not consult with local counsel, or defer to associates. (Newman Decl. at ¶ 5; Hoang Decl. at ¶ 2.)

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 1

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1

2

3

**III.    ARGUMENT**

**A.    IMDb's proposed legal standard (good cause) is already subsumed in the standard that Hoang cites (excusable neglect), and thus is without distinction.**

4

5

6

7

8

9

10

IMDb argues that the Court should apply a good cause standard and that Hoang relied on the wrong rule by citing the excusable neglect standard. But either standard leads to the same result. Both the rule that Hoang relied on (Fed.R.Civ.P. 6), and the rule IMDb claims should be applied (Fed.R.Civ.P. 16), contain a good-cause standard. Either may be applied to a request for relief from scheduling deadlines. *Beale v. District of Columbia*, 545 F. Supp. 2d 8, 14 (D.D.C. 2008)(noting that a claim of error for relying on Fed.R.Civ.P 6 rather than Fed.R.Civ.P. 16 for relief from a scheduling order was "undoubtedly frivolous").

11

12

13

14

15

16

IMDb's argument that Hoang must demonstrate good cause and not excusable neglect is without distinction. Good cause can be demonstrated by a finding of excusable neglect. *Lujano v. Omaha Pub. Power Dist.*, 30 F.3d 1032, 1035 (8th Cir.1994); *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991) ("Although the standards for showing 'good cause' under Rule 4 and 'excusable neglect' under Rule 60 may not be identical, we do not find the outcome in this case affected by any distinction between these standards.").

17

18

Similarly, IMDb's claim that Hoang errs by relying on Fed. R. Civ. P. 60(b)(1) is simply mistaken. Fed. R. Civ. P. 60(b) provides:

19

20

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, *order*, or proceeding [.]

21

22

23

24

25

(Emphasis added.) This Court entered an *order* excluding witness Crabtree-Ireland, and it is from that order Hoang seeks relief. Fed. R.Civ.P. 60(b) is the only rule that allows a court to reconsider or modify a nonfinal order. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999); *see also Feinstein v. Serv. Solutions Group LLC*, 464 Fed. Appx. 670, 671 (9th Cir. 2012)(applying Fed.R.Civ.P. 60(b) to a motion for relief from a scheduling deadline).

26

27

Excusable neglect is the correct standard for all Hoang's requests. And since IMDb does not challenge Hoang's showing of excusable neglect, Hoang is entitled to the relief she seeks.

28

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 2

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**B.      Hoang is entitled to relief under any standard.**

Even if IMDb was correct that Hoang must prove more than excusable neglect, Hoang has done so. Put bluntly, IMDb asks this Court to find that it is simply tough luck for Hoang that her attorney was terminally ill and unable to make viable decisions. Fortunately for fundamental fairness in our judicial system, that is not the law.

Good cause to modify a pretrial schedule exists when the schedule "'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)(citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). Courts routinely grant good-cause continuances of case schedules based on illness. *See George v. Harris County*, 2011 U.S. Dist. LEXIS 84501 (S.D. Tex. Aug. 2, 2011)(illness of attorney good cause for extension of deadlines); *Gotlin v. Lederman*, 2010 U.S. Dist. LEXIS 43101 (E.D.N.Y. May 3, 2010)(illness of expert); *Giasson Aero. Sci., Inc. v. RCO Eng'g, Inc.*, 2009 U.S. Dist. LEXIS 93572 ( E.D. Mich. Oct. 7, 2009)(Plaintiff's illness).

Former counsel's illness prevented Hoang from meeting deadlines:

- Within 18 months of his death—and during the entirety of this case—Dozier was seriously ill. He had open-heart surgery, brain surgery, his kidneys were surgically removed, and he suffered from numerous infections. He was on daily dialysis. (Newman Decl. at ¶ 6.)
- Former counsel requested a lengthy discovery period and requested extensions. (Dkt. Nos. 36, 39, 50.)
- Former counsel did not initiate discovery until late in the discovery period. (Newman Decl. at ¶ 7.)
- He failed to investigate witnesses identified by Hoang and said that evidence supporting a key element of Hoang's claims was "a distraction". (Dkt. No. 73.)
- He failed to identify experts even though industry-specific, and highly-technical future damages information, is at issue. (Newman Decl. at ¶ 8.)
- He waited until the end of the discovery period to hold a deposition, leaving insufficient time to follow up on deposition questions. (Newman Decl. at ¶ 9.)
- He fell asleep during a deposition, and delegated depositions to junior associates not admitted to practice in this district. (Dkt. No. 76.)

In *Feinstein*, 464 Fed. Appx. 670, the Ninth Circuit allowed a plaintiff represented by a former attorney who was in and out of the hospital with multiple sclerosis to amend a complaint 11 months after the deadline. The Ninth Circuit granted relief even though there was no evidence that the former attorney's judgment was clouded. Here, former counsel's bizarre trial preparation

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 3

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   decisions and patent ill-health indicate that he was unable to effectively represent Hoang.

2          Hoang exercised diligence. During former counsel's illness, she communicated regularly

3   with him and asked that he investigate relevant witnesses and evidence supporting all her claims.

4   (Hoang Decl. at ¶ 3.) When he died, she promptly obtained new counsel, and rapidly moved for

5   limited relief from deadlines.

6          IMDb cites no case concluding that relief from deadlines should be denied when a former

7   attorney suffers from the end-stages of a terminal illness and makes inexplicable trial preparation

8   decisions. Instead, IMDb mistakenly relies on *Mann v. Fernandez*, 615 F.Supp.2d 1277, 1288-90

9   (D.N.M. 2009). In *Mann,* an out-of-circuit district-court opinion, the court denied the request of

10  new counsel to extend a deadline to add an expert because the prior attorney's decision not to use

11  one was a deliberate tactical decision. Here, IMDb wisely does not assert that former counsel's

12  decisions were plausible trial tactics.

13         The random collection of cases that IMDb cites all have inapposite facts. *See Marcin*

14  *Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo.

15  2003)(substitution of new counsel alone does not provide grounds for relief from deadlines); *El-*

16  *Hakem v. BJY, Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005)(failure to include case theory in pretrial

17  order precludes presentation of theory at trial); *Zivkovic*, 302 F.3d at 1087 (denying motion to

18  extend discovery by 10 months and trial date by five months without a showing of diligence). In

19  none of these decisions was terminal illness or other grounds for extending a deadline advanced.

20  **C.     Neither IMDb nor the Court will be prejudiced and trial will not be delayed.**

21         Prejudice—or the lack thereof—to opposing counsel and interference with the case

22  schedule can be considered by the Court in evaluating a claim for relief from deadlines.

23  *Millenkamp v. Davisco Foods Int'l, Inc.*, 448 Fed. Appx. 720, 724 (9th Cir. 2011). IMDb does

24  not claim prejudice, and there is not any. The trial will not be delayed. The case schedule does

25  not need to be modified, other than to grant limited relief from deadlines.

26

27  **D.     Unlicensed-novice lawyers and standby-local counsel cannot substitute for effective
           representation.**

28         IMDb claims that the Court should ignore former counsel's illness because he delegated

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 4

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

key tasks to a lawyer just licensed this year, and another recently hired who has no experience in this area of the law. But former counsel's junior associates did not manage the case. Former counsel did. (Hoang Decl. at ¶ 2.)

And former counsel's junior associates were not admitted pro hac vice to this case. They were not authorized to appear at depositions or any other hearing. *See* GR 2(a). Shockingly, IMDb proceeded with Hoang's deposition with only an unsupervised, unadmitted attorney representing Hoang the very day after Mr. Dozier died.

IMDb also claims that new counsel's previous role as local counsel means case preparation deficiencies should be ignored. But as IMDb admits, the role of local counsel is solely "to advise on the applicable local rules and to be prepared to handle the case in the event the pro-hac applicant cannot." (Response at 7:39-45).

Hoang's new counsel had no active role in this litigation before her former attorney died. (Newman Decl. at ¶ 3.) Hoang is a working actress. She cannot afford to pay two law firms to duplicate work. Nor does the pro hac vice policy contemplate local counsel looking over lead counsel's shoulder. An attorney admitted pro hac vice has full privilege to litigate a case in this district.

IMDb's claim that current counsel should have moved for a continuance based on former counsel's ill-health before he died is mystifying. (Response at 7:39-45.) Local counsel is not expected—or empowered—to police the health of other attorneys. Only former counsel knew how sick he really was, and the extent his illness affected his ability to decide which witnesses were relevant and which were "distractions".

**E.      IMDb failed to completely answer questions during a Fed.R.Civ.P. 30(b)(6) deposition.**

In an attempt to avoid answering three interrogatories and three requests for production, IMDb claims that Hoang "misleads the Court" because she "twists the deponent's words and takes the deposition out of context". (Response at 8:13-19.) But IMDb selectively edits a section from the deposition leaving out the key testimony indicating that the 30(b)(6) witness did not prepare for the deposition as required.

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 5

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Hoang seeks evidence that IMDb misused other users' personal information just like it misused Hoang's. (Dkt. No. 74-1, Cairella Dep. Tr.). IMDb denied it was common practice to use personal information, and IMDb's witness stated that he couldn't recall any specific case. *Id.* Then, in the sentence omitted by IMDb, the witness admitted: "I'm not saying that it's never happened on any other occasion, but I can't think of any other case." (Cairella Dep Tr. 38:15-17). If the 30(b)(6) witness had prepared for the deposition, he would have known whether IMDb has used its confidential customer information without consent. Hoang asks for leave to explore whether there is any other case since it goes to the heart of her Washington consumer protection act claim.

IMDb misrepresents facts by claiming that it was not required to answer deposition questions regarding IMDb's use of a public records database because those questions were "squarely outside the scope of Plaintiff's Rule 30(b)(6) deposition notice." In truth, IMDb initially raised that objection but Hoang overcame it by citing the relevant section of the deposition notice. The deposition notice required IMDb to send a witness able to testify to "documents regarding searches obtained from Privateye.com." (Cairella Dep. Tr. at 39:15-25). IMDb's failure to adequately answer questions about these topics is the basis for Hoang's request for more information.

## IV.     CONCLUSION

Hoang's attorney was terminally ill and failed to completely investigate Hoang's case. Hoang acted expeditiously to remedy trial preparation deficiencies, and no party will be prejudiced nor the trial delayed by allowing her to name additional witnesses and pursue limited additional discovery.

Dated this 28th day of September, 2012.


Respectfully Submitted,
**NEWMAN DU WORS LLP**


By:     s/ Keith Scully
        Keith Scully, WSBA No. 28677
        Derek A. Newman, WSBA No. 26967
        Charlotte Williams, WSBA No. 42864

MOTION FOR RELIEF FROM DEADLINES
[Case No. 2:11-cv-01709-MJP] - 6

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800