Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT,
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>Defendants. | NO. 11-cv-01709-MJP<br><br>**DECLARATION OF DEREK NEWMAN IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED RELIEF FROM DEADLINES**<br><br>NOTE ON MOTION CALENDAR:<br><br>September 28, 2012 |

I, Derek Newman, do declare and attest as follows:

1. I am over the age of eighteen (18) years of age, counsel of record for Plaintiff Huong Hoang, and competent to testify to the matters stated herein.

2. John Dozier retained current counsel Newman Du Wors LLP for the limited purpose of serving as his local counsel—namely, assisting him with filing the complaint and moving for pro hac vice admission.

3. After the Court admitted Dozier pro hac vice, Newman Du Wors was available to consult on local rules and procedures, but did not attend strategy discussions or depositions, or manage or participate in any other aspect of the case. Newman Du Wors's billing was less than one half of one percent of total billings in this case before

NEWMAN DECL
[Case No. 2:11-cv-01709-MJP] - 1

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Dozier passed.

4. Dozier employed associate attorneys. One, Kalli Jackson, was admitted to the Virginia Bar just this year—long after Dozier filed the case. The other, Dov Szego, was a family-law attorney with no experience in the subject matter of this litigation who began at Dozier's firm just a few months before Dozier died. Neither Jackson nor Szego is licensed in Washington, and neither requested to appear pro hac vice.

5. Dozier did not consult with Newman Du Wors, or defer to his associates.

6. Within 18 months of his death—and during the entirety of this case—Dozier was seriously ill. He had open-heart surgery, brain surgery, his kidneys were surgically removed, and he suffered from numerous infections. He was on daily dialysis.

7. Dozier did not initiate discovery until late in the discovery period.

8. He failed to identify experts even though industry-specific, and highly-technical future damages information, is at issue.

9. He waited until the end of the discovery period to hold a deposition, leaving insufficient time to follow up on deposition questions.

I certify and declare under the penalty of perjury under the laws of the United States that to my knowledge the foregoing is true and correct.

Dated this 28th day of September, 2012 at Malibu, California.

_____
Derek A. Newman

NEWMAN DECL
[Case No. 2:11-cv-01709-MJP] - 2

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800