THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>                  Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., a Delaware corporation; and IMDb.COM, INC., a Delaware corporation,<br><br>               Defendants. | No. 2:11-CV-01709-MJP<br><br>**IMDb.COM, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**FILED UNDER SEAL--Contains Confidential and Highly Confidential/Attorneys' Eyes Only Information**<br><br><u>**NOTED FOR CONSIDERATION**</u>:<br>**Friday, December 21, 2012** |

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP)
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF CONTENTS**

**Page(s)**

I.  INTRODUCTION ................................................................................. 1

II. STATEMENT OF FACTS ................................................................. 2

    A.  Plaintiff Huong "Junie" Thu Hoang ............................................ 2

    B.  IMDb and IMDbPro.................................................................... 2

    C.  Hoang's IMDb and IMDbPro Profiles......................................... 3

    D.  Hoang's Alleged Damages ......................................................... 6

    E.  Procedural History ..................................................................... 10

III. ARGUMENT.................................................................................... 10

    A.  Summary Judgment Standard .................................................... 10

    B.  This Court Should Dismiss Hoang's Claims Due to Her Unclean Hands .......... 11

    C.  This Court Should Dismiss Hoang's Breach of Contract Claim. ....................... 13

        1.  Hoang cannot show that IMDb.com breached any legal duty ................. 13

            a.  IMDb's Subscriber Agreement specifically authorized its actions ................. 13

            b.  IMDb did not breach any specific provisions of the Subscriber Agreement.......... 14

            c.  Hoang cannot rely on statements outside of the Subscriber Agreement to sustain her claim.................... 16

        2.  Hoang cannot show that she incurred any loss due to IMDb's actions ... 17

            a.  Hoang cannot show that she lost any auditions, acting jobs, or acting income due to IMDb.com's actions .................. 17

            b.  Hoang cannot show that she incurred any loss to her reputation or of goodwill due to IMDb's actions.................... 19

        3.  Under the Subscriber Agreement, Hoang is limited to her direct losses as damages ................... 20

    D.  This Court Should Dismiss Hoang's Consumer Protection Act Claim. ............. 21

        1.  Hoang has not established "an unfair or deceptive act or practice." ....... 21

        2.  Hoang has not established that IMDb's conduct "impacts the public interest."................... 23

        3.  Hoang has not established injury ......................................... 24

IV. CONCLUSION.................................................................................. 24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adler v. Fed. Republic of Nigeria,*
   219 F.3d 869 (9th Cir. 2000) ...........................................................................11

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986).........................................................................................11

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986).........................................................................................10

*Cox Broad. Corp. v. Cohn,*
   420 U.S. 469 (1975).........................................................................................15

*Doe v. City of N.Y.,*
   15 F.3d 264 (2d Cir. 1994)...............................................................................16

*Ellenburg v. Brockway, Inc.,*
   763 F.2d 1091 (9th Cir. 1985) .........................................................................11

*Foster v. Arcata Assoc., Inc.,*
   772 F.2d 1453 (9th Cir. 1985) .........................................................................10

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,*
   826 F.2d 837 (9th Cir. 1987) ...........................................................................11

*Kempf v. Barrett Bus. Servs., Inc.,*
   336 Fed. Appx. 658 (9th Cir. 2009)..................................................................11

*Keystone Driller Co. v. Gen. Excavator Co.,*
   290 U.S. 240 (1933).........................................................................................11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
   475 U.S. 574 (1986).........................................................................................10

*Minnick v. Clearwire US, LLC,*
   683 F. Supp. 2d 1179 (W.D. Wash. 2010)........................................................21

*Schultz v. United Airlines, Inc.,*
   797 F. Supp. 2d 1103 (W.D. Wash. 2011)........................................................16

*Scott v. Harris,*
   550 U.S. 372 (2007).........................................................................................11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Trident Seafoods Corp. v. Commonwealth Ins. Co.*,
  850 F.Supp.2d 1189 (W.D. Wash. 2012)...................................................................11

STATE CASES

*Bain v. Metro. Mortg. Grp., Inc.*,
  175 Wn.2d 83 (2012) ...................................................................................................21

*Brown ex rel. Richards v. Brown*,
  157 Wn. App. 803 (2010) ............................................................................................22

*Burns v. McClinton*,
  135 Wn. App. 285 (2006) ............................................................................................22

*Dunseath v. Hallauer*,
  41 Wn.2d 895 (1953) ...................................................................................................17

*Eastlake Constr. Co. v. Hess*,
  102 Wn.2d 30 (1984) ...................................................................................................23

*Evergreen Moneysource Mortg. Co. v. Shannon*,
  167 Wn. App. 242 (2012) ..............................................................................21, 23, 24

*Gaasland Co. v. Hyak Lumber & Millwork, Inc.*,
  42 Wn.2d 705 (1953) ...................................................................................................17

*Gaglidari v. Denny's Restaurants, Inc.*,
  117 Wn.2d 426 (1991) .................................................................................................20

*Green River Valley Found., Inc. v. Foster*,
  78 Wn.2d 245 (1970) ...................................................................................................15

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
  105 Wn.2d 778, 719 P.2d 531 (1986)...........................................................21, 23, 24

*Hollis v. Garwall, Inc.*,
  137 Wn.2d 683 (1999) .............................................................................................15, 16

*Jolley v. Blueshield*,
  153 Wn. App. 434 (2009) ............................................................................................23

*Larsen v. Walton Plywood Co.*,
  65 Wn.2d 1 (1964) ..................................................................................................17, 18

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – iii

24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# **TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Ledcor Indus. (USA), Inc. v. Mut. Of Enumclaw Ins. Co.*,
   150 Wn. App. 1 (2009) ...............................................................................................24

*Lewis River Golf, Inc. v. O.M. Scott & Sons*,
   120 Wn.2d 712 (1993) ...........................................................................................17, 20

*M.A. Mortenson Co. v. Timberline Software Corp.*,
   140 Wn.2d 568 (2000) ...............................................................................................21

*Mayer v. Pierce Cnty. Med. Bureau, Inc.*,
   80 Wn. App. 416 (1995) .............................................................................................13

*Meyers v. State*,
   152 Wn. App. 823 (2009) ...........................................................................................13

*Michael v. Mosquera-Lacy*,
   165 Wn.2d 595 (2009) ...............................................................................................23

*Miller v. Pac. Cnty.*,
   91 Wn.2d 744, 592 P.2d 639 (1979) (Rosellini, J., concurring) ...............................19

*Pettaway v. Commercial Auto. Serv., Inc.*,
   49 Wn.2d 650 (1957) .................................................................................................20

*Portion Pack, Inc. v. Bond*,
   44 Wn.2d 161 (1954) .................................................................................................11

*Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*,
   64 Wn. App. 553 (1992) .............................................................................................24

*Smith v. Stockdale*,
   166 Wn. App. 557 , review denied, 174 Wn.2d 1031 (2012)...................................23

*State v. Kaiser*,
   161 Wn. App. 705 (2011) ...........................................................................................21

*W. Wash. Corp. of Seventh-Day Adventists v. Ferrellgas, Inc.*,
   102 Wn. App. 488 (2000) ...........................................................................................16

*Wenzler & Ward Plumbing & Heating Co. v. Sellen*,
   53 Wn.2d 96 (1959) ...................................................................................................17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

STATE STATUTES

RCW 9.73.010 *et seq.* .................................................................................................................10

RCW 19.86.020 ...........................................................................................................................10

RCW 42.56.050 ...........................................................................................................................15

RULES

Fed. R. Civ. P. 26(a) .....................................................................................................................9

Fed. R. Civ. P. 56(a) ...................................................................................................................10

Fed. R. Evid. 1006 ........................................................................................................................8

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – v

24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

# I.    INTRODUCTION

In 2004, Plaintiff Huong Hoang ("Hoang") provided a birth date to IMDb.com ("IMDb") to place on her public profile on its website, even though none was required. The date she provided was made-up: Hoang represented she was seven years younger than she actually was, even though IMDb's Subscriber Agreement required her to provide accurate information. (Hoang believed this fiction would further her acting career.) Several years later, Hoang attempted to acquire even more youth by contacting IMDb, asking that it remove the date she had previously supplied, and ultimately claiming—using a fake United States passport—that she was even younger. Reflecting its stated policy, IMDb asked Hoang for proof that her published birth date was wrong. Hoang responded by demanding that IMDb examine its own records to determine whether her birth date was correct. IMDb did just that—it investigated its files, learned Hoang's real name (she had used a stage name for her public profile), and found her birth date in a third-party public records database using her real name. IMDb then published her accurate birth date.

Hoang now seeks to hold IMDb liable for publishing the truth. Yet none of these events would have occurred if Hoang had not first provided IMDb with a false birth date, and then insisted that IMDb investigate its own files for proof of her birth date. Because Hoang's own misrepresentations set in motion the chain of events leading to this lawsuit and because she authorized the very actions about which she now complains, Hoang's claims fail as a matter of law. This Court should grant summary judgment in favor of IMDb for the following reasons.

*First*, Hoang's misrepresentations to IMDb preclude any relief, due to the doctrine of unclean hands. *Second*, Hoang's breach of contract claim fails because she specifically authorized IMDb to search its own files and she cannot show that IMDb breached any contractual duty it owed her. Further, she cannot show that she was damaged by IMDb's actions. *Finally*, Hoang's claim under the Washington Consumer Protection Act fails because she cannot show that IMDb acted in a deceptive manner that was contrary to the public interest or that she was injured.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## II.     STATEMENT OF FACTS

### A.     Plaintiff Huong "Junie" Thu Hoang

Hoang was born on *Month, day*,[1] 1971 in Vietnam and later moved to the United States.

Ex. A at 143:2-3, 152:13-153:11; Ex. F.[2] Although her legal name is Huong Hoang, she has used

the nickname "Junie" since childhood. Ex. A at 134:5-21, 135:7-11, 146:12-17. Hoang is an

aspiring actor. She has held small roles in movies, on television, and in commercials in and around

Texas since 1995. *Id.* at 26:2-3; Ex. C. In approximately 2007, she moved from Texas to Los

Angeles seeking fame. Ex. A at 308:20-24. Although Hoang has provided inconsistent information

regarding her acting income, it appears that she has earned anywhere from $740 to $8,979 per year

since 2005. *See* Section II.D, *infra*. Hoang has received many of her roles through a friend, Greg

Carter, who has known her actual age for many years. Ex. A at 49:2-50-9, 53:4-54:5, 58:10-59:7,

97:2-103:7, 173:5-7, 175:8-177:16, 227:2-10, 249:2-7, 249:22-250:11, 344:6-16; Ex. C. She has

obtained other roles through her manager, Joe Kolkowitz, or by submitting her resume and headshot

on casting websites. Ex. A at 33:9-17, 34:11-14, 38:19-39:8.

### B.     IMDb and IMDbPro

IMDb owns and operates the Internet Movie Database, available at www.imdb.com, which

publicly displays factual information about movies, television shows, and the actors, directors, and

other professionals who make them. Decl. of Giancarlo Cairella in Supp. of IMDb.com, Inc's Mot.

for Summ. J. ("Cairella Decl.") ¶ 2. Among other information, the IMDb website includes actors'

filmographies and biographical information, including dates of birth. *Id.* In most cases, the

information published on the IMDb website is submitted by IMDb users. *Id.* ¶ 4. From time to time,

IMDb also conducts its own investigations to ensure that its data is accurate. *Id.* In addition to the

---

[1] Pursuant to CR 5.2, Hoang's month and year of birth have replaced with "*Month, day*" in this Motion and redacted from the supporting documents.

[2] Unless otherwise noted, all citations to exhibits herein refer to exhibits to the Declaration of Breena Roos in Support of IMDb.com, Inc.'s Motion for Summary Judgment and Amazon.com, Inc.'s Motion for Summary Judgment, filed concurrently with this Motion.

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 2
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

general website, IMDb offers a subscription service called IMDbPro, which is designed for entertainment professionals. *Id.* ¶ 3. IMDbPro provides users access to all data on the general website, plus additional data, such as contact information and production listings. *Id.*

One of IMDb's main goals is to provide accurate and complete information. Cairella Decl. ¶ 5. To that end, IMDb maintains specific guidelines for submitting content, removing information, and correcting inaccuracies on the website. *See, e.g.*, http://pro.imdb.com/help/show_leaf?deletebio ("[I]f you are aware of inaccuracies contained within an existing biography and bring them to our attention, we will investigate and if appropriate, remove or amend the offending items."). Its Submission Guideline for biographical information, which is posted on the website, provides instructions for successfully adding or removing biographical information. Ex. AAA at 2 ("We do not remove valid dates of birth/dates of death, so please do not submit deletions."). Through these policies, IMDb makes it clear that it will only remove or change information upon an investigation or proof that the posted information is inaccurate. *See generally* Cairella Decl. ¶ 5.

When a user signs up for the IMDbPro service, she agrees to a Subscriber Agreement that incorporates the IMDbPro Privacy Policy. Ex. YY, ¶ 3. The Subscriber Agreement provides that the user "may not use a false e-mail address, impersonate any person or entity, or otherwise mislead as to the origin of your posted content" and represents and warrants that "all information submitted . . . to the Site is true and accurate." *Id.* ¶¶ 4, 9. It also contains limitations clauses that disclaim warranties and limit damages. *Id.* ¶¶ 11-12. Further, the Subscriber Agreement addresses IMDb's policy regarding removing content: "You acknowledge that IMDb does not pre-screen all content, but that IMDb and its designees shall have the right (but not the obligation) in their sole discretion to refuse or move any content." *Id.* ¶ 4.

## C.    Hoang's IMDb and IMDbPro Profiles

As part of her efforts to become more visible in the entertainment industry, Hoang signed up for IMDb in 2001 and subsequently submitted information about herself and others for inclusion on its public website. Ex. A at 119:2-11. In 2004, Hoang obtained a free trial of IMDbPro. *Id.* at 122:7-

IMDB.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 3
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

123:14. Starting in 2004, Hoang paid IMDb, using her credit card, for various one-time services such as posting a photograph or resume. *Id.* at 124:2-125:5. During these transactions, she provided her legal name to IMDb. Cairella Decl. ¶ 6.

On June 16, 2004, using her friend Greg Carter's account, Hoang submitted biographical information about herself to be included on her IMDb profile. Ex. A at 251:3-255:4; Ex. I; Cairella Decl. ¶ 7. Hoang knowingly supplied a false date of birth—*Month, day*, 1978—and misrepresented that a "birth certificate" supported that date. Ex. A at 255:5-256:2; Ex. I. Based on this submission, IMDb posted the *Month, day*, 1978 birth date on Hoang's IMDb profile. Cairella Decl. ¶ 7. For the next three years, Hoang regularly checked her IMDb profile and frequently submitted new information for inclusion, but never attempted to correct the inaccurate date of birth. Ex. A at 258:6-21; Cairella Decl. ¶ 8.

In September 2007, Hoang decided that she no longer wanted the false *Month, day*, 1978 birth date on her profile. Ex. A at 258:19-21. From September 2007 to November 2008, Hoang contacted IMDb thirteen times requesting that it remove the *Month, day*, 1978 birth date—which she herself submitted—from her IMDb profile. *Id.* at 210:2-212:19, 25 6:25-258:1, 259:13-260:17, 261:2-8, 261:14-262:3, 264:2-24, 266:3-20, 270:5-272:19, 272:25-273:15; Exs. G, H, J, K, L, M, N, O, P, S, T, U, W; *see also* Ex. Q. Per its policy regarding the removal of information from the website, IMDb repeatedly responded that if Hoang provided a complete photocopy of the first page of her passport "as identification and verification of any factual inaccuracy," it would "investigate this matter and take prompt measures to remedy any verifiable inaccuracies." Ex A at 261:14-262:3, 266:3-20, 269:10-270:3, 271:18-272:4; Exs. M, O, R, V; Cairella Decl. ¶¶ 9-10.

Although she did not have a passport, Hoang did have a valid driver's license showing her true birth date. Ex. A at 144:3-9; Ex. E. But rather than provide this information, Hoang again resorted to subterfuge. On October 4, 2007, Hoang used Mr. Carter's account to tell IMDb that the day and month of her birth date were correct but the year (1978) was not. Ex. A at 259:13-260:17; Ex. K. After IMDb requested verification of the inaccuracy, Hoang provided IMDb with a redacted

copy of her birth certificate that obscured her date of birth even though that was the information

IMDb had requested. Ex. A at 152:13-153:11, 154:1-156:3, 264:2-24; Exs. F, N; Cairella Decl.

¶ 11. Hoang also repeatedly told IMDb that her previous agent had initially submitted the *Month,*

*day*, 1978 birth date by accident—even though she had intentionally submitted it for publication on

her IMDb profile using Mr. Carter's account. Ex. A at 272:6-19, 272:25-273:15, 274:19-275:2,

275:11-18; Exs. G, U, T, W. Hoang never provided IMDb with the one thing that it needed to

change the date of birth listed on her profile—an unaltered passport. Cairella Decl. ¶ 12.

      Without any proof that the date Hoang had supplied was inaccurate, IMDb took no action on

Hoang's request for over a year. But on October 1, 2008, Hoang demanded that IMDb investigate

its own records to corroborate her birth date:

> THE BIRTHDATE YOU HAVE LISTED ON MY PROFILE IS INCORRECT. MY
> PREVIOUS AGENT SUBMITTED IT IN ERROR. SHE SEEMED TO HAVE GOTTEN
> IT ON HERE WITH ABSOLUTELY NO VERIFICATION, DOCUMENTATION, OR
> IDENTIFICATION. IMDB IS NOW TAKING HER SUBMISSION AS FACT. IMDB
> WROTE THAT THE INFO THEY HAVE IS FACTUAL. ***PLEASE GO BACK ON YOUR
> FILES AND SEE IF YOU HAVE ANY DOCUMENTATION, VERIFICATION, OR
> IDENTIFICATION THAT MY BIRTHDATE IS IN 1978.*** IF YOU DO, PLEASE EMAIL
> IT TO ME BECAUSE I'M CURIOUS TO SEE WHAT YOU'RE GOING OFF OF. IF
> YOU DON'T FIND ANY PROOF ON RECORD, PLEASE DELETE IT BECAUSE I
> KNOW THAT 1978 ISN'T MY DATE OF BIRTH. I AM NOW TRYING TO REMOVE
> IT BY ATTACHING FOR YOU A LINK THAT I CREATED AT
> http://www.juniehoang.com/imdb FROM THIS LINK, YOU CAN VIEW MY BIRTH
> CERTIFICATE AND OFFICIAL, NOTARIZED LETTER FROM MY LEGAL
> COUNSEL/ATTORNEY TO PROVE THAT THE DATA YOU HAVE IS WRONG. I DO
> NOT HAVE AN OLD OR CURRENT PASSPORT TO SEND YOU. THANKS FOR
> LOOKING INTO THIS.

Ex. W (emphasis added); Cairella Decl. ¶ 13.

      In response to Hoang's repeated requests, IMDb's customer service manager conducted his

own research to verify that the original submission was correct. Cairella Decl. ¶¶ 13-15. Upon

searching public records online, he was unable to verify a date of birth for "June Hoang." *Id.* ¶ 15.

Continuing his efforts to assist Hoang, and responding to Hoang's own request that IMDb review its

files, he looked up Hoang's IMDb account information in IMDb's "IPS database," which contained

IMDB.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 5
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Hoang's legal name that she herself submitted in 2004 when she signed up for an IMDbPro trial. *Id.* ¶ 16. IMDb's IPS database does not contain customer credit card numbers and is only accessible to IMDb's Customer Service team and technical support. *Id.* ¶ 17. After looking at the IPS database, the customer service manager searched public records again, this time using Hoang's legal name to verify the accuracy of her date of birth. *Id.* ¶ 18. He then learned that Hoang's date of birth was *Month, day*, 1971. *Id.* ¶ 19. Having confirmed Hoang's true date of birth, IMDb, in November 2008, changed Hoang's IMDb profile to reflect *Month, day*, 1971, as her birth date. *Id.* ¶ 20.

Incredibly, when IMDb published the truth, Hoang responded with more misrepresentations and fake documents. Hoang repeatedly (and falsely) told IMDb that the 1971 date was not her date of birth. *E.g.*, Ex. A at 277:2-278:20, 287:8-18, 289:3-21; Ex. X; DD, EE. In one of those communications, on November 14, 2008, Hoang offered to "go get a passport and email it to you to prove that this date is wrong." Ex. X; *see also* Ex. A at 276:11-20, 277:2-19.

In truth, Hoang presented *two* pieces of fake identification in an attempt to trick IMDb into believing that *Month, day*, 1971 was not her date of birth. First, she created a false Texas identification card with the name "Junie Hoang" and the date of birth *Month, day*, 1979—notably, one year younger than the false date Hoang originally supplied. Ex. A at 277:21-278:20, 280:2-281:10; Exs. Y, Z. While the back of the card clearly states "NOVELTY ONLY NOT GOVERNMENT ISSUED," Hoang only provided IMDb with the front of the card. Ex. A at 281:11-282:10; Ex. Z. Second, Hoang submitted a falsified copy of a United States passport that she and Mr. Carter ginned up on a computer. Ex. A at 212:10-19, 280:2-19, 282:25-287:18; Exs. H, Y, AA, BB, CC. The false passport reflected the name "Junie Phong Hoang" and the date of birth *Month, day*, 1979. Ex. AA. Hoang admits that she created the phony passport to dupe IMDb into publishing a false birth date. Ex. A at 283:22-284:2. IMDb noticed that the passport was fake and kept Hoang's truthful birth date.

## D.    Hoang's Alleged Damages

Hoang alleges that she has missed out on auditions and roles since IMDb posted her true

IMDB.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 6
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

date of birth in November 2008. Ex. A at 28:10-17, 299:5-23; Ex. B (Interrogatory 5). However, Hoang cannot prove any causal link between any lost role and her IMDb profile. Hoang has identified just two specific roles that she alleges she lost, but has presented no evidence that IMDb's actions had anything to do with them. First, she claimed that she lost a role for a film called "Consequences," which she received through Mr. Carter, due to her age. Ex. A at 192:23-199:6. Yet she herself has excluded Mr. Carter, the only person with knowledge of this decision, as a witness. *Id.* at 196:14-197:11; Dkt. No. 63 (excluding Mr. Carter as a witnesses). Second, she claimed that she lost a role in a commercial shoot with photographer Rob Lewine because she was *too young*, but again excluded the only person with knowledge about this decision as a witness. Ex. A at 199:6-200:11; Dkt. No. 65 (excluding Mr. Lewine as a witness).

Hoang also identified two additional roles that she asserts she would have received but for IMDb's actions, but she could not provide any details about the roles. First, she alleges that she lost a role in an industrial video for a "small company" in November 2008, but cannot recall the name of the project, exactly how she submitted herself for consideration for the role, or the person that she spoke with about the role. Ex. A at 213:23-215:16. She says she was told she was "not fit for the part," claiming to be "pretty sure" she was not hired due to her age. *Id.* She admits that she doesn't have any proof that she wasn't hired due to her age. *Id.* Second, she alleges that she lost a role in an independent "short" that she cannot identify with any specificity. *Id.* at 215:17-219:2. She believes she was not hired due to her age because of the "tone of conversation," but was never specifically told that she did not receive the role due to her age. *Id.* She cannot recall how much she might have been paid for these roles. *Id.* at 295:15-22. Otherwise, Hoang's assertion of being "blacklisted" from Hollywood is, according to Hoang herself, the result of her filing this lawsuit, not the result of IMDb's posting her date of birth. *Id.* at 204:15-21; 205:6-206:22, 209:5-8, 305:2-25, 306:6-20, 379:17-380:15; Ex. B (Interrogatory 5).

Further, Hoang estimates that she has experienced a 50% decrease in auditions, but cannot provide any objective evidence of her assertion; she simply states that she "believes" that she has

IMDB.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 7
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

gotten fewer auditions. Ex. A at 301:2-5. Yet her own online casting submission history contradicts this belief—it shows that the percentage of her submissions that have turned into auditions steadily increased since 2008. Decl. of Joel Higa ("Higa Decl."), Ex. A; *see also* Fed. R. Evid. 1006 Further, the auditions that have turned into roles have not decreased over time. Higa Decl., Ex. A. She admits that she has no way of knowing whether she did not get a particular role because of IMDb's actions. Ex. MM at 465:6-17.

Hoang also claims that her acting income was steadily increasing prior to November 2008 but has decreased since that date. Her own records show wildly different accounts of how much she has earned from acting since 2005. First, she produced a spreadsheet, prepared especially for this litigation, that she claimed showed all of her acting income from 2005 to 2011. Ex. A at 314:2-12, 315:2-:20; Ex. GG; *see also* Ex. A at 344:17-345:8; Ex. HH. After being questioned about the validity of certain information on the spreadsheet during her deposition, she produced a second version that reflected a very different figure for each year. Ex. MM at 446:23-447:3; Exs. WW, XX. And both of those spreadsheets differ from the income she reported to the IRS on her tax returns. *See* Ex. A at 346:2-5, 348:1-25, 349:12-350:7, 350:22-352:3; Exs. II, JJ, KK, LL. The following chart shows Hoang's varying accounts of her income:

| Year | Source | | | |
|---|---|---|---|---|
| | Ex. GG (acting income) | Ex. WW (acting income) | Tax returns (acting income) | Tax returns (all income) |
| 2005 | 3,300.00 | 5,800.00 | Not produced | Not produced |
| 2006 | 4,940.00 | 2,500.00 | Not produced | Not produced |
| 2007 | 740.00 | 2,900.00 | Not produced | Not produced |
| 2008 | 5,334.17 | 8,979.17 | 1,430.22 (Ex. II at 6) | 8,786.58 (Ex. II at 6) |
| 2009 | 1,730.00 | 2,880.00 | 1,189.60 (Ex. JJ at 2) | 8,851.32 (Ex. JJ at 2) |
| 2010 | 2,600.00 | 4,653.00 | 2,200.00 (Ex. KK at 10) | 52,551.95 (Ex. KK at 6) |
| 2011 | 2,248.30 | 2,248.30 | 1,423.30 (Ex. LL at 2, 4) | 64,445.38 (Ex. LL at 4) |

As the above demonstrates, even by her own records, Hoang's 2007 acting income *was less* than previous years (all before IMDb.com posted her real date of birth). And according to her tax returns,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Hoang did not experience any drop off in acting income from 2008 through 2010 (and earned more in non-acting jobs in each year). Hoang admits that she does not know how much she would have earned if her date of birth was not posted on IMDb. Ex. A at 343:1-344:4; Ex. MM at 460:21-3.

Hoang decided not to engage a damages expert, so her only "proof" of damages is her own self-serving and inconsistent testimony. Hoang provided no damages calculation in her Rule 26(a) disclosures. *See* Ex. EEE at 7-8. In her first damages calculation on July 24, 2012, Hoang estimated that she incurred lost acting income of approximately $8 million as of July 2012. Ex. A at 318:2-321:3, 324:2-3, 330:13-322:1, 334:2-338:17, 381:2-24; Ex. B (Interrogatory 5). She based this estimate on the alleged increase of 620% in her acting income from 2007 to 2008, which she claims are her first two years of acting in Hollywood. Ex. A at 308:2-24, 326:14-19; 343:2-17; Ex. B. To this, Hoang added an estimated $8 million loss to "reputation and goodwill," an arbitrary amount Hoang picked because it was equal to her lost earnings claims. Ex. A at 381:2-24; Ex. B.

On August 2, 2012, Hoang changed her estimate of damages from $8 million to $185,000. Ex. MM at 436:14-16, 437:2-9, 439:2-440:6, 442:21-443:9; Ex. UU (Interrogatory 13). She offset the reduction in past damages by adding a claim for lost acting income of $35 million through 2019—an amount that would make her one of the highest paid actresses in Hollywood. Ex. UU. Again, she based this estimate on the increase in acting income from 2007 to 2008, only this time she estimated an increase in income of 199% rather than 620%. Ex. MM at 439:2-19; Ex. UU. She does not know why she changed her damages calculation or why the percentage increase changed from 620% to 199%. Ex. MM at 439:20-440:6, 442:21-443:9. Hoang also changed her claim for lost income and acting opportunities to add another $35 million. Ex. UU.

Perhaps recognizing the absurdity of this projection, on August 6, 2012, Hoang changed her damages calculation a *third* time in the space of two weeks. Ex. MM at 444:4-13, 445:2-446:18; Ex. VV (Interrogatory 13). This time, she based her damages estimate on the changes in her acting income from 2005 to 2006, 2006 to 2007, and 2007 to 2008. Ex. MM at 453:14-454:11, 455:20-456:21, 457:5-18, 458:11-459:19; Ex. VV. According to the August 6 calculation, Hoang asserts

IMDB.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 9
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

lost income and opportunities of nearly $3.3 million by 2019. Ex. VV.

In other words, Hoang has alternately claimed $16, $70, and $6.6 million in damages to an acting career for which she earned $740 in 2007. These fantastical numbers have two things in common: Hoang cannot prove IMDb caused them, and they lack any factual support.

**E.    Procedural History**

In November 2011, Hoang brought this lawsuit against IMDb and Amazon.com, Inc. ("Amazon"), alleging claims for breach of contract, fraud, violation of the Washington Privacy Act ("WPA"), RCW 9.73.010 *et seq.*, and violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.020. Dkt. No. 1. On March 30, 2012, this Court dismissed the WPA claim with prejudice and the fraud claim with leave to amend. Dkt. No. 42. Hoang amended her fraud claim on April 25, 2012. Dkt. No. 45. On July 3, 2012, this Court dismissed her second fraud claim with prejudice. Dkt. no. 57. Hoang's breach of contract and CPA claims remain. Dkt. No. 45. Discovery is now closed. Dkt. No. 38 (setting August 10, 2012 as the discovery deadline); *see also* Dkt. No. 80 (denying Hoang's motion to extend discovery cutoff).

### III.    ARGUMENT

**A.    Summary Judgment Standard**

The goal of summary judgment is to avoid the burden of an unnecessary trial when there is no dispute as to the material facts before the court. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," *Matsushita Elec.*, 475 U.S. at 587, or if a party fails to prove any essential element of a claim, *Celotex Corp.*, 477 U.S. at 322; *Foster v. Arcata Assoc., Inc.*, 772 F.2d 1453, 1459 (9th Cir. 1985). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably

IMDb.COM, INC.'S MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) – 10
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.     This Court Should Dismiss Hoang's Claims Due to Her Unclean Hands.**

When a party comes to the court for relief with "unclean hands," her relief should be limited. "[E]quity requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue." *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985) (citing cases). The unclean hands doctrine requires a showing "that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987); *see also Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244-45 (1933) ("[W]henever a party . . . has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him[.]") (internal quotation marks and citation omitted); *Portion Pack, Inc. v. Bond*, 44 Wn.2d 161, 170 (1954). In a diversity jurisdiction matter, state law regarding unclean hands applies. *See Trident Seafoods Corp. v. Commonwealth Ins. Co.*, 850 F.Supp.2d 1189, 1203-04 (W.D. Wash. 2012) (citing Washington state case law to describe and evaluate unclean hands defense).

Modern courts hold that the unclean hands doctrine applies to legal claims as well as equitable claims. *Kempf v. Barrett Bus. Servs., Inc.*, 336 Fed. Appx. 658, 661 (9th Cir. 2009) (finding unclean hands doctrine applicable in breach of contract action); *Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000) (upholding district court's finding that unclean hands barred relief for breach of contract). The principle is the same at law: "plaintiffs seeking equitable relief must have 'acted fairly and without fraud or deceit as to the controversy in issue.'" *Id.* (citing *Ellenburg*, 763 F.2d at 1097).

It is hard to imagine a plaintiff less deserving of legal assistance than Hoang. Her misrepresentations set this entire chain of events in motion, and she is ultimately asking this Court

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 11
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

to reward her for lying:

- Hoang submitted a false date of birth for publication on her IMDb profile. Ex. A at 254:21-256:1, 289:3-21, 290:8-291:4; Exs. I, FF.

- Hoang falsely claimed that a birth certificate supported her birth date. Ex. A at 254:21-256:2; Ex. I.

- In direct violation of IMDbPro's Subscriber Agreement, Hoang used another person's IMDb account to facilitate her ruse. Ex. A at 254:21-256:1, 289:3-21, 290:8-291:4; Exs. I, FF; Ex. YY, ¶ 4.

- Hoang falsely claimed that her agent had submitted the original date of birth. Ex. A at 268:11-269:9; Exs. G, T, U, W.

- When asked for a copy of her passport, Hoang submitted a doctored photocopy of her birth certificate. Ex. A at 264:2-24; Ex. N.

- Once IMDb posted Hoang's accurate date of birth on her IMDb profile, Hoang repeatedly (and falsely) told IMDb that this was not her date of birth. *E.g.*, Ex. A at 277:2-278:20, 287:8-18, 289:3-21; Ex. X; DD, EE.

- Hoang created a phony United States passport and fake driver's license for the sole purpose of deceiving IMDb. Ex. A at 280:2-282:10, 283:7-287:18; Ex. H.

Because Hoang's pre-litigation conduct is so egregious, it is well-suited for the application of unclean hands. Hoang's "claims" only arose because she repeatedly insisted that IMDb could not disprove her attempt to replace one misrepresentation (the 1978 date of birth) with another (the 1979 date of birth). Hoang demanded that IMDb investigate its records, from which it ultimately was able to discover her true age. A plaintiff cannot lie, dare the defendant to prove her wrong, then ask the court to provide relief when her bluff is called. Hoang's circumstances are entirely of her own inequitable doing. This Court should decline to provide Hoang any relief from those circumstances.

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 12
24976-0480/LEGAL24015670.10

**C.      This Court Should Dismiss Hoang's Breach of Contract Claim.**

To prove a breach of contract claim, Hoang must establish (1) the existence of a contract that imposes a duty; (2) a breach of the duty; and (3) an economic loss as a result of the breach. *Meyers v. State*, 152 Wn. App. 823, 827-28 (2009). As discussed below, Hoang cannot—as a matter of law—prove that IMDb.com breached any provision of its Subscriber Agreement or she incurred any economic loss because of IMDb.com's actions. Thus, her breach of contract claim fails.

**1.      Hoang cannot show that IMDb.com breached any legal duty.**

Hoang contends that IMDb breached its Subscriber Agreement by using its records to learn her legal name, which it then used to determine and publish her accurate date of birth. Interpretation of an unambiguous contract is a question of law; summary judgment is appropriate even if the parties dispute the legal effect of a provision. *Mayer v. Pierce Cnty. Med. Bureau, Inc.*, 80 Wn. App. 416, 420 (1995). Given the plain language of the Subscriber Agreement, this Court should reject Hoang's breach of contract claim.

**a.      IMDb's Subscriber Agreement specifically authorized its actions.**

The Subscriber Agreement specifically authorized IMDb to use Hoang's legal name to locate her accurate birth date. The Subscriber Agreement incorporates the IMDbPro Privacy Policy, which specifically states that IMDb will use information provided by its customers:

> Information You Give Us: We receive and store any information you enter on our Website or give us in any other way. . . . You can choose not to provide certain information, but then you might not be able to take advantage of many of our features. *We use the information you provide for such purposes as responding to your requests, customizing future browsing for you, improving our site, and communicating with you.*

Ex. ZZ at 2 (emphasis added); *see also* Ex. YY, ¶ 3. IMDb further provides users with examples of information subject to this paragraph, including "your name" and states "[y]ou provide most such information *when you register*, search, post, participate in a contest or questionnaire, *or communicate with us.*" Ex. ZZ at 3 (emphasis added).

Over the course of a year, Hoang repeatedly asked IMDb to investigate the false date of

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 13
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

birth she had submitted. Exs. G, H, J, K, L, M, N, O, P, T, U, W. IMDb repeatedly told Hoang that it needed some proof that her birth date was inaccurate before it would act on her request. Exs. M, O, R, V. Finally, Hoang specifically demanded that IMDb "GO BACK ON YOUR FILES" to investigate her birth date. Ex. W. The IMDb customer service team took Hoang at her word and used the information that Hoang had submitted to investigate her claims. Cairella Decl. ¶¶ 15-19. IMDb went "back to its files," identified Hoang's real name, and used that real name to search public records and locate Hoang's accurate date of birth. IMDb customer service complied specifically with the Subscriber Agreement—IMDb used the information that Hoang "enter[ed] on [IMDb's] Website" when she registered to respond to her requests.

Hoang had no reasonable expectation that IMDb would take any other action. The IMDb team repeatedly told Hoang that it would not remove her birth date without proof of its inaccuracy. Nor could Hoang have expected that IMDb would refrain from publishing *accurate* information. Nothing in the Subscriber Agreement or any other document prohibits IMDb from publishing accurate birth dates. And under the Subscriber Agreement, Hoang herself agreed to submit only accurate information. Ex. YY, ¶ 9. Having submitted inaccurate information and then pointed out that information was in fact inaccurate, Hoang should have only expected that IMDb would eventually investigate the matter and publish her true birth date. No reasonable trier-of-fact could find otherwise.

> ### b. IMDb did not breach any specific provisions of the Subscriber Agreement.

The statements upon which Hoang actually relies to support her contract claim do not prove that IMDb agreed to not use Hoang's name to discover her actual birth date. Hoang points to three statements in the Privacy Policy:

> IMDb knows that you care how information about you is used and shared, and we appreciate your trust that we will do so carefully and sensibly.

> Further, whenever we deal with user information, we will always comply with applicable laws and regulations in doing so.

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 14
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

> If you use our subscription service, we work to protect the security of your own subscription information during transmission by using Secure Sockets Layer (SSL) software, which encrypts information you input.

Dkt. No. 45-1 at 10-12; *see also* Ex. B (Interrogatory 12, incorporating same). None of these statements—taken alone or collectively—limit IMDb's use of Hoang's name.

The first statement is a general introductory statement. Such prefatory language does not constitute an agreement and does not impose any general duties on IMDb, much less a specific duty not to use Hoang's name when responding to Hoang's inquiries. *Green River Valley Found., Inc. v. Foster*, 78 Wn.2d 245, 249 (1970) ("Where provisions of the same transaction are clear but conflicting, the operative provisions prevail over the recitals."). In fact, this introduction plainly alerts users that IMDb will use the information that users provide "carefully and sensibly." This language could not create any reasonable expectation that IMDb would not use Hoang's name at all, especially in response to her own request that it do so. Hoang cannot rewrite this language to import an expectation that it does not support. *Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 696-97 (1999) (subjective intent of parties cannot modify written words of contract).

With respect to the second statement, the only remaining "law[] and regulation[]" that Hoang alleges was violated is the Washington CPA. However, as addressed further below, Hoang has no claim under the CPA. *See* Section III.D, *infra*. IMDb did not violate any laws relating to Hoang's privacy interests. IMDb did not publicly disclose Hoang's actual name or any other information that Hoang gave to IMDb. To the contrary, it simply disclosed her birth date after obtaining that information from public records databases. As a general rule, an individual does not have a privacy interest in publicly available information. RCW 42.56.050 (stating that a violation of privacy only occurs when disclosure of such information would be "highly offensive" and is not "of legitimate concern to the public"); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 493-96 (1975) (Action for privacy is not sustainable when a defendant "merely gives further publicity to information about the plaintiff which is already public. Thus there is no liability for giving publicity to facts about the plaintiff's life which are matters of public record . . . .") (quoting Restatement (Second) or Torts §§

IMDB.COM, INC.'S MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) – 15
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

652D, cmt. b); *Doe v. City of N.Y.*, 15 F.3d 264, 268 (2d Cir. 1994) ("Certainly, there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record."). This statement cannot support a claim for breach of contract.

Finally, the third statement merely informs users that information is encrypted to protect it from security breaches. It does not affirmatively impose a duty on IMDb to keep Hoang's legal name or date of birth—which was in the public record—private. And IMDb complied with this provision. At all relevant times, IMDb fulfilled this obligation by storing and transmitting Hoang's data using SSL encryption. Decl. of Tom Whitcomb, ¶ 2. Hoang makes no allegation—nor could she prove one—that IMDb exposed her to identity theft or any other harm that might follow a security breach. This provision simply does not impose the duty Hoang claims.

        c.      **Hoang cannot rely on statements outside of the Subscriber Agreement to sustain her claim.**

Hoang would also base her breach of contract claim on Amazon's privacy policy and IMDb's website. *See* Ex. B (Interrogatory 12); Dkt. No. 45-1 at 2, 6-9. But the Subscriber Agreement does not incorporate either, *see* Ex. YY, ¶ 20, so they are not part of the contract at issue here, *W. Wash. Corp. of Seventh-Day Adventists v. Ferrellgas, Inc.*, 102 Wn. App. 488, 494 (2000) ("Incorporation by reference must be clear and unequivocal."); *cf. Schultz v. United Airlines, Inc.*, 797 F. Supp. 2d 1103, 1107 (W.D. Wash. 2011) (finding statement on website did not create an implied contract). Hoang cannot use these extrinsic materials to import into the Agreement an obligation that does not otherwise exist. *Hollis*, 137 Wn.2d at 696-97; *Seventh-Day Adventists*, 102 Wn. App. at 495-96 (Extrinsic "evidence may not be used (1) to establish a party's unilateral or subjective intent as to the meaning of a contract . . . ; (2) to show an intention independent of the instrument; or (3) to vary, contradict, or modify the written word.").

Even if these documents could import an extrinsic meaning into the Subscriber Agreement, none of these statements makes any representations about IMDb's treatment of the information at issue here—the name of the IMDbPro member. Rather, they address how IMDb (with the assistance

IMDB.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 16
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of Amazon) processes payments on the website. *See* Ex. Dkt. No. 45-1 at 2, 6-9. For the reasons stated in the concurrently filed Motion for Summary Judgment by Amazon.com, Inc., Section III.B, the statements in these documents cannot support Hoang's breach of contract claim.

Hoang has not and cannot establish that IMDb.com breached any duty in its Subscriber Agreement, and therefore her breach of contract claim should be dismissed with prejudice.

### 2.   Hoang cannot show that she incurred any loss due to IMDb's actions.

Where, as here, a plaintiff seeks to recover lost profits as damages, she must prove that (1) they were something the parties had contemplated at the time the contract was made, (2) they are the proximate result of defendant's breach, and (3) they are proven with reasonable certainty. *Larsen v. Walton Plywood Co.*, 65 Wn.2d 1, 15 (1964); *see also Lewis River Golf, Inc. v. O.M. Scott & Sons*, 120 Wn.2d 712, 719 (1993) (applying *Larsen* test to claim for loss to reputation and goodwill). The second prong of this test "requires certainly as to the *fact that damage resulted* from defendant's breach." *Larsen*, 65 Wn.2d at 16 (emphasis added) (citing *Dunseath v. Hallauer*, 41 Wn.2d 895 (1953), and *Gaasland Co. v. Hyak Lumber & Millwork, Inc.*, 42 Wn.2d 705 (1953)). "[U]ncertainty as to the *fact of damage* is fatal" to a breach of contract claim. *Wenzler & Ward Plumbing & Heating Co. v. Sellen*, 53 Wn.2d 96, 99 (1959)) (citing *Gaasland*, 42 Wn.2d 705, and *Dunseath*, 41 Wn.2d 895). This requirement is distinguishable from the third prong of the test, which requires that *the amount of* lost profits must be proven with reasonable certainty; "damages which are remote and speculative cannot be recovered." *Larsen*, 65 Wn.2d at 16.

Here, Hoang claims that she incurred lost profits and loss to reputation as a result of IMDb.com's actions. She has not, however, produced any evidence showing with any certainty that she suffered any economic loss as a result of IMDb's actions. First, Hoang cannot prove that she has lost auditions, acting jobs, or income due to the posting of her age on her IMDb profile. Second, she cannot show that she lost any "goodwill" due to IMDb's actions.

### a.   Hoang cannot show that she lost any auditions, acting jobs, or acting income due to IMDb.com's actions.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Hoang alleges that she suffered a "substantial decrease in annual credits and earnings and an overall diminution in value of Hoang's acting services." Dkt. No. 45, ¶ 43. But she cannot point to any specific job that she lost because her birth date was on IMDb. She has only identified four roles that she claims to have lost after IMDb posted her accurate date of birth on her profile. Two of those are based on evidence that she herself excluded. *See* Section II.D, *supra.* The other two roles she cannot even identify by name or any other detail that would allow corroboration. Ex. A at 213:9-219:2. Further, even she admits that she does not know with any certainty that she lost these roles due to her age or due to IMDb's posting of her age. *Id.*

Hoang lacks any other evidence tying any harm to her acting career to IMDb's posting of her date of birth on her profile. She claims that "she can get half as many auditions as she was getting prior to IMDb's public posting of her date of birth." Ex. B (Interrogatory 5). But she explained in her deposition that she merely "believes" she has received less auditions since 2008. Ex. A at 301:2-11, 303:5-304:17. Hoang's "belief" is countered by the only objective evidence she has produced, records of her submissions for roles on four major casting websites, which show that she has actually received *more* auditions per submission since 2008. *See* Higa Decl., Ex. A.

Moreover, Hoang has no evidence that anyone ever looked at her IMDb profile in relation to an audition. Even her agent is not aware of any lost credits or other opportunities due to IMDb's posting of her date of birth. Ex. DDD at 47:10-13, 52:25-53:20, 84:25-85:5. Indeed, Hoang has continued to receive acting work since the publication of her true birth date. Ex. A at 70:2-10, 72:2-4, 220:2-222:8. Hoang testified that she gets a good amount of work from Mr. Carter, who knew her real age long before IMDb even existed. *Id.* at 95:8-10, 96:14-97:14, 173:5-7. Furthermore, she continues to audition for (and successfully so) parts in the 30-40-year-old age range—for which she has been auditioning for the last ten years. Ex. DDD at 33:2-5, 35:2-12, 42:2-9, 78:6-11.

Finally, Hoang claims that her earnings have decreased since IMDb posted her correct date of birth on her profile in November 2008. But even Hoang admits that she does not know how much she would have earned if her date of birth was not posted on IMDb. Ex. A at 343:2-344:4. Further,

IMDB.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 18
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

as discussed above, the evidence upon which Hoang bases this claim is hopelessly unreliable and reflects vastly different figures for her past acting income. *See* Section II.D, *supra*. As a further indication of the unreliability of the evidence supporting Hoang's claim that her income decreased due to IMDb's actions, Hoang changed her calculations of lost acting income (based on the same spreadsheets) *three times* in *two weeks*. *See* Exs. B, UU, VV.

The only arguably objective evidence regarding Hoang's earnings are her tax returns, which only show a slight decrease in acting income from 2008 to 2009, but then an increase in 2010. Exs. II, JJ, KK (showing earning of $1,430.22 in 2008; $1,189.60 in 2009; and $2,200 in 2010). Further, they show an increase in overall earnings over the same period. *Id.* Hoang claims that these tax returns do not accurately demonstrate her past earnings, pointing instead to the self-serving spreadsheets discussed above. Ex. A at 348:1-25, 349:15-350:3, 350:22-352:3. In other words, Hoang failed to report all of her income to the IRS, yet she expects IMDb to compensate her based on this unreported—and untaxed—income.

> **b.    Hoang cannot show that she incurred any loss to her reputation or of goodwill due to IMDb's actions.**

Hoang also alleges that she incurred loss to her reputation and of goodwill. But she is unable to point to any facts or evidence that she suffered a loss of reputation because her age was posted on her IMDb profile. She does not offer a single other witness to corroborate her claim. When questioned about her loss of goodwill, Hoang can only point to her own suspicions that "maybe somewhat" her reputation had suffered a blow prior to January 2012, conceding that her reputation has suffered because she *filed this lawsuit*. Ex. A at 379:17-380:10. She cannot recover damages associated with filing the lawsuit, only damages that she sufficiently proves are tied to IMDb. *Miller v. Pac. Cnty.*, 91 Wn.2d 744, 751, 592 P.2d 639 (1979) (Rosellini, J., concurring) (stating that damages were not related to the underlying action but were caused by bringing the lawsuit, and "never to [the justice's] knowledge has a court allowed recovery for such items as are claimed by the [plaintiff]").

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 19
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Further, Hoang's attempt at quantifying her lost goodwill demonstrates its speculative nature. To quantify her lost goodwill, Hoang merely assigned the same amount as her lost income claim. Ex. A at 381:2-24. Each time her lost income estimate changed, so did her lost goodwill estimate. Exs. B, UU, VV; *see also* Ex. MM at 461:4-15. This type of estimate is insufficient as a matter of law. *Lewis River Golf*, 120 Wn.2d at 719, 722.

Hoang cannot—as a matter of law—establish that she suffered any economic loss as a result of any action by IMDb. She cannot show that she lost any jobs, auditions, or income due to her IMDb profile. Similarly, she cannot establish any harm to her reputation and goodwill tied to IMDb. Accordingly, Hoang's breach of contract claim fails as a matter of law.

### 3. Under the Subscriber Agreement, Hoang is limited to her direct losses as damages.

Hoang claims that she is entitled to damages for lost income, loss to her reputation and goodwill, and physical, mental, and emotional strain. Ex. B (Interrogatory 13); *see also* Ex. A at 376:2-379:16. Even if she can establish that IMDb breached the Subscriber Agreement and that she was damaged with sufficient certainty, Hoang is limited in the amount of damages she can seek from Defendants. First, claims for emotional damages under breach of contract are not permitted under Washington law. *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 441-42 (1991); *see also Pettaway v. Commercial Auto. Serv., Inc.*, 49 Wn.2d 650, 655 (1957) (finding error in lower court permitting jury to award for mental anguish on breach of contract case).

Second, the Subscriber Agreement limits damages to Hoang's direct losses, which is what she paid IMDb for her IMDbPro subscription:

11. Limitation of Damages
IN NO EVENT WILL IMDB OR ANY OF ITS AFFILIATES BE LIABLE FOR ANY CONSEQUENTIAL, INDIRECT, INCIDENTAL, OR SPECIAL DAMAGES WHATSOEVER, INCLUDING WITHOUT LIMITATION DAMAGES FOR LOSS OF PROFITS, BUSINESS INTERRUPTION, LOSS OF OR UNAUTHORIZED ACCESS TO INFORMATION, AND THE LIKE, EVEN IN THE EVENT OF FAULT, TORT, BREACH OF CONTRACT, OR BREACH OF WARRANTY, AND EVEN IF IMDB HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

12. Limitation of Liability; Exclusive Remedy

IMDb.COM, INC.'S MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) – 20
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

ALSO, IN NO EVENT WILL IMDB OR ANY OF ITS AFFILIATES BE LIABLE TO YOU AND/OR ANY AGENCY FOR ANY AMOUNT IN EXCESS OF THE TOTAL DOLLAR AMOUNT ACTUALLY RECEIVED BY IMDB FROM YOU FOR ACCESS TO THE SITE AND ANY OF THE SERVICES AVAILABLE AT THE SITE DURING THE YEAR PRIOR TO YOUR CLAIM.

Ex. YY, ¶¶ 11-12. Under Washington law, parties may limit damages recoverable by contract. *M.A. Mortenson Co. v. Timberline Software Corp.*, 140 Wn.2d 568, 585 (2000) (finding similar damages limitation in shrinkwrap license for software enforceable). Per the contractual provision, at most Hoang can only recover the amount she paid for her IMDb subscription.

**D.      This Court Should Dismiss Hoang's Consumer Protection Act Claim.**

To prevail in a private action under the CPA, a plaintiff must establish "(1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) and causes injury to the plaintiff in his or her business or property; and (5) such injury is causally linked to the unfair or deceptive act." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). Because Hoang cannot meet these elements, this Court should dismiss her claim should with prejudice.

**1.      Hoang has not established "an unfair or deceptive act or practice."**

To prove an "unfair or deceptive act or practice," a plaintiff must show that the defendant's conduct had the "capacity to deceive a substantial portion of the public" by misrepresenting or failing to disclose material terms of a transaction. *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 115 (2012) (emphasis and internal quotation marks omitted) (quoting *State v. Kaiser*, 161 Wn. App. 705, 719 (2011)). In the alternative, a plaintiff must prove that a "per se unfair trade practice exists." *Evergreen Moneysource Mortg. Co. v. Shannon*, 167 Wn. App. 242, 260 (2012). Only the legislature may declare a trade practice to be per se unfair. *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010) (citing *Hangman Ridge*, 105 Wn.2d at 786-87). Whether conduct is deceptive under the CPA is a question of law. *Bain*, 175 Wn.2d at 115 (citing *Kaiser*, 161 Wn. App. at 719).

"[M]ere speculation that an alleged unfair or deceptive act had the capacity to deceive a

IMDB.COM, INC.'S MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) – 21
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

substantial portion of the public is insufficient to survive summary judgment on a CPA claim."

*Brown ex rel. Richards v. Brown*, 157 Wn. App. 803, 816-17 (2010) (internal quotation omitted).

Thus, where there is no evidence that any person other than the plaintiff was or was likely to be

deceived, a CPA claim must fail for lack of proof of this element. *See, e.g.*, *Brown*, 157 Wn. App. at

816-17 (rejecting CPA claim where there was no evidence of deception of other parties, despite

allegations that the bank's practices were "likely to affect" other consumers); *Burns v. McClinton*,

135 Wn. App. 285, 305-06 (2006). For example, in *Burns*, the plaintiff alleged that the defendant,

an accountant, failed to disclose a fee increase and then concealed that increase in violation of the

CPA. 135 Wn. App. at 305-06. The court found that the plaintiff failed to prove the first CPA

element because the record lacked any evidence that anyone other than plaintiff was deceived. *Id.*

Further, the court found that there was "no evidence that [the defendant's] deception . . . was

capable of being replicated with his other clients" because the parties had a unique relationship not

similar to the accountant's other client relationships. *Id.*

Here, Hoang alleges that IMDb "materially misrepresent[s] the safety, security and purpose

for which [it] gather[s] and use[s] the personal and credit card information of consumers who

subscribe to IMDbPro." Dkt. No. 45, ¶ 81. Even if IMDb's representations were deceptive to

Hoang—which they were not—Hoang has not established that they were the result of anything but

circumstances unique to her. IMDb only used Hoang's true name to locate her true birth date in a

public database only after a year of correspondence and only after Hoang specifically demanded

that IMDb consult its records for her accurate identity. *See* Section II.C, *supra*. Further, none of this

would have happened had Hoang not initially submitted a false date of birth and then requested that

IMDb correct it. IMDb did precisely what it said it would do—publish accurate data—in response

to Hoang's request that it investigate this matter.

Moreover, Hoang has not established that IMDb's policies were objectively deceptive. One

of the main goals of IMDb's website is to maintain a database of complete and accurate information

about the entertainment industry—in other words, to avoid providing inaccurate information to the

IMDB.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 22
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

public. Cairella Decl. ¶ 5. To achieve this goal, IMDb's Subscriber Agreement and Privacy Policy plainly state IMDb's policies and conduct relating to information that it publishes on its websites, and how the company addresses inaccuracies therein. Ex. YY, ¶ 4. In fact, in clear and straightforward language, IMDb states that it does not remove valid dates of birth. Ex. AAA at 2. IMDb's Subscriber Agreement and policies are aimed at avoiding confusion and the misrepresentation of information to the public. IMDb's conduct does not have the capacity to deceive anyone, much less a substantial portion of the public.

### 2.      Hoang has not established that IMDb's conduct "impacts the public interest."

The policy behind the CPA is to protect *all* consumers in the state of Washington from unfair methods of competition; it is not to provide another private cause of action for a litigious plaintiff. *Smith v. Stockdale*, 166 Wn. App. 557, 563, review denied, 174 Wn.2d 1031 (2012). To that end, to succeed on a CPA claim a plaintiff must show that the defendant's alleged conduct "impacts the public interest." Where a plaintiff cannot do so, summary judgment is appropriate. *Jolley v. Blueshield*, 153 Wn. App. 434, 451-52 (2009) (citing *Hangman Ridge*, 105 Wn.2d at 790).

To prove this element, a plaintiff must establish a "likelihood that additional plaintiffs have been or will be injured in exactly the same fashion." *Hangman Ridge*, 105 Wn.2d at 790. Thus, there must be a pattern or generalized course of deceptive conduct by the defendant, a real and substantial potential for repetition of the defendant's allegedly deceptive conduct, or a threat that many consumers were affected or likely to be affected by the defendant's conduct with respect to the plaintiff. *Evergreen Moneysource*, 167 Wn. App. at 261. "[T]here must be shown a real and substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive acts's being repeated." *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604-05 (2009) (quoting *Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30, 52 (1984)).

Even if IMDb breached its Subscriber Agreement with respect to Hoang—which it did not—Hoang cannot prove that IMDb's acts impact the public interest. Hoang has not and cannot show a pattern or generalized course of deceptive conduct by IMDb or a real and substantial

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 23
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

potential for repetition of the IMDb's allegedly deceptive conduct. *Evergreen Moneysource*, 167 Wn. App. at 261. To the contrary, it is *not* IMDb's routine practice to use information submitted with subscribers' credit cards to verify birth dates or other profile information. Cairella Decl. ¶ 21. Hoang has no evidence to the contrary.

Indeed, Hoang cannot show that any consumers were affected or likely to be affected by IMDb's conduct with respect to Hoang. *Evergreen Moneysource*, 167 Wn. App. at 261. In fact, the *only* instance where this has occurred is with Hoang, due to the unique circumstances of her case. Cairella Decl. ¶ 21. There is no evidence "that additional plaintiffs have been or will be injured in exactly the same fashion." *Hangman Ridge,* 105 Wn.2d at 790.

Hoang cannot establish that IMDb's actions with respect to Hoang impacted the public interest, and therefore this Court should dismiss her CPA claim.

### 3.    Hoang has not established injury.

Proof of injury is a required element of a CPA claim. *Ledcor Indus. (USA), Inc. v. Mut. Of Enumclaw Ins. Co.*, 150 Wn. App. 1, 12-13 (2009) (stating injury to the Hoang's business or property is a required element of a CPA claim and that "claimed expenses [that] were incurred in the instant lawsuit . . . are not cognizable injuries under the CPA") (citing *Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 564 (1992)). As discussed above, there are no facts to support the allegation that Hoang incurred a substantial decrease in annual credits or earnings due to either Amazon.com's or IMDb.com's practices that allegedly deceive the public. There is no evidence that the value of Hoang's acting services diminished at all, much less due to allegedly deceptive practices by Defendants that impacted the public interest. *See* Sections II.D, III.C.2, *supra*. A rational trier of fact could only find that Hoang has not suffered injury in the context of her CPA claim and therefore not met a material element of her claim.

## IV.    CONCLUSION

For the foregoing reasons, IMDb respectfully requests that this Court grant its motion for summary judgment on all remaining claims.

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 24
24976-0480/LEGAL24015670.10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED: November 29, 2012

By: /Breena M. Roos
Charles C. Sipos #32825
Breena M. Roos #34501
Ashley A. Locke #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email:  CSipos@perkinscoie.com
          BRoos@perkinscoie.com
          ALocke@perkinscoie.com

Attorneys for Defendants Amazon.com, Inc.
and IMDb, Inc.

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 25
24976-0480/LEGAL24015670.10

**CERTIFICATE OF SERVICE**

I certify that on November 29, 2012, I electronically filed the foregoing IMDb.COM, INC.'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record

| | | |
|---|---|---|
| **Derek Alan Newman** | ___ | Via hand delivery |
| **Keith Scully** | ___ | Via U.S. Mail, 1st Class, Postage Prepaid |
| **Charlotte Williams** | ___ | Via Overnight Delivery |
| Newman Du Wors LLP | ___ | Via Facsimile |
| 1201 Third Avenue, Ste 1600 | X | Via Email |
| Seattle, WA 98101 | X | Via ECF _____ |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 29th day of November, 2012.

s/ Breena M. Roos_____
Charles C. Sipos, WSBA No. 32825
Breena M. Roos, WSBA No. 34501
Ashley Locke, WSBA No. 40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  csipos@perkinscoie.com
E-mail:  broos@perkinscoie.com
E-mail:  alocke@perkinscoie.com
Attorneys for Defendants Amazon.com, Inc.
and IMDb.com, Inc.

IMDb.COM, INC.'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 26
24976-0480/LEGAL24015670.10