THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>     Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., a Delaware corporation; and IMDb.COM, INC., a Delaware corporation,<br><br>     Defendants. | No. 2:11-CV-01709-MJP<br><br>AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT AND JOINDER IN IMDb.COM, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>**NOTED FOR CONSIDERATION**<br>**Friday, December 21, 2012** |

AMAZON.COM'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP)

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

---

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. STATEMENT OF FACTS ........................................................................................ 1

III. ARGUMENT ............................................................................................................. 2

    A. Summary Judgment Standard ....................................................................... 2

    B. Hoang Cannot Establish a Breach of Contract Claim Against Amazon ................ 2

        1. Amazon is not a party to the IMDb Subscriber Agreement and Privacy Policy ............................................................................... 3

        2. Statements made outside of the IMDb Subscriber Agreement and Privacy Policy are not relevant ................................................ 3

        3. Amazon was not involved in the events underlying Hoang's claims ........ 5

    C. Hoang's Consumer Protection Act Claim Should Be Dismissed With Prejudice ............................................................................................... 5

    D. Amazon Joins IMDb's Motion for Summary Judgment ........................................ 6

IV. CONCLUSION ........................................................................................................... 6

AMAZON.COM'S MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) - i

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alaska v. United States*,
    754 F.2d 851 (9th Cir. 1985) ...................................................................................................2

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .................................................................................................................2

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) .................................................................................................................2

*Schultz v. United Airlines, Inc.*,
    797 F. Supp. 2d 1103 (W.D. Wash. 2011) ...............................................................................3

**STATE CASES**

*Cf. J.I. Chase Credit Corp. v. Stark*,
    64 Wn.2d 470, 475 (1964) .......................................................................................................3

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wn.2d 778 (1986) .............................................................................................................5

*Lehrer v. State Dep't of Soc. & Health Servs.*,
    101 Wn. App. 509 (2000) ........................................................................................................3

*Schmidt v. Cornerstone Invs., Inc.*,
    115 Wn.2d 148 (1990) .............................................................................................................6

*W. Wash. Corp. of Seventh-Day Adventists v. Ferrellgas, Inc.*,
    102 Wn. App. 488 (2000) ........................................................................................................3

*Zamora v. Mobil Corp.*,
    104 Wn.2d 199 (1985) .............................................................................................................6

**RULES**

Fed. R. Civ. P. 56 ............................................................................................................................2

AMAZON.COM'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – ii

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.     INTRODUCTION

Plaintiff Huong Hoang's ("Hoang") claims in this action center around her acting profile on www.imdb.com, which is a website owned and operated by IMDb.com, Inc. ("IMDb"), a subsidiary of Amazon.com, Inc. ("Amazon"). Hoang attacks IMDb's use of her legal name, which she submitted when she signed up for an IMDb service, to locate her actual birth date. Perhaps because a lawsuit against Amazon draws bigger headlines, Hoang also sued Amazon. But it undisputed that Amazon had no involvement in the events underlying Hoang's claims and that IMDb did not use Amazon accounts in connection with those events in any way. While Amazon processed Hoang's credit card payments to IMDb, this case has nothing to do with how the Defendants processed Hoang's credit card payments. Accordingly, the Court should dismiss Hoang's claims against Amazon with prejudice.

## II.     STATEMENT OF FACTS

Amazon hereby incorporates the Statement of Facts from IMDb.com, Inc.'s Motion for Summary Judgment ("IMDb's Motion"), filed concurrently. It further adds the following undisputed material facts that relate uniquely to Amazon.

All of Hoang's communications with Defendants in 2007 and 2008, leading up to the addition of her correct date of birth on her IMDb profile, were with IMDb employees. *See* Ex. A at 261:14-262:1, 269:11-22, 270:5-25, 271:8-272:19, 276:11-14, 277:21-278:20, 287:7-18; Exs. G, H, J, K, L, M, N, O, P, R, T, U, V, W.[1] Hoang has never communicated with Amazon regarding her date of birth as published on her IMDb.com profile, with the exception of serving pre-litigation demand letters on Amazon's in-house counsel, which serves as counsel for IMDb. Ex. BBB.

---

[1] All citations to exhibits herein refer to the Declaration of Breena Roos in Support of IMDb.com, Inc.'s Motion for Summary Judgment and Amazon.com, Inc.'s Motion for Summary Judgment, filed concurrently herewith.

AMAZON.COM'S MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) – 1

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

As discussed in more detail in IMDb's Motion, an IMDb employee reviewed IMDb records and public records prior to changing Hoang's IMDb profile to reflect her true birth date. Declaration of Giancarlo Cairella in Support of IMDb.com, Inc.'s Motion for Summary Judgment ("Cairella Decl.") ¶¶ 15-19. He did not use or access any Amazon customer information, records, or databases at any time. *Id.* In fact, IMDb and Amazon do not share any customer information; IMDb employees do not have access to Amazon customer records, and Amazon employees do not have access to IMDb customer records. Declaration of Tom Whitcomb ("Whitcomb Decl.") ¶ 3.

### III.  ARGUMENT

#### A.  Summary Judgment Standard

The goal of summary judgment is to avoid the burden of an unnecessary trial when there is no dispute as to the material facts before the Court. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," *Matsushita Elec.*, 475 U.S. at 587, or if a party fails to prove any essential element of a claim. *Celotex Corp.*, 477 U.S. at 322; *Alaska v. United States*, 754 F.2d 851, 853 (9th Cir. 1985). When a lawsuit consists of multiple causes of action, the presiding court may grant summary judgment "upon all or any part thereof." Fed. R. Civ. P. 56(a)-(b).

#### B.  Hoang Cannot Establish a Breach of Contract Claim Against Amazon

The Court should dismiss Hoang's breach of contract claim against Amazon with prejudice for three reasons. First, Amazon is not a party to the contract upon which Hoang's claim is based. Second, Hoang cannot establish that Amazon owed her any other contractual duty

AMAZON.COM'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 2

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

relating to her IMDb.com account. Finally, Amazon was not involved in any of the events underlying Hoang's breach of contract claim.

### 1. Amazon is not a party to the IMDb Subscriber Agreement and Privacy Policy.

A breach of contract claim must be based on a valid contract between the parties. *Lehrer v. State Dep't of Soc. & Health Servs.*, 101 Wn. App. 509, 516 (2000). Here, Hoang's breach of contract claim is based on IMDb.com's Subscriber Agreement and Privacy Policy. Dkt. No. 45 at ¶ 36 (alleging breach of contract claim based on "IMDbPro's Subscriber Agreement and incorporated Privacy Policy"). But Amazon is not a party to the IMDb Subscriber Agreement and Privacy Policy. *See* Exs. YY, ZZ. Nor is Amazon a party merely because its subsidiary is a party. *Cf. J.I. Chase Credit Corp. v. Stark*, 64 Wn.2d 470, 475 (1964) (stating that for a court to disregard the corporate entity, there must be "such a commingling" of rights or interests that the two companies "are intended to function as one"). Amazon is not a party to the contract at issue here, and therefore cannot be held liable for breach of that contract.

### 2. Statements made outside of the IMDb Subscriber Agreement and Privacy Policy are not relevant.

In addition to IMDb's Subscriber Agreement, Hoang points to statements in Amazon's Privacy Notice and IMDb's website as representations that she relied on prior to joining IMDbPro. *See* Ex. B (Interrogatory 12); Dkt. No. 45-1. The Subscriber Agreement upon which Hoang's breach of contract claim is based does not incorporate Amazon's Privacy Notice or IMDb's website in general. Thus, those documents are irrelevant to Hoang's claims. *W. Wash. Corp. of Seventh-Day Adventists v. Ferrellgas, Inc.*, 102 Wn. App. 488, 494 (2000) ("Incorporation by reference must be clear and unequivocal."); *cf. Schultz v. United Airlines, Inc.*, 797 F. Supp. 2d 1103, 1107 (W.D. Wash. 2011) (finding statement on website did not create an implied contract).

IMDb's website contains various statements regarding the processing of payments by Amazon:

AMAZON.COM'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 3

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

> All transactions are performed through Amazon.com's payment infrastructure. Over 30 million customers have safely used the Amazon.com payment infrastructure without credit card fraud.
>
> All credit cards are processed through Amazon.com's secure infrastructure and protected by Amazon.com's Safe Shopping Guarantee, which means that you pay nothing if unauthorized charges are made to your card as a result of shopping at Amazon.com.
>
> Our secure socket layer (SSL) software is the industry standard and among the best software available today for secure commerce transactions. It encrypts all of your personal information including credit card number, name and address so that it cannot be read as the information travels over the Internet.

Dkt. No. 45-1 at 6-9; *see also* Ex. B (Interrogatory 12) (incorporating statements in exhibits to Second Amended Complaint). None of these statements make any representations about information submitted to IMDb. Rather, these statements address how IMDb (with the assistance of Amazon) processes payments on the website. *See* Dkt. No. 45-1 at 2, 6-9. Amazon's processing of credit card payments for IMDb is irrelevant to Hoang's claims, which relate to IMDb's review of its internal customer database—at Hoang's request—to obtain her legal name. *See generally* Dkt. No. 45-1; Ex. B (Interrogatory 12). Hoang has not alleged any dispute regarding the processing of her credit card payments.

Similarly, the Amazon Privacy Notice states:

> We share customer information only as described below and with subsidiaries Amazon.com, Inc. controls that are either subject to this Privacy Notice or follow practices at least as protective as those described in this Privacy Notice.

Dk. No. 45-1. This statement—and the rest of the Amazon Privacy Notice—are found on Amazon's website and govern use of *that* website, not www.imdb.com. *Id.* Hoang does not base any of her claims on her use of Amazon's website. Moreover, beyond Amazon's payment processing, the two companies do not, in any manner, share or exchange customer information for any purpose. Whitcomb Decl. ¶ 3. Indeed, it is undisputed that IMDb obtained the

AMAZON.COM'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 4

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

information at issue—Hoang's legal name—from IMDb's internal database.  Thus, by its express terms, Amazon's Privacy Notice does not apply to Hoang's claims.

### 3. Amazon was not involved in the events underlying Hoang's claims.

Finally, Hoang's breach of contract claim fails because it is undisputed that Amazon was not involved in verifying Hoang's birth date or publishing it on her IMDb.com profile. All of Hoang's correspondence prior to November 2008 was with IMDb. *See* Ex. A at 209:5-25, 261:14-262:1, 269:11-22, 270:5-25, 271:8-272:19, 276:11-14, 277:21-278:20, 287:7-18; Exs. G, H, J, K, L, M, N, O, P, R, T, U, V, W.  Indeed, she never contacted any one at Amazon about her IMDb.com profile until sending a legal demand letter to Amazon's in-house legal counsel, who act as in-house counsel to IMDb.com. Exs. BBB, CCC.

Moreover, the acts that form the basis of Hoang's claims—use of her legal name to verify and publish her actual date of birth—were done by an IMDb employee without any involvement from Amazon. Cairella Decl. ¶¶ 1, 15-19. IMDb and Amazon operate entirely separately, with the exception that Amazon process IMDb credit card payments and Amazon provides legal advice to IMDb. Whitcomb Decl. ¶ 2. The undisputed evidence demonstrates that Amazon was not even remotely involved in the conduct that Hoang alleges amounted to a breach of contract.

There is no genuine issue of material fact regarding Hoang's breach of contract claim against Amazon. Amazon was not a party to the contract at issue, did not make any other relevant statements giving rise to a contract claim, and was not involved in using IMDb user information. Hoang's breach of contract claim against Amazon should be dismissed with prejudice.

**C.  Hoang's Consumer Protection Act Claim Should Be Dismissed With Prejudice**

To prevail in a private action brought under the CPA, the plaintiff must establish: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) and causes injury to the plaintiff in his or her business or property; and (5) such injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables,*

AMAZON.COM'S MOTION FOR SUMMARY
JUDGMENT (No. 2:11-CV-01709-MJP) – 5

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Only an actor who actually commits an unfair or deceptive practice can be held liable under the CPA. *Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 165 (1990); *Zamora v. Mobil Corp.*, 104 Wn.2d 199, 209 (1985).

In *Schmidt*, plaintiffs brought a CPA claim relating to an investment in property. 115 Wn.2d at 154-55. The Washington Supreme Court upheld a dismissal of a defendant because he was not involved in marketing or soliciting the plaintiffs to make the investment. *Id.* at 165. Thus, the Court held that there was insufficient evidence to support a reasonable inference of liability on the CPA claim. *Id.*

Similarly, Hoang has not and cannot point to specific facts that establish Amazon has engaged in any unfair or deceptive acts or practices. As discussed above, there is no evidence that Amazon was involved, in any manner, in any of the conduct or acts alleged in Hoang's Second Amended Complaint. *See* Section II, *supra.* The undisputed evidence shows that IMDb and Amazon do not have common access to each others' customer information databases, and that they do not "share" or "exchange" any such customer information. Whitcomb Decl. ¶ 3. Hoang has failed to show any relevant act or practice by Amazon, much less an unfair or deceptive one.

**D.    Amazon Joins IMDb's Motion for Summary Judgment**

For the reasons discussed above, Hoang cannot establish claims against Amazon. If the Court were to hold Amazon liable for the actions of its subsidiary, however, it should nonetheless this summary judgment motion for the reasons articulated in IMDb's Motion. Accordingly, Amazon hereby joins IMDb.com, Inc.'s Motion for Summary Judgment, filed concurrently.

### IV.    CONCLUSION

For the foregoing reasons, Amazon respectfully requests the Court grant its motion for summary judgment and dismiss Hoang's claims with prejudice.

AMAZON.COM'S MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) – 6

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED: November 29, 2012

By: s/ Breena M. Roos
Charles C. Sipos, WSBA #32825
Breena M. Roos, WSBA #34501
Ashley A. Locke, WSBA #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email:  CSipos@perkinscoie.com
        BRoos@perkinscoie.com
        ALocke@perkinscoie.com

Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

AMAZON.COM'S MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) – 7

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### CERTIFICATE OF SERVICE

I certify that on November 29, 2012, I electronically filed the foregoing AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT AND JOINDER IN IMDb.COM, INC.'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record

| | |
|---|---|
| **Derek Alan Newman** | ___ Via hand delivery |
| **Keith Scully** | ___ Via U.S. Mail, 1st Class, Postage Prepaid |
| **Charlotte Williams** | ___ Via Overnight Delivery |
| Newman Du Wors LLP | ___ Via Facsimile |
| 1201 Third Avenue, Ste 1600 | X  Via Email |
| Seattle, WA 98101 | X  Via ECF _____ |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 29th day of November, 2012.

    s/ Breena M. Roos_____
Charles C. Sipos, WSBA No. 32825
Breena M. Roos, WSBA No. 34501
Ashley Locke, WSBA No. 40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: csipos@perkinscoie.com
E-mail: broos@perkinscoie.com
E-mail: alocke@perkinscoie.com
Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

AMAZON.COM'S MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) – 8

24976-0480/LEGAL24508083.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000