Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>Defendants. | NO. 11-cv-01709-MJP<br><br>**PLAINTIFF'S MOTION TO SEAL DEFENDANTS' SUPPORTING DOCUMENTS**<br>NOTE ON MOTION CALENDAR:<br>December 7, 2012 |

## I.     INTRODUCTION

Plaintiff Huong Hoang brings this motion to seal some of Defendants Amazon.com and IMDb.com's (collectively, "Defendants") supporting documents to Defendants' motion for summary judgment. Upon agreement of the parties, Defendants' filed some supporting documents under seal, pending resolution of this motion to seal. Defendants' supporting documents disclose Ms. Hoang's private and confidential information—including personal identification information, financial information, and trade secrets. Such information is not publicly available and would cause substantial harm to Ms. Hoang if disclosed. Ms. Hoang's compelling reasons for keeping this information private outweigh public policy considerations. The Court should maintain the seal on Defendants' supporting documents.

MOTION TO SEAL - 1         **NEWMAN DU WORS LLP**         1201 Third Avenue, Suite 1600
                                                            Seattle, Washington 98101
                                                            (206) 274-2800

## II.     FACTS

**A.     The parties stipulated to a Protective Order.**

On July 3, 2012, this Court entered a stipulated protective order, which specifies that the parties may designate materials produced during discovery as "Confidential" or "Attorneys' Eyes Only". (Dkt. No. 58.) It provides clear guidelines for designating material. "Confidential" material is information that:

> (i) the Designating Party believes in good faith constitute confidential and/or proprietary information pertaining to its personhood, trade or business; (ii) the Designating Party believes in good faith are not generally known to others; and (iii) the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence[.]

(*Id.* at ¶ 5.) "Highly Confidential" material is information that:

> [T]he Designating Party believes in good faith constitute[s] extremely sensitive "Confidential" material, the disclosure of which to another Party (or nonparty) would create a risk of serious harm[.]

(*Id.* at ¶ 6.) Pursuant to the Protective Order, Ms. Hoang designated various documents and materials as "Confidential" or "Attorneys' Eyes Only."  Each designation meets these criteria. (Declaration of Charlotte Williams "Williams Decl." at ¶ 2.)

**B.     Defendants seek to file "Confidential" and "Attorneys' Eyes Only" documents and information in conjunction with their motion for summary judgment.**

On November 21, 2012, Defendants notified Ms. Hoang of their intent to file materials designated "Confidential" and "Attorneys' Eyes Only" with their motion for summary judgment. (Williams Decl. at ¶ 3, Ex. A.) Among other things, Defendants intend to file copies of Ms. Hoang's tax returns, passport, birth certificate, and state identification card, as well as financial information and trade secret documents and information. (Williams Decl. at ¶ 3, Ex. A at 3-10; Declaration of Huong Hoang ("Hoang Decl.") at ¶ 2.)

### 1.     Personal Information and Documents

Ms. Hoang makes every effort to keep her age and legal name private. (Hoang

Decl. at ¶ 4.) This is motivated in part by her concerns about identity theft and desire for privacy. (Hoang Decl. at ¶ 4.) This lawsuit was brought because IMDb publicized Hoang's date of birth without her consent; prior to this lawsuit, very few people knew her legal name or birthday. (Hoang Decl. at ¶ 5.) Defendants now seek to publicly disclose Ms. Hoang's drivers' license, passport, birth certificate, and novelty identification card. (Hoang Decl. at ¶ 2.) But these documents all contain personally sensitive information about Ms. Hoang, which is not publicly available. (Hoang Decl. at ¶ 2.) The following is a list of the identification documents at issue:

| Description | Compelling Reason For Sealing | Document |
| --- | --- | --- |
| Ms. Hoang's Driver's License and Passport Cover Page | Potential Exposure to Identity Theft | Bates No. Hoang 000065 (also Ex. 9 to Hoang Deposition, Volume 1, July 26, 2012) |
| Ms. Hoang's Birth Certificate | Potential Exposure to Identity Theft | Bates No. Hoang 000064 (also Ex. 10 to Hoang Deposition, Volume 1, July 26, 2012) |
| Ms. Hoang's Birth Certificate | Potential Exposure to Identity Theft | Bates No. IMDb 001051-1052 (2 pages), Ex. 19 to Hoang Deposition, Volume 1, July 26, 2012 |
| Ms. Hoang's Texas Novelty Identification | Potential Exposure to Identity Theft | Bates No. Hoang 000070 (also Ex. 31 to Hoang Deposition, Volume 1, July 26, 2012) |
| Ms. Hoang's Passport Cover Page | Potential Exposure to Identity Theft | Bates No. Hoang 000071 (also Ex. 32 to Hoang Deposition, Volume 1, July 26, 2012 ) |

(Hoang Decl. at ¶ 8.)

Defendants also filed portions of deposition transcripts containing confidential information. Ms. Hoang's personal information is revealed in the following portions of deposition transcripts:

- Deposition of Joe Kolkowitz at pages 30 and 32; and
- Deposition of Huong Hoang, Volume I at pages 143, 147, 151, 155, 162, 173, 176, 210-219, 221, 252, 254-262, 263-264, 265-266, 268-278, 279-287, 288-291, and 297.

(*See* Williams Decl. at ¶ 4.)

## 2. Personal Financial Information

Defendants filed multiple documents containing the personal financial information of Ms. Hoang with their motion for summary judgment. Ms. Hoang carefully guards her privacy, and this financial information is not available to the public. (Hoang Decl. at ¶ 2.) The following is a table describing the documents at issue:

| Description | Compelling Reason For Sealing | Document |
|---|---|---|
| Ms. Hoang's 2008 Tax Return | Personal financial information | Bates No. Hoang 000031-39 (also Ex. 40 to Hoang Deposition, Volume 1, July 26, 2012 ) |
| Ms. Hoang's 2009 Tax Return | Personal financial information | Bates No. Hoang 000040-44 (also Ex. 41 to Hoang Deposition, Volume 1, July 26, 2012) |
| Ms. Hoang's 2010 Tax Return | Personal financial information | Bates No. Hoang 000045-55 (also Ex. 42 to Hoang Deposition, Volume 1, July 26, 2012) |
| Ms. Hoang's Tax 2011 Tax Return | Personal financial information | Bates No. Hoang 000056-63 (also Ex. 43 to Hoang Deposition, Volume 1, July 26, 2012) |
| Plaintiff's Third Supplemental Objections and Responses to Defendants' Interrogatories and Requests for Production to Plaintiff—which contains discussion of Ms. Hoang's personal finances, including how much income she made in various years | Personal Financial information | Also Ex. 1 to Hoang Deposition, Volume 1, July 26, 2012 |
| Chart of Ms. Hoang's acting income broken out by project and year | Personal financial information | Bates No.Hoang 000021-23 (also Ex. 38 to Hoang Deposition, Volume 1, July 26, 2012) |
| Chart of Ms. Hoang's acting income broken out by project | Personal financial information | Bates No. Hoang 000024-26 (also Ex. 39 to Hoang Deposition, Volume 1, July 26, 2012) |
| Chart of Ms. Hoang's acting income broken out by project and year | Personal financial information | Bates No. Hoang 000167-169, (also Ex. 58 to Hoang Deposition, Volume 2, August 7, 2012) |
| Chart of Ms. Hoang's acting income broken out by project | Personal financial information | Bates No. Hoang 000164-166, (also Ex. 59 to Hoang Deposition, Volume 2, August 7, 2012) |

(Hoang Decl. at ¶ 8.) Ms. Hoang's personal financial information is also revealed in the

following portions of deposition transcripts:

- Deposition of Joe Kolkowitz at pages 58-59, 68, 74-75;
- Deposition of Huong Hoang, Volume I at pages 112-113, 308, 314, 318, 320, 322, 324, 326, 330-333, 335, 337, 340, 341, 343, 348-352, 378, and 381; and
- Deposition of Huong Hoang, Volume II at pages 439-440, 442-443, 445-450, and 464-465.

(*See* Williams Decl. at ¶ 4.)

### 3. Trade Secret Information

Ms. Hoang is an actor. (Hoang Decl. at ¶ 6.) Ms. Hoang uses a variety of techniques in order to obtain work. (Hoang Decl. at ¶ 7.) This includes the searches she runs on casting websites, which websites she accesses, and her connections within the industry. (*Id.*) The methods Ms. Hoang uses to secure auditions and roles keeps her competitive in the acting industry. (*Id.*) Disclosure of Ms. Hoang's methods would aid other actors competing with her for roles, and undermine her ability to stay competitive. (*Id.*) The following is a table describing the documents at issue:

| Description | Compelling Reason For Sealing | Document |
|---|---|---|
| Ms. Hoang's Actors Access Archived Casting Schedule | Trade Secret | Bates No. Hoang 000170-187 |
| Plaintiffs Objections and Responses to Defendants' Second Set of Interrogatories and Requests for Production to Plaintiff, dated August 2, 2012—which contains discussion of Ms. Hoang's strategy for landing auditions and roles | Trade Secret | Ex. 56 to Hoang Deposition, Volume 2, August 7, 2012 |
| Ms. Hoang's Submission History on Actors Access | Trade Secret | Bates No. Hoang 000200-202 (Ex. 47 to Hoang Deposition, Volume 2, August 7, 2012) |
| Ms. Hoang's "My Schedule" on Actors Access including notations | Trade Secret | Bates No. Hoang 000170-185 (also Ex. 48 to Hoang Deposition, Volume 2, August 7, 2012) |

| | | |
|---|---|---|
| Ms. Hoang's "Confirm Auditions" from her Casting Frontier Account | Trade Secret | Bates No. Hoang 000186 (also Ex. 51 to Hoang Deposition, Volume 2, August 7, 2012) |
| Ms. Hoang's "Alert Archive" of auditions on LA Casting | Trade Secret | Bates No. Hoang 000595-600 (also Ex. 53 to Hoang Deposition, Volume 2, August 7, 2012) |
| Ms. Hoang's casting submissions from Now Casting | Trade Secret | Bates No. Hoang 000601-662 (also Ex. 54 to Hoang Deposition, Volume 2, August 7, 2012) |
| Ms. Hoang's audition history from Now Casting | Trade Secret | Bates No. Hoang 000187 (also Ex. 55 to Hoang Deposition, Volume 2, August 7, 2012) |
| Ms. Hoang's submission history from Actors Access | Trade Secret | Bates No. Hoang 000200-662 |

(Hoang Decl. at ¶ 8.) Ms. Hoang's trade secret information is also revealed in the following portions of deposition transcripts:

- Deposition of Joe Kolkowitz at pages 22, 35, 42, 46-47, 51-53, and 78;
- Deposition of Huong Hoang, Volume I at pages 26, 33-34, 38-39, 50, 54, 59, 72, 98, 99, 100-101, 102-103, 104-105, 118, 124, 129, 131, 133, 165, 200, 204, 227, 249, 250, and 299-306; and
- Deposition of Huong Hoang, Volume II at pages 416-419, 421-436, and 452-461.

(*See* Williams Decl. at ¶ 4.)

### III.   DISCUSSION

**A.   Documents must be sealed if there are compelling reasons to do so.**

A party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *accord* W.D. Wash. R. 5(g)(2)(internal quotation marks and citations omitted). On a motion to seal, the Court weighs factors such as the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995) (citing *E.E.O.C. v. Erection Co.*, 900 F.2d 168, 170 (9th Cir.1990)).

### 1. Ms. Hoang establishes compelling reasons for filing personal identifying documents like passports and licenses under seal.

Compelling reasons to seal documents include the necessity to keep personal information protected from exposure to harm or identity theft and to protect an individual's important privacy interests. *Kamakana*, 447 F.3d at 1184. Defendants seek to file Ms. Hoang's drivers' license, passport, birth certificate, and novelty identification card. Each of these documents specifies Ms. Hoang's birth date, and can be used to access her identity. Public access to these documents would expose Ms. Hoang to identify theft—as such documents are commonly used to access people's bank records, set up credit cards, and otherwise impersonate individuals. These documents should be sealed from the public.

Defendants may argue that they are filing "novelty" drivers' licenses and altered passports. But each document is based on a real piece of identification, and could readily be used to impersonate Ms. Hoang.

### 2. Ms. Hoang establishes compelling reasons for filing personal financial information like tax returns under seal.

Courts afford strong protections against the disclosure of tax returns and financial information. *See Heathman v. United States Dist. Court for Cent. Dist.*, 503 F.2d 1032, 1035 (9th Cir. 1974); *see also* 26 U.S.C. § 6103 (2012) and 26 U.S.C. § 7213 (2012). Maintaining the confidentiality of tax returns is a compelling reason to file those tax returns under seal. *Bank of America, N.A. v. Hensley Props., L.P.*, 2008 U.S. Dist. LEXIS 111541, 18 (E.D. Cal. July 10, 2008). Income is also a private matter, and Ms. Hoang does not reveal her income or source of income to the general public. If Defendants' supporting documents are not filed under seal, the general public will have access to Ms. Hoang's tax returns and income statements.

### 3. Ms. Hoang establishes compelling reasons for filing trade secret documents under seal.

The protection of trade secrets is a compelling reason to seal documents. *Kamakana*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Ninth Circuit has adopted the Restatement's definition of "trade secret" for purposes of sealing, holding that "[a]'trade

secret' may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives [] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. Cal. 2008) (quoting Restatement of Torts § 757, cmt. b); *see also Kewanee v. Bicron*, 416 U.S. 470, 474-475 (1974). Ms. Hoang's career methods—including the databases she searches, her success rate at auditions, and her connections within the acting industry—are not disclosed to the public. Hoang is entitled to keep her methods to herself.

## IV.   CONCLUSION

Ms. Hoang respectfully requests that the Court seal Defendants' supporting documents.

Dated this 29th day of November, 2012.

          Respectfully Submitted,

          **NEWMAN DU WORS LLP**

By:   s/Keith Scully
       Attorneys for Plaintiff