Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>Defendants. | NO. 11-cv-01709-MJP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SEAL DEFENDANTS' SUPPORTING DOCUMENTS**<br><br>NOTE ON MOTION CALENDAR: December 7, 2013 |

## I.   INTRODUCTION

Plaintiff Huong Hoang filed this lawsuit after Defendants IMDb.com and Amazon.com breached their promise to keep her confidential information safe and disclosed her age to the Internet-viewing world without her consent. Defendants now seek to publicize Ms. Hoang's personal, financial, and trade secret information—which will further strip her of her privacy rights and expose her to the risk of identity theft. Because Ms. Hoang establishes compelling reasons that outweigh public policy considerations, the Court should grant her motion to maintain the seal on her private information.

**A.   Ms. Hoang agreed to remove the confidentiality designation from all but the most private of documents and information.**

Since September 2012, Ms. Hoang has exchanged multiple emails and conducted

REPLY IN SUPPORT OF MOTION TO SEAL - 1

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

several meetings to resolve the parties' conflict regarding the designation of materials "Confidential" and "Attorneys' Eyes Only". (Declaration of Keith Scully ("Scully Decl.") at ¶ 2.) Through the course of these discussions, both parties decided to waive their confidentiality designations on specific documents. (*Id.*) As recently as Monday, December 3, the parties attempt to fully resolve their disagreement, but were unsuccessful. (*Id.*)

Many of the supporting documents filed with Defendants' motion raise privacy concerns for Ms. Hoang, particularly in light of Defendants' conduct—using payment information to obtain Ms. Hoang's date of birth, only to publish this private information despite her express desire for privacy. Despite the privacy concerns at issue for Ms. Hoang, she did not move to seal many of the documents she believes are personal and confidential in nature, including her numerous correspondences to IMDb.com requesting that they remove her date of birth from the website. (Dkt. 96; *see, e.g.* Roos Decl., Exs. O-T, V, and X (at Dkt. No. 93).) Ms. Hoang brings her motion to seal particularly sensitive information—including tax returns, income statements, documents revealing her methods for obtaining roles, and information that could readily be used to perpetrate identity theft. (*See* Dkt. 96.)

## II.   DISCUSSION

**A.   The Court should seal identification documents and testimony revealing personally-identifying information.**

Litigants have a right to keep personal information private where the information's exposure could result in identity theft or the individual has important privacy interests. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006). Ms. Hoang's redacted birth certificate, novelty identification card, and redacted United States passport could be used to commit identity theft. The birth certificate filed by Defendants reveals Ms. Houng's parents' names and her location of birth—information that is commonly used as answers to security questions protecting bank accounts and other confidential information. (*See* Roos Decl., Exs. F and N (at Dkt. No. 93).) Ms. Hoang's

novelty identification could be used to impersonate Ms. Hoang, as could her entertainment passport. (*See* Roos Decl. Z and AA (at Dkt. Nos. 93 and 94).) Ms. Hoang's entertainment passport was created using a real U.S. Passport, and could be readily adapted by someone seeking to impersonate her. (*See* Roos Decl., Ex. AA.)

The contents of the filed deposition transcripts also reveal private information of a sensitive nature. For example, the deposition testimony reveals Ms. Hoang's personal and business email address. (*See* Roos Decl., Ex. A at 257, 261, 266, 278, 286.) The testimony at issue also includes the email address of a third party, a business and personal contact of Ms. Hoang. (*See* Roos Decl., Ex. A at 252, 254, 259, and 289 (at Dkt. No. 93).) The public's interest in a third party's contact information does not outweigh the third party's rights to privacy.

**B.      The Court should seal Ms. Hoang's personal financial information.**

Defendants agree that Ms. Hoang's tax returns and records showing her income should be sealed to protect her privacy interests. (Dkt. No. 103 at 4:47-5:1.) And Defendants do not object that deposition testimony discussing the contents of these financial documents should also be sealed. (Dkt. 103 at 10 and 11; *see* Roos Decl., Ex. A at 299-306 and Ex. MM at 452-461.) Failing to seal the portions of the deposition transcripts that restate the contents of Ms. Hoang's tax returns and income summaries would undermine the purpose of sealing these financial documents—as the general public would merely need to read this testimony to know the details of Ms. Hoang's income. (*See* Roos Decl., Ex. A at 318.) Ms. Hoang's damage calculations reveals how much she makes as an actress, and could adversely impact her perception in the acting industry. Income is also a private matter, and Ms. Hoang does not reveal her income or source of income to the general public.

**C.      The Court should seal documents that reveal Ms. Hoang's methods for obtaining acting work.**

Defendants do not dispute that connections with individuals in the industry should be sealed because they are trade secrets. For example, Defendants do not object to sealing

deposition testimony regarding how and why Ms. Hoang either was cast or not cast in roles. (*See* Dkt. 103 at 10 (raising no objection to sealing the videotaped deposition of Huong Hoang Vol. I at 200, 204, 250)).) Similarly, Defendants agree that Ms. Hoang's testimony regarding her submission history for roles and her submission methods should be sealed. (*See* Dkt. 103 at 11 (raising no objection to sealing the videotaped deposition of Huong Hoang Vol. II at 452-461 and 421-436).) Yet Defendants inexplicably object to the Court sealing documents evidencing her relationships with agents, the length of that relationship, and the nature of their relationship. (Dkt. 103 at 5:29-35.) Ms. Hoang's industry relationships are central to Ms. Hoang's methods for obtaining roles and her ability to stay competitive in the industry. For example, Ms. Hoang's involvement in a production company and connection with a producer is not central to the facts at issue in this case, yet is an important to her viability in the entertainment industry. (*See* Roos Decl., Ex. A at 50, 54, 59, 98-105.) Ms. Hoang is entitled to keep her career methods to herself.

### III.  CONCLUSION

Ms. Hoang respectfully requests that the Court seal portions of Defendants' motion and attached documents.

Dated this 7th day of December, 2012.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: s/ Keith Scully
Derek A. Newman, WSBA No. 26967
Keith Scully, WSBA No. 28677
Charlotte Williams, WSBA No. 42864
Attorneys for Plaintiff