1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

10

HUONG HOANG, an individual,

NO. 11-cv-01709-MJP

11

Plaintiff,

12

vs.

13

14

AMAZON.COM, INC., a Delaware
corporation, and IMDB.COM, INC., a
Delaware corporation,

15

16

Defendants.

**PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

NOTE ON MOTION CALENDAR:
January 4, 2013

ORAL ARGUMENT REQUESTED

17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     FACTS ................................................................................................................ 1

        A.      Junie Hoang is an actress who routinely plays roles younger than her
                actual age. ................................................................................................ 1

        B.      Age discrimination is normal in Hollywood. .................................................. 2

        C.      When IMDb discloses a birth date, Hollywood knows it. ............................. 3

        D.      Hoang submitted personal information to IMDb because it promised to
                keep her information secret. .......................................................................... 4

        E.      IMDb used Hoang's confidential and personal information to research
                and publish her birth date without asking Hoang's permission, and then
                denied these facts to this Court. ..................................................................... 6

        F.      IMDb damaged Hoang when it released her age. ........................................... 7

        G.      Hoang is not IMDb's only victim. ................................................................. 8

        H.      Amazon.com is intimately involved in IMDb's malfeasance. ...................... 9

III.    DISCUSSION ................................................................................................... 9

        A.      The Court should grant summary judgment on Hoang's contract claim
                because the facts are undisputed that IMDb agreed not to use Hoang's
                confidential information, but did so in violation of its agreement. ............. 10

                1.      The Agreement is a valid contract. ................................................... 10

                2.      IMDb breached its duty not to disclose Hoang's personal
                        information. ...................................................................................... 10

                        a.      IMDb breached its duty by providing Hoang's personal
                                information to PrivateEye.com. ............................................. 10

                        b.      IMDb breached its duty not to disclose Hoang's date of
                                birth to the public. ................................................................ 12

                3.      IMDb's breaches damaged Hoang's career and caused her
                        emotional distress. ........................................................................... 13

        B.      IMDb violated Washington's Consumer Protection Act by deceptively
                obtaining information from Hoang and unfairly displaying it to the
                public. ....................................................................................................... 14

                1.      IMDb's actions are both unfair and deceptive. ................................ 15

                        a.      IMDb's promise to keep Hoang's information private was
                                deceptive. ............................................................................. 15

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - i

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

                    b.      Using Hoang's personal information to reveal Hoang's
                            birth date is unfair. ............................................................... 16

            2.      The unfair and deceptive acts occurred in trade or commerce......... 17

            3.      IMDb's unfair and deceptive acts affect the public interest. ........... 17

            4.      IMDb's unfair and deceptive acts caused Hoang injury. ................. 18

    C.      Amazon.com is liable for IMDb's misdeeds................................................. 18

    D.      This Court should find for Hoang on liability, enter injunctive relief, and
            allow a jury to decide the amount of damages. ........................................... 19

IV.  CONCLUSION ................................................................................................ 20

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - ii

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1

2 **Cases**

3

4

*Anderson v. Hannaford Bros. Co.*,
659 F.3d 151 (1st Cir. 2011)........................................................................11

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)........................................................................................9

*Anthony v. Yahoo! Inc.*,
421 F. Supp. 2d 1257 (N.D. Cal. 2006) .......................................................10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)........................................................................................9

*Claridge v. RockYou, Inc.*,
785 F. Supp. 2d 855 (N.D. Cal. 2011) ........................................................11

*Davis v. Team Elec. Co.*,
520 F.3d 1080 (9th Cir. 2008) ......................................................................9

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)......................................................................................19

*Fed. Trade Comm'n v. Cyberspace.com LLC*,
453 F.3d 1196 (9th Cir. 2006) ....................................................................15

*Grayson v. Nordic Constr. Co.*,
92 Wn.2d 548 (1979) ...................................................................................19

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
105 Wn.2d 778 (1986) ...........................................................................14, 17

*Holden v. Farmers Ins. Co. of Wash.*,
169 Wn.2d 750 (2010) .................................................................................10

*Ivan's Tire Serv. Store v. Goodyear Tire & Rubber Co.*,
10 Wn. App. 110 (1973) ..............................................................................16

*Joinette v. Local 20, Hotel & Motel Rest. Employees & Bartenders Union*,
106 Wn.2d 355 (1986) .................................................................................11

*Michael v. Mosquera-Lacy*,
140 Wn. App. 139 (2007) .......................................................................14, 17

*Minnick v. Clearwire US, LLC*,
683 F. Supp. 2d 1179 (2010) .......................................................................10

*Minton v. Ralston Purina Co.*,
146 Wn.2d 385 (2002) .................................................................................18

*Northwest Mfrs. v. Dep't of Labor*,
78 Wn. App. 707 (1995) ..............................................................................10

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - iii

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*P.E. Sys., LLC v. CPI Corp.*,
   164 Wn. App. 358 (2011) ........................................................................................ 10

*Panag v. Farmers Ins. Co. of Wash.*,
   166 Wn.2d 27 (2009) .............................................................................................. 15

*Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.*,
   144 Wn.2d 130 (2001) ............................................................................................ 12

*Shields v. De Vries*,
   70 Wn.2d 296 (1967) .............................................................................................. 13

*Sing v. John L. Scott, Inc.*,
   134 Wn.2d 24 (1997) .............................................................................................. 15

*Stephens v. Omni Ins. Co.*,
   138 Wn. App. 151 (2007) ................................................................................. 14, 17

*Walker v. Wenatchee Valley Truck & Auto Outlet, Inc.*,
   155 Wn. App. 199 (2010) ....................................................................................... 14

*Wenzler & Ward Plumbing & Heating Co. v. Sellen*,
   53 Wn.2d 96, 330 P.2d 1068 (1958) ...................................................................... 13

**Rules**

Fed. R. Civ. P. 56(c) ...................................................................................................... 9

**Statutes**

RCW 19.86.010(2) ....................................................................................................... 17

RCW 19.86.920 ...................................................................................................... 14, 16

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - iv

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

## I.  INTRODUCTION

The Internet Movie Database (IMDb) promises in its agreement that users "will always receive notice when information about you might go to third parties, and you will have an opportunity to choose not to share the information." Relying on that promise, actress Junie Hoang agreed to IMDb's terms and, as IMDb required, she disclosed her private credit-card information. But IMDb did not comply with its own agreement. Instead, it misappropriated Hoang's private credit-card information and publicly posted her age on IMDb's website—without giving her notice or obtaining her consent. Now, casting directors know that Hoang is over 40, and her career is damaged. IMDb's disclosure violated its privacy-policy agreement and Washington's Consumer Protection Act. These facts are undisputed. Thus, the Court should grant summary judgment in Hoang's favor on both claims.

## II.  FACTS

**A.    Junie Hoang is an actress who routinely plays roles younger than her actual age.**

Huong Thu Hoang is an actress. Because her name is difficult to pronounce, she uses "Junie" in both her personal life and professional career. (December 10, 2012 Declaration of Keith Scully ("Scully Decl.") at Ex. C, July 26, 2012 Deposition of Huong Hoang (the "7/26/2012 Hoang Dep.") at 134:5-136:3.) Hoang estimates that before this lawsuit only five people other than her immediate family, government agencies, and payroll companies knew her legal name. (*Id.* at 134:5-141:21.)

Hoang looks much younger than her actual 41 years. So she plays only younger-aged characters. (*See* 7/26/2012 Hoang Dep. at 166:18, 167:6, 242:2-9.) Her agent routinely submits her for characters with ages ranging from 18-32. (Scully Decl. at Ex E, Deposition of Joe Kolkowitz (the "Kolkowitz Dep."). at 33:2-5.) Before IMDb published her actual age on IMDb's website, Hoang's career was taking off. (December 10, 2012 Declaration of Huong Hoang ("Hoang Decl.") ¶ 2.) Her work increased dramatically after a 2007 move from Texas to Los Angeles, and her earnings went up 195% during just her

second year in Hollywood. (Hoang Decl. ¶ 2.)

**B.    Age discrimination is normal in Hollywood.**

Most working actors are not highly paid. (December 8, 2012 Declaration of Joe Kolkowitz (the "Kolkowitz Decl.") at ¶ 3.)  And unfortunately for actors who spend years building their careers, youth is king in the entertainment industry. (Kolkowitz Decl. at ¶ 5.) There are far fewer characters over age 40 than there are younger roles. (Kolkowitz Decl. at ¶ 5.) Even older characters are regularly played by younger actors. (Kolkowitz Decl. at ¶ 5.) The problem is especially severe for women. (Kolkowitz Decl. at ¶ 6.) There are few "character" roles for female performers in their 40s and 50s because roles for women are generally for the young. (Kolkowitz Decl. at ¶ 6.)

Casting directors usually go through hundreds or thousands of resumes and headshots when considering who to call for an audition. (Kolkowitz Decl. at ¶ 7; Kolkowitz Dep. at 14:21-15:8.) If an actress's actual age is available, casting directors routinely reject actresses based on their age even if they appear young. No matter how they look, an actress in her 40s simply won't get as many auditions for younger roles—or any roles—as an actress in her 20s or 30s. (Kolkowitz Decl. at ¶ 8.)

And Hoang's youthful appearance—combined with her actual age—places her in an acting-industry Catch 22. (Hoang Decl. at ¶ 3.) When a casting director knows her real age, she is not cast for the role. (Kolkowitz Decl. at ¶ 8; Hoang Decl. at ¶ 3.) But when she does audition for roles that are near her age, casting directors reject Hoang for looking too young. (Kolkowitz Dep. at 33:3-8; 7/26/2012 Hoang Dep. at 199:9-19.)

So Hoang never tells anyone other than close friends and family her actual age— and does not disclose it on her personal website, resume, or professional correspondence. (Hoang Decl. at ¶ 4; 7/26/2012 Hoang Dep. at 84:2-23.) When asked her age socially or as part of an audition, she either doesn't answer or responds that she is "in her 30s." (7/26/2012 Hoang Dep. at 162:4-163:3.) When her own agent asked, Hoang initially evaded the question, telling him only that she "play[s] in my 20s or 30s" on screen. (7/26/2012 Hoang Dep. at 166:24-167:12.)

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 2

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Hoang's caution extends to every aspect of her life. She opts out of posting her birthdate on any social networking sites—like Facebook. (7/26/2012 Hoang Dep. at 158:5-9.)  Where she is required to disclose a birth date to use a service, she generally uses an obviously fictitious entry, for example claiming she was 99 on her MySpace page. (7/26/2012 Hoang Dep. at 158:15-159:3.) She avoids joining any publicly-available group that would allow someone to deduce how old she is, such as a high-school class networking site. (7/26/2012 Hoang Dep. at 159:17-21; Hoang Decl. at ¶ 4.)

Even IMDb was unable to obtain Hoang's birth date until it promised her that IMDb would maintain her personal information in confidence. In 2008, IMDb searched for Hoang's birth date using publicly-available sources, but was unsuccessful in finding it. (Scully Decl. at Ex F, August 1, 2012 Deposition of Giancarlo Cairella (the "Cairella Dep.") at 40:16-22.) Her own agent testified that he "never would have thought" Hoang was 40, instead assuming she was in her 30's. (Kolkowitz Dep. at 32:5-7.)

**C.    When IMDb discloses a birth date, Hollywood knows it.**

IMDb claims it is "the world's largest online database" "of information about the film and television industry, including, without limitation, actors, directors, and crew members." (Dkt. 15 at 4:18-23.) IMDb also concedes that the database "is a handy tool for employers in the entertainment industry to search resumes, and up-and-coming entertainment professional [sic] rely on exposure by IMDb.com to seek employment opportunities in the entertainment industry." (Dkt. 15 at 4:24-29.) Casting directors and talent agents routinely use IMDb to learn about an actor before an audition, and in making casting decisions. It is "the bible of the industry. It's the number one reference tool." (7/26/2012 Hoang Dep. at 119:3-4.)

IMDb also offers a subscription service—IMDb Pro—that it advertises as "[a]n inside view of the entertainment world" that provides "[a]ll the industry information you need at your fingertips." (Hoang Decl. ¶ 23, Ex. I-1).) IMDb claims that "[y]our IMDb page is your industry calling card. Put your best face forward." (*Id.*) IMDb Pro features job listings, company contact information, and a "people database" for movie-industry

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 3

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   professionals. (*Id.*)

2         IMDb offers a "STARmeter" for each performer that goes up or down based upon

3   the frequency that users search for the performer. (Hoang Decl. ¶ 23, Ex. I-2).) IMDb is

4   so important that some casting directors only audition actors with a particular star rating.

5   And having a movie credit on IMDb is so vital to actors that some accept a credit on

6   IMDb as their only compensation for acting in a movie. (Scully Decl. at Ex D, August 7,

7   2012 Deposition of Huong Hoang (the "8/7/2012 Hoang Dep.") at 511:21-512:5; Hoang

8   Decl. ¶¶ 5-6, Exs. A, B-1, and B-2.)

9         IMDb does not post complete information about each actor. (Hoang Decl. ¶ 7.)

10  Some IMDb profiles include an actor's purported age, while others do not. (Hoang Decl.

11  ¶ 7; *see Id.* Exs. C-1–C-3.) But since IMDb is so popular, when IMDb posts an over-40

12  age for an actress, she has a disadvantage to an actress over 40 whose age does not appear

13  on the database. (Hoang Decl. at ¶ 8; Kolkowitz Decl. at ¶ 8.)

14        And IMDb gathers most data from Internet users, without regard to the

15  information source—IMDb does not verify if it is the performer, an agent, a fan, or

16  someone with a grudge making up false information. (*See* Cairella Dep. at 12:7-13,

17  13:23-14:1.) IMDb claims that some information is "double-checked". But it

18  automatically approves information from a user with a "good reputation". (Cairella Dep.

19  at 12:14-14:8.) And "double checking" just means that IMDb either searches on Google,

20  or relies on "common sense" as to whether the information is credible. (*Id.* at 15:9-16:6.)

21

22  **D.**  **Hoang submitted personal information to IMDb because it promised to keep her information secret.**

23        IMDb's relationship with users like Hoang is governed by terms of service that it

24  wrote, including a "Privacy Notice" expressly incorporated by reference into IMDb's

25  terms of service detailing how IMDb manages personal information. (Hoang Decl. at ¶ 9,

26  Exs. D-1, D-2, and D-3; Scully Decl. at Ex. G, August 2, 2012 30(b)(6) deposition of

27

28

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 4

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Giancarlo Cairella ("Cairella 30(b)(6) Dep.") at Ex. 3(IMDb's terms of service and privacy notice are collectively referred to as the "Agreement" hereafter.).)[1] The Agreement provides that "you will always receive notice when information about you might go to third parties, and you will have an opportunity to choose not to share the information." (Hoang Decl. at ¶ 9, Ex. D-2 at 1.) It further provides that "You can choose not to provide certain information, but then you might not be able to take advantage of many of our features." (*Id.*)

The Agreement carefully provides when IMDb will share information:

**Does IMDb Share the Information It Receives?**

Information about our users is an important part of our business, and we are not in the business of selling it to others. … We share user information with our parent corporation (Amazon.com, Inc.), the subsidiaries it controls, and as described below.

(Cairella 30(b)(6) Dep. at Ex. 3.) IMDb limits the occasions when it claims it will share information outside of IMDb and Amazon to a narrow range of circumstances:

- Affiliated businesses to provide joint offers.
- Marketing agents to send advertisements.
- IMDb's successors in interest, if IMDb is sold.
- Law enforcement, fraud protection, and court orders.

(*Id.*) IMDb confirms that "[o]ther than as set out above, you will always receive notice when information about you might go to third parties, and you will have an opportunity to choose not to share the information." (*Id.*) IMDb also explains why it collects and maintains information provided by users: "We use the information that you provide for such purposes as responding to your requests, customizing future browsing for you, improving our site, and communicating with you." (*Id.*)

---

[1] IMDb Copyright and Conditions of Use and the related IMDb Pro service have separate although functionally identical terms of service, each of which incorporates the Privacy Notice. (Hoang Decl. ¶ 9, Exs. D-1 at 2 and D- 3 at ¶ 3; Cairella Dep. at Ex. 3.)

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 5

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Knowing that information on IMDb's database—as opposed to IMDb's internal records—is public, Hoang initially did not provide a birth date for her profile. (Hoang Decl. ¶ 10.) Later, Hoang entered a 1978 birth date as an attempt to "flesh out" her acting persona's biographical details. (7/26/2012 Hoang Dep. at 255:2-10.)

In 2004, Hoang subscribed to IMDb Pro because it allowed her to contact other performers and see STARmeter rankings. (7/26/2012 Hoang Dep. at 122:7-125:20.) Although the subscription was free to try, IMDb required her to provide credit-card billing information. (Hoang Decl. ¶ 11.) During registration, IMDb informed Hoang that "IMDb knows that you care how information about you is used and shared, and we appreciate your trust that we will do so carefully and sensibly." (Hoang Dep. at Ex. D-2 at 1.) Based upon that guarantee, and believing in the Agreement's plain language that she could "choose not to share" information "that might go to third parties," Hoang agreed to IMDb's terms. (Hoang Decl. ¶ 12.) As IMDb required, she submitted her full legal name—Huong Thu Hoang—together with her address and credit card number. (Scully Decl. at Ex. B, excerpts from IMDb's second supplemental answers to interrogatories ("IMDb's Ans. to 1st ROGS") at 9:47-51; *see* Cairella 30(b)(6) Dep. at 37:19-24.)

**E.   IMDb used Hoang's confidential and personal information to research and publish her birth date without asking Hoang's permission, and then denied these facts to this Court.**

Rethinking her decision to enter an incorrect birth date, in 2007 and 2008 Hoang repeatedly asked IMDb to remove the information and leave her age unknown like other performers listed in the database. (*See* IMDb's Ans. to 1st ROGS at 7:40-48; Hoang Decl. at ¶ 14, Exs. E-1—E-12.) But instead, IMDb searched for Hoang's legal name and personal information in their confidential payment records. (Cairella 30(b)(6) Dep. at 31:15-32:16, 36:12-16; Cairella Dep. Ex. 7; Scully Decl. at Ex. J, August 3, 2012 of Thomas Whitcomb (the "Whitcomb Dep.) at 10:2-17.) IMDb then obtained Hoang's birth date by using her publically-unknown legal name to conduct a paid search on a restricted database called PrivateEye.com. (Cairella Dep. at 46:7-47:17, 58:25-59:9, Ex. 6; IMDb's

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 6

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1 Ans. to 1st ROGS at 8:38-45.) IMDb never notified Hoang that it conducted this search.
2 (Cairella 30(b)(6) Dep. at 39:6-14.) And even though it knew Hoang objected to IMDb
3 sharing her personal information, IMDb published Hoang's age on her IMDb profile—
4 violating PrivateEye.com's express terms of service in the process by publishing
5 information from PrivateEye.com's database. (Hoang Decl. at ¶ 15, Ex. H.)

6      Defendants falsely told this Court that they did not use Hoang's payment
7 information to obtain Hoang's birth date and update the IMDb website. (*Compare* Dkt.
8 No. 15 at 7:15-26 and11:27-35, *with* Cairella 30(b)(6) Dep. at 31:15-32:16, 36:12-16;
9 Cairella Dep. at 46:7-47:17, 58:25-59:9, Whitcomb Dep. at 10:2-17.) In Defendants'
10 motion to dismiss, Defendants attacked Hoang for making "the unreasonable assertion
11 that her birth date could be obtained from no source other than her credit card data and
12 that it is therefore her belief that Defendants obtained her birth date using her credit card
13 information…*which Defendants deny*." (Dkt. 15 at 7:15-26 (emphasis added).)
14 Defendants also represented that Hoang made false statements by alleging "that
15 Defendants used her credit card information to obtain her date of birth…". (Dkt. 15 at
16 11:27-35.) Yet, IMDb *did* obtain Hoang's legal name from her payment information, and
17 used it to uncover Hoang's birth date. (Cairella 30(b)(6) Dep. at 31:15-32:16, 36:12-16;
18 Cairella Dep. at 46:7-47:17, 58:25-59:9, Whitcomb Dep. at 10:2-17.)

19 **F.    IMDb damaged Hoang when it released her age.**

20      After IMDb publicly disclosed Hoang's age, her work slowed. (7/26/2012 Hoang
21 Dep. 221:2-222:3.) She received half as many roles than before IMDb posted her age in
22 2008. (8/7/2012 Hoang Dep. at 464:6-465:1; Kolkowitz Dep. at 47:14-25.) In a film
23 called *Consequences*, for example, the casting director initially hired Hoang but then
24 rejected her as too old after seeing Hoang's age on IMDb. (7/26/2012 Hoang Dep.
25 196:19-198:15.) On another project, the casting director rejected Hoang because the
26 director was "concerned about the age range". And for another film, the casting director
27 rejected Hoang shortly after Hoang provided the director with a link to her IMDb profile.
28 (7/26/2012 Hoang Dep. at 213:4-214:16, 216:6-218:24.) Finally, Hoang lost a role to

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 7

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

another actress whose age is not revealed on IMDb. (Hoang Decl. at ¶ 8.)

In addition to lost earnings, IMDb's public disclosure of Hoang's age after she worked for years to keep it secret causes Hoang emotional distress. (Hoang Decl. at ¶ 18.) She is seeing a therapist, and suffers from daily anxiety and sleep loss. (7/26/2012 Hoang Dep. at 376:16-378:4; Hoang Decl. at ¶ 18.)

**G.    Hoang is not IMDb's only victim.**

IMDb also damaged consumers other than Hoang by displaying actors' ages. For example, IMDb conducted at least 24 different PrivateEye searches for actors in recent history. (Cairella Dep. at Ex. 7.) IMDb enables age discrimination in Hollywood— leading to the Screen Actors Guild and the American Federation of Television and Radio Artists (SAG-AFTRA) repeatedly petitioning IMDb to remove birth dates upon request. (Hoang Decl. at ¶¶ 19-20 , Exs. F-G.) As SAG-AFTRA entreated:

> Screen Actors Guild and the American Federation of Television and Radio Artists strongly believe that businesses like IMDb have a moral and legal obligation not to facilitate age discrimination in employment. Entertainment industry employers who would never directly ask a potential employee's age routinely access that information through IMDb and its professional subscription site IMDbPro. IMDb has the power to remove the temptation for employers to engage in age discrimination by accessing this information.

(Hoang Decl. at ¶ 19, Ex. F.)  The Writer's Guild of America and Director's Guild of America have also joined SAG-AFTRA in petitioning IMDb to stop its pernicious role in age discrimination. (Hoang Decl. at ¶ 20, Ex. G.)

Numerous individual performers also routinely petition IMDb to remove their age from public display and complain about IMDb's practices. (Cairella Dep. Tr. at 24:5-26:2.) Actors have gone so far as to petition this Court for redress, even though they are not involved in the litigation. (Scully Decl. at ¶ 2, Ex. A.) In addition to the personal pleas, IMDb estimates that it has also been involved in between ten and fifteen legal disputes in the last few years relating to it displaying performers' ages. (Scully Decl. at Ex. H, August 1, 2012 Deposition of Adrian Garver ("Garver Dep.") 17:18-18:6.) But

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 8

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  IMDb continues to collect—and post—private information about its users without their

2  consent. (Hoang Decl. at ¶ 21.) And IMDb has not made any policy change as a result of

3  consumer complaints or this lawsuit. (Cairella Dep. at 58:10-24.)

4  **H.   Amazon.com is intimately involved in IMDb's malfeasance.**

5       IMDb is a wholly-owned subsidiary of Amazon.com, and Amazon directly derives

6  revenue from IMDb's business activities. (Cairella Dep. Tr. at 75:12-21.) Amazon

7  advertises extensively on IMDb's website. For example, searching for a performer on

8  IMDb.com leads to advertising on Amazon.com to purchase movies featuring that

9  performer. (Hoang Decl. at ¶ 26, Ex. K.) Amazon and IMDb share credit-card processing

10 and payment systems. (Scully Decl. at Ex. I, Deposition of 30(b)(6) Representative

11 Adrian Garver ("Garver 30(b)(6) Dep.") at 7:12-22.)

12      Amazon was directly involved in IMDb's actions regarding Hoang. Amazon

13 provides legal counsel for IMDb, including about the privacy-policy Agreement. And

14 Amazon legal staff provided the advice that directly led to IMDb's misdeeds. (Garver

15 30(b)(6) Dep at 7:1-4; 11:10-18; Cairella Dep. Tr. at 73:11-17.) And, the IMDb employee

16 responsible for researching and publishing Hoang's private information admitted that he

17 claimed to be an Amazon.com employee. (Cairella Dep. Tr. 72:2-73:5, Ex. 11.)

18                     **III.   DISCUSSION**

19      Summary judgment is appropriate upon a showing that there is "no genuine issue

20 as to any material fact and the moving party is entitled to judgment as a matter of law."

21 Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). All material

22 facts alleged by the non-moving party are assumed to be true, and all inferences must be

23 drawn in that party's favor. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1088 (9th Cir.

24 2008). A fact is "material" if its resolution will affect the outcome of the lawsuit.

25 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material

26 fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict

27 for the nonmoving party." *Id.* In this case, the facts are undisputed and summary

28 judgment is appropriate. IMDb required Hoang to enter into an agreement. Under its

terms, IMDb promised not to disclose information. But IMDb did disclose the information, thereby breaching it. And since it has and will continue to breach this same agreement with other consumers, IMDb violated Washington's consumer protection act.

**A.      The Court should grant summary judgment on Hoang's contract claim because the facts are undisputed that IMDb agreed not to use Hoang's confidential information, but did so in violation of its agreement.**

This Court should find that IMDb breached the Agreement if Hoang proves: (1) a valid contract; (2) that IMDb breached a duty provided in the contract; and (3) the breach proximately caused Hoang damage. *Northwest Mfrs. v. Dep't of Labor*, 78 Wn. App. 707, 712 (1995).

**1.      The Agreement is a valid contract.**

The Agreement between Hoang and IMDb is a valid contract.  A valid contract requires that the "parties objectively manifest their mutual assent to all material terms of the agreement." *P.E. Sys., LLC v. CPI Corp.*, 164 Wn. App. 358, 366 (2011). The Agreement provides that it "is the agreement you consented to upon subscribing to the [IMDb] site," and sets forth all material terms of IMDb and Hoang's relationship. (Hoang Decl. at Ex D-3.) Terms of service such as the Agreement are routinely enforced as contracts. E.g., *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179 (2010); *Anthony v. Yahoo! Inc.*, 421 F. Supp. 2d 1257, 1260 (N.D. Cal. 2006). And IMDb acknowledged the Agreement's validity in support of their motion to dismiss. (Dkt. No. 15 at 11:30-34 (stating that "Plaintiff provided this information to IMDb.com voluntarily in exchange for the benefits of an IMDbPro subscription and, in doing so, she consented to the Subscriber Agreement and Privacy Policy."))

**2.      IMDb breached its duty not to disclose Hoang's personal information.**

**a.      IMDb breached its duty by providing Hoang's personal information to PrivateEye.com.**

Contracts are interpreted according to the plain, ordinary, and popular meaning of their terms. *Holden v. Farmers Ins. Co. of Wash.*, 169 Wn.2d 750, 764 (2010).  Since IMDb drafted the Agreement, Hoang is entitled to the benefit of any ambiguous

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 10

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

provisions—which must be construed against IMDb. *Joinette v. Local 20, Hotel & Motel Rest. Employees & Bartenders Union*, 106 Wn.2d 355, 364 (1986).

The Agreement is unequivocal about how IMDb will manage personal information:

> Information about our users is an important part of our business . . . [w]e share user information with our parent corporation (Amazon.com, Inc.), the subsidiaries it controls, and as described below.
>
> . . .
>
> *Other than as set out above, you will always receive notice when information about you might go to third parties, and you will have an opportunity to choose not to share the information.*

(Cairella 30(b)(6) Dep. at Ex. 3 (emphasis added).) IMDb required Hoang to disclose her credit-card information, including her real name. Only by using the confidential information that IMDb promised not to share was it able to glean Hoang's birth date from PrivateEye.com. While IMDb is allowed to disclose information for limited purposes—such as releasing it in response to a subpoena—the Agreement prohibits IMDb from sharing Hoang's personal information with a private company for the purpose of learning more confidential information about Hoang. IMDb did not have the right to share Hoang's personal information from credit-card data with PrivateEye.com for the purpose of investigating Hoang's age. But IMDb did just that.

As the First Circuit recently noted:

> When a customer uses a credit card in a commercial transaction, she intends to provide that data to the merchant only. Ordinarily, a customer does not expect -- and certainly does not intend -- the merchant to allow unauthorized third-parties to access that data.

*Anderson v. Hannaford Bros. Co.*, 659 F.3d 151, 159 (1st Cir. 2011).

Similarly, in *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 864 (N.D. Cal. 2011), the Northern District of California found a contract breach where a website operator failed to use commercially reasonable efforts to safeguard its users' Facebook login information. IMDb makes the *Claridge* defendant seem innocent. There, a security breach allowed a single person to access Facebook login information. Here, IMDb

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

blatantly flouted its own terms of service and unapologetically shared Hoang's legal

name and other personal information with a third party for IMDb's own benefit—and

then publicly disclosed Hoang's personal information.

> **b.     IMDb breached its duty not to disclose Hoang's date of birth to the public.**

IMDb separately had a duty not to disclose Hoang's birth date once it obtained her

age from PrivateEye.com. The Agreement provides that Hoang "will always receive

notice when information about you might go to third parties, and you will have an

opportunity to choose not to share the information." IMDb may now argue that it did not

publicize Hoang's credit card information—her real name, address, and credit card

number—but instead only publicized information it derived from a PrivateEye.com

search. But the Agreement is not limited to just the information that Hoang provided. It

addresses "user information" which expressly includes both "Information You Give Us"

and "Information from Other Sources." (Hoang Decl. at Ex D-2.)

Other terms in the Agreement bolster Hoang's position that IMDb was not

permitted to use her data for any purpose other than to charge her credit card for services.

Contracts are read as a whole, and the Court construes all terms to harmonize them with

the parties' intent. *Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.*,

144 Wn.2d 130, 137 (2001). The Agreement emphasizes that private information is

important, stating that "IMDb knows that you care how information about you is used

and shared, and we appreciate your trust that we will do so carefully and sensibly."

(Cairella 30(b)(6) Dep. at Ex. 3.) It further provides that "Information about our users is

an important part of our business, and we are not in the business of selling it to others."

(*Id.*)  IMDb also promised her that "…you can safely enter your credit card details via

our secure server, which encrypts all submitted information." (Hoang Decl. at ¶ 9, Ex. D-

4 at 2.)

When Hoang provided her legal name and other personal information to IMDb in

order to purchase IMDb Pro services, IMDb was permitted only to use that information to

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 12

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

charge her credit card. IMDb breached the Agreement by using it to learn Hoang's birth date, and then it posted that confidential information on IMDb's website for all casting directors to see and use against her.

### 3.    IMDb's breaches damaged Hoang's career and caused her emotional distress.

Hoang need not prove substantial damage because "uncertainty as to the exact amount does not prevent recovery," and nominal damages may be awarded if the amount is slight or unquantifiable. *Wenzler & Ward Plumbing & Heating Co. v. Sellen*, 53 Wn.2d 96, 100, 330 P.2d 1068 (1958); see also *Shields v. De Vries*, 70 Wn.2d 296, 300 (1967)(awarding nominal damages). IMDb displaying Hoang's age damaged her acting career. Before IMDb's disclosure, Hoang had a 195% increase in her income the year after she moved to Los Angeles, and was steadily cast in more roles. (Hoang Decl ¶ 2.) But her upward trajectory stopped after IMDb posted her age. (*Id.*) She now receives half as many auditions than before IMDb disclosed her age, and her income is down. (*Id.* at ¶ 16.)

There can be no question that IMDb's disclosure, and not any other factor, caused the decrease.  Hoang uses the same methods to garner roles now that she used before IMDb posted her age. (Hoang Decl. ¶ 16.) She has not suffered any other career reverses. The only variable that has changed is that she is no longer an actor of unknown age who looks young enough to play a person in her 20s. She is now a 40-year old actress automatically screened out by many casting directors for roles younger than 40.

Hoang also has direct evidence that IMDb's disclosure damaged her career. Hoang was initially cast in a film called *Consequences* and then rejected after the casting director looked up Hoang's age on IMDb and discarded her as too old. (7/26/2012 Hoang Dep. 196:19-198:15.) On another project, the casting director rejected Hoang because the director was "concerned about the age range", and on yet another film Hoang was rejected shortly after she provided a link to her website and IMDb profile. (7/26/2012 Hoang Dep. at 213:4-214:16, 216:6-218:24.)

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 13

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1    Further, IMDb's actions damaged Hoang by inflicting emotional distress.

2    Hoang's lifelong dream is to be a successful actress. She almost made that dream a reality

3    by hard work and care, including keeping her actual age a secret. IMDb's actions—done

4    for the sole purpose of benefiting IMDb's business—cause Hoang stress, loss of sleep,

5    and require her to see a therapist. (Hoang Decl. at ¶ 18.)

6    The purpose of a privacy policy like IMDb's Agreement is to protect information

7    that consumers wish to keep confidential. When personal information is disclosed or used

8    surreptitiously—like IMDb did to learn Hoang's birth date—the natural result is a feeling

9    that something personal is lost. For that reason, consumers are careful about where they

10   share information. But here, IMDb violated Hoang's trust, made her feel violated, and

11   caused her emotional damage that cannot be repaired.

12

13   **B.    IMDb violated Washington's Consumer Protection Act by deceptively
        obtaining information from Hoang and unfairly displaying it to the public.**

14   The Washington Consumer Protection Act exists to protect the public and foster

15   fair and honest competition by protecting citizens from "unfair and deceptive trade and

16   commercial practices." *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 170-71 (2007);

17   *Michael v. Mosquera-Lacy*, 140 Wn. App. 139, 151 (2007).  It "broadly attacks unfair or

18   deceptive acts or practices in the conduct of any trade or commerce." *Stephens,* 138 Wn.

19   App. at 169-170. The CPA is "liberally construed [so that] its beneficial purposes may be

20   served." RCW 19.86.920.

21   The CPA is violated when:

22      (1)    there is an unfair or deceptive act or practice

23      (2)    in trade or commerce

24      (3)    that affects the public interest, and

25      (4)    causes injury to the plaintiff that is a result of the unfair or deceptive act.

26   RCW 19.86.020; *Walker v. Wenatchee Valley Truck & Auto Outlet, Inc.,* 155 Wn. App.

27   199, 207 (2010) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,

28   105 Wn.2d 778, 780, 784-85 (1986)).

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 14

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1

2

### 1.   IMDb's actions are both unfair and deceptive.

3

#### a.   IMDb's promise to keep Hoang's information private was deceptive.

4

A communication is deceptive if it "had the capacity to deceive a substantial

5

portion of the public." *Sing v. John L. Scott, Inc.*, 134 Wn.2d 24, 30 (1997). The purpose

6

of the "capacity-to-deceive test" is to "deter deceptive conduct before injury occurs." *Id.*

7

A communication can be accurate and still be deceptive if the "'net impression'" it

8

conveys is deceptive. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 50 (2009)

9

(quoting *Fed. Trade Comm'n v. Cyberspace.com LLC*, 453 F.3d 1196, 1200 (9th Cir.

10

2006)).

11

IMDb's privacy policy has the capacity to deceive. The Agreement unequivocally

12

states that an IMDb user "will always receive notice when information about you might

13

go to third parties, and you will have an opportunity to choose not to share the

14

information." (Cairella 30(b)(6) Dep. at Ex. 3.) It repeatedly emphasizes that IMDb will

15

safeguard personal information. IMDb may argue that it only intended to safeguard

16

Hoang's credit card and other financial information. But the Agreement is broadly

17

worded: it includes all "user information," which expressly includes both "Information

18

You Give Us" and "Information from Other Sources." (Cairella 30(b)(6) Dep. at Ex. 3.)

19

A reasonable consumer would assume that IMDb meant what it said: all personal

20

information, not just credit card data, would be kept secret, and Hoang could control what

21

was released. Moreover, even if the Agreement was restricted to the information that

22

Hoang provided, and not information IMDb learned from third parties based on Hoang's

23

personal details, the Agreement stated that IMDb would not share Hoang's information

24

with any party.

25

IMDb published its Agreement to the public promising that each consumer who

26

submitted information had the option to keep personal information private. IMDb further

27

promised that each consumer would have the ability to choose not to allow third parties

28

to see information submitted. And IMDb promised it would safeguard credit-card

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 15

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1
2
3
4
5
6

information. Based on these representations, Hoang and other consumers submitted confidential information in trust to IMDb. But IMDb took the information Hoang provided and used it to locate and release to the public Hoang's age—even though Hoang repeatedly told IMDb that her real age was confidential. Since Hoang and other consumers believed IMDb's promises, IMDb's communication had the capacity to, and actually did, deceive.

7
8

### b. Using Hoang's personal information to reveal Hoang's birth date is unfair.

9
10
11
12
13
14
15
16
17
18

IMDb is separately liable to Hoang because IMDb unfairly used her personal information to perform a paid public-records search. Even non-deceptive conduct violates the CPA if it is unfair. RCW 19.86.020; *Ivan's Tire Serv. Store v. Goodyear Tire & Rubber Co.*, 10 Wn. App. 110 (1973).  In *Ivan's Tire*, a tire distributor obtained a tire store's customer list as part of its business relationship with the tire store.  The distributor then used the customer list to directly compete with the tire store by targeting its customers. The Washington Court of Appeals held that even though there was no deception and it was not unfair for the distributor to compete with the tire store, the use of the customer list might be an unfair practice because the distributor obtained it through its business relationship with the store.

19
20
21
22
23

Here, like *Ivan's Tire*, IMDb obtained Hoang's legal name for a legitimate business purpose: charging her credit card for IMDb Pro services. But IMDb then unfairly used that information for its own purposes, despite knowing that Hoang objected. IMDb did not act fairly when it surreptitiously used Hoang's private information to gain additional private information for public disclosure.

24
25
26
27
28

IMDb compounded its unfair practices by violating PrivateEye.com's terms of service. PrivateEye.com is a research tool into private information. It expressly limits IMDb's dissemination of information from PrivateEye.com, providing that "You agree that you are only authorized to visit, view, and retain a copy of pages of this Site for your own personal use . . . you shall not duplicate, download, publish, modify, or otherwise

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 16

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

distribute the material on this Site for any commercial use[.]" (Hoang Decl. at Ex. H.)
IMDb's actions—taking Hoang's private consumer information from her, and then
breaching a contract with PrivateEye.com by displaying Hoang's private information for
IMDb's commercial gain—are exactly the types of unfair practices forbidden by the
CPA.

### 2.    The unfair and deceptive acts occurred in trade or commerce.

"Trade or commerce" includes "the sale of assets or services, and any commerce
directly or indirectly affecting the people of the state of Washington." RCW
19.86.010(2).  Because IMDb received Hoang's information through selling her IMDb
Pro's services, and displayed it on IMDb's commercial website, IMDb's actions are in
trade or commerce.

### 3.    IMDb's unfair and deceptive acts affect the public interest.

The likelihood that additional plaintiffs "have been or will be injured in exactly
the same fashion changes a factual pattern from a private dispute into one that affects the
public interest." *Michael v. Mosquera-Lacy*, 140 Wn. App. at 152. For a consumer
dispute, the Court applies the following nonexclusive factors to determine if the public
interest is impacted:

- Were the alleged acts committed in the course of defendant's business?

- Are the acts part of a pattern or generalized course of conduct?

- Were repeated acts committed prior to the act involving plaintiff?

- Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff?

- If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it?

*Hangman Ridge*, 105 Wn.2d at 790. Hoang does not need to prove that others
have already been harmed in the same manner; acts that are capable of repetition meet the
public interest element. *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151 (2007)(debt
collection notices).

IMDb committed its deceptive and unfair acts in connection with its business. It

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 17

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

required countless consumers to agree to the privacy-policy Agreement, making the deceptive statements part of a pattern and generalized course of conduct. IMDb used Hoang's private information to surreptitiously search for her birth date, and IMDb admits it conducted similar searches about other consumers. (Cairella 30(b)(6) Dep. at 40:24-41:1.)

There can be little doubt that IMDb's actions will be repeated in a way that affects the public. IMDb has a massive impact on Hollywood: it is the primary information source for casting directors. Before IMDb, an actor could control the release of their age, and casting directors had to rely on how an actor looked to determine what range they could effectively play. Now, casting directors can arbitrarily and discriminatorily reject actors based on their actual age simply by checking IMDb.

And IMDb shows every indication that it will continue to deceptively lure information from users and then unfairly post it: IMDb recently ran 24 PrivateEye searches on other actors besides Hoang. It refuses to take down information on request, regardless of where the information came from or how unfair the data collection methods. It has repeatedly refused to respond to entreaties from individual actors and the Screen Actors' Guild to modify its unfair practices. And it unfairly, and inexplicably, researches and publishes some actors' ages but not others.

### 4.    IMDb's unfair and deceptive acts caused Hoang injury.

IMDb published Hoang's birth date that IMDb obtained surreptitiously by using Hoang's private credit-card data. IMDb did this after promising Hoang in a consumer agreement that it would not disclose or use that information. Consequently, Hoang lost acting jobs and suffered emotional distress. Thus, IMDb's unfair and deceptive acts caused Hoang injury.

### C.    Amazon.com is liable for IMDb's misdeeds.

A parent corporation is liable for the acts of its subsidiary where the parent corporation overtly disregards the subsidiary's separate corporate existence. *Minton v. Ralston Purina Co.*, 146 Wn.2d 385, 398 (2002). In other words, the corporate veil

should be pierced where "the corporate entity has been disregarded by the principals themselves so that there is such a unity of ownership and interest that the separateness of the corporation has ceased to exist." *Grayson v. Nordic Constr. Co.*, 92 Wn.2d 548, 553 (1979).

IMDb is a wholly-owned subsidiary of Amazon.com, and Amazon directly derives revenue from IMDb's business activities. (Cairella Dep. Tr. at 75:12-21.)   Amazon and IMDb share credit-card processing and payment systems. (Garver 30(b)(6) Dep. at 7:12-22.) The IMDb employee responsible for researching and publishing Hoang's private information admits that he was an Amazon.com employee. (Cairella Dep.72:2-73:5, Ex. 11.) Further, Amazon provides legal counsel for IMDb, including about the privacy-policy Agreement. And Amazon legal staff provided the advice that led to IMDb's misdeeds. (Garver 30(b)(6) Dep at 7:1-4; 11:10-18; Cairella Dep. at 73:11-17.)   Amazon has disregarded IMDb's separate existence, and Amazon is therefore liable for IMDb's actions.

**D.    This Court should find for Hoang on liability, enter injunctive relief, and allow a jury to decide the amount of damages.**

This Court should enter a permanent injunction requiring IMDb to remove her age because Hoang has proven that: (1) she suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Nothing other than injunctive relief requiring IMDb to remove Hoang's age can redress the ongoing harm Hoang suffers. IMDb is not harmed by removing Hoang's age. It already displays acting profiles without birth dates or ages. And the public—especially working actors—benefit by reducing invidious age discrimination.

Hoang is also entitled to summary judgment regarding her breach of contract and CPA claims, but acknowledges that factual issues remain about the specific damage

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

amount. Hoang requests that the Court enter judgment against IMDb and Amazon, including injunctive relief requiring IMDb to immediately remove Hoang's birth date and age, and allow a jury to determine the specific damage amount.

### IV.   CONCLUSION

IMDb promised to keep Hoang's personal information private. But rather than keeping it private, IMDb first conducted a surreptitious investigation into Hoang's age by using her private credit card information. IMDb shared the information with PrivateEye.com, and then broadcast her age to the world on IMDb's website. IMDb's unfair and deceptive actions violate the Agreement between Hoang and IMDb, and Washington's Consumer Protection Act. Thus, the Court should grant summary judgment in Hoang's favor and issue a permanent injunction requiring IMDb to remove Hoang's age from its public database.

Dated this 10th day of December, 2012.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By:   s/ Derek Newman
      Derek A. Newman, WSBA No. 26967
      Keith Scully, WSBA No. 28677
      Charlotte Williams, WSBA No. 42864
      Attorneys for Plaintiff

MEMORANDUM IN SUPPORT OF PL MTN
FOR PARTIAL SUMMARY JUDGMENT - 20

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800