1

2                                                   Honorable Marsha J. Pechman

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

9

| | |
|---|---|
| HUONG HOANG, an individual, | NO. 11-cv-01709-MJP |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO IMDb.COM, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation, | ORAL ARGUMENT REQUESTED |
| Defendants. | NOTE ON MOTION CALENDAR: December 21, 2012 |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   ISSUES .............................................................................................................1

III.  FACTS .............................................................................................................3

      A.   Hoang incorporates the facts set forth in her summary-judgment motion
           (Dkt. No. 109). .......................................................................................3

      B.   Hoang provided information about her birth date to IMDb only after the
           contract between the parties was complete. ...........................................3

      C.   Hoang never waived the Privacy Notice or consented to the display of
           her age on IMDb's website. ....................................................................3

      D.   Hoang has constantly updated her damages to provide the most accurate
           information possible. ...............................................................................4

      E.   Hoang relied on IMDb's Privacy Notice, not Amazon's privacy notice. .....4

IV.   DISCUSSION ...................................................................................................5

      A.   The unclean-hands doctrine does not apply because Washington law
           does not recognize the defense for claims in law (as opposed to equity),
           and Hoang did not acquire her rights based upon false statements..............5

      B.   The Court should deny the defendants summary judgment because there
           is no dispute that Hoang suffered non-career damages, and there are
           questions of material fact about whether she also suffered career
           damages. ..................................................................................................7

           1.   Hoang suffered damages because IMDb misappropriated her
                personal information for commercial purposes in breach of its
                own agreement. ................................................................................7

           2.   Hoang suffered career damages because IMDb disclosed her age
                based upon private information that it agreed not to disclose............8

           3.   IMDb's limitation on the amount of damages does not eviscerate
                Hoang's actual damages that are valued below the cap, and the
                clause is unconscionable. ...............................................................11

      C.   The Court should deny the motion because the defendants cannot present
           undisputed evidence that no breach of contract occurred, since IMDb
           disclosed Hoang's confidential information without notice to her. ............12

      D.   IMDb cannot ignore the Privacy Policy in order to improve its website....13

      E.   Hoang did not consent to IMDb's breach. .................................................14

F.   IMDb violated Washington's Consumer Protection Act because it acted deceptively, and there is a likelihood that IMDb will repeat its conduct with additional members of the public. ......................................................... 14

1.   IMDb acted deceptively by promising to safeguard consumer information that it used as the basis for discovering additional confidential information. .................................................................... 14

2.   IMDb's unfair and deceptive acts affect the public interest and IMDb is likely to repeat its conduct. ................................................. 15

V.   CONCLUSION ................................................................................... 16

1

2

**Cases**

3

*Adler v. Federal Republic of Nig.*,

4

    219 F.3d 869 (9th Cir. 2000) .................................................................... 6

5

*Adler v. Fred Lind Manor*,

    153 Wn.2d 331 (2004) ......................................................................... 12

6

*Anderson v. Liberty Lobby, Inc.*,

7

    477 U.S. 242 (1986) ............................................................................... 5

8

*Bainbridge Island Police Guild v. City of Puyallup*,

    172 Wn.2d 398, 259 P.3d 190 (2011) ................................................. 14

9

*Burns v. McClinton*,

10

    135 Wn. App. 285 (2006) ..................................................................... 16

11

*Davis v. Team Elec. Co.*,

    520 F.3d 1080 (9th Cir. 2008) ............................................................... 5

12

*Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*,

13

    890 F.2d 165 (9th Cir. 1989) ................................................................. 6

14

*Eugster v. City of Spokane*,

    118 Wn. App. 383 (2003) ....................................................................... 6

15

*Geisness v. Scow Bay Packing Co.*,

16

    16 Wn.2d 1 (1942) ............................................................................... 10

17

*Grant County Constructors v. E.*,

    77 Wn.2d 110 (1969) ........................................................................... 13

18

*Hudesman v. Foley*,

19

    4 Wn. App. 230 (1971) ........................................................................... 6

20

*Jones v. Best*,

    134 Wn.2d 232 (1998) ......................................................................... 14

21

*Kempf v. Barrett Bus. Servs., Inc.*,

22

    336 Fed. Appx. 658 (9th Cir. 2009) ....................................................... 6

23

*Knutson v. Daily Review, Inc.*,

    548 F.2d 795 (9th Cir. 1976) ............................................................... 10

24

*McKee v. AT&T Corp.*,

25

    164 Wn.2d 372 (2008) ......................................................................... 11

26

*Nishikawa v. U.S. Eagle High, L.L.C.*,

    138 Wn. App. 841 (2007) ..................................................................... 13

27

*Shields v. De Vries*,

28

    70 Wn.2d 296 (1967) ............................................................................. 7

*Trident Seafoods Corp. v. Commonwealth Ins. Co.*,
  850 F. Supp. 2d 1189 (W.D. Wash. 2012) ........................................................ 5

*Wagner v. Wagner*,
  95 Wn.2d 94, 621 P.2d 1279 (1980) ............................................................... 14

*Wenzler & Ward Plumbing & Heating Co. v. Sellen*,
  53 Wn.2d 96, 330 P.2d 1068 (1958) ................................................................ 7

*Zuver v. Airtouch Communications*,
  153 Wn.2d 293 (2004) ................................................................................... 11

**Rules**

Fed.R.Evid. 801 ............................................................................................. 12

Fed.R.Evid. 803(3) ........................................................................................ 12

**Treatises**

Restatement (Second) of Contracts § 209 ......................................................... 15

**Other Authorities**

17 Am. Jur. 2d Contracts § 258 (1964) ............................................................ 15

C. Ciocchetti, *The Privacy Matrix*, 12 J. TECH. L. & POL'Y 245, 247 (2007) ................... 9

John T. Soma, et al., *Corporate Privacy Trend: The 'Value' of Personally Identifiable
  Information ("PII") Equals the 'Value' of Financial Assets,* XV RICH. JL & TECH. 1
  (2009) .......................................................................................................... 9

M. Kightlinger, *The Gathering Twilight? Information Privacy on the Internet in the Post-
  Enlightenment Era*, 24 J. MARSHALL J. COMPUTER & INFO. L. 353 (2006) ................... 9

Paul M. Schwartz, *Property, Privacy and Personal Data*, 117 HARV. L. REV. 2055, 2056-
  57 (2004) ...................................................................................................... 9

# I.    INTRODUCTION

IMDb's subscriber agreement with consumers like Hoang requires IMDb to keep payment information private. But IMDb took Hoang's payment information and sent it to a third-party in order to discover Hoang's date of birth, and then published her age on IMDb's publicly-accessible website. Despite IMDb's rhetoric to the contrary, Hoang never consented to IMDb using her information in this manner. As IMDb's quoted material indicates, Hoang requested the opposite: "Please go back on your files and see if you have any documentation, verification, or identification that my birth date is in 1978…If you don't find any proof on record, please delete it because I know that 1978 isn't my date of birth." In truth, Hoang was not born in 1978, and she never authorized IMDb to use her confidential information in order to discover the very information that she asked it not to publish.

The defendants claim that Hoang set in motion the chain of events that led to their breach of contract and consumer-protection act violations. Implicitly acknowledging that they breached their agreement, they claim that the unclean-hands doctrine protects them from liability. But unclean hands does not apply to legal—as opposed to equitable— claims, and unclean hands only applies when the plaintiff's alleged wrongdoing induced the defendant to enter into a contract with the plaintiff. In this case, Hoang's claims are legal (not equitable), and her alleged wrongdoing could not have induced IMDb to enter into the agreement because the parties formed the contract before her acts.

IMDb is bound to the plain language of the agreement it drafted, and is barred by the Consumer Protection Act from misusing Hoang's consumer information. Hoang has separately moved for summary judgment because these facts are undisputed. The Court should deny IMDb's motion and grant Hoang's motion (Dkt No. 109).

# II.    ISSUES

- In Washington, the unclean-hands doctrine only applies to equitable claims. Hoang's claims are based on breach of contract and Consumer Protection Act violations—which are both legal (and not equitable). Should the Court apply

Washington law and rule that IMDb is not entitled to rely on the unclean-hands doctrine?

- In California, unclean hands bars a plaintiff from recovery under a contract only when the plaintiff's misconduct induced a defendant to enter into the contract. Hoang's alleged misconduct—providing inaccurate information to IMDb—occurred *after* IMDb entered into the contract. If the Court applies California law, should it reject the unclean-hands defense?

- To win a breach of contract or consumer-protection act claim, a plaintiff must prove damages but need not prove a particular amount. IMDb used Hoang's personal information for commercial purposes without paying her for it, and Hoang's career was damaged as a result. Has Hoang presented sufficient evidence to create an issue of material fact as to damages?

- IMDb's Privacy Notice agreement states that "you will always receive notice when information about you might go to third parties, and you will have an opportunity to choose not to share the information." But IMDb shared Hoang's information with third-party PrivateEye.com without notifying her, and then published her birth date after she asked that it be deleted. Did IMDb breach?

- A waiver must be unequivocal, and is limited to its terms. Hoang asked IMDb to check its records to confirm that 1978 was not her birth date, and then remove the erroneous 1978 birthday displayed on IMDb's website. Did Hoang waive the Privacy Notice, and consent to IMDb disclosing her credit-card information to a third party to search for and display her actual birth date?

- To prove the Consumer Protection Act's public-interest element, a consumer can show that misconduct may be repeated. IMDb violated its own privacy policy to use Hoang's consumer information to perform a records search, and then displayed her age. IMDb maintains a database of millions of other users, and has performed at least 24 similar searches on other consumers. Is there an issue of material fact as to whether IMDb's misconduct will be repeated?

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

### III.   FACTS

**A.   Hoang incorporates the facts set forth in her summary-judgment motion (Dkt. No. 109).**

The facts of this case are largely undisputed, and the parties have made cross motions for summary judgment (Dkt. Nos. 82, 109). Most the facts that resolve Hoang's summary-judgment motion are relevant to her response to Defendants' motion. But rather than repeat verbatim what she already wrote, Hoang respectfully requests that the Court review the motions together. And Hoang incorporates the facts from her motion into this brief, supplying only additional facts necessary to respond to IMDb's arguments.

**B.   Hoang provided information about her birth date to IMDb only after the contract between the parties was complete.**

Hoang provided her credit-card information and signed up for IMDbPro's services in 2004. (Dkt. No. 82, IMDb's Motion for Summary Judgment (IMDb's Motion), at Ex. A at 122:7-123:14.) When she did, she agreed to IMDb's Subscriber Agreement and incorporated Privacy Notice. (*Id.*) Hoang then repeatedly requested that IMDb remove a false date of birth from her online profile. (Dkt. No. 111 at Ex. G (8/1/12 Deposition of Giancarlo Cairella (Cairella Dep.)) at 41:15-42:3, 42:3-43:5, 48:23-49:7.) At no point before 2004 did Hoang supply any documents regarding her birth date or age to IMDb. (*Id.*)

**C.   Hoang never waived the Privacy Notice or consented to the display of her age on IMDb's website.**

Between 2008 and 2009, Hoang repeatedly asked IMDb to remove the erroneous 1978 date of birth from their public display. (IMDb's Motion at Ex. A, at 210:2-212:19, 25 6:25-258:1, 259:13-260:17, 261:2-8, 261:14-262:3, 264:2-24, 266:3-20, 270:5-272:19, 272:25-273:15; Exs. G, H, J, K, L, M, N,O, P, Q, S, T, U, W.) On one occasion, she asked IMDb to "Please go back on your files and see if you have any documentation, verification, or identification that my birth date is in 1978 . . . if you don't find any proof on record, please delete [the 1978 birth date] because I know that 1978 isn't my date of birth." (*Id.* at Ex. W.) At no point did she ever consent to display *any* date of birth, and

certainly not her actual birth date. (IMDb's Motion at Ex. A, at 210:2-212:19, 25 6:25-258:1, 259:13-260:17, 261:2-8, 261:14-262:3, 264:2-24, 266:3-20, 270:5-272:19, 272:25-273:15; Exs. G, H, J, K, L, M, N, O, P, Q, S, T, U, W; December 17, 2012 Declaration of Huong Hoang (12/17/12 Hoang Decl.) at ¶ 3.)

**D.    Hoang has constantly updated her damages to provide the most accurate information possible.**

For 2008, Hoang's initial damages calculations did not include all her projects. (12/17/12 Hoang Decl. at ¶ 4; *compare* 11/29/2012 Declaration of Breena M. Roos ("Roos Decl."), Ex. GG ("Defs. Ex. GG") *with* Roos Decl., Ex. WW ("Defs. Ex. WW")(including "other gigs" in income.) Hoang later shifted several projects from 2008 to prior years[1] to accurately reflect the casting and filming year. (12/17/12 Hoang Decl. ¶ 4.) These minor changes caused slight variations in the total acting income disclosed. (*Compare* Defs. Ex. GG *with* Defs. Ex. WW and 12/17/12 Hoang Decl., Ex. A.)

Hoang created a chart reflecting her most-current information regarding damages, as well as prior information. (December 17, 2012 Declaration of Charlotte Williams (Williams Decl.) at ¶¶ 2-3, Ex. A.) The chart demonstrates that, no matter which damages calculation is used, Hoang's income dropped dramatically after IMDb disclosed her age. (*Id.*)

Tax returns are not an accurate indicator of Hoang's income. Many of Hoang's acting jobs were low-paying, and paid in cash without any documentation. At Hoang's low income level, she believed that she was not required to report these transactions to the IRS. (7/26/2012 Hoang Dep. 348:18-25; *see* 12/17/12 Hoang Decl. ¶ 6.)

**E.    Hoang relied on IMDb's Privacy Notice, not Amazon's privacy notice.**

IMDb's Privacy Notice is identical to Amazon's. (*Compare* Dkt. No. 115, December 10, 2012 Declaration of Huong Hoang at Ex. D-2 (IMDb Privacy Notice) with

---

[1] "Ungirlfriendable" was moved to 2006, and "Gingerdead Man 2", "It is Written", "Gene Simmons: Family Jewels", and "Tropic Thunder" were moved to 2007.

1   Williams Decl. at Ex. C (Amazon Privacy Notice).) When Hoang supplied her credit-card

2   information to IMDb, she agreed to the terms of IMDb's Subscriber Agreement. The

3   Subscriber Agreement provides "Our Privacy Notice is a part of this Agreement and its

4   terms are incorporated herein by this reference." (Dkt. No. 115, Hoang Decl. at Ex. D-3.)

5   Hoang relies on IMDb's Privacy Notice, not Amazon's, in responding to this motion.

6   ## IV.   DISCUSSION

7       Summary judgment is only appropriate when no genuine issue of material fact

8   exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.

9   P.56(c). All material facts alleged by the non-moving party are assumed to be true, and

10  all inferences must be drawn in that party's favor. *Davis v. Team Elec. Co.*, 520 F.3d

11  1080, 1088 (9th Cir. 2008). A fact is "material" if its resolution will affect the outcome of

12  the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

13  **A.   The unclean-hands doctrine does not apply because Washington law does not**
14  **recognize the defense for claims in law (as opposed to equity), and Hoang did**
    **not acquire her rights based upon false statements.**

15      The unclean-hands doctrine arises from principles of equity, which require that the

16  court balance the interests of the parties. *Trident Seafoods Corp. v. Commonwealth Ins.*

17  *Co.*, 850 F. Supp. 2d 1189, 1203-04 (W.D. Wash. 2012). In Washington, the defense only

18  applies when the court is asked to exercise equitable powers as opposed to enforce legal

19  rights. *Id.* Both breach of contract and consumer-protection act violations are legal rights,

20  and those claims do not trigger the court's equitable powers. *Id.*

21      But IMDb boldly claims that "modern courts" apply the unclean hands doctrine to

22  legal claims. This novel theory finds no support in Washington law. In *Trident Seafoods*

23  *Corp. v. Commonwealth Ins. Co.*, the court dismissed the defendant's affirmative defense

24  for unclean hands on the grounds that plaintiff's claims—including a violation of the

25  Washington Consumer Protection Act—were not equitable claims. *Trident Seafoods* 850

26  F. Supp. 2d at 1203-04.

27      Although Washington law is clear, the defendants cite to cases construing

28  California law for the proposition that unclean hands applies to contract claims. *See*

*Kempf v. Barrett Bus. Servs., Inc.*, 336 Fed. Appx. 658, 661 (9th Cir. 2009)("the district court correctly stated that unclean hands is applicable in a breach of contract action under *California* law."), *Adler v. Federal Republic of Nig.*, 219 F.3d 869, 877 (9th Cir. 2000)("In *California*, the unclean hands doctrine applies not only to equitable claims, but also to legal ones."). But even if this Court were to expand Washington law to follow California, the facts of this case would not allow Defendants to avoid liability through the unclean-hands defense. This is because IMDb's California authority applies only to a plaintiff that fraudulently induced a defendant to enter into a contract, or fraudulently obtained a benefit from the defendant.

The defendants in this case do not allege those facts. Rather, IMDb complains that Hoang did not reveal her true age to them when they asked—*after* she already entered into the contract. The defendants did not rely on Hoang's age representations when they granted Hoang an IMDb Pro subscription. Nor did they rely on Hoang's representations in choosing to misuse her private information in violation of the consumer-protection act. So even under the authority construing California law—which the Court should not adopt since Washington law is clear—the unclean-hands defense is inapplicable to this case.

Further, whether a plaintiff has unclean hands is a factual issue properly decided by a fact finder. *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 173 (9th Cir. 1989); *see also Hudesman v. Foley*, 4 Wn. App. 230, 234 (1971), *Eugster v. City of Spokane*, 118 Wn. App. 383, 421 (2003). IMDb claims that Hoang's "misrepresentations set this entire chain of events in motion, and she is ultimately asking this Court to reward her for lying." (Motion at 11:49-12:1.) But this is not true. Hoang is asking this Court to uphold a contract that required IMDb not to misuse Hoang's personal information, and to sanction IMDb for publicly displaying Hoang's age without her permission. Hoang did not acquire her claims against defendants as a result of her representations, nor were any inaccuracies in her representations material. Hoang accurately told IMDb that the 1978 date posted on IMDb's "Junie Hoang" profile was incorrect. While she may have submitted a novelty identification card and an

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

entertainment passport to prove that the 1978 date was wrong, these representations did not induce Defendants' unlawful conduct. Rather, Defendants sought confirmation of the accuracy of the 1978 birth date because Hoang continued to insist that the date was incorrect—a truthful statement. (Dkt. No. 111 at Ex G, 8/1/12 Cairella Dep. at 41:15-42:3, 42:3-43:5, 48:23-49:7.) Since IMDb submitted no evidence that Hoang acquired her rights through unclean hands, the Court should deny summary judgment on this issue.

**B.     The Court should deny the defendants summary judgment because there is no dispute that Hoang suffered non-career damages, and there are questions of material fact about whether she also suffered career damages.**

**1.     Hoang suffered damages because IMDb misappropriated her personal information for commercial purposes in breach of its own agreement.**

IMDb claims that Hoang is not entitled to any relief because her damage calculations were uncertain. But Hoang need not prove specific dollar amounts because "uncertainty as to the exact amount does not prevent recovery," and nominal damages may be awarded if the amount is slight or unquantifiable. *Wenzler & Ward Plumbing & Heating Co. v. Sellen*, 53 Wn.2d 96, 100, 330 P.2d 1068 (1958); see also *Shields v. De Vries*, 70 Wn.2d 296, 300 (1967)(awarding nominal damages).

Whether Hoang can identify specific lost jobs is a red herring. Damages arising from a privacy-policy breach are not limited to forgone profits. Consumer information is valuable for two reasons that are not relevant to the type of damage that IMDb discusses.

First, personal information is *inherently* valuable to a consumer like Hoang.[2] This is why consumers only disclose personal data when there is a privacy policy in place

---

[2] Professor Paul M. Schwartz noted in the Harvard Law Review:
"Personal information is an important currency in the new millennium. The monetary value of personal data is large and still growing, and corporate America is moving quickly to profit from the trend. Companies view this information as a corporate asset and have invested heavily in software that facilitates the collection of consumer information." Paul M. Schwartz, *Property, Privacy and Personal Data*, 117 HARV. L. REV. 2055, 2056-57 (2004). Another recent article put the point even more succinctly: "PII is now a commodity that companies trade and sell." John T. Soma, et al., *Corporate Privacy Trend: The 'Value' of Personally Identifiable Information ("PII") Equals the 'Value' of Financial Assets*, XV RICH. JL & TECH. 1 (2009) ("Soma article"), at 1 (citing C. Ciocchetti, *The Privacy Matrix*, 12 J. TECH. L. & POL'Y 245, 247 (2007); M. Kightlinger, *The Gathering Twilight? Information Privacy on the Internet in the Post-Enlightenment Era*, 24 J. MARSHALL J. COMPUTER & INFO. L. 353, 384 (2006)).

ensuring that the information will be kept confidential. If not for that policy, consumers would not disclose the private information—or they would charge money to disclose it. Second, personal information is valuable to a business like IMDb. This is why IMDb spends money on PrivateEye.com to discover information that is not generally known. Indeed, IMDb's business is built around its publishing information about actors that IMDb users find unique and valuable. Without that information, IMDb's business would be worthless. And while Hoang's real name and birth date are a tiny fraction of a percent of IMDb's data, that information nonetheless has real value to both Hoang and IMDb.

Since Hoang's consumer data—her real name and birth date—have intrinsic value for at least those two reasons, she suffered two types of harm when IMDb misappropriated that information. First, she lost the value of her private information that she would not have disclosed or otherwise charged money to give up. Second, IMDb gained information for its database that it otherwise could not have obtained but for the breach, or it would have had to pay for.

### 2.   Hoang suffered career damages because IMDb disclosed her age based upon private information that it agreed not to disclose.

While the amount may be at issue, at trial Hoang will prove that she also suffered career damage. Before IMDb's disclosure, Hoang had a 195% increase in her income the year after she moved to Los Angeles, and was steadily cast in more roles. (Dkt. No. 115, Hoang Decl at ¶ 2.) But her upward trajectory stopped after IMDb posted her age. (*Id.*) She now receives half as many auditions than before IMDb disclosed her age, and her income is down. (*Id.* at ¶ 16.)

IMDb challenges Hoang's claim that her audition rate has gone down, relying on IMDb's summary of Hoang's online casting submission history. (Motion at 6:1-5.) But Hoang's online history does not include every time she submitted herself for a role. (Williams Decl. at Ex B.) For instance, the online history does not reflect submissions made by her agent, submissions before 2012 on the Casting Frontier system, or a complete list on the Casting Networks system. (*Id.* at 422:1-423:1, 426:16-25; 428:9-18.)

1   Hoang has reviewed her own records, and supplied a declaration verifying that her

2   auditions are down by 50%. (Hoang Decl., ¶ 16.) IMDb's attempt to create a contested

3   issue of material fact does not entitle it to summary judgment.

4        IMDb also attacks alleged inconsistencies in Hoang's lost-income calculation. But

5   the "inconsistencies" are merely because Hoang supplemented discovery in an attempt to

6   be fully responsive. For example, for 2008, Hoang's initial calculations did not include

7   all of the projects she worked on. (12/17/12 Hoang Decl. ¶¶ 4-5; *compare* Dkt. No. 92,

8   11/29/2012 Declaration of Breena M. Roos ("Roos Decl."), Ex. GG ("Defs. Ex. GG")

9   *with* Roos Decl., Ex. WW ("Defs. Ex. WW")(including "other gigs" in income.) Hoang

10  later shifted several projects from 2008 to prior years[3] to accurately reflect the casting

11  and filming year. (12/17/12 Hoang Decl., Ex. A.) These minor changes caused slight

12  variations in the total acting income disclosed. (*Compare* Defs. Ex. GG *with* Defs. Ex.

13  WW and 12/17/12 Hoang Decl., Ex. A.) Despite these minor changes, the trend in

14  Hoang's lost income is the same. Hoang's income dropped sharply after 2008—when

15  IMDb publicly revealed her age. (Williams Decl. at Ex. A.)

16       The following chart demonstrates that regardless of which calculation is used,

17  Hoang's income dropped after IMDb violated her rights:

18

19

20

21

22

23

24

25

26

---

27  [3] "Ungirlfriendable" was moved to 2006, and "Gingerbread Man 2", "It is Written",

28  "Gene Simmons: Family Jewels", and "Tropic Thunder" were moved to 2007.



(Williams Decl. at Att. A.) The specific dollar amount is not the issue. Rather, the income drop following IMDb's disclosure is the fact that the jury can rely on to draw an inference as to causation.

Likewise, IMDb's reliance on lower-income figures in Hoang's tax returns than in her testimony does not provide a basis for summary judgment. Many of Hoang's acting jobs were low-paying, and paid in cash without any documentation. At Hoang's low income level, she believed that she was not required to report these transactions to the IRS. (7/26/2012 Hoang Dep. 348:18-25; *see* 12/17/12 Hoang Decl. ¶ 6.)

IMDb also claims that Hoang identifies no evidence tying IMDb's actions to Hoang's diminished career. But Hoang may rely on both direct and circumstantial evidence to prove causation, and need not rule out every possible alternative cause in order to proceed to trial. *Geisness v. Scow Bay Packing Co.*, 16 Wn.2d 1, 15 (1942); *Knutson v. Daily Review, Inc.*, 548 F.2d 795, 811 (9th Cir. 1976) (A plaintiff "need not negative all possible alternative explanations for his decline in profits, but the defendants may show that other events caused the injury.") Hoang's circumstantial evidence alone is sufficient to prove causation. Hoang uses the same methods to garner roles now that she used before IMDb posted her age. (Dkt. No. 115, Hoang Decl. ¶ 16.) She has not suffered any other career reverses. The jury can fairly conclude on this information that IMDb caused her damage.

1    At trial, Hoang will present direct evidence that IMDb's disclosure damaged her

2    career with testimony about a film called *Consequences* that she lost due to the casting

3    director looking up her age on IMDb, and two other projects. (7/26/2012 Hoang Dep.

4    196:19-198:15; 213:4-214:16, 216:6-218:24.) IMDb's hearsay objections to this evidence

5    are mistaken because Hoang does not offer them for the truth of the matter asserted—that

6    she is too old to act. Rather, she offers the statements for the non-hearsay purpose of

7    showing what the declarants believed when rejecting her for roles. Fed.R.Evid. 801. In

8    addition, the statements are admissible under Fed.R.Evid. 803(3), the hearsay exception

9    for then-existing state of mind, which specifically includes declarations related to motive

10   or intent.

11       **3.    IMDb's limitation on the amount of damages does not eviscerate
                  Hoang's actual damages that are valued below the cap, and the clause
12                is unconscionable.**

13       Citing no relevant authority, IMDb claims it is entitled to summary judgment

14   because the Agreement contains a purported damages limitation clause. But even if

15   Hoang's damages were capped, IMDb would still not be entitled to dismissal. At best,

16   IMDb would be entitled to a limiting instruction during trial. While there may be a

17   maximum amount that Hoang can recover, no contract can prevent a party from

18   recovering any damages whatsoever.

19       And the Agreement's damages limitation clause is both substantively and

20   procedurally unconscionable and void. A clause or term in the contract that is one-sided

21   or overly harsh is substantively unconscionable. *Zuver v. Airtouch Communications*, 153

22   Wn.2d 293, 303 (2004). In *McKee v. AT&T Corp*, the Court analyzed the reasonableness

23   of AT&T's Consumer Services Agreement's attorneys' fees provision and found it

24   unconscionable. *McKee v. AT&T Corp.*, 164 Wn.2d 372, 378-9 and 399-400 (2008). Like

25   AT&T's Consumer Services Agreement, the IMDb Pro Subscription Agreement imposes

26   unilateral restrictions on consumers' ability to recover damages. Likewise, the Agreement

27   is procedurally unconscionable because Hoang lacked a meaningful choice, considering

28   all the circumstances surrounding the transaction including the manner in which the

1   contract was entered, whether each party had 'a reasonable opportunity to understand the

2   terms of the contract, and whether the important terms were hidden in a maze of fine

3   print." *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 345 (2004). IMDb cannot breach its

4   own Agreement, damage a promising actor's career, and then hide behind a self-serving

5   limitation clause buried in the Subscriber Agreement.

6   **C.   The Court should deny the motion because the defendants cannot present
7        undisputed evidence that no breach of contract occurred, since IMDb
        disclosed Hoang's confidential information without notice to her.**

8       The Agreement is unequivocal about how IMDb will manage personal information

9   "you will always receive notice when information about you might go to third parties,

10  and you will have an opportunity to choose not to share the information." (Cairella

11  30(b)(6) Dep. at Ex. 3.) IMDb now disingenuously claims that Hoang is not entitled to

12  relief based on *Amazon.com's* privacy notice. (Motion at 16:24-17:9.) But it is *IMDb's*

13  Privacy Notice on which Hoang relies—and, further, the two notices are substantively

14  identical. (See Dkt. No. 109, Pl's Motion for Summary Judgment; *compare* Dkt. No. 115,

15  December 10, 2012 Declaration of Huong Hoang at Ex. D-2 (IMDb Privacy Notice) with

16  Williams Decl. at Att. C (Amazon Privacy Notice).)

17      IMDb breached the Agreement by disclosing Hoang's payment information.

18  While IMDb is allowed to disclose payment information for limited purposes—such as

19  releasing it in response to a subpoena—the Agreement prohibits IMDb from sharing

20  Hoang's personal information with a private company for the purpose of discovering

21  more confidential information about Hoang. IMDb did not have the right to share

22  Hoang's personal information from credit-card data with PrivateEye.com for the purpose

23  of investigating Hoang's age. But IMDb did just that. It then used the fruit of that

24  poisonous tree by publishing Hoang's birth date—even knowing she considered that

25  information private. And then despite its promise to notify her when disclosing her

26  confidential information, it published her birth date on the Internet.

27      Thus, the Court should deny the defendants' summary-judgment motion on the

28  breach of contract issue.

OPP TO IMDB.COM, INC.'S MSJ - 12          **NEWMAN DU WORS LLP**          1201 Third Avenue, Suite 1600
                                                                         Seattle, Washington 98101
                                                                         (206) 274-2800

**D.      IMDb cannot ignore the Privacy Policy in order to improve its website.**

IMDb argues that a separate section of the Subscriber Agreement allowed IMDb to send Hoang's private information to PrivateEye.com and then publish her age. That section provides that:

> We use the information you provide for such purposes as responding to your requests, customizing future browsing for you, improving our site, and communicating with you.

(Motion at 13:27-14:35.) But the Court has already rejected this argument. In denying Defendants' motion for judgment on the pleadings, the Court ruled:

> These arguments ask the Court to go too far. The plain language of the contract does not permit Defendants unfettered use of the personal information that Plaintiff provided for the purposes of processing payment. Defendants are required to abide by the general assurances they give to customers to "carefully and sensibly manage information provided by subscribers."

Dkt. No. 42. Interpreting this section to allow unlimited dissemination of personal information for IMDb's benefit requires the Court to rewrite the Privacy Notice. The Subscriber Agreement incorporates the Privacy Notice, and the two documents thus must be construed together. Restatement (Second) of Contracts § 209; *Berg* 115 Wn.2d at 667(holding that interpretation of an integrated agreement must be by construing the "meaning of the terms of the writing or writings"). The Court must harmonize clauses that seem to conflict, and interpret the integrated agreement in a manner that gives effect to all of its provisions without rewriting any of the agreement's terms. *Grant County Constructors v. E.*, 77 Wn.2d 110, 120-121 (1969) *citing* 17 Am. Jur. 2d Contracts § 258 (1964); *Nishikawa v. U.S. Eagle High, L.L.C.*, 138 Wn. App. 841, 849 (2007).

No reasonable consumer would think that "improving our site" means "using your confidential information to conduct research about you so that we can publish on our site other personal information about you that you didn't disclose." And no reasonable consumer would disclose information to IMDb based upon the promise to maintain it in secret if IMDb is allowed to publish the data to improve its site. If IMDb is free to

disclose any information in the name of "improving our site" then its promises not to disclose, and to provide notice of disclosures, would be illusory. The Court cannot give effect to the improving-our-site clause by ignoring the clauses that consumers care more about.

**E.      Hoang did not consent to IMDb's breach.**

IMDb claims that Hoang waived her rights and consented to it using her private information. (Motion at 13:50-14:35.) But Hoang only asked that IMDb "Please go back on your files and see if you have any documentation, verification, or identification that my birth date is in 1978 . . . if you don't find any proof on record, please delete [the 1978 birth date] because I know that 1978 isn't my date of birth."(Defs' Ex. W.) Waiver is the voluntary and intentional relinquishment of a known right. *Jones v. Best*, 134 Wn.2d 232, 241 (1998). The person against whom a waiver is claimed must have intended to relinquish the right and her actions must be inconsistent with any other intention than to waive it. *Bainbridge Island Police Guild v. City of Puyallup*, 172 Wn.2d 398, 409-10, 259 P.3d 190 (2011). Waiver will not be inferred from doubtful or ambiguous factors. *Wagner v. Wagner*, 95 Wn.2d 94, 102, 621 P.2d 1279 (1980). Hoang did not waive her rights contained in the Privacy Notice and consent to the release of her information to PrivateEye.com, and she certainly didn't agree to public disclosure of her age. Instead, Hoang expressly asked IMDb to delete the 1978 birth date, noting that there was no proof in IMDb's records that 1978 was accurate. (Defs' Ex. A, at 210:2-212:19, 25 6:25-258:1, 259:13-260:17, 261:2-8, 261:14-262:3, 264:2-24, 266:3-20, 270:5-272:19, 272:25-273:15; Exs. G, H, J, K, L, M, N,O, P, Q, S, T, U, W; 12/17/12 Hoang Decl. at ¶ 2.)

**F.      IMDb violated Washington's Consumer Protection Act because it acted deceptively, and there is a likelihood that IMDb will repeat its conduct with additional members of the public.**

**1.      IMDb acted deceptively by promising to safeguard consumer information that it used as the basis for discovering additional confidential information.**

IMDb argues that Hoang's consumer-protection act claim should be dismissed because it did not act deceptively, and there was no harm to the public. But IMDb's

agreement provided that Hoang and other members of the public "will always receive notice when information about you might go to third parties, and you will have an opportunity to choose not to share the information." (Cairella 30(b)(6) Dep. at Ex. 3.) The agreement is broadly worded, defining "user information" as including both "Information You Give Us" and "Information from Other Sources." (Cairella 30(b)(6) Dep. at Ex. 3.)

A reasonable consumer would assume that IMDb meant what it said: all personal information, not just credit card data, would be kept secret, and Hoang could control what was released. IMDb claims that its policies are not deceptive because IMDb tells consumers that it does not remove valid dates of birth. (Motion at 23:5-7.) But IMDb's failure to remove Hoang's birth date is not the deception at issue. IMDb made a false promise to consumers that it would safeguard their private information. That promise is deceptive.

### 2.    IMDb's unfair and deceptive acts affect the public interest and IMDb is likely to repeat its conduct.

The likelihood that additional plaintiffs "have been *or will be* injured in exactly the same fashion changes a factual pattern from a private dispute into one that affects the public interest." *Michael v. Mosquera-Lacy*, 140 Wn. App. at 152 (emphasis added.). As the Court noted when it dismissed IMDb's motion for judgment on the pleadings:

> Plaintiff's complaint alleges that "millions of people" are listed in the IMDb.com database, and although she does not include an allegation of how many people have been affected by Defendants' alleged practices, it follows that a substantial number of IMDbPro's customers may be affected if her allegations are true.

Dkt. No. 42. IMDb claims it is entitled to summary judgment because Hoang has not identified any other consumers that have been harmed. But Hoang does not need to prove that others have already been harmed; acts that are capable of repetition meet the public interest element. *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151 (2007)(debt collection notices sent to one plaintiff meet the public interest element).

IMDb's authority does not support its position that its misconduct is not likely to

be repeated. In *Burns v. McClinton*, 135 Wn. App. 285, 305-06 (2006), the court dismissed a CPA claim where the plaintiff had a unique relationship with the defendant, and the court found there was no likelihood that the unique relationship would be replicated with other consumers. Here, Hoang has exactly the same relationship with IMDb as does every other IMDb Pro consumer: she provided personal information to IMDb when purchasing IMDb's services over the Internet, trusting that IMDb would honor its Privacy Notice. IMDb refused to do so, and insists that it has the right to cull through private credit-card data for the purpose of "improving our site" even after it promised not to disclose that information. Repetition is virtually guaranteed.

## V.    CONCLUSION

IMDb promised consumers it would not use confidential information without notice. Even with such notice, it could only use the information for a limited purpose (such as responding to a subpoena). IMDb breached this privacy policy when it surreptitiously culled Hoang's birth name (which she held private) from her credit-card data, and gave it to a private-investigation website to conduct a background check without her knowledge or consent. With that, IMDb learned more private information about Hoang: her birth date that it published on the Internet. IMDb did not discover her birth date fairly and lawfully, but rather had to breach its privacy policy to find the information.

The defendants would like to escape liability because Hoang provided incorrect information in her effort to have IMDb remove a *false* birth date. But Hoang's request that IMDb delete a false birth date was not her consent to use private information in an effort to discover her real birth date. And even if she lied in an effort to have IMBb remove the information, the unclean-hands doctrine does not apply to breach of contract or consumer-protection act claims. If it did, IMDb would still be liable because it did not agree to the privacy policy based upon the alleged misrepresentations. Since Hoang can prove both a breach of contract and consumer-protection act violation, she respectfully

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   requests that the Court deny IMDb's motion and grant her summary-judgment motion

2   (Dkt. No. 109).

3

4          Dated this 17th day of December, 2012.

5

6                                      Respectfully Submitted,

7                                      NEWMAN DU WORS LLP

8

9                          By:    s/ Derek A. Newman
10                                Derek A. Newman, WSBA No. 26967
                                  Keith Scully, WSBA No. 28677
11                                Charlotte Williams, WSBA No. 42864
                                  Attorneys for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28