THE HONORABLE MARSHA PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMAZON.COM, INC., a Delaware corporation; and IMDb.COM, INC., a Delaware corporation,<br><br>                    Defendants. | No. 2:11-CV-01709-MJP<br><br>IMDB.COM, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT<br><br><u>**NOTED FOR MOTION CALENDAR:**</u><br>December 21, 2012 |

## I.     INTRODUCTION

Plaintiff Huong Hoang's ("Hoang") opposition to IMDb's motion for summary judgment attempts to obscure the central, undisputed facts in this case. Hoang relies on legal formality, a strained interpretation of IMDb's Privacy Policy, inapposite legal doctrines, hearsay and a damages theory that Washington courts have never recognized. But she cannot avoid the undisputed facts: Hoang placed her age at issue by providing a false birth date to IMDb, submitted false documents to IMDb in an attempt to get IMDb to change her birth date (and make her younger), and finally requested that IMDb investigate its records to determine her true age. To cut through her dishonesty once and for all, IMDb followed Hoang's direction and used her true name from its records to search for her birth date in a public records database. Hoang

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 1
24976-0480/LEGAL25421373.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

cannot demonstrate that she has suffered any injury as a result of IMDb's actions. Those undisputed facts warrant summary judgment in favor of IMDb.

## II.   ARGUMENT

### A.   The Court Should Dismiss Hoang's Claims Due to Her Unclean Hands

To permit Hoang to proceed with her claims in this action would be to reward her for her inequitable, dishonest, and deceptive conduct. This is precisely what the unclean hands doctrine seeks to avoid: "whenever a party . . . has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him[.]" *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244-45 (1933).

Hoang attempts to hide her dishonesty behind a formalistic distinction between law and equity, relying heavily on *Trident Seafoods Corporation v. Commonwealth Insurance Company*, 850 F. Supp. 2d 1189 (W.D. Wash. 2012). Dkt. No. 122. But *Trident Seafoods* does not reach as far as Hoang claims. The *Trident Seafoods* court rejected an unclean hands defense after the defendant conceded there was no intentional misconduct that had "an immediate and necessary relation to the requested relief," the necessary elements of the defense. 850 F. Supp. 2d at 1203-04. While the court also declined to apply the defense to legal claims because the plaintiff's actions were "not related to Trident's equitable claims," it did so without analysis and without relying on Washington law. *Id.* at 1204.

Other principles suggest that Washington courts would not protect Hoang's dishonesty with such formalism. Washington courts have long observed there is "one form of action to be known as a 'civil action.'" CR 2; *see also* Fed. R. Civ. Proc. 2; *DeCoria v. Red's Trailer Mart, Inc.*, 5 Wn. App. 892, 894 (1971) (referencing the "merger of law and equity in this state"). The unclean hands doctrine is no different from the contract doctrine precluding relief for plaintiffs who are themselves in breach of the contract. *Parsons Supply, Inc. v. Smith*, 22 Wn. App. 520, 523 (1979) (citing *Lea v. Young*, 168 Wn. 496 (1932)). Hoang agreed she would not submit false information, yet that is precisely what she did. Whether reasoned in law or equity, the result is

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 2
24976-0480/LEGAL25421373.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the same: a plaintiff cannot lie, dare the defendant to prove her wrong, and then ask the court to provide relief when her bluff is called.

Other courts make clear the distinction upon which Hoang relies is an anachronism: "Court opinions and commentaries since the procedural merger of law and equity in 1938 have expressed the view that the clean hands doctrine embodies a general principle equally applicable to damage actions, and that rights not suited for protection in equity should not be protected at law." *Metro Publ'g., Ltd. v. San Jose Mercury News, Inc.*, 861 F. Supp. 870 (N.D. Cal. 1994); *see also Olmstead v. United States,* 277 U.S. 438, 483-84 (1928) (Brandeis, J., dissenting) ("The maxim of unclean hands comes from courts of equity. But the principle prevails also in courts of law."); *Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors*, 786 F.2d 1400, 1408 (9th Cir. 1986); *Boca Raton Cmty. Hosp., Inc. v. Tenent Healthcare Corp.*, 238 F.R.D. 679 (S.D. Fla. 2006); *Smith v. Cessna Aircraft Co.,* 124 F.R.D. 103 (D. Md. 1989) (dismissing damages claim related to lost income where party lied about tax returns); *Buchanan Home & Auto Supply Co. v. Firestone Tire & Rubber Co.*, 544 F. Supp. 242 (D.S.C. 1981); *Smith v. Long*, 723 N.Y.S.2d 584, 587 (App. Div. 2001); *Grigg v. Robinson Furniture Co.*, 260 N.W.2d 898, 903 (Mich. Ct. App. 1977).

Moreover, Hoang *does* seek equitable relief in this lawsuit in each of her complaints in this matter, including the operative Second Amended Complaint. Dkt. Nos. 1, 34, 45 (asking for specific injunctive relief and "other legal and equitable relief that the Court deems appropriate"). Indeed, Hoang's recent motion for summary judgment asked this Court to "issue a permanent injunction requiring IMDb to remove Hoang's age from its public database." Dkt. No. 109 at 20. Thus, the doctrine of unclean hands applies to Hoang's claims even if the doctrine is limited to equitable relief. *Crafts v. Pitts*, 161 Wn.2d 16, 24 n.4 (2007) (unclean hands is "available to any defendant against whom performance is sought").

Nor can Hoang hide behind the erroneous argument that unclean hands applies only to fraud in the inducement, whereas Hoang's lies came after she subscribed to IMDbPro. Dkt. No.

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 3
24976-0480/LEGAL25421373.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

122 at 5. The doctrine of unclean hands does not apply singularly to inducement into a contract, as Hoang contends. *Crafts*, 161 Wn.2d at 24 n.4. Indeed, both cases cited in IMDb's Motion for Summary Judgment counter her conclusory statement. *See Adler v. Fed. Repub. of Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000) (unclean hands doctrine barred recovery where party knowingly entered into an illegal contract to pay illegal bribes and steal from a government treasury); *Kempf v. Barrett Bus. Servs., Inc.*, 336 Fed. Appx. 658, 661 (9th Cir. 2009) (holding, in part, purely that "unclean hands is applicable in a breach of contract action under California law"). In any event, Hoang's repeated misrepresentations induced the very actions by IMDb that she now claims are unlawful. Hoang repeatedly lied to IMDb and challenged IMDb to correct those lies. She can hardly complain that it did so. The Court should deny her any relief based on IMDb's responses to her actions.

No matter how many distinctions Hoang tries to draw, or ways she attempts to shift the blame, Hoang comes to this Court with unclean hands. Her claims should therefore be dismissed.

**B.     The Court Should Dismiss Hoang's Breach of Contract Claim**

   **1.     Hoang cannot show that IMDb breached any legal duty.**

In an effort to show a breach of contract, Hoang misconstrues the Subscriber Agreement and Privacy Policy and tries to reframe her requests that IMDb take action. Neither the contract nor the factual record supports her arguments.

Hoang first contends that IMDb breached the Subscriber Agreement and Privacy Policy by "sharing" Hoang's "personal information" with a public records search engine website. Dkt. No. 122 at 12. Her argument misreads the Privacy Policy. She points to the statement that subscribers "will always receive notice when information about you might go to third parties, and you will have an opportunity to choose not to share the information." Dkt. No. 100-7. The Subscriber Agreement must be read in its entirety and in context, and interpreted with the goal of ascertaining the parties' intent. *Moeller v. Farmers Ins. Co. of Wash.*, 173 Wn.2d 264, 271-71 (2011) (courts should view a contract "in its entirety and cannot interpret a phrase in isolation");

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 4
24976-0480/LEGAL25421373.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Tanner Elec. Co-op. v. Puget Sound Power & Light Co.*, 128 Wn.2d 656, 674, 911 P.2d 1301 (1996) ("The touchstone of contract interpretation is the parties' intent."). Hoang cannot rely on a single phrase of a contract in isolation. Further, the clear intent of this portion of the Subscriber Agreement is to protect user information from being sold to third parties for those third parties' commercial use, such as marketing companies. Indeed, the selected statement on which Hoang relies occurs in a larger section that begins:

> **Does IMDb Share the Information It Receives?**
>
> Information about our users is an important part of our business, and *we are not in the business of selling it to others*. Thus, for example, IMDb does not sell, and will never sell, information about you to external marketers, list brokers, or other third parties without user consent. Nor will we give such information to affiliated businesses or companies that we team up with to provide co-branded or jointly owned offerings unless you choose to take advantage of those offerings, and even then, any sharing of information is relating to the offering. Further, whenever we deal with user information, we will always comply with applicable laws and regulations when doing so.

Dkt. No. 100-7. This section does not address IMDb's use of data to confirm the accuracy of information on IMDb.com.

Further, IMDb acted consistently with its Privacy Policy. That policy provides that IMDb will use the information that users give to IMDb to respond to requests, customize browsing for the user, improving the IMDb.com website, and communicating with users. Dkt. No. 100-7. This is precisely what IMDb did in this case—used Hoang's information to respond to her repeated requests, to ensure accuracy of the data on the IMDb.com website, and to communicate with Hoang. The fact that the Court previously declined to dismiss Hoang's claims based on this provision is immaterial. Dkt. No. 122 at 13 (citing Dkt. No. 42). Discovery has shown what Hoang neglected to admit in her complaint: that she placed the false birth date on IMDb and then repeated asked IMDb to verify the date.

Contrary to her arguments, the evidence also shows that Hoang authorized IMDb's use of her information. She repeatedly demanded that IMDb correct the date of birth posted for her IMDb.com profile, lying to IMDb about the source of the information. *See* Dkt. Nos. 93-1, 93-7

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 5
24976-0480/LEGAL25421373.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

to 93-32. Her requests escalated to include correspondence from Hoang's attorney and other parties. Dkt. Nos. 93-26, 93-27. She confirmed her consent by demanding that IMDb "go back on [its] files" to investigate her birth date. Dkt. No. 93-22.

Finally, this situation does not present the issue of waiver, as Hoang contends. Dkt. No. 122 at 14. Instead, it is a situation involving Hoang's express consent (indeed, her repeated demands) to investigate her true age. As demonstrated by her inapposite legal citations, a waiver argument is illogical and does not apply. *See Bainbridge Is. Police Guild v. City of Puyallup*, 172 Wn.2d 398, 409-410 (2011) (finding no common law waiver where a police officer did not object to a public records request); *Wagner v. Wagner*, 95 Wn.2d 94, 102-03 (1980) (rejecting argument that a party waived his rights by his conduct when the conduct was required by the dissolution agreement). IMDb did not act upon Hoang's failure to object or her conduct—IMDb acted upon Hoang's express, direct instructions. No reasonable juror could conclude that IMDb took any action inconsistent with her express direction, just as no reasonable juror could conclude that IMDb "shared" Hoang's name with a third-party search engine by using that engine to investigate her true age—at her request.

## 2. Hoang cannot show that she incurred any damage due to IMDb's actions.

Hoang argues that she incurred two types of damages. First, she argues that she incurred inherent damage from the disclosure of so-called private information. Dkt. No. 122 at 7-8. Second, she argues that she incurred career damages in the form of lost auditions, roles, and income. Neither argument is sufficient to survive summary judgment.

### a. Hoang has no inherent damage from disclosure of public information.

For the first time, Hoang argues that her injury is "inherent" because her "personal information" has intrinsic value. Dkt. No. 122 at 7-8. As a threshold matter, the Court should disregard this claim because Hoang is making it for the first time in opposition to summary judgment. Hoang did not disclose this damages theory in her initial disclosures. Dkt. No. 100-5. She did not disclose it in any of her three damages calculations during discovery. Dkt Nos. 93-2,

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) – 6
24976-0480/LEGAL25421373.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

93-42, 93-43. This new contention and any novel evidence that Hoang brought up in her Opposition are prohibited by Federal Rule of Civil Procedure 37 and should not be considered. Fed. R. Civ. Proc. 37(c); *Fallar v. Compuware Corp.*, 202 F. Supp. 2d 1067, 1079-80 (striking and prohibiting plaintiff from relying on evidence that was produced after the close of discovery in addressing a motion for summary judgment and explaining that "[i]n opposing a motion for summary judgment a party may not rely on evidence produced after the close of discovery").

Moreover, this novel theory lacks any basis in Washington law. Hoang does not cite a single Washington case for the recovery of such damages. Instead, she supports this argument through a variety of law review articles regarding security breaches where "personally identifiable information" was compromised. The Court should decline Hoang's invitation to create a new theory of injury for Washington, particularly when the Legislature already has provided only a limited right of privacy. RCW 42.56.050 (stating that a violation of privacy only occurs when disclosure of such information would be "highly offensive" and is not "of legitimate concern to the public"); *see also Duncan v. N.W. Airlines, Inc.*, 203 F.R.D. 601, 606 (W.D. Wash. 2001) (explaining that Washington Supreme Court typically defers to the state legislature for the creation of new causes of action).

Even if Hoang's theory were cognizable, it would not apply. There was no security breach and IMDb did not sell Hoang's personal data. It is well established that there is no privacy interest in publicly available information, such as a date of birth. *Doe v. City of N.Y.*, 15 F.3d 264, 268 (2d Cir. 1994) ("Certainly, there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record."); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 493-96 (1975) (citing REST. SECOND TORTS §§ 652A-652E) (Action for privacy is not sustainable when a defendant "merely gives further publicity to information about the plaintiff which is already public. Thus there is no liability for giving publicity to facts about the plaintiff's life which are matters of public record.").

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (No. 2:11-CV-01709-MJP) – 7
24976-0480/LEGAL25421373.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Hoang cannot recover undefined "inherent" damages based on a claim that Washington does not recognize.

### b. Hoang has not provided any evidence that she suffered "career damages" as a result of IMDb's actions.

Hoang alleges that she suffered three forms of "career damages:" a decreased "audition rate," lost roles, and lost acting income. But she has not presented sufficient evidence of any of these claimed harms to survive summary judgment.

First, Hoang inadequately attacks IMDb's analysis of her audition history by admitting that she failed to comply with her responsibilities during the discovery phase of this litigation: specifically, that she failed to disclose "every time she submitted herself for a role" when Defendants requested such information in discovery. Dkt. 122 at 8; Dkt Nos. 93-2, 93-42, 93-43. She then asserts that because IMDb's Motion for Summary Judgment did not include submissions made by her agent or her "supplemental" declaration (which was improperly disclosed at this stage), it is inaccurate. But Hoang is bound by the evidence that she produced during discovery, and cannot rely on this evidence, produced after discovery closed. *Fallar*, 202 F. Supp. 2d at 1079-80. The Court should reject her attempt to create an issue of fact by declaration after discovery has closed is not permitted. *Smith v. Stockdale*, 166 Wn. App. 557, 567 (2012) ("When a party gives clear answers to unambiguous deposition questions that negate the existence of any genuine issue of material fact, that party cannot then create an issue by affidavit that without explanation merely contradicts previously given clear testimony.").

Second, Hoang argues that she lost acting roles, pointing to three roles that she claims she lost. She presents only inadmissible hearsay evidence to support her conclusion that that she lost these roles due to her age or due to IMDb's actions. Hoang first points to a role in the movie *Consequences*, which Hoang was told by a colleague that he was told by the casting director that she did not get the role because of her age. Dkt. No. 93-1 at 194:18-23; 196:2-5, 197:24-198:22. This is classic hearsay within hearsay, which is inadmissible on two levels due to its inherent

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 8
24976-0480/LEGAL25421373.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

unreliability. Fed. R. Civ. Proc. 805; *Webb v. Lewis*, 44 F.3d 1387, 1390 (9th Cir. 1994). Hoang is using this second-hand rumor precisely for the truth of the matter asserted: that she was did not get the part because of her age. Further, it is a factual impossibility that Hoang's failure to obtain this role was a result of IMDb's disclosure of her age: the film *Consequences* was actually released *two years* prior to Hoang's true date of birth being posted on IMDb.com. Decl. of Breena Roos in Supp. of IMDb.com, Inc.'s Reply, Exs. A & B.

Hoang points to a second role, in an industrial video, which she claims that she lost because a casting director said he "was worried about the age range portrayal." This also constitutes inadmissible hearsay. Dkt. No. 93-1 at 214:12-16. She fails to provide any other information about the industrial, the casting director himself, or any non-hearsay evidence that she did not receive the role because of her age. With respect to the third role, Hoang cannot link her rejection to IMDb in any way. Indeed, she explicitly testified that she did not send the casting director for the role a link to her IMDb.com profile. *Id.* at 218:16-18.

Finally, Hoang claims that she lost acting income, arguing, inexplicitly, that this Court should rely on her self-serving income records—which changed substantially over the course of just two weeks—rather than her own tax returns. She attempts to explain away the inconsistencies and inaccuracies in multiple calculations by asserting they are "minor changes" that "caused slight variations in the total acting income disclosed." Dkt. No. 122 at 9. But Hoang only revised those calculations after she was questioned on inaccuracies in her first set of records at her deposition. Dkt. No. 93-1 at 318:2-321:3, 324:2-3, 330:13-322:1, 334:2-338:17, 381:2-24; Dkt. No. 93-2 (Interrogatory 5); Dkt. No. 93-39 at 436:14-16, 437:2-9, 439:2-440:6, 442:21-443:13, 445:2-446:18, 453:14-454:11, 455:20-456:21, 457:5-18, 458:11-459:19; Dkt. No. 93-47; Dkt. No. 93-48 (Interrogatory 13). These were not, as Hoang describes, "supplemented discovery in an attempt to be fully responsive."

Hoang has failed to present evidence tying *any* harm to her acting career to IMDb's correction of her date of birth. She relies on hearsay and speculation when the objective evidence

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 9
24976-0480/LEGAL25421373.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

demonstrates that Hoang has received *more* auditions per submissions on her online casting websites since 2008, Dkt. No. 87-1, and that there was no real decrease in her acting income. Dkt. Nos. 93-35 to 93-38 (Hoang's tax information for 2008 through 2011). As outlined in IMDb's Motion for Summary Judgment, Hoang cannot prove this required element and her breach of contract claim fails.

### 3.     IMDb's Subscriber Agreement Limits Hoang's damages.

Hoang has not provided any factual support for her argument that the liability limitation in the IMDb Subscriber Agreement is substantively or procedurally unconscionable. *Tjart v. Smith Barney, Inc.*, 107 Wn. App. 885, 898 (2001) (stating that substantive unconscionability requires a showing that the agreement is "shocking to the conscience" and procedural unconscionability is a "lack of a meaningful choice"); *see also Torgerson v. One Lincoln Tower, LLC,* 166 Wn.2d 510, 519 (2009) (describing substantive unconscionability as a contract that is "shocking to the conscience," "monstrously harsh," or "exceedingly calloused").

Hoang's conclusory allegation that the Subscription Agreement has "unilateral restrictions," Dkt. No. 122 at 11-12, is insufficient to demonstrate either substantive or procedural unconscionability. *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 815 (2009) (holding contract was not procedurally unconscionable because the party failed to show a lack of meaningful choice, and not substantively unconscionable simply because it is unilateral). Hoang's Opposition merely recites the elements for a court to consider when analyzing procedural unconscionability, without any application to the facts at hand. Hoang has not carried her burden of demonstrating unconscionability.

The primary case cited by Hoang, *McKee v. AT & T Corp.*, 164 Wn.2d 372 (2008), does not establish that IMDb's limitation on damages is unconscionable. That case involved a one-sided attorneys' fees provision that attempted to limit the recoverable fees on actions outside of the contract, such as CPA claims. *Id.* at 399-400. The Court found that the provision was unconscionable based on a specific Washington statute. *Id.* That holding is inapplicable here.

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 10
24976-0480/LEGAL25421373.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## C. The Court Should Dismiss Hoang's Consumer Protection Act Claim

### 1. Hoang fails to prove deceptive or unfair conduct by IMDb.

Hoang's argument that IMDb's Privacy Policy has the "capacity to deceive" for purposes of the CPA suffers the same infirmity as her argument in support of her contract claim. Hoang's argument rests on the same strained reading of the provision of IMDb's Privacy Policy, which in part states that a subscriber "will always receive notice when information about you might go to third parties, and you will have an opportunity not to choose not to share the information." Dkt. No. 122 at 14-15. But, as described above, that interpretation is not supported by reason or logic, Washington principles of contract interpretation, or any cases cited by Hoang. *See* Section II.B.1., *supra*. For the same reasons, Hoang's CPA claim fails.

Even if Hoang's interpretation of the Privacy Policy as correct, however, it would not be sufficient to establish the first element of a CPA claim. That is, even if IMDb's Privacy Policy means solely that "Hoang could control what was released," Dkt. No. 122 at 15, IMDb acted under Hoang's direction—her repeated and numerous verbal and written requests—when it corrected the false information that Hoang originally submitted to IMDb. IMDb only used Hoang's legal name to locate her true birth date in a public database, and only after a year of correspondence with Hoang and her lawyer, and even then only after Hoang specifically demanded that IMDb consult its records for her accurate identity. IMDb did precisely what it said it would do—publish accurate data—in response to Hoang's request that it investigate this matter. As a matter of law, following Hoang's express requests cannot show a capacity to deceive a substantial portion of the public. *Smith v. Stockdale*, 166 Wn. App. 557, 567 (2012) (upholding grant of summary judgment because trial court found as a matter of law there was no deceptive or misleading conduct by the defendant).

### 2. Hoang fails to prove that IMDb's conduct "impacts the public interest."

With respect to the public interest element of the CPA, Hoang argues that she has "exactly the same relationship with IMDb as does every other IDMb Pro consumer." But Hoang

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 11
24976-0480/LEGAL25421373.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

misunderstands the "impacts the public interest" element of her CPA claim. As outlined in IMDb's Motion for Summary Judgment, this element requires that the plaintiff establish a likelihood that additional plaintiffs *have been or will be injured* "in exactly the same fashion." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Hoang has not shown *any* evidence that constitutes "*real* and *substantial* potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive acts being repeated." *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604-05 (2009) (quoting *Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30, 52 (1984)) (emphasis added).

Hoang simply states that there are "countless consumers" who have joined IMDbPro, all of whom agreed to the same or substantially the same policies. This truism does not equate to a showing that IMDb's conduct "impacts the public interest." If it did, then any breach of a website's terms of service would be subject to a CPA claim. Hoang has not shown IMDb's actions here—using Hoang's customer information to verify information on its website—was part of a pattern or generalized course of conduct or that there is a real and substantial potential for repetition of this conduct. Nor can she; the only evidence in the record on this point demonstrates that she is the *only* customer to whom this has ever happened, and it only occurred in this instance because of unique communications between Hoang and IMDb. *See* Dkt. No. 86.

### 3.  Hoang fails to show injury

Hoang must prove injury to her business or property to recover under the CPA. *Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins. Co.*, 150 Wn. App. 1, 12-13 (2009). She has not even addressed this element of her CPA claim in her Opposition. As outlined in IMDb's Motion for Summary Judgment and in Section II.B.2, *supra*, Hoang has not presented any evidence to show that she incurred a decrease in acting income due to IMDb's conduct. A reasonable jury could not find that Hoang has suffered injury sufficient to support of her CPA claim.

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 12
24976-0480/LEGAL25421373.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### III.  CONCLUSION

For the forgoing reasons, the Court should grant IMDb's Motion for Summary Judgment and dismiss Hoang's claims with prejudice.

DATED: December 21, 2012

s/ Breena M. Roos
Charles C. Sipos, WSBA #32825
Breena M. Roos, WSBA #34501
Ashley A. Locke, WSBA #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email:  CSipos@perkinscoie.com
           BRoos@perkinscoie.com
           ALocke@perkinscoie.com

Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 13
24976-0480/LEGAL25421373.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify that on December 21, 2012, I electronically filed the foregoing IMDB.COM, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record

| | |
|---|---|
| **Derek Alan Newman** | ___ Via hand delivery |
| **Keith Scully** | ___ Via U.S. Mail, 1st Class, Postage Prepaid |
| **Charlotte Williams** | ___ Via Overnight Delivery |
| Newman Du Wors LLP | ___ Via Facsimile |
| 1201 Third Avenue, Ste 1600 | ___ Via Email |
| Seattle, WA 98101 | _X_ Via ECF _____ |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of December, 2012.

> s/ Breena M. Roos
> Charles C. Sipos, WSBA No. 32825
> Breena M. Roos, WSBA No. 34501
> Ashley Locke, WSBA No. 40521
> **Perkins Coie LLP**
> 1201 Third Avenue, Suite 4800
> Seattle, WA 98101-3099
> Telephone: 206.359.8000
> Facsimile: 206.359.9000
> E-mail: csipos@perkinscoie.com
> E-mail: broos@perkinscoie.com
> E-mail: alocke@perkinscoie.com
> Attorneys for Defendants Amazon.com, Inc.
> and IMDb.com, Inc.

IMDb.COM, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
(No. 2:11-CV-01709-MJP) – 14
24976-0480/LEGAL25421373.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000