Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation,<br><br>Defendants. | NO. 11-cv-01709-MJP<br><br>PLAINTIFF'S MOTION IN LIMINE<br><br>NOTE ON MOTION CALENDAR:<br><br>March 22, 2013 |

PLAINTIFF'S MOTION IN LIMINE         **NEWMAN DU WORS LLP**         1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. FACTS ....................................................................................................................1

    A. Hoang alleges that IMDb breached a contract and violated the CPA by misusing her personal information. ............................................................1

    B. The parties met and conferred. ..................................................................3

III. DISCUSSION ........................................................................................................3

    A. The parties agree that certain evidence should be excluded. .....................3

    B. Testimony about Hoang's foreign birth certificate, a copy of a United States passport with the birth date allegedly obscured, and a novelty ID card should be excluded because the testimony is irrelevant and unduly prejudicial. .................................................................................................4

    C. Even if testimony regarding the birth certificate, passport, and driver's license is allowed, the documents themselves should be excluded. ............6

    D. Testimony about who originally submitted Ms. Hoang's 1978 birth date is irrelevant and confusing. ........................................................................7

    E. Ms. Hoang's tax returns should be excluded. ............................................7

    F. Hoang's United States passport and Texas driver's license has no relevance and should be excluded. .............................................................8

    G. Communication between IMDb staff postulating that Hoang may have supplied incorrect information about a film credit is both hearsay and irrelevant. ...................................................................................................8

IV. CONCLUSION ......................................................................................................9

## I.   INTRODUCTION

This case is very simple: IMDb misused Hoang's credit card information to discover and post her actual age on IMDb's public website, thereby breaching a contract with Hoang and violating Washington's Consumer Protection Act. IMDb proposes to proffer evidence of collateral issues that can only distract the jury from these simple facts. Hoang moves in limine to exclude information either irrelevant or likely to unfairly prejudice Hoang, confuse the jury, or waste time, including testimony or evidence relating to:

- Whether Hoang presented a novelty driver's license and obscured the date of birth on a passport and birth certificate after IMDb demanded that she produce proof of age;
- Whether Ms. Hoang's agent or Ms. Hoang submitted a 1978 date of birth;
- Whether Ms. Hoang erroneously reported an acting credit;
- Tax returns.

## II.   FACTS[1]

**A.   Hoang alleges that IMDb breached a contract and violated the CPA by misusing her personal information.**

IMDb is the Internet Movie Database, a website providing information about actors and movies. IMDb does not post complete information about each actor. (Dkt. No. 115, Hoang Decl. ¶ 7.) Some IMDb profiles include an actor's purported age, while others do not. (Dkt. No. 115, Hoang Decl. ¶ 7; *see Id.* Exs. C-1–C-3.)

In 2004, Hoang established an IMDb profile. Knowing that information on IMDb's database—as opposed to IMDb's internal customer records—is public, Hoang initially did not provide a birth date for her profile. (Dkt. No. 115, Hoang Decl. ¶ 10.) Later, Hoang entered a 1978 birth date as an attempt to "flesh out" her acting persona's biographical details. (Dkt. No. 111, 7/26/2012 Hoang Dep. at 255:2-10.)

IMDb offers a subscription service, IMDb Pro, that allows acting industry

---

[1] Hoang provides a summary of the case here, and further facts as necessary within each argument section.

MOTION IN LIMINE - 1         **NEWMAN DU WORS LLP**         1201 Third Avenue, Suite 1600
                                                            Seattle, Washington 98101
                                                            (206) 274-2800

professionals to use advanced search tools and other features of the IMDb website. In 2004, Hoang subscribed to IMDb Pro. (Dkt. No. 111, 7/26/2012 Hoang Dep. at 122:7-125:20.) Although the subscription was free to try, IMDb required her to provide credit-card billing information. (Dkt. No. 115, Hoang Decl. ¶ 11.)

IMDb Pro is governed by terms of service that include a privacy policy guaranteeing that "you will always receive notice when information about you might go to third parties, and you will have an opportunity to choose not to share the information." (Dkt. No. 115, Hoang Decl. at ¶ 9, Ex. D-2 at 1.) Trusting the policy, Hoang provided her credit card when she signed up for IMDbPro.

Rethinking her decision to enter an incorrect birth date, in 2007 and 2008 Hoang repeatedly asked IMDb to remove the information and leave her age unknown like other performers listed in the database. (Dkt. No. 111, IMDb's Ans. to 1st ROGS at 7:40-48; Dkt. No. 115, Hoang Decl. at ¶ 14, Exs. E-1—E-12.) But instead, IMDb searched for Hoang's legal name and personal information in their confidential payment records. (Dkt. No. 111, Cairella 30(b)(6) Dep. at 31:15-32:16, 36:12-16; Cairella Dep. Ex. 7; Scully Decl. at Ex. J, August 3, 2012 of Thomas Whitcomb (the "Whitcomb Dep.) at 10:2-17.) IMDb then obtained Hoang's birth date by using her publicly-unknown legal name to conduct a paid search on a restricted database called PrivateEye.com. (Dkt. No. 111, Cairella Dep. at 46:7-47:17, 58:25-59:9, Ex. 6.)

Hoang was damaged by IMDb's actions. After IMDb publicly disclosed Hoang's age, her work slowed. (Dkt. No. 111, 7/26/2012 Hoang Dep. 221:2-222:3.) She received half as many roles than before IMDb posted her age. (Dkt. No. 111, 8/7/2012 Hoang Dep. at 464:6-465:1; Kolkowitz Dep. at 47:14-25.) In addition to lost earnings, IMDb's public disclosure of Hoang's age after she worked for years to keep it secret causes Hoang emotional distress. (Dkt. No. 115, Hoang Decl. at ¶ 18.) She is seeing a therapist, and suffers from daily anxiety and sleep loss. (Dkt. No. 111, 7/26/2012 Hoang Dep. at 376:16-378:4; Dkt. No. 115, Hoang Decl. at ¶ 18.)

Finally, Hoang suffered damages because privacy has value. IMDb damaged

MOTION IN LIMINE - 2  **NEWMAN DU WORS LLP**  1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Hoang by taking something she assigns value to and using it to improve IMDb's business. If Hoang was required to prove that she lost money, all privacy policies would be illusory. If personal information has no value, then agreeing to keep it private is a hollow promise that can be discarded at will.

There is a strong chance IMDb's misconduct will be repeated and damage other actors. IMDb conducted at least 24 different PrivateEye searches for other actors in recent history. (Dkt. No. 111, Cairella Dep. at Ex. 7.) IMDb enables age discrimination in Hollywood—leading to the Screen Actors Guild and the American Federation of Television and Radio Artists (SAG-AFTRA) repeatedly petitioning IMDb to remove birth dates upon request. (Dkt. No. 115, Hoang Decl. at ¶¶ 19-20 , Exs. F-G.). Hoang seeks damages for breach of contract, and, because IMDb's actions harm the public interest and are likely to be repeated, she also seeks injunctive relief and damages under Washington's CPA.

**B.    The parties met and conferred.**

On February 28, 2013, the parties met and conferred, and reached agreement on some but not all of the disputed issues.

### III.    DISCUSSION

To be admissible, evidence must first be relevant. Fed. R. Evid. 402. A trial court has broad discretion to exclude even relevant evidence that will cause unfair prejudice, confuse the issues, mislead the jury, unduly delay proceedings, waste time, or needlessly present cumulative evidence. Fed. R. Evid 403; *Machado v. Johnson*, 191 Fed. Appx. 531, 533 (9th Cir. 2006).

**A.    The parties agree that certain evidence should be excluded.**

The parties agree the following information should be excluded:

- Ms. Hoang's personal relationships.
- Communications between the parties related to settlement.[2]

---

[2] Hoang 000134-37; IMDb 000064-67

MOTION IN LIMINE - 3    **NEWMAN DU WORS LLP**    1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

- Birthday cards to Hoang.[3]
- Four emails between Hoang and her agent Joe Kolkowitz.[4]
- A letter from a talent agency to IMDb about Hoang's birth date.[5]

**B. Testimony about Hoang's foreign birth certificate, a copy of a United States passport with the birth date allegedly obscured, and a novelty ID card should be excluded because the testimony is irrelevant and unduly prejudicial.**

Hoang communicated repeatedly with IMDb seeking to have her age removed from IMDb's public website. IMDb refused, and instead demanded that Hoang prove her date of birth. IMDb claims that although Hoang provided her Vietnamese birth certificate and a U.S. Passport, she obscured the dates of birth and other details when doing so. IMDb also seeks to introduce evidence that Hoang provided IMDb with a Texas "novelty" ID card showing an incorrect date of birth.

IMDb wants to introduce this evidence to prove that Hoang is undeserving of relief regardless of whether she proves each element of her claims, arguing in summary judgment that "[i]t is hard to imagine a plaintiff less deserving of legal assistance than Hoang." (Dkt. No. 84, IMDb's Motion for Summary Judgment at 11:48.) But our legal system does not allow an unbridled weighing of whether a plaintiff "deserves" recovery. The jury is not tasked with determining whether Hoang is deserving. Rather, the jury must determine whether Hoang met her burden to prove each element of her claims.

Whether Hoang obscured her date of birth and used a novelty ID card has no relevance to whether IMDb breached a contract by using her credit card information, nor is it relevant to Hoang's CPA claims, or any of IMDb's defenses. And even if the evidence was relevant, it should be excluded because it is unfairly prejudicial. Evidence is unfairly prejudicial where it suggests a decision on an improper basis. *Sornia v. El Centro Elem. Sch. Dist.*, 285 Fed. Appx. 337, 339 (9th Cir. 2008). And prejudice must be

---

[3] Hoang 000674-79
[4] Kolkowitz 00001, 7, 8, and 9.
[5] Hoang 000003.

weighed against probative value. *United States v. Etsitty*, 140 F.3d 1274 (9th Cir. 1998).

There is no probative value in that testimony. IMDb will use it to convince the jury that since Hoang may not have been forthcoming once, the jury cannot trust her ever. But Evidence Rule 608 provides that credibility may only be attacked through testimony about the witness's reputation for truthfulness, or an opinion about character. The testimony that IMDb proffers is not about her reputation or character. And even testimony allowed under ER 608 must be balanced with ER 403. That balance resolves in Hoang's favor because the testimony is highly prejudicial without providing the jury with meaningful evidence to consider about liability.

Moreover, testimony regarding Hoang's novelty driver's license, a passport, and her Vietnamese birth certificate—and whether those documents are real or legal—will confuse the jury and waste time. Hoang is unduly prejudiced by evidence that she is not a United States-born citizen, a fact that has no bearing on any issue in the case.

IMDb claims that the testimony relates to its unclean-hand defense. But Washington does not recognize an unclean hands defense to claims at law rather than equity. If this Court were to apply California law as IMDb requests, unclean hands only applies when a plaintiff fraudulently induced a defendant to enter into a contract, or fraudulently obtained a benefit from the defendant. *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985). For example, in *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987), Fuddruckers alleged that a restaurant infringed its trade dress. The restaurant claimed that unclean hands barred Fuddruckers from a remedy because Fuddruckers lied about using genuine steak. The Ninth Circuit affirmed that the defense did not apply because "the misstatement is not material" to whether the plaintiff induced the defendant to give up a benefit. *Id.*

Evidence that Hoang misrepresented her age and presented misleading documents does not support IMDb's unclean hands defense. At the time Hoang allegedly attempted to mislead IMDb, the contract between IMDb and Hoang was complete. Hoang had already paid to become a member of IMDbPro. Moreover, Hoang's age has nothing to do

with her payment to IMDb for IMDb's services. Hoang was not attempting to get a benefit from IMDb by presenting a passport and Vietnamese birth certificate, and so those documents do not support a defense to IMDb's breach of contract.

**C.     Even if testimony regarding the birth certificate, passport, and driver's license is allowed, the documents themselves should be excluded.[6]**

Even if IMDb is allowed to question Hoang about whether she presented the birth certificate, passport, and driver's license, Fed.R.Evid. 608 prohibits the introduction of extrinsic evidence—like the documents allegedly used by Hoang— of other alleged wrongs to challenge credibility. *United States v. Castillo*, 181 F.3d 1129, 1132 (9th Cir. Cal. 1999). In *Castillo*, the Ninth Circuit distinguished impeachment by contradiction, which allows the introduction of extrinsic evidence pursuant to Fed.R.Evid. 607 to disprove testimony, from the introduction of evidence to disprove general veracity which is barred by Fed.R.Evid. 608. Here, Hoang has not testified about the documents, and there is thus no basis to impeach her with them. Instead, IMDb merely argues that her credibility is in question because she used allegedly misleading documents. The documents are precisely the extraneous evidence Fed.R.Evid. 608 prohibits IMDb from introducing.

In addition, the introduction of these documents will waste time on collateral issues. IMDb alleges that the birth date is obscured on the passport and birth certificate. Hoang included an electronic link to a website to show these documents to IMDb. IMDb will need to present evidence that any alleged blurring is not accidental or merely a part of the document-scanning process. Because IMDb has not identified a computer forensics expert, introducing those documents leaves it up to the jury to guess what happened.

Further, the birth certificate is in Vietnamese. IMDb has not identified a Vietnamese translator or provided a translation. Hoang is not fluent in Vietnamese, and is

---

[6] Hoang 000064-65, 70, 163. Further, IMDb 000945-46 and 1035-37 are emails including copies of these documents.

MOTION IN LIMINE - 6          **NEWMAN DU WORS LLP**          1201 Third Avenue, Suite 1600
                                                                Seattle, Washington 98101
                                                                (206) 274-2800

not admitted as a court-certified interpreter. The jury will be consequently left to guess what the birth certificate means.

### D. Testimony about who originally submitted Ms. Hoang's 1978 birth date is irrelevant and confusing.

IMDb claims that Hoang misrepresented who originally provided the erroneous 1978 date of birth to IMDb. Hoang is an employee of Nexus Films. She submitted her 1978 date of birth to IMDb using a Nexus Films email account, and later told IMDb that her agent—Nexus—submitted the date of birth. The origin of the 1978 date of birth has no bearing on this dispute. And testimony about which email account was used and why will do nothing more than waste time and confuse the jury.

### E. Ms. Hoang's tax returns should be excluded.[7]

IMDb seeks to admit Hoang's tax returns to impeach her damages evidence. But Hoang believes she is not required to report small amounts of acting income unless she was issued a W-2 or 1099 reporting form for a particular role. Because Hoang did not report all her acting income, the tax returns are inherently unreliable evidence of how much she made acting. Evidence that is inherently unreliable may be excluded. *United States v. Jones*, 123 Fed. Appx. 773, 775 (9th Cir. 2005).

Further, allowing IMDb to introduce documents showing that Hoang did not report all her income raises the collateral issue of whether Ms. Hoang properly completed her tax returns, both confusing the jury as to what they must determine and potentially unfairly prejudicing Hoang by suggesting that the jury should decide the case based on her compliance with tax law. Moreover, if IMDb is allowed to open the door to whether Ms. Hoang reported her income, Ms. Hoang will need to respond regarding why she did not—potentially including calling a rebuttal expert witness on the tax code, substantially distracting from the core issues in the case. Ms. Hoang's understanding of the tax code—

---

[7] Hoang 000035-38, 40-42, 50-55, 58-63

and whether her belief is correct—will waste jury time and confuse the issues.

Further, even if IMDb was entitled to challenge Ms. Hoang's credibility by asking if Ms. Hoang reported her income to the IRS, there is no basis to introduce the tax returns themselves unless Ms. Hoang testifies to the contrary. Fed. R. Evid. 608; *Jones*, 123 Fed. Appx. at 775.

### F. Hoang's United States passport and Texas driver's license have no relevance and should be excluded.[8]

In addition to the allegedly blurred website image of a passport presented to IMDb, IMDb seeks to introduce a copy of Hoang's actual passport and Texas driver's license produced during discovery. IMDb's reason for doing so is unclear: neither of these documents nor any information on them is in dispute. Hoang's identity, true name, and actual date of birth are not disputed facts. And Hoang never presented or used her actual passport or driver's license in her interactions with IMDb. Further, even if the documents were relevant, any slight relevance is outweighed by the risk to Hoang of identity theft by having her identity documents publicly available through court records.

### G. Communication between IMDb staff postulating that Hoang may have supplied incorrect information about a film credit is both hearsay and irrelevant.[9]

In an internal communication, two IMDb employees posited that Hoang might have misreported an acting credit, and later discussed whether her date of birth is accurate. This information is hearsay. During the parties' conference, IMDb theorized that it was admissible because it was the statement of a party. But Fed.R.Evid. 801(d)(2) only allows admission of statements of a party-opponent, not a party's own statements.

The information is false. But even if was not hearsay and true, it would still be inadmissible. Whether Hoang misreported a completely unrelated matter has no bearing on any issue in the case. And Fed.R.Evid. 608 prohibits IMDb from introducing extrinsic

---

[8] Hoang 000071
[9] IMDb 000012-13, 24

MOTION IN LIMINE - 8    **NEWMAN DU WORS LLP**    1201 Third Avenue, Suite 1600
                                                   Seattle, Washington 98101
                                                   (206) 274-2800

evidence of alleged dishonesty to impeach Hoang's credibility generally. Likewise, IMDb employees' opinion regarding Hoang's date of birth is irrelevant and inadmissible lay opinion testimony.

## IV. CONCLUSION

IMDb seeks to distract the jury's focus from whether IMDb breached a contract and violated the CPA by introducing evidence that Hoang presented false information about her age. But Hoang's alleged misrepresentations have no relevance. And even if they were relevant, the prejudice to Hoang of suggesting that the jury can decide the case by deciding if she is "deserving of legal assistance"—as IMDb puts it— by considering collateral issues mandates exclusion.

Thus, the Court should exclude:

1. Whether Hoang presented a novelty driver's license and obscured the date of birth on a passport and birth certificate after IMDb demanded that she produce proof of age;
2. Whether Ms. Hoang's agent or Ms. Hoang submitted a 1978 date of birth;
3. Whether Ms. Hoang erroneously reported an acting credit to IMDb;
4. Tax returns;
5. Ms. Hoang's personal relationships;

The Court should also exclude the following documents:

A. Communications between the parties related to settlement, including Hoang 000134-37 and IMDb 000064-67;
B. Four emails between Hoang and her agent Joe Kolkowitz, including Kolkowitz 00001, 7, 8, and 9;
C. A letter from a talent agency to IMDb about Hoang's birth date, including Hoang 000003;
D. A novelty driver's license, copy of United States passport on a website, and Vietnamese birth certificate, including Hoang 000064-65, 70, 163, and IMDb 000945-46 and 1035-37;
E. Ms. Hoang's tax returns, including Hoang 000035-38, 40-42, 50-55, 58-63;
F. Ms. Hoang's United States passport and Texas driver's license, including Hoang 000071;

G. IMDb logs and internal communications regarding Hoang's date of birth and screen credits, including IMDb 000012-13, 24.

Dated this 4th day of March, 2013.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: <u>s/ Derek A. Newman</u>
Derek A. Newman, WSBA No. 26967
Keith Scully, WSBA No. 28677
Charlotte Williams, WSBA No. 42864
Attorneys for Plaintiff