THE HONORABLE MARSHA PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUONG HOANG, an individual, | CASE NO. C11-1709MJP |
| Plaintiff, | IMDB.COM, INC. AND AMAZON.COM, INC.'S MOTIONS IN LIMINE |
| v. | **Noting Date: March 22, 2013** |
| AMAZON.COM, INC., a Delaware corporation, and IMDB.COM, INC., a Delaware corporation, | |
| Defendants. | |

## I.    INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, 403, 801 and 802 and Federal Rule of Civil Procedure 37, Defendants Amazon.com, Inc. ("Amazon") and IMDb.com, Inc. ("IMDb" and collectively with Amazon, "Defendants") move the Court to preclude plaintiff Huong Hoang ("Hoang") from presenting the following undisclosed, hearsay, or irrelevant evidence at trial:

1.  Seventy-one exhibits identified in Hoang's Pretrial Statement but not previously produced in discovery;

2.  Documents and testimony regarding alleged age discrimination in the entertainment industry; and

IMDB AND AMAZON'S MOTIONS IN LIMINE
(No. C11-1709MJP) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24976-0480/LEGAL25729372.6

3.   Statements about IMDb's policies and practices regarding publication of actors' dates of birth.

## II.   FACTS

Defendants have provided an extensive discussion of the facts of this case in previous briefing to the Court. To avoid unnecessary repetition, they therefore incorporate the statement of facts in IMDb's Motion for Summary Judgment, Dkt. No. 82.

Prior to filing this motion in limine, counsel for Defendants met with Hoang's counsel in a good-faith effort to resolve Defendants' objections voiced herein. Decl. of Ashley Locke ("Locke Decl."), ¶ 2. Hoang refused to withdraw any of the evidence. *Id.*

## III.   ARGUMENT

**A.   This Court Should Exclude Evidence Not Properly Disclosed in Discovery**

**1.   Hoang identified 71 trial exhibits not previously produced or identified during discovery.**

In Hoang's initial disclosures, served on January 27, 2011, she identified documents relevant to her case as merely "history of earnings and tax records." Locke Decl., Ex. A. She further stated that she was "in the process of locating and identifying other discoverable documents including those she may use to support her claims or defenses, and will produce those documents once located." *Id.* Hoang did not supplement these written initial disclosures, but did produce 881 pages of documents in discovery. *Id.* ¶ 3. Discovery in this matter closed on August 10, 2012. Dkt. No. 38. In September 2012, Hoang sought to reopen discovery to seek additional information and introduce new evidence. Dkt. No. 172. This Court denied that request. Dkt. No. 80.

Hoang served her Pretrial Statement on February 6, 2013. Despite the parties' previous agreement that trial would last one to two days, *see* Dkt. No. 36 ¶13, Plaintiff identified 447 exhibits and 19 witnesses. Ignoring this Court's prior order denying Hoang the opportunity to introduce new evidence, 71 of her trial exhibits were not produced in discovery or identified in

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Hoang's initial disclosures. Locke Decl., Exs. B. C. The exhibits fall generally into the following categories:

- **Correspondence between a third party and IMDb.** Hoang identified as exhibits email communications between IMDb and a third party regarding the third party's IMDb profile. *See* Trial Exs. 19-21.[1] These emails pre-date this litigation. *Id.*

- **Correspondence between Hoang and Third-Party Websites.** Hoang identified emails between herself and third-party websites who publish acting profiles similar to those on IMDb. Trial Exs. 22, 44-46, 223. In these emails, Hoang asked that the third parties change the date of birth reflected in her profiles on those websites. *Id.* Notably, all of the emails predate this litigation. *Id.*

- **Third-Party Emails Requesting Hoang's Autograph.** Hoang also identified various emails from third parties asking for Hoang's picture and/or autograph. Trial Ex. 225. These emails pre-date the close of discovery in this matter. *Id.*

- **IMDb Profiles.** Hoang identified various profiles of unrelated third parties. Trial Exs. 366-70, 374-80, 392-402, 405-416, 418-427, 429, 432. While the identities of 18 of the entertainment professionals featured in the profiles were disclosed during discovery, 27 of them were never disclosed. Locke Decl., ¶ 4. Moreover, Hoang never disclosed her intent to use these profiles before listing them in her Pretrial Statement. *Id.* Further, she identified one IMDb page for a film (The Hunger Games), in which Hoang did not act or appear. Trial Ex. 430.

- **Facebook Profile.** Hoang identified pages from the Facebook profile for "Mary Nguyen" that feature her photograph, including pages titled "Biographical Info," "Photo Stream," and "Profile Page." Trial Exs. 259-261.

---

[1] The trial exhibits challenged in this motion are cited to by trial exhibit number and attached to the Locke Declaration as Exhibit C.

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

o **Statements Regarding Age Discrimination in Hollywood.** Hoang identified two new documents relating to age discrimination in Hollywood generally. First, she identified a document prepared by the Screen Actors' Guild ("SAG") Research & Economics Department titled "SAG Capped Session Earnings by Gender and Age," dated November 2011. Trial Ex. 350. Second, a news article published on www.thewrap.com regarding the settlement of an age discrimination suit by television writers, dated January 22, 2010. Trial Ex. 356.

o **Statements About IMDb's Policies Regarding Actor Dates of Birth.** Hoang identified three statements about IMDb's policies regarding publishing actors' dates of birth on their profiles. First, she identified an online petition requesting that IMDb change its policy, which appears to have been online since at least September 2010. Trial Ex. 317. Second, she identified a news article published on www.thewrap.com regarding IMDb's policy titled "Battle Raging Over Age Listings on IMDb," dated June 16, 2010. Trial Ex. 355. Third, she identified a SAG press release titled "Screen Actors Guild and AFTRA Deplore Age Discrimination Facilitated by IMDb.com and Similar Online Databases," dated October 27, 2011. Trial Ex. 448.

o **Casting Frontier Biography.** Hoang identified a biography on the website www.castingfrontier.com, which she uses to submit her resume for acting roles. Trial Ex. 264. Hoang previously produced over 25 pages from her Casting Frontier account, but has not explained why she did not produce this page.

o **New Evidence Supporting Hoang's Damages Theories.** Likely produced to support her damages theories, Hoang identified a spreadsheet listing her projects by year. Trial Ex. 268. Notably, this is the *third* version of this spreadsheet Hoang has identified in this litigation (the first two were properly disclosed during

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL25729372.6

discovery), and each time Hoang has added projects to the spreadsheet and changed the designated year for other projects. Hoang also identified a copy of her IMDb filmography that contains handwritten years next to certain projects. Trial Ex. 265. Finally, she identified what appears to be an email with her therapist regarding the costs she has paid for therapy sessions. Trial Ex. 224.

o **Privateye.com Terms and Conditions.** Hoang has identified a printout from www.privateeye.com listing its "Terms and Conditions." Trial Ex. 348. Hoang previously produced numerous documents from privateeye.com, and has not explained why she did not produce this particular page.

### 2. Evidence not produced in discovery is inadmissible.

Evidence that has been deliberately withheld in discovery is inadmissible at trial. Fed. R. Civ. Proc. 37(c)(1) ("A party without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, or on a motion any witness or information not so disclosed."); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008) (granting motion in limine to exclude evidence of undisclosed damages); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (holding courts can exclude evidence from untimely disclosed witness absent substantial justification for failure to disclose); *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992) (recognizing district court's inherent power to exclude evidence as a sanction for failing to comply with discovery).

Federal Rule of Civil Procedure ("Civil Rule") 37 "gives teeth to [discovery] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming trial court's exclusion of expert testimony even though the party disclosed the expert's identity, had violated no court order and there was no evidence of

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL25729372.6

bad faith or willfulness). In *Yeti by Molly*, the Ninth Circuit noted that "[t]he Advisory Committee Notes describe [Civil Rule 37] as a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material'" and that "[c]ourts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." 259 F.3d at 1106 (alterations in original); *see also Mealing v. City of Ridgefield*, No. C05-5778FDB, 2007 WL 1367603, at *1 (W.D. Wash. 2007) (following *Yeti*).

As discussed above, Hoang has identified 71 trial exhibits not previously disclosed in discovery. These include numerous third-party communications, almost 50 separate IMDb profiles regarding unrelated third parties, and third-party statements published online. By failing to disclose these documents in discovery, Hoang has denied Defendants the opportunity to examine Hoang and other witnesses regarding their contents. Further, by identifying such exhibits just before trial, Hoang is attempting to circumvent this Court's ruling that she is not entitled to reopen discovery. *See* Dkt. No. 80.

There are only two exceptions to Civil Rule 37(c)(1): a court may allow undisclosed evidence if the party's failure to disclose the required information is substantially justified or harmless. *Yeti by Molly*, 259 F.3d at 1106. Hoang cannot show either. *Id.* at 1107. All of these documents pre-date the close of discovery or contain information that Hoang could have provided (such her newly created damages support) during the discovery period. When counsel met and conferred, the only justification Hoang's counsel gave was that counsel received documents from their client "late in the game". Locke Decl. ¶ 5. Counsel's failure to properly investigate or conduct thorough discovery is hardly a justification at all, much less a substantial justification. *See*, *e.g.*, Fed. R. Civ. Proc. 26(a)(1)(E) ("A party is not excused from making its disclosures because it has not fully investigated the case...."); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (excluding untimely disclosed witness under Rule 37 where party did not conduct timely discovery because he "simply failed to read the

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 6

24976-0480/LEGAL25729372.6

court's scheduling order"); *Klonoski v. Mahlab*, 156 F.3d 255, 272 (1st Cir. 1998) (finding failure to receive evidence until days before trial insufficient justification when it was the party's fault); *Norden v. Samper*, 544 F.Supp.2d 43, 49-50 (D.D.C. 2008) (finding no substantial justification due to the client's failure to present the document to counsel and stating "[s]loppy responses to the opposing party's discovery do not constitute substantial justification.").

While the burden to show "harmlessness" falls on the proponent of the evidence (here, Hoang), *Torres v. City of Los Angeles*, 548 F.3d 1197, 1214 (9th Cir. 2008) (stating that "[p]laintiffs were not required to articulate how they would be prejudiced by Defendants' failure to provide an expert report"), Hoang's late disclosure of trial exhibits is highly prejudicial to Defendants. Her conduct forces Defendants to proceed at trial with 67 new exhibits, regarding which they have had no opportunity to conduct discovery. Hoang effectively denied Defendants the ability to respond to these new trial exhibits and evidence in a meaningful way: Defendants were not able to ask questions about them in any deposition, contact other third parties who may have knowledge, or investigate further to prepare rebuttal. *See Yeti by Molly*, 259 F.3d at 1107 (citing *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 786 (7th Cir. 2000)) (upholding principle that inability to conduct discovery on delinquently disclosed trial evidence warrants "'automatic' sanction of exclusion"). Accordingly, this Court should exclude those exhibits not properly disclosed in discovery.[2]

**B.   This Court Should Exclude Evidence Regarding Alleged Age Discrimination in the Entertainment Industry**

**1.   Hoang intends to submit evidence regarding age discrimination in the entertainment industry.**

In her summary judgment briefing, Hoang relied on hearsay evidence regarding age discrimination in Hollywood generally. Hoang's agent Joe Kolkowitz submitted a declaration that included, among other things, statements that "youth is king in the entertainment industry"

---

[2] Numerous of these newly-identified exhibits are objectionable for other reasons, and are included in the sections below.

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL25729372.6

and that there are "a very, very few 'character' roles for female performers in their 40s and 50s."

Dkt. No. 110, ¶¶ 5, 6. To that end, he stated that when an actor's "actual age is available, casting

directors routinely reject actresses based on their age even if they appear young[.]" *Id.* at ¶ 8.

Hoang testified in her deposition that, despite having no objective evidence or expert testimony

to support her assumption, Hollywood engages in age discrimination and that Hoang,

specifically, "just knew that [she] didn't get cast [in roles] because of [her] age." Dkt. No. 133-1,

200:19-202:23.

     As noted above, Hoang has attempted to bolster her and her agent's statements using a

SAG document regarding actor earnings by gender and age and a news article regarding a

settlement of an age discrimination lawsuit brought by television writers. Trial Exs. 350, 356.

Other trial exhibits, produced in discovery, contains third-party opinions regarding age

discrimination in Hollywood with statements such as "[a]geism is a big issue." Trial Ex. 316.

Further, Hoang produced an email from a third party, Jason Cermak, to the IMDb Help Desk

requesting that IMDb remove his date of birth from his profile, and an email from Mr. Cermak to

Hoang describing his experience with IMDb. Trial Exs. 39, 40. Notably, in his email, Mr.

Cermak admits that his IMDb profile reflects his "actual age" and that he "ha[s] lost roles

because I look younger than my age". *Id.*

### 2.     Evidence regarding age discrimination is inadmissible hearsay, irrelevant, and more prejudicial than probative.

     This Court should exclude testimony and exhibits regarding alleged age discrimination in

Hollywood for three reasons. First, this evidence constitutes inadmissible hearsay under

Evidence Rule 802. The documentary exhibits contain out of court statements about age

discrimination, and, with only one exception, the declarants themselves, i.e., those who have

made statements about age discrimination in Hollywood, are not trial witnesses.  *See* Trial Exs.

39, 40, 316, 350, 356. With respect to Hoang's testimony, to the extent that her knowledge is

derived from what others have told her, it is inadmissible. *U.S. v. Davis*, 596 F.3d 852, 857 (D.C.

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL25729372.6

Cir. 2010) (excluding hearsay testimony by witness whose knowledge was "derived from what Davis told her, rather than from the practice of her household" or other non-hearsay sources). Similarly, Mr. Kolkowitz does not have personal knowledge about age discrimination by casting directors. He is not a casting agent, and does not personally hire actors for roles. Locke Decl., Ex. D. His deposition testimony made clear that his "knowledge" about age discrimination in the industry was based on what casting agents and others have told him. *Id.* Hoang's evidence regarding age discrimination in the entertainment industry is based on hearsay and therefore this Court should exclude it.

Second, conduct by unrelated third parties that may or may not have prevented Hoang from obtaining an acting audition or role is irrelevant to Hoang's breach of contract and CPA claims. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("For evidence to be relevant it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action" (internal quotation marks and citations omitted)); Fed. R. Evid. 401 advisory committee's notes ("Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

Whether true or not, age discrimination in Hollywood does not make it more or less probable that Defendants breached IMDb's Subscriber Agreement or violated the Washington CPA. IMDb's Subscriber Agreement does not guarantee that any third party will not discriminate against a subscriber to IMDbPro. Rather, Hoang's claims are based on the Subscriber Agreement's promises regarding the use and sharing of information that Hoang submitted when she subscribed to IMDbPro. *See* Dkt. No. 45 ¶ 36. Further, the fact that age discrimination in

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Hollywood may exist does not support Hoang's claim for damages based on her lost income or loss in reputation. Hoang must establish that she lost specific roles due to IMDb's actions, and general, anecdotal information about the industry will not suffice. To the extent Hoang claims that these statements and evidence is not being offered for the truth of the matter asserted and therefore is not hearsay, the evidence is utterly irrelevant. If not offered to show age discrimination exists, there is no reason for a jury to consider or hear such evidence.

Finally, this Court should exclude this evidence under Evidence Rule 403, even if it is marginally relevant (which IMDb disputes). Even if evidence is relevant to the determination of matters at issue, the evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. This Court has "considerable latitude" in excluding evidence under Rule 403. *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996). Evidence that "would create a significant danger that the jury would base its assessment of liability on remote events involving other [individuals] instead of recent events concerning [the plaintiff]" should also be excluded from trial under Rule 403. *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001). Evidence of third parties in Hollywood who allegedly discriminated against Hoang based on her age is completely unrelated to either of the defendants, the defendants' conduct, or the underlying allegations in this litigation. If the jury were permitted to consider such evidence, it would certainly "create a significant danger" of the jury returning a finding based on age discrimination rather than the immediate events concerning Hoang and IMDb.

For these reasons, evidence regarding alleged age discrimination in the entertainment industry should be excluded as irrelevant and inadmissible hearsay.

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL25729372.6

**C.     This Court Should Exclude Evidence Regarding Third-Party Opinions About IMDb's Policy Regarding Actor Dates of Birth**

    **1.     Hoang has identified trial exhibits that contain third-party opinions about IMDb's policy regarding dates of birth.**

Hoang has attempted to evidence of third party opinions on IMDb's policies regarding publishing dates of birth after the close of discovery. Specifically, her Pretrial Statement's Exhibit List included an online petition asking IMDb to change its policy regarding dates of birth, a news article about the policy, and a SAG-AFTRA press release about the policy. Trial Exs. 317, 355, 448. The online petition website bears the title "Removing Birthdates & Age from IMDB" and is 85 pages of e-signatures and comments about IMDb's policies. Trial Ex. 317. The signatures date as far back as September 17, 2010—prior to Hoang's filing of this lawsuit. *Id*. Similarly, the June 26, 2010 news article contains not only the unnamed author or authors' opinions on IMDb's policy, but also numerous third party statements by unknown individuals (simply identified as "producer", "agent", or "people knowledgeable about the disagreement") regarding IMDb's policy on publishing dates of birth. Trial Ex. 355. Finally, the SAG-AFTRA press release, titled "Screen Actors Guild and AFTRA Deplore Age Discrimination Facilitated by IMDb.com and Similar Online Databases" includes the labor union's beliefs and strong opinions regarding IMDb and its policy to publish correct dates of birth. Trial Ex. 448. For example, the article plainly states that "businesses like IMDb have a moral and legal obligation not to facilitate age discrimination in employment." *Id.*

    **2.     Evidence containing third-party opinions about IMDb's policies are inadmissible as hearsay, irrelevant, and unduly prejudicial.**

This Court should exclude evidence about third-party opinions of IMDb's policies for three reasons. First, this evidence constitutes inadmissible hearsay. The online petition purports to contain comments by thousands of people—some of whom are identified only as "Anonymous"—who are not witnesses at trial. Trial Ex. 317. No one identified in the news article about IMDb's policy is listed as a witness at trial. Trial Ex. 355. While Hoang has

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL25729372.6

identified a "records custodian" from SAG-ATFRA, the press release is a statement by an out-of-court declarant who is not subject to substantive cross-examination. Trial Ex. 448. Defendants have no opportunity to cross-examine any of the declarants in these documents regarding their statements, and therefore they should be excluded as inadmissible hearsay.

Second, this evidence is irrelevant to Hoang's claims. IMDb's policy and practice regarding publishing actors' dates of birth is not at issue in this litigation. Hoang's breach of contract claim necessarily challenges Defendants' conduct towards her, not any other individual. Dkt. No. 45 ¶¶ 35-44. Further, her CPA claim is based on alleged misrepresentations regarding "the safety, security and purpose for which [Defendants] gather and use the personal and credit card information of consumers who subscribe to IDMbPro." Dkt. No 45 ¶ 81. Third-party opinions regarding IMDb's general practice of *publishing* dates of birth do not make it more or less probable that IMDb used "the personal and credit card information" to obtain subscribers' dates of birth. To skirt the hearsay objection, Hoang may contend that these statements go to show the effect on the listener (or IMDb) and are not offered for the truth of the matter asserted, and thus are not hearsay. If so, the evidence is even *more* irrelevant—whether IMDb as a company thought that third parties in the entertainment industry engaged in age discrimination has no bearing on whether IMDb breached its Subscriber Agreement by its conduct, and whether that conduct misleads the public in a manner prohibited by the Washington Consumer Protection Act.

Hoang's allegations and factual scenario are unique; even Hoang admits that none of the third parties who corresponded with IMDb regarding publication of their dates of birth alleged that Defendants misused their credit card information. Dkt. No 133-1 at 395:1-8, 25-396:2. Absent this key allegation, evidence from other individuals who wished to have their dates of birth removed or changed for a myriad of possible reasons does not make any fact more or less probable with respect to either of Hoang's claims in this lawsuit.

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Finally, this Court should exclude this evidence under Evidence Rule 403. *See supra*, Section B(2). To prove her CPA claim, Hoang must establish a "likelihood that additional plaintiffs have been or will be injured in *exactly the same fashion*." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 790 (1986). Thus, there must be a pattern or generalized course of deceptive conduct by the defendant, a real and substantial potential for repetition of the defendant's allegedly deceptive conduct, or a threat that many consumers were affected or likely to be affected by the defendant's conduct with respect to the plaintiff. *Evergreen Moneysource Mortg. Co. v. Shannon*, 167 Wn. App. 242, 261 (2012). Evidence regarding non-party IMDb subscribers' unhappiness regarding their dates of birth—without any showing that their dates of birth were obtained in a manner similar to Hoang's—would confuse or mislead the jury into believing that these subscribers have claims similar to Hoang's claim. Its potential for prejudice significantly outweighs any slight probative value, and therefore this evidence should be excluded.

## IV.    CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court preclude Hoang from presenting at trial any evidence or argument regarding the following:

1. Seventy-one exhibits identified in Hoang's Pretrial Statement but not previously produced in discovery;

2. Documents and testimony regarding alleged age discrimination in the entertainment industry; and

3. Statements about IMDb's policies and practices regarding publication of actors' dates of birth.

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 13

24976-0480/LEGAL25729372.6

1
2   DATED: March 4, 2013                  s/ Ashley A. Locke
3                                          Harry H. Schneider, Jr. #9404
4                                          Breena M. Roos #34501
5                                          Ashley A. Locke #40521
6                                          **Perkins Coie LLP**
7                                          1201 Third Avenue, Suite 4900
8                                          Seattle, WA 98101-3099
9                                          Telephone: 206.359.8000
10                                         Facsimile: 206.359.9000
11                                         Email:  HSchneider@perkinscoie.com
12                                                 BRoos@perkinscoie.com
13                                                 ALocke@perkinscoie.com
14
15                                         Attorneys for Defendants Amazon.com, Inc.
16                                         and IMDb.com, Inc.
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 14

24976-0480/LEGAL25729372.6

1
2
3
4
5
6
7
8
9
10

## CERTIFICATE OF SERVICE

I certify that on March 4, 2013, I electronically filed the foregoing **IMDB.COM, INC.**

**AND AMAZON.COM, INC.'S MOTIONS IN LIMINE** with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to the following attorneys of record

| | |
|---|---|
| **Derek Alan Newman** <br><br> **Keith Scully** <br><br> **Charlotte Williams** <br> Newman Du Wors LLP <br> 1201 Third Avenue, Ste 1600 <br> Seattle, WA 98 | ___ Via hand delivery <br><br> ___ Via U.S. Mail, 1st Class, Postage Prepaid <br><br> ___ Via Overnight Delivery <br><br> ___ Via Facsimile <br><br> ___ Via Email <br><br> X_ Via ECF _____ |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 4th day of March, 2012.

s/ Ashley Locke
Harry H. Schneider, Jr. #9404
Breena M. Roos #34501
Ashley A. Locke #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email:  HSchneider@perkinscoie.com
         BRoos@perkinscoie.com
         ALocke@perkinscoie.com

Attorneys for Defendants Amazon.com, Inc.
and IMDb.com, Inc.

IMDB AND AMAZON'S MOTIONS IN
LIMINE (No. C11-1709MJP) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24976-0480/LEGAL25729372.6