THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC., a Delaware corporation; and IMDb.COM, INC., a Delaware corporation,<br><br>　　　　　Defendants. | No. 2:11-CV-01709-MJP<br><br>DEFENDANTS' MOTION TO STRIKE TRIAL WITNESSES AND TRIAL EXHIBITS TO CONFORM TO THE COURT'S PREVIOUS ORDER SETTING 1-2 DAY TRIAL<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**March 29, 2013** |

## I.  INTRODUCTION

Until now, everyone connected with this case has understood that—if tried—the case would involve only a handful of trial witnesses and a manageable number of trial exhibits. For the past 18 months, since the Complaint was first filed, the parties, all counsel, and the Court commonly understood that the trial would require no more than two days. This was because everyone agreed there were only a few witnesses whose testimony would be relevant, there were but a limited number of exhibits that the jury should properly consider, and there was no need or desire for expert testimony. The entire case proceeded forward on this understanding; the parties' discovery was limited in accordance with such expectations, and the number of depositions was minimal given the disclosure of just a few witnesses with relevant knowledge.

MOTION TO STRIKE TRIAL WITNESSES AND TRIAL
EXHIBITS (No. 2:11-CV-01709-MJP) – 1
24976-0480/LEGAL26020416.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

In reliance on the parties' informed representations more than one year ago, the Court set the case for a 1-2 day jury trial. Dkt. No. 38. Trial is presently scheduled to begin in less than 30 days and finish in "one to two" trial days. Dkt. Nos. 59, 71, 80. The trial schedule contemplates that a jury will be selected, opening statements will be presented, witnesses will testify and evidence will be offered, and closing arguments all will occur in those two days.

Plaintiff Huong Hoang ("Hoang") now proposes to call 19 separate witnesses at trial and she has identified over 400 trial exhibits that she intends to offer into evidence. Dkt. Nos. 151, 151-2. How that will be accomplished within the trial schedule is concerning, even before allowing for a defense case to be presented. Defendants Amazon.com, Inc. and IMDb.com, Inc. ("Defendants") respectfully request that the Court impose some reasonable limitations on the number of trial witnesses that may be called, and the number of exhibits that may be offered, to keep the case on track and within previously ordered expectations. To do otherwise would require striking the current trial date, and reopening discovery for some significant period of time so that discovery can be taken with respect to the newly disclosed witnesses and evidence, all resulting in further delay in the efficient adjudication of this lawsuit.

## II.     MATERIAL FACTS

This case was filed on October 13, 2011. Dkt. No. 1. On January 27, 2012, the parties jointly reported to the Court on an informed basis that this case was "straightforward" and that "the parties hope that discovery will be minimal and straightforward." Dkt. No. 36. In the Joint Status Report, the parties requested no more than a "one to two day trial." *Id.* The Joint Status Report was filed prior to this Court's dismissal of two of Hoang's claims.

In her Initial Disclosures also submitted on January 27, 2012, Plaintiff Hoang's identified no persons with discoverable information other than plaintiff and several IMDb or Amazon employees. Declaration of Ashley Locke ("Locke Decl."), Ex. A; Dkt. No. 151-01; *see also* Dkt. No. 36. Accordingly, the only depositions taken in this case were those of Plaintiff herself, her agent, and several IMDb or Amazon employees. Locke Decl., ¶ 3.

MOTION TO STRIKE TRIAL WITNESSES AND TRIAL
EXHIBITS (No. 2:11-CV-01709-MJP) – 2
24976-0480/LEGAL26020416.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

In reliance on the parties' good faith representations, on February 6, 2012 the Court entered its Order Setting Trial Date & Related Dates which set a jury trial of "1-2 days." Dkt. No. 38. As the Order plainly provides, the dates were not subject to change unless the Court determines for good cause shown that they should be changed, and the Court admonishes the parties that failure to complete necessary discovery would not constitute good cause. *Id.*

In June 2012, Hoang attempted to convince the Court to strike the trial deadlines and continue the trial date. Dkt. No. 50. That effort failed. The Court denied Hoang's Motion to Continue Trial Date and Pre-Trial Deadlines, observing that Hoang herself "appears to be largely responsible" for any delays in discovery. Dkt. No. 59.

In September 2012, Hoang again attempted to convince the Court to strike deadlines when she moved to extend the expert disclosure date and reset the discovery deadline. Dkt. No. 72. That effort failed as well. Dkt. No. 80. Hoang's submission to the Court suggested that a reason for her requested relief was the fact that prior counsel "failed to investigate witnesses that I requested [he] contact" including "acting professionals that have had their personal information misused by IMDb." Dkt. No. 73, ¶ 7. The Court denied Hoang's second motion and observed that there was no reason to conclude that her former counsel had failed to adequately represent her. Rather, the Court stated, "this appears to be simply Plaintiff's latest attempt to delay this case." Dkt. No. 80 at 2. The Court recited such previous attempts including the prior motion and related correspondence with the Court. *Id.* Importantly, the Court observed that a difference in opinion over previous strategic decisions on the part of Hoang's co-counsel does not permit second-guessing by those who were involved when the decisions were originally made and implemented: "While Plaintiff's current counsel may disagree with strategic decisions made by Plaintiff's former counsel, Plaintiff makes no showing why her current counsel should be allowed to second guess decisions that have already been made." *Id.* Significantly, Hoang's current counsel were co-counsel of record when such decisions were previously made.

MOTION TO STRIKE TRIAL WITNESSES AND TRIAL EXHIBITS (No. 2:11-CV-01709-MJP) – 3
24976-0480/LEGAL26020416.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

On February 6, 2013, Hoang served her Pretrial Statement in conjunction with the parties' required filing of a proposed Pretrial Order.  In her Pretrial Statement, Hoang identified 19 trial witnesses who will testify and over 400 trial exhibits that will be offered at trial over a two-day period.  Locke Decl., Ex. A; Dkt. No. 151-2.  Hoang has not filed a motion to extend the length of trial, nor has Hoang alerted the Court to the obvious difficulty of conducting the trial in the manner she now suggests without resetting the trial date, extending the length of trial, and reopening discovery so the newly identified persons with knowledge can be deposed.

### III.  ARGUMENT

Hoang has not provided *any* justification to extend the length of trial which is a virtual certainty if she is permitted to call 19 witnesses and offer over 400 trial exhibits at the trial beginning April 8, 2013.  Indeed, she has not even notified the Court of the fact that her proposed witness and exhibit lists will require more than the previously ordered 1-2 day trial.  Moreover, in fairness, should Hoang be permitted to call that many witnesses and offer that many exhibits, many of which have never been disclosed before, the current trial date would have to be stricken and discovery reopened to allow for defendants to take discovery regarding the new witnesses and the new evidence.

Hoang has no apparent regard for the prior case proceedings, her own prior disclosures of limited witnesses and exhibits, and the Court's prior orders denying relief from deadlines and setting a trial of "1-2 days."  Hoang should not be permitted, at this late date, to restructure the case to include many witnesses and exhibits not previously disclosed or subject to discovery, disrupting in the process the current trial date and the previously ordered length of trial.  Hoang has had 18 months and countless opportunities to notify the Court and counsel in an orderly way of her desire to expand the scope and length of the trial, and she should not be permitted to do so only three weeks before the jury is selected

Many of the witnesses and much of the evidence Hoang now proposes to offer at trial is new and not previously disclosed or discovered.  Evidence that has been deliberately withheld in

MOTION TO STRIKE TRIAL WITNESSES AND TRIAL EXHIBITS (No. 2:11-CV-01709-MJP) – 4
24976-0480/LEGAL26020416.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

discovery is inadmissible at trial. Fed. R. Civ. Proc. 37(c)(1) ("A party without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, or on a motion any witness or information not so disclosed."); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (holding courts can exclude evidence from untimely disclosed witness absent substantial justification for failure to disclose); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992) (recognizing district court's inherent power to exclude evidence as a sanction for failing to comply with discovery); *see also* Dkt. No. 150.

"Rule 37 gives teeth to these [discovery] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming trial court's exclusion of expert testimony even though the party disclosed the expert's identity, had violated no court order and there as no evidence of bad faith or willfulness). In *Yeti by Molly*, the Ninth Circuit noted that "[t]he Advisory Committee Notes describe [Rule 37] as a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material'" and that "[c]ourts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." 259 F.3d at 1106 (alterations in original). *See also Mealing v. City of Ridge-field*, Cause No. C05-5778FDB, 2007 WL 1367603, at *1 (W.D.Wash. 2007) (following *Yeti*). It is Hoang's burden to show that the failure to disclose information or witnesses was justified or harmless. *R & R Sales, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012). Courts may also consider "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Beem v. Providence Health & Servs.*, No. 10-CV-0037-TOR, 2012 WL 1579492, at * 4, 26 A.D. Cases 438 (E.D.Wash., May 4, 2012).

MOTION TO STRIKE TRIAL WITNESSES AND TRIAL
EXHIBITS (No. 2:11-CV-01709-MJP) – 5
24976-0480/LEGAL26020416.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Hoang's last minute effort to expand the scope and length of trial is neither harmless nor substantially justified.  The Court should reaffirm the prior Order Setting 1-2 Day Trial, and take such measures as are justified to limit the witnesses and evidence to conform to that schedule.

### IV.  CONCLUSION

Defendants respectfully requests that the Court limit the number of trial witnesses (or the duration of direct examinations) and trial exhibits so that the trial conforms to the previously ordered and understood one to two day schedule.

DATED: March 14, 2013

By: s/ Harry H. Schneider, Jr.
Harry H. Schneider, Jr., WSBA No. 9404
Breena M. Roos, WSBA No. 34501
Ashley Locke, WSBA No. 40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email:  HSchneider@perkinscoie.com
        BRoos@perkinscoie.com
        ALocke@perkinscoie.com

Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

MOTION TO STRIKE TRIAL WITNESSES AND TRIAL EXHIBITS (No. 2:11-CV-01709-MJP) – 6
24976-0480/LEGAL26020416.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify that on March 14, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney(s) of record:

| | |
|---|---|
| **Derek Alan Newman**<br>**Keith Scully**<br>**Charlotte Williams**<br>Newman Du Wors LLP<br>1201 Third Avenue, Ste 1600<br>Seattle, WA 98101 | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>_X_ Via CM/ECF |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 14th day of March, 2013.

        s/ Harry H. Schneider, Jr.
        Harry H. Schneider, Jr., WSBA No. 9404
        Breena M. Roos, WSBA No. 34501
        Ashley Locke, WSBA No. 40521
        **Perkins Coie LLP**
        1201 Third Avenue, Suite 4800
        Seattle, WA 98101-3099
        Telephone: 206.359.8000
        Facsimile: 206.359.9000
        E-mail: HSchneider@perkinscoie.com
        E-mail: BRoos@perkinscoie.com
        E-mail: ALocke@perkinscoie.com

        Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.

MOTION TO STRIKE TRIAL WITNESSES AND TRIAL EXHIBITS (No. 2:11-CV-01709-MJP) – 7
24976-0480/LEGAL26020416.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000