THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUONG HOANG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IMDb.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:11-CV-01709-MJP<br><br>DEFENDANT IMDB.COM, INC.'S TRIAL BRIEF |

IMDB.COM, INC.'S TRIAL BRIEF (No. 2:11-CV-01709-MJP) – 1

24976-0480/LEGAL26153102.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. STATEMENT OF EVIDENCE ........ 1

A. IMDb.com and IMDbPro.com ........ 1

B. Plaintiff Huong Hoang ........ 2

C. Hoang and IMDb Websites ........ 3

D. Communications Between Hoang and IMDb Customer Service ........ 4

E. Hoang Breached the Subscriber Agreement, Preventing Her From Enforcing the Agreement ........ 5

III. EVIDENTIARY ISSUES ........ 6

A. Hoang's Refusal to Produce for Inspection her Original Authentic and Counterfeit Documents ........ 6

B. Testimony of Amazon.com, Inc.'s General Counsel David Zapolsky ........ 7

C. IMDb's Summary of Hoang's Audition History is Admissible Under Federal Rule of Evidence 1006 ........ 8

D. Request for Limited Relief from LCR 5.2 ........ 10

E. Irrelevant Evidence Regarding Public Records Searches by IMDb of Third Parties ........ 11

F. Hearsay Evidence Regarding Hoang's Lost Acting Opportunities ........ 11

G. Hoang is Not Qualified to Offer an Opinion on Lost Profits ........ 13

IV. LEGAL ISSUES ........ 13

A. IMDb Has a First Amendment Right to Publish True, Accurate, and Comprehensive Information that is Not Confidential or Private ........ 14

B. Even if IMDb Breached the Subscriber Agreement, Hoang Is Not Entitled to An Injunction Requiring Removal of her Date of Birth ........ 14

V. CONCLUSION ........ 16

## I. INTRODUCTION

This breach of contract action arises out of plaintiff Huong Hoang's ("Hoang") desire to control the truthful information published by IMDb.com, Inc. ("IMDb") on its websites. It is undisputed that IMDb has both a right and a responsibility to publish accurate, comprehensive information. It also is undisputed that Hoang deliberately submitted an incorrect date of birth ("DOB") for publication on IMDb's website in violation of IMDb's Conditions of Use. Consistent with its policies, IMDb investigated and attempted to verify Hoang's submissions, including, upon her request, her published date of birth. Ultimately, IMDb concluded Hoang's DOB was wrong, and IMDb immediately corrected the inaccurate information that Hoang had published about herself. As explained below, IMDb did not breach the terms of the Subscriber Agreement by complying with Hoang's demands and Hoang is not otherwise entitled to relief of any kind.

## II. STATEMENT OF EVIDENCE

IMDb expects to establish the following facts at trial:

### A. IMDb.com and IMDbPro.com

IMDb owns and operates the Internet Movie Database, a free website available at www.imdb.com, which publicly displays factual information about movies, television shows, and the actors, directors, and other professionals who make them. Among other information, the IMDb website includes actors' filmographies and their biographical information, including dates of birth. IMDb also owns and operates IMDbPro.com, which is accessible by paid subscription and designed for entertainment professionals. IMDbPro includes all of the information on the IMDb website, plus additional industry information such as contact information and production listings.

IMDb is in the business of publishing accurate and comprehensive information on its websites. In most cases, the information published on the IMDb website is submitted by IMDb

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

users. From time to time, IMDb also conducts its own investigations to ensure that its data is accurate. Because IMDb's commercial success depends on the publication of accurate information, the company tracks the veracity of each user's past and current submissions, verifies information as necessary prior to publication, and investigates claims that published information is erroneous or inaccurate. IMDb relies on many other public sources of entertainment industry information, including but not limited to on-screen credits, press kits, official biographies, published autobiographies, and published interviews. Further, IMDb maintains specific guidelines for submitting content, removing information, and correcting inaccuracies on the website. All of IMDb's guidelines are easily accessible to visitors, as they are published on IMDb's websites in plain English. Through these policies, IMDb makes it clear that it will only remove or change information upon an investigation or proof that the posted information is inaccurate.

When a subscriber registers for IMDbPro, she accepts the IMDbPro Subscriber Agreement, which incorporates the IMDbPro Privacy Policy. When a user subscribes, she also provides her name and payment information, usually by submitting a credit card. Credit card payments are processed through a third-party service, which encrypts and tokenizes the secure credit card number. IMDb only receives and stores the encrypted number, not the actual account number of the credit card. Information that a customer submits in conjunction with his or her credit card number, including the customer name and billing address, is stored in a separate database, the "IPS" database. Access to the IPS database is limited to IMDb's customer service and technology support teams.

**B. Plaintiff Huong Hoang**

Hoang was born in 1971. Although her legal name is Huong Hoang, she has used the nickname "Junie" since childhood and long before she became an actress. Hoang is an aspiring actor. She had small acting roles in movies, on television, and in industrial commercials in and around Texas since 1995. In approximately 2007, she moved from Texas to Los Angeles

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

seeking fame. Although Hoang has provided inconsistent information regarding her acting income, she has earned anywhere from $740 to $8,979 per year for acting jobs since 2005. Hoang has received many of her roles through a colleague, Greg Carter, who has known her actual age for many years. She has obtained other roles through her manager, Joe Kolkowitz, or by submitting her resume and headshot on casting websites on her own.

### C. Hoang and IMDb Websites

In 2001, Hoang signed up for IMDb and submitted information about herself and others for inclusion on the IMDb website. In 2004, Hoang obtained a free trial of IMDbPro that she canceled approximately one week later. Starting in 2004, she also paid IMDb using her credit card for various one-time services, such as posting a photograph or a resume. During these transactions, she provided her legal name to IMDb. She also accepted IMDb's Subscriber Agreement and Privacy Notice. On March 25, 2008, Hoang subscribed to an annual membership on IMDbPro.

IMDbPro's Subscriber Agreement provides that the user "may not use a false e-mail address, impersonate any person or entity, or otherwise mislead as to the origin of your posted content" and represents and warrants that "all information submitted . . . to the Site is true and accurate." It also contains limitations clauses that disclaim warranties and limit damages. Further, the Subscriber Agreement addresses IMDb's policy regarding removing content: "You acknowledge that IMDb does not pre-screen all content, but that IMDb and its designees shall have the right (but not the obligation) in their sole discretion to refuse or move any content."

IMDbPro's Privacy Policy is also incorporated in the Subscriber Agreement. One of the first parts of the policy informs users regarding the types of customer information that IMDb gathers and uses. It states that "We receive and store any information you enter on our Web site or give us in any other way. . . . We use the information that you provide for such purposes as responding to your requests, customizing future browsing for you, improving our site, and communicating with you." It further provides customers with examples of such information,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

stating, "You provide most such information when you register, search, post, participate in a contest or questionnaire, or communication with us. . . . As a result of those actions, you might supply us with such information as your name . . . "

The Privacy Policy further addresses IMDb's policy regarding potential sharing of information about its users: "[W]e are not in the business of selling [information about our users] to others. Thus, for example, IMDb does not sell, and will never sell, information about you to external marketers, list brokers, or other third parties without user consent." In this section, the Privacy Policy also states that it will share user information only in certain circumstances, such as a business transfer or when release is required by law.

**D. Communications Between Hoang and IMDb Customer Service**

In 2004, using another person's IMDb account, Hoang submitted to IMDb a false DOB, stating that she was born in 1978, seven years later than her true DOB (1971). She did so deliberately and intended that an inaccurate DOB be published on her IMDb profile. For the next three years, Hoang regularly monitored her IMDb profile, but never sought to have the false 1978 birth date corrected or removed.

In September 2007, as the 36-year old Hoang approached her phony "birthday" when she no longer would be a woman in her "twenties," Hoang decided that she no longer wanted the false 1978 DOB on her profile. From September 2007 to November 2008, Hoang contacted IMDb thirteen times requesting that it remove the 1978 birth date—which she herself secretly had submitted—from her IMDb profile. The evidence will show that Hoang also repeatedly told IMDb that it was her previous agent who had initially submitted the 1978 DOB by accident—even though she had done it herself using Mr. Carter's IMDb account.

Per its policy regarding the removal of information from the website, IMDb repeatedly responded that the DOB would be corrected once IMDb was provided with evidence that it was incorrect. IMDb stated that if Hoang provided a complete photocopy of the first page of her passport "as identification and verification of any factual inaccuracy," it would "investigate this

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

matter and take prompt measures to remedy any verifiable inaccuracies." Without any proof that the date Hoang had supplied was inaccurate, IMDb took no action on Hoang's request for over a year. But on October 1, 2008, the "30-year old" Hoang demanded that IMDb investigate its own records to confirm that her provided DOB was incorrect.

In response to Hoang's repeated requests, IMDb's customer service manager conducted his own research to verify whether the original submission was correct or incorrect. Upon searching public records online, he was unable to verify a date of birth for "June Hoang." Continuing his efforts to assist Hoang and to respond to her request that IMDb review its files, IMDb's customer service manager looked up Hoang's IMDb account information in IMDb's "IPS database" to make sure he was researching her legal name and learned that Hoang's legal name was not "June Hoang" or "Junie Hoang," but rather it was "Huong Hoang," the name she had submitted when she signed up for IMDbPro. He searched public records again, this time using Hoang's legal name to verify the accuracy of her DOB, and learned that Hoang's true DOB was 1971, rather than 1978. In November 2008, having researched and confirmed Hoang's true DOB, IMDb corrected Hoang's IMDb profile to reflect her true 1971 birth year.

**E. Hoang Breached the Subscriber Agreement, Preventing Her From Enforcing the Agreement**

IMDb intends to establish that Hoang violated the Subscriber Agreement in multiple ways at different times and, thus, her failure to abide by the Subscriber Agreement prevents her from recovery for any alleged breach of contract. Hoang's entire lawsuit arises from her devious misrepresentations to IMDb. First, she chose to voluntarily submit information about her acting career to IMDb. She was not forced to do so or even encouraged to do so in any way. She deliberately submitted a false date of birth for publication and lied about the source, stating that a birth certificate supported her submission. She then used another person's IMDb account, in violation of IMDb's policies, to perpetrate her deception. She submitted a link to a website that displayed a copy of a fake United States passport that she had created. She repeatedly and

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

insistently demanded that IMDb investigate her DOB, alternately (and falsely) claiming that she did not know how the original DOB was published on her profile and that the original date of birth was submitted by her agent "in error" and that her true DOB was not actually her true date of birth. In addition to creating a false United States passport, she also submitted a false Texas Identification Card in an effort to further deceive IMDb.

## III. EVIDENTIARY ISSUES

The parties filed Motions in Limine on March 5, 2013. *See* Dkt. Nos. 150, 152. On March 18, 2013, this Court entered an Order on Cross Motions for Summary Judgment. *See* Dkt. No. 156. In that Order, the Court dismissed Hoang's claims against Amazon.com, Inc. ("Amazon") and her Washington Consumer Protection Act ("CPA") claim against IMDb. *Id.* at 6-7, 14-15. The Court also ruled that Hoang cannot seek emotional distress damages as they are not recoverable under Washington law. *Id.* at 12. Similarly, the Court held that Plaintiff cannot seek "non-career damages" based on a novel theory that her personal information has "inherent value," both because she did not disclose this theory in discovery and because the theory is "overly vague." *Id.*

In addition to the issues identified in its Motions in Limine, IMDb expects the following additional evidentiary issues to arise at trial.

### A. Hoang's Refusal to Produce for Inspection her Original Authentic and Counterfeit Documents

In the parties' pretrial conference on March 29, counsel for IMDb requested that it be allowed to inspect the original authentic and phony documents evidencing Hoang's DOB. Such documents include her authentic and altered birth certificate (Trial Exs. 508, 512) and her authentic and false identification documents (Trial Exs. 509, 510, and 511). This request came as no surprise to plaintiff's counsel, as prior to the conference IMDb had served a trial subpoena that requested these very documents. Declaration of Ashley Locke ("Locke Decl."), Ex. A. IMDb's counsel explained that while IMDb will not seek to retain the physical documents in

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

evidence, it is entitled to view and inspect both the authentic and fake documents side-by-side. It is IMDb's understanding that the Court agreed and explicitly ordered Hoang to produce the documents in Seattle this week for inspection prior to trial.

On April 1, counsel for IMDb inquired as to the status and logistics regarding the inspection of physical evidence. Locke Decl., Ex. B. The same day, Hoang's attorney responded that he would not be producing the original documents as requested but instead would only permit inspection of Hoang's authentic government-issued United States passport and her authentic driver's license. Locke Decl., Ex. C. Counsel refused to make available for inspection her authentic birth certificate, her altered birth certificate, her falsified United States passport, and her phony Texas Identification Card. Further, he stated that IMDb could only inspect the two documents in Malibu, California before 11:30 a.m. or after 4:30 p.m. on Thursday, April 4, or Friday, April 5. Counsel offered alternatively to allow IMDb counsel to inspect the documents "before trial on Monday, April 8 in Seattle."

IMDb respectfully requests that this Court order Hoang to comply with its instructions issued at the March 29 pretrial conference.

**B. Testimony of Amazon.com, Inc.'s General Counsel David Zapolsky**

Prior to the Court's Order dismissing Amazon.com, Inc. ("Amazon") from this lawsuit, Hoang served a Subpoena for Amazon's general counsel "David Zapolksi" (sic) to Appear and Testify at a Hearing or Trial in a Civil Action ("the Subpoena"). Locke Decl., Ex. D. After the Court dismissed Amazon from this lawsuit, Dkt. No. 156, and ruled on motions in limine at the pretrial conference, Hoang declined not to withdraw the Subpoena, indicating that she may call Mr. Zapolsky as a "rebuttal witness." This request is unnecessary and unduly burdensome.

Mr. Zapolsky's testimony is irrelevant. Amazon is no longer a party to this lawsuit, and the Court observed during the March 29 pretrial conference that Amazon has nothing to do with Hoang's sole remaining claim that IMDb breached the Subscriber Agreement. During meet-and-confer conferences regarding this issue, plaintiff's counsel argued that Mr. Zapolsky's testimony

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

is relevant because, acting as counsel for IMDb, he wrote a letter to plaintiff's former counsel that stated "IMDb did not access the IPS database," which is contrary to other evidence and testimony. The Zapolsky correspondence, however, does not state what Hoang contends and, even if it did, this is not a compelling reason to require testimony from the General Counsel at trial. Trial Ex. 306. In fact, the correspondence states Mr. Zapolsky's *legal opinion* that IMDb's conduct did not violate its privacy policy or any other policies. *Id.* This is consistent with IMDb's position at trial. Moreover, Hoang previously agreed not to offer this letter in evidence at trial, an agreement reached during the parties' February 28 meet and confer conference. Locke Decl., Ex. E. She also previously told the Court in her Motion in Limine that the parties had agreed that the letter should be excluded because it was a "communication[] between the parties related to settlement." *See* Dkt. No. 152-1 (citing Hoang 000134-37). The Zapolsky trial subpoena should be quashed.

### C. IMDb's Summary of Hoang's Audition History is Admissible Under Federal Rule of Evidence 1006

Based on the Declarations of Joel Y. Higa, IMDb requests that the Court rule that a proper foundation has been laid for IMDb's summary of Hoang's audition history per the requirements of Federal Rule of Evidence 1006. Declaration of Joel Higa in Support of IMDb.com, Inc.'s Trial Brief, Dkt. No. 87. The materials underlying the summary were produced *by Hoang* during discovery and consist of documents reflecting auditions Hoang requested, auditions offered to Hoang, auditions Hoang attended, and roles Hoang succeeded in securing. As a whole, the underlying documents consist of hundreds of pages and many pages contain Hoang's handwritten markings, which may be difficult for the jury to decipher.

In relevant part, Federal Rule of Evidence 1006 provides that "the proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." "The purpose of the [R]ule is to allow the use of summaries when the documents are unmanageable or when the summaries

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

would be useful to the judge and jury." *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011). For the summary to be admitted, IMDb "must establish that the underlying materials upon which the summar[ies are] based (1) are admissible in evidence and (2) were made available to the opposing party for inspection." *Id.* "The availability requirement ensures that the opposing party has an opportunity to verify the reliability and accuracy of the summary prior to trial." *Id.* Both requirements are amply met here. First, the underlying documents are admissible because they are authentic and relevant. The documents were authenticated and explained by Hoang at her deposition and they are relevant to Hoang's claimed damages. She produced them. At trial, the underlying documents could be admitted through Hoang but for the length of time that would require. In fact, Hoang has listed most of the underlying documents on her exhibit list. Second, the documents underlying the summaries have been and are available to Hoang as they consist solely of documents she created or produced during discovery. Additionally, Hoang received a complete copy of the summary and the underlying documents months ago as part of IMDb's summary judgment briefing.

There is no requirement in Federal Rule of Evidence 1006 that summaries be authenticated by a witness at trial, but IMDb will produce the paralegal who created the summary for any examination the Court may require for IMDb to lay a proper foundation, should the authenticity declaration be deemed insufficient. *See* 6 Weinstein's Federal Evidence § 1006.05[4] ("In a departure from the usual practice, Rule 1006 does not expressly require that charts, summaries, or calculations be authenticated on the witness stand, for example, by the person responsible for their preparation.").

During summary judgment briefing, Hoang's only objection to the Higa Declaration was that it did not include all of her audition history. But IMDb requested that she disclose "every time she submitted herself for a role" in discovery. Dkt. No. 132-23 (Interrogatory No. 14). If Hoang failed to produce responsive information to that request, she is bound by what she produced. The summary is admissible under Rule 1006.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**D. Request for Limited Relief from LCR 5.2**

LCR 5.2 normally requires redaction of the month and day of the date of birth, in addition to social security, passport, and driver's license numbers, in documents filed with the Court or used as exhibits at trial, "unless otherwise ordered by the court." LCR 5.2(a)(1). Given the issues presented in this case, IMDb respectfully requests the Court to order that the parties need only comply with the social security, passport, and driver's license number requirement but not with respect to the month and day of Hoang's birth. This request is reasonable for three reasons.

First, Hoang's month and day of birth is a central issue in this case and will be the subject of much testimony. Imposition of the normal rule would obscure relevant evidence and confuse the jury. The month and day of the false 1978 birth date originally provided by Hoang is the same as the month and day of Hoang's actual 1971 birth date. This fact is one of the ways in which IMDb was able to verify the 1971 birth date as accurate. It makes no sense to redact that relevant information from trial exhibits. Second, the redaction of the birth date would distract and confuse the jury, as IMDb anticipates testimony regarding those dates and redacted exhibits would conceal a central issue in this case. It would be unfairly prejudicial to IMDb to show the jury redacted documents. Third, this rule would require the strange result of redacting information from exhibits that are already publicly available on the Internet and other media.

**E. Irrelevant Evidence Regarding Public Records Searches by IMDb of Third Parties**

Despite the Court's dismissal of Hoang's CPA claim, Dkt. No. 156, Hoang inexplicably maintains that evidence regarding IMDb's public records searches on PrivateEye.com for individuals other than Hoang is admissible. Trial Ex. 321. The searches that she will attempt to discuss at trial are of individuals not involved in this lawsuit in any way and are certainly not relevant to the sole remaining breach of contract cause of action.

Hoang may contend, as her counsel did at the pretrial conference, that this evidence somehow goes to her damages theory. However, the fact that an IMDb employee searched

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

public records for other individuals is irrelevant to whether Hoang lost roles due to IMDb correcting her submitted DOB. The evidence should be excluded at trial.

**F. Hearsay Evidence Regarding Hoang's Lost Acting Opportunities**

Based on testimony during her deposition, IMDb anticipates that Hoang will offer her own testimony regarding three roles that Hoang speculates she lost due to her age. First, Hoang will testify that she lost a role in a film called *Consequences* because the casting director felt she was too old after viewing her IMDb profile. During her deposition, Hoang testified that a colleague, Greg Carter, told Hoang that she did not get the part because of her age, reciting a conversation he had previously with the casting director. Mr. Carter will not be testifying at trial because Hoang herself has excluded him as a witness. Hoang herself never heard the out of court statement purportedly made to the casting director.

Second, IMDb anticipates that Hoang will testify that she was rejected from an "industrial" film project due to age. In her deposition, she stated that an unidentified casting agent called her over the telephone and denied her the role. This, too, would be an out of court statement not admissible at trial.

Finally, IMDb anticipates that Hoang will testify that she was rejected from a short film after she provided the casting directors a link to her website. Hoang testified in her deposition that she could "tell by the tone of the conversation" in the email response to her submission that she was not given the audition because of her age. The out of court statement is both too vague and hearsay.

Based on Hoang's own deposition testimony, statements of unidentified casting agents regarding the reasons she was rejected are inadmissible hearsay. No exception applies. Fed. R. Evid. 802; *see also N.L.R.B. v. First Termite Control Co., Inc.*, 646 F.2d 424, 426 (9th Cir. 1981), *opinion amended on reh'g sub nom.*, No. 80-7142, 0081 WL 638063 (9th Cir. Aug. 5, 1981) ("[T]he witness who is present and testifying to the hearsay does not have any personal

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

knowledge of the hearsay on which testimony is sought, and therefore cannot be cross-examined in a meaningful manner.").

Hoang's anticipated testimony regarding lost roles is classic hearsay, and therefore IMDb intends to object to such testimony if offered at trial. She offers her own recitation of what other people told her about why she did not receive the roles, offered for the truth of the matter asserted, i.e., why she did not receive the part. Evidence regarding prior acting opportunities not extended to Hoang is not based on Hoang's personal knowledge of why she did not obtain a role or an audition, but instead is based on her recollection of unreliable statements by unidentified third parties who were not deposed and now cannot be cross examined. *First Termite Control*, 646 F.2d at 426. Hoang's offered hearsay evidence regarding prior acting opportunities is particularly unreliable. Hoang's descriptions of each the statements at issue are so vague that it is impossible to know, without asking the original speakers, what they meant. Further, Hoang is unable to produce the names of the people who talked to her about these roles and, in some instances, she does not even remember the approximate date or year that the conversations took place. Indeed, because statements by unidentified third parties, including the hearsay statements that Hoang offers in this case, cannot "satisfy evidentiary and trustworthiness requirements" for admission, "declarations of unidentified persons are rarely admitted." *Carden v. Westinghouse Elec. Corp.*, 850 F.2d 996, 1003 (3d Cir. 1988) (reversing and remanding for new trial in part because trial court admitted hearsay statements made by unidentified persons).

**G. Hoang is Not Qualified to Offer an Opinion on Lost Profits**

When a plaintiff claims lost profits as part of her damages, which Hoang does here, evidence must be adduced to prove that lost profits (1) were something the parties had contemplated at the time the contract was made, (2) are the proximate result of defendant's breach, and (3) are proven with reasonable certainty. *Larsen v. Walton Plywood Co.*, 65 Wn.2d 1, 15 (1964); *see also Lewis River Golf, Inc. v. O.M. Scott & Sons*, 120 Wn.2d 712, 719 (1993) (applying *Larsen* test to claim for loss to reputation and goodwill). Hoang cannot prove any lost

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

profits "with reasonable certainty" here because neither of her damages witnesses in this case—herself and her agent, Joe Kolkowitz—are competent to offer an opinion based on accepted methodologies to project the acting income that Hoang allegedly lost due to IMDb's actions. Hoang's theory of lost profits is not based on any acceptable or recognized economic theory or science, and she certainly is not qualified to offer such a novel theory at trial. IMDb expects to object to any opinion testimony by Hoang, as she has neither the qualifications, nor the training, education, or experience to offer such an opinion.

## IV. LEGAL ISSUES

IMDb fully briefed the legal issues surrounding Hoang's breach of contract claim in its summary judgment motion. In addition to the issues presented therein, IMDb expects the following legal issues to arise at trial.

### A. IMDb Has a First Amendment Right to Publish True, Accurate, and Comprehensive Information that is Not Confidential or Private

IMDb has a First Amendment right to publish true and accurate information—especially when the information concerns an individual who holds herself out as a public figure, however accurate or inaccurate that self-perception may be. *New York Times v. Sullivan*, 376 U.S. 254, 272-73 (1964). Absent some allegation of incitement, the law does not permit holding IMDb liable for what unrelated, third parties choose to do with information that IMDb published, and IMDb is not liable for the third parties' conduct. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 254-55 (2002) (reasoning that banning protected speech as a way to ban unprotected speech of a third party "turns the First Amendment upside down"). Hoang's complaints of alleged lost profits are improperly attributed to the conduct of IMDb. If Hoang had a strong claim that she was improperly rejected for a role due to her age or some other factor, such claims should be brought against those individuals or companies who actually engaged in such decisions making and declined to cast her. As the Court pointed out in the parties' recent pretrial conference, IMDb does not cast actresses. IMDb does not pay actors or actresses in any manner, for any

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

purpose. IMDb hosts a website that seeks to publish accurate information about players in the entertainment industry, and has a First Amendment right to publish such information—a right that IMDb honors by consistently investigating and verifying information when necessary.

**B. Even if IMDb Breached the Subscriber Agreement, Hoang Is Not Entitled to An Injunction Requiring Removal of her Date of Birth**

Even if a jury found IMDb breached the Subscriber Agreement or Privacy Policy, which IMDb did not, Hoang is not entitled to the injunctive relief that would require IMDb to take down her accurate date of birth from its website. The relief she seeks is an order

> Requiring [IMDb] to remove all unlawfully-obtained information from Defendants' servers, databases and public websites, including but not limited to, the Plaintiff's date of birth posted at www.imdb.com and other affiliated and unaffiliated websites, and forever refrain from adding, reposting, and republishing such information, including such information submitted to [IMDb] by third parties;

Dkt. No. 45, § V.b.

The only equitable relief that a plaintiff may obtain for breach of contract is specific performance. *Cf.* Rest. (Second) of Contracts § 344, cmt. a ("Ordinarily, when a court concludes that there has been a breach of contract, it enforces the broken promise by protecting the expectation that the injured party had when he made the contract. It does this by attempting to put him in as good a position as he would have been in had the contract been performed, that is, had there been no breach.") To obtain equitable relief in a breach of contract case, a plaintiff must demonstrate the following elements that money damages will not adequately compensate her loss. *Crafts v. Pitts*, 161 Wn.2d 16, 23-24 (2007) (upholding award of injunctive relief enforcing contractual terms). To determine whether money damages are adequate, courts examine: (1) the difficulty of proving damages with reasonable certainty; (2) the difficult of procuring a suitable substitute; and (3) the likelihood that damages will not be collected. *Id.* at 24 (citing Rest. Second of Contracts § 360). This element is most easily met when the contract is for purchase or lease of a unique parcel of land. *See Cornish College of the Arts v. 1000 Virginia*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Ltd. P'ship*, 158 Wn. App. 203, 222 (2010) (upholding award of specific performance in sale of land); *Pardee v. Jolly*, 163 Wn.2d 558, 568-69 (2008) (same). Furthermore, a trial court may order specific performance only if: (1) there is a valid contract; (2) the party has breached or is threatening to commit a breach of the contract; (3) there are definite and certain terms of the contract; and (4) the contract is not a product of fraud or unfairness. *Crafts*, 151 Wn.2d at 24. Finally, a court should not order specific performance if enforcement of the contract will not be oppressive, unconscionable, or unduly burdensome. *Id.*

The purpose of awarding specific performance is to "return the parties to the condition in which they would have been placed had the contract been performed." *Kofmehl v. Steelman,* 80 Wn. App. 279, 285 (1996). To that end, if a party contracted to take action or refrain from taking action, and that party is found in breach such that monetary damages are insufficient, the court will order the party to take the action (or refrain thereof) that it contracted to do. *Crafts*, 161 Wn.2d at 30 (upholding specific performance order requiring party to quitclaim his interest in land); *Koefmehl*, 80 Wn. App. at 285-86 (awarding specific performance of the contract in the form of payment that the defendant agreed to make). There is no precedent permitting a court to order a party to the contract to act outside the bounds of the contract.

Hoang cannot and will not prove all of the elements required to justify an award of specific performance. First, Hoang is seeking significant monetary damages that she alleges will make her whole—she seeks compensation for lost acting profits and lost goodwill, as discussed above. Hoang has yet to contend that, if she succeeds on the merits of her breach of contract claim, the money she seeks is insufficient. Further, she has not alleged nor demonstrated that she would be unlikely to collect damages if money damages were awarded in this case. Additionally, Hoang cannot show that IMDb breached its Subscriber Agreement, as discussed above. Confronted with Hoang's lie after lie, IMDb continued to act in accordance with the Subscriber Agreement and all other published policies and guidelines.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Second, Hoang cannot point to any definite and certain term of the contract that she is seeking to enforce. She is asking for a court order requiring IMDb to take down her DOB and order that IMDb never publish a date of birth for Hoang—even if validly submitted by a third party. IMDb never agreed not to publish accurate and truthful information—in fact, IMDbPro's Subscriber Agreement and Privacy Policy, and other IMDb guidelines and policies, specifically state that one of the main purposes of IMDb is to publish true and comprehensive information. Requiring IMDb to remove accurate information is beyond the scope of the contract and is not appropriate specific performance.

## V. CONCLUSION

For the reasons discussed above, the evidence to be presented at trial will show that IMDb did not breach its Subscriber Agreement and is not liable to Hoang for any damages.

DATED: April 3, 2013

s/ Harry H. Schneider, Jr.
Harry H. Schneider, Jr. #9404
Breena M. Roos #34501
Ashley A. Locke #40521
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: HSchneider@perkinscoie.com
BRoos@perkinscoie.com
ALocke@perkinscoie.com

Attorneys for Defendant IMDb.com, Inc.