UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

HUONG HOANG, an individual,

                   Plaintiff,

v.

IMDb.COM, INC., a Delaware corporation,

                   Defendant.

NO. C11-1709MJP

COURT'S FINAL INSTRUCTIONS
TO THE JURY

Dated: April 10, 2013

Marsha J. Pechman
United States District Judge

## INSTRUCTION NO. 1

Ladies and gentlemen, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  It is this final set of instructions that controls your consideration.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  You must not make any assumptions based upon any changes from the preliminary set of instructions.  It is the final set that you are governed by.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## INSTRUCTION NO. 2

Plaintiff Huong Hoang brings a claim against defendant IMDb.com, Inc. for breach of contract.

IMDb.com owns and operates the Internet Movie Database, a free website available at www.imdb.com, which publicly displays information about movies, television shows, and the actors, directors, and other professionals who make them.  IMDb features over 130 million data items, including pages for more than 2 million movies, television, and entertainment programs, and profiles of over 4 million cast and crew members.  IMDb also owns and operates IMDbPro, which is a paid subscription service that provides additional entertainment industry information.

Ms. Hoang is an actor who has a profile on www.imdb.com.  Ms. Hoang's profile lists that she has appeared in nearly 100 movies and television shows since 1992.  Ms. Hoang is also a subscriber to the IMDbPro service.  The IMDbPro service is governed by a subscriber agreement that includes a privacy policy.

Ms. Hoang claims that IMDb.com breached the privacy policy by going into its records to obtain Ms. Hoang's legal name. Ms. Hoang alleges that IMDb then used her legal name to perform a paid search to discover her birth date, which it then published on IMDb.com's publicly-accessible website.  She claims that IMDb.com breached its contract with her because IMDb.com's privacy policy required IMDb to obtain Hoang's permission before sending her personal information to third parties.  Ms. Hoang alleges that IMDb's disclosure of her birth date harmed her acting career by limiting the range of roles she was cast in.

IMDb contends that Ms. Hoang originally published an incorrect birth date on IMDb's website, and then later demanded that IMDb review its files to determine whether the incorrect birth date was valid.  IMDb reviewed its files, and used those files to perform public records

searches to determine the validity of the date of birth originally published by Ms. Hoang.  IMDb contends that it was allowed to use Ms. Hoang's legal name in this manner under its privacy policy.  Further, IMDb contends that, upon discovering that Ms. Hoang had originally published an inaccurate birth date, it had the right and obligation to correct the error on its publicly-accessible website.  IMDb further contends that Ms. Hoang was not damaged and that IMDb did not cause any alleged damages.

**INSTRUCTION NO. 3**

There are rules of evidence that control what can be received into evidence. During trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer was allowed to object. If I overruled the objection, the question could have properly been answered or the exhibit received. If I sustained the objection, the question could not have been properly answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore that question and must not guess what the answer might have been or consider any answer that was given.

During the trial, I sometimes ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  When you are deciding the case, you must not consider the evidence that I told you to disregard.

## INSTRUCTION NO. 4

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

## INSTRUCTION NO. 7

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits were received only for a limited purpose; when I gave a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 8

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

IMDb.com is a corporation. A corporation can act only through its officers and employees. Any act or omission of an officer or employee is the act or omission of the corporation.

## INSTRUCTION NO. 9

Ms. Hoang had the burden of proving each of the following propositions on her claim of breach of contract:

(1)     That Ms. Hoang entered into a contract with IMDb.com;

(2)     That IMDb.com breached the contract in one or more of the ways claimed by Ms. Hoang;

(3)     That Ms. Hoang was not in material breach of the contract;

(4)     That Ms. Hoang was damaged as a result of IMDb.com's breach.

If you find from your consideration of all the evidence that any of these propositions has not been proved, your verdict should be for IMDb.com.  On the other hand, if each of these propositions has been proved, then you must find for Ms. Hoang.

## INSTRUCTION NO. 10

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 11**

A contract is a legally enforceable promise or set of promises.  In order for a promise or set of promises to be legally enforceable, there must be mutual assent and consideration.

**INSTRUCTION NO. 12**

If a contract clearly and unequivocally incorporates by reference some other document, that document becomes part of the contract.

## INSTRUCTION NO. 13

A contract is to be interpreted to give effect to the intent of the parties at the time they entered the contract.

You are to take into consideration all the language used in the contract, giving to the words their ordinary meaning, unless the parties intended a different meaning.

You are to determine the intent of the contracting parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, all the facts and circumstances leading up to and surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations offered by the parties.

## INSTRUCTION NO. 14

A "material breach" is a breach that is serious enough to justify the other party in abandoning the contract.  A "material breach" is one that substantially defeats the purpose of the contract, or relates to an essential element of the contract, and deprives the injured party of a benefit that he or she reasonably expected.

## INSTRUCTION NO. 15

The parties have agreed, or stipulated, to the following facts.  This means that you should treat these facts as having been proved.  You should consider these facts in addition to those facts which were proved to you at trial.

1.      IMDb owns and operates the Internet Movie Database, a free website available at www.imdb.com, which publicly displays information about movies, television shows, and the actors, directors, and other professionals who make them.  IMDb features over 130 million data items, including more than 2 million movies, television, and entertainment programs, and over 4 million cast and crew members.

2.      IMDb also owns and operates IMDbPro, which is a paid subscription service that provides additional industry information.

3.      To register for IMDbPro, a subscriber accepts the IMDbPro Subscriber Agreement, which incorporates the Privacy Policy, and provides his or her name and payment information.

4.      Hoang signed up for IMDb in 2001 and submitted information about herself and others for inclusion on its public website.

5.      IMDb profiles have varying amounts of information about performers.

6.      In 2004, Hoang obtained a free trial of IMDbPro.  Starting in 2004, Hoang paid IMDb using her credit card for various one-time services, such as posting a photograph or resume.  During these transactions, she provided her legal name to IMDb.  She also accepted IMDb's Subscriber Agreement and Privacy Notice.

7.      Hoang's birth year is 1971.

8.      At present, Hoang's accurate date of birth is published on IMDb.com.

INSTRUCTION NO. 16

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

In order to recover actual damages, Ms. Hoang has the burden of proving that the defendant breached a contract with her, and that she incurred actual economic damages as a result of the defendant's breach, and the amount of those damages.

If your verdict is for Ms. Hoang on her breach of contract claim and if you find that plaintiff has proven that she incurred actual damages and the amount of those actual damages, then you shall award actual damages to Ms. Hoang.

Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of a breach.  A loss may be foreseeable as a probable result of a breach and/or violation because it follows either

(1)      in the ordinary course of events, or

(2)      as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating Ms. Hoang's actual damages, you should determine the sum of money that will put Ms. Hoang in as good a position as she would have been in if both plaintiff and defendant performed all of their promises under the contract.

The burden of proving damages rests with Ms. Hoang and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.  You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.

**INSTRUCTION NO. 17**

The law which applies to this case authorizes an award of nominal damages.  If you find for Ms. Hoang but you find that Ms. Hoang has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

## INSTRUCTION NO. 18

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

**INSTRUCTION NO. 19**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

## INSTRUCTION NO. 20

You had permission to take notes to help you remember the evidence.  If you took notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  When you leave, your notes should be left in the jury room.  No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 21

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 22

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 23

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the Courtroom Deputy.) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other

material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

## INSTRUCTION NO. 24

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 25**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.