

**FILED**

MAR 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUONG HOANG, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> IMDB.COM, INC, <br><br> Defendant - Appellee. | No. 13-35390 <br><br> D.C. No. 11-cv-01709-MJP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted February 6, 2015
Seattle, Washington

Before: BEA and MURGUIA, Circuit Judges, and ORRICK, District Judge.[**]

Plaintiff-appellant Huong Hoang, an actress, subscribed to IMDbPro, a paid service operated by defendant-appellee IMDb.com ("IMDb") which provides information about film and television industry professionals. Her subscription was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable William Orrick, United States District Judge for the Northern District of California, sitting by designation.

governed by a Subscriber Agreement. Hoang sued IMDb for breach of contract, alleging that IMDb violated the Subscriber Agreement by using her confidential information to run a public records search to discover her real age and publishing her real age on its website without her consent, damaging her acting career. Following a jury verdict for IMDb, Hoang appeals on two grounds: the district court abused its discretion when it denied Hoang's motion to reopen discovery after her counsel's "gross negligence," and the district court improperly instructed the jury that Hoang bore the burden of proving, as an element of her breach of contract claim, that she had performed her obligations under the Subscriber Agreement. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court.

**1.** Hoang's counsel did not commit gross negligence in the conduct of discovery. His conduct reflects strategic decisions, not gross negligence. Hoang may regret those decisions now, but that is not a basis to redo them. *Cf. Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006). It was well within the district court's discretion not to reopen discovery. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008).

**2.** We review *de novo* a claim that jury instructions misstated the law. *Hazle v. Crofoot*, 727 F.3d 983, 990 (9th Cir. 2013). The district court judge instructed the jury that Hoang bore the burden of proving, as an element of her breach of contract claim, that she was not in material breach of the Subscriber Agreement. Hoang contends that this instruction was erroneous because her alleged breach of the Subscriber Agreement was an affirmative defense that IMDb had the burden to prove.

"We presume prejudice where civil trial error is concerned and the burden shifts to the defendant to demonstrate that it is more probable than not that the jury would have reached the same verdict had it been properly instructed." *Sanders v. City of Newport*, 657 F.3d 772, 781 (9th Cir. 2011) (quoting *Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005)). However, an error in instructing the jury in a civil case does not require reversal if the error "is more probably than not harmless." *Id.* Here, we do not need to reach whether the instruction was given in error because the jury more likely than not found that IMDb did not breach the Subscriber Agreement, wholly independent of whether or not Hoang performed her own obligations under the Subscriber Agreement. In other words, any error was harmless.

We come to that conclusion on three grounds. First, the jury more likely than not concluded that the Subscriber Agreement permits and contemplates exactly what IMDb did, i.e., use the name Hoang provided to IMDb to improve the accuracy of the information on the site and to respond to her requests. Second, the jury more likely than not concluded that running Hoang's legal name through a public records database did not constitute "sharing" Hoang's confidential information in a manner prohibited by the Subscriber Agreement. Third, the jury more likely than not concluded that IMDb's publication of Hoang's true birthdate, which it obtained from a public records database, did not breach the Subscriber Agreement.

**AFFIRMED.**[1]

---

[1] The motions for leave to file amici curiae briefs by Film and Television writers David Ransil, Brad Markowitz, Steven Tag Mendillo and Mark Lisson and Screen Actors Guild - American Federation of Television & Radio Artists and Writers Guild of America, West, Inc. are denied since they do not address the grounds of the appeal.